**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| LAURENCE PASKOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>     v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, A. LARRY CHAPMAN, and FARZANA KHALEEL,<br><br>Defendants. | Case No. 1:19-cv-00149-JRG |
| PATRICK WILLIAMS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>     v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, A. LARRY CHAPMAN, and FARZANA KHALEEL,<br><br>Defendants. | Case No. 1:19-cv-00181-JRG |
| ALBERTO MERELLES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>     v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, FARZANA KHALEEL, and A. LARRY CHAPMAN,<br><br>Defendants. | Case No. 1:19-cv-00193-JRG |

**MEMORANDUM OF LAW IN SUPPORT OF HOULIHAN & COMPANY LLC, RONALD A. FISH, AND JEFF LION'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>COUNSEL</u>**

Houlihan & Company LLC, Ronald A. Fish, and Jeff Lion ("Movants") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Movants as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movants' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as Lead Counsel and Branstetter, Stranch & Jennings, PLLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that acquired CBL & Associates Properties, Inc. ("CBL" or the "Company") securities between July 29, 2014 and March 26, 2019, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as Lead Counsel and Branstetter, Stranch & Jennings, PLLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

CBL is organized as a real estate investment trust ("REIT") through its subsidiaries. It owns, develops, acquires, leases, manages, and operates regional shopping malls, open-air centers, outlet centers, community centers, and office properties.

Since 2005 or 2006, CBL engaged in a scheme to inflate its revenue by overcharging retail tenants for electricity. CBL inflated tenants' electricity usage and charged them more for such usage than CBL actually paid.

In March 2016, a class action lawsuit was filed against the Company alleging that CBL charged its retail tenants for electricity in excess of the cost and pocketed the difference (the "Overbill Litigation").

On April 11, 2017, the Company's motion to dismiss the Overbill Litigation was denied almost in its entirety. Judge Chappell found that the complaint sufficiently alleged violations of the Racketeer Influenced and Corrupt Organizations Act, unjust enrichment, and treble damages.

On September 20, 2017, Judge Wallace ruled that the Company was not covered by insurance for the claims in the Overbill Litigation because the allegations reflected intentional wrongdoing.

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned actions.

2

On March 1, 2019, the Company disclosed the claims alleged by the Overbill Litigation and claimed that it had "not recorded an accrual relating to this matter at this time as a loss has not been determined to be probable." On this news, the Company's share price fell $0.16, or nearly 8%, to close at $1.98 on March 1, 2019, on unusually high trading volume.

On March 26, 2019, the Company announced that it had settled the Overbill Litigation for $90 million as well as $28 million in attorneys' fees. On this news, the Company's share price fell $0.47, or approximately 25%, to close at $1.44 per share on March 27, 2019, on unusually heavy trading volume.

The complaints filed in the above captioned actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (i) that it had overstated tenant reimbursements, revenues, and income by including profits obtained by overbilling its tenants; (ii) that reimbursement from tenants for operating expenses was not obtained "as provided in the lease agreements" because the Company systematically overcharged its tenants; (iii) that, as a result, the Company faced a material liability and reputational harm; (iv) that a class action lawsuit had been filed alleging that the Company inflated tenants' electricity bills; (v) that the Company's insurance was unlikely to recover the costs associated with the litigation; and (vi) that, as a result, the Company's public statements were materially false and misleading at all relevant times.

## III.    PROCEDURAL BACKGROUND

On May 17, 2019, Laurence Paskowitz commenced the above-captioned case against CBL in this District, *Paskowitz v. CBL & Associates Properties, Inc., et al.*, Case No. 1:19-cv-00149 (the "*Paskowitz* Action"). The class period defined in the *Paskowitz* Action is from November 8, 2017 through March 26, 2019, both dates inclusive.

3

On June 21, 2019, another action was filed making similar allegations against the same defendants, captioned *Williams v. CBL & Associates Properties, Inc., et al.*, Case No. 1:19-cv-00181 (the "*Williams* Action"). The class period defined in the *Williams* Action is from April 29, 2016 through March 26, 2019, both dates inclusive.

On July 2, 2019, another action was filed making similar allegations against the same defendants, captioned *Merelles v. CBL & Associates Properties, Inc., et al.,* Case No. 1:19-cv-00193 (the "*Merelles* Action," together with the *Paskowitz* and *Williams* Actions, the "Related Actions"). The class period defined in the *Merelles* Action is from July 29, 2014 through March 26, 2019, both dates inclusive.

## IV.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Atkinson v. Morgan Asset Mgmt.*, 2008 WL 11319683, at \*6 (W.D. Tenn. Sept. 23, 2008) ("Slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar.") (internal quotation marks omitted).

### B.  Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought

4

under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movants Filed a Timely Motion

Movants have made a timely motion in response to a PSLRA early notice. Paskowitz commenced the above-captioned action against CBL on May 17, 2019. The same day, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Paskowitz published a notice of the pendency of Plaintiff's case on *GlobeNewswire*, announcing that a securities class action had been filed against Defendants herein. *See* Declaration of J. Gerard Stranch, IV ("Stranch Decl."), Exhibit ("Ex.") A. Therefore, Movants had sixty days or until July 16, 2019, to file a motion to be appointed as Lead Plaintiff. Additionally, as set forth in their PSLRA certification, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representative of the class. *See* Stranch Decl., Ex. B. Accordingly, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff.

### 2. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased CBL securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered substantial financial losses. *See* Stranch Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss. Movants believe they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest

6

financial interest—to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, typicality and adequacy of representation are the only relevant provisions. *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at \*5 (W.D. Tenn. Dec. 15, 2010). At the lead plaintiff stage of the litigation, a movant need only make a *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*.

### a) Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Rule 23 does not require the lead plaintiff to be identically situated with all

7

class members. *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at \*4 (S.D.N.Y. Nov. 24, 2008).

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning CBL's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased CBL securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b) Movants Are Adequate Representatives

The adequacy requirement is satisfied where: (1) the proposed lead plaintiff has common interests with the unnamed members of the class; and (2) the proposed lead plaintiff will vigorously prosecute the interests of the class through qualified counsel. *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)).

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Stranch Decl., Ex. C. Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have

8

Case 1:19-cv-00181-JRG-CHS   Document 10   Filed 07/16/19   Page 9 of 13   PageID #: 67

selected Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as lead counsel for the class and Branstetter, Stranch, & Jennings, PLLC as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, see Stranch Decl., Exs. D, E, and F, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as lead counsel and Branstetter, Stranch, & Jennings, PLLC for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 16, 2019

By: *s/ J. Gerard Stranch, IV*

**BRANSTETTER, STRANCH & JENNINGS, PLLC**
J. Gerard Stranch, IV (BPR #023045)
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
Email: gerards@bsjfirm.com

*Proposed Liaison Counsel for Movants and the Class*

**GLANCY PRONGAY & MURRAY LLP**
Brian Murray
Lesley F. Portnoy
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: BMurray@glancylaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Ave., 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Movants and the Class*

**KRANENBURG**
Werner R. Kranenburg
80-83 Long Lane
London EC1A 9ET
United Kingdom
Telephone: +44 20 3174 0365
Email: werner@kranenburgesq.com

**THE SCHALL LAW FIRM**
Brian Schall

10

1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel*

11

# CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On July 16, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of Tennessee, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2019, at Nashville, Tennessee.

*J. Gerard Stranch, IV*
J. Gerard Stranch, IV