# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESEE

## CHATTANOOGA DIVISION

| | |
|---|---|
| LAURENCE PASKOWITZ, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, A. LARRY CHAPMAN and FARZANA KHALEEL,<br><br>Defendants. | Civil Action No. 1:19-cv-00149-JRG-CHS |
| PATRICK WILLIAMS, On Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., et al.,<br><br>Defendants. | Civil Action No. 1:19-cv-00181-JRG-CHS |
| ALBERTO MERELLES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBL & ASSOCIATES PROPERTIES, INC., et al.,<br><br>Defendants. | Civil Action No. 1:19-cv-00193-JRG-CHS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION BY CHARLES D. HOFFMAN, HOFFINVESTCO, AND LYDIA HOFFMAN
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL**

# TABLE OF CONTENTS

STATEMENT OF THE CASE.................................................................................................. 1

SUMMARY OF THE RELEVANT FACTS ........................................................................... 2

ARGUMENT.............................................................................................................................. 3

    A.     These Three Actions Should Be Consolidated ....................................................... 3

    B.     The Hoffmans Should Be Appointed Lead Plaintiff .............................................. 4

          1.     The Hoffmans Have Timely Filed Their Motion and Are Willing to Serve as Class Representative.................................................................. 4

          2.     The Hoffmans Have the "Largest Financial Interest" in the Relief Sought ........................................................................................................ 5

          3.     The Hoffmans Otherwise Satisfy the Requirements of Federal Rule of Civil Procedure 23 ..................................................................... 6

                a.     The Hoffmans' Claims Are Typical of the Claims of the Class ..... 6

                b.     The Hoffmans Are Adequate Representatives of the Class ............ 7

          4.     The Hoffmans Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ............................... 7

    C.     The Hoffmans' Selection of Lead Counsel Should Be Approved .......................... 8

    D.     The Hoffmans' Selection of Local Counsel Should Be Approved......................... 8

CONCLUSION.......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Beattie v. CenturyTel, Inc.*,
511 F.3d 554 (6th Cir. 2007) ................................................................... 6

*French v. CBL & Assocs. Properties, Inc.*,
2016 WL 7668501 (E.D. Tenn. Sept. 26, 2016) ........................................ *passim*

*In re Olsten Corp. Sec. Litig.*,
3 F.Supp.2d 286 (E.D.N.Y. 1998) ............................................................. 5

*Lax v. First Merch. Acceptance Corp.*,
1997 WL 461036 (Aug. 11, 1997) ............................................................. 5

**Statutes and Rules**

15 U.S.C. §78u-4 (2019) ........................................................................ *passim*

Fed. R. Civ. P. 23 (2019) ................................................................... 1, 4, 6, 7

Case 1:19-cv-00181-JRG-CHS    Document 13    Filed 07/16/19    Page 3 of 13    PageID #: 190

Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman (the "Hoffmans") through their undersigned counsel, respectfully submit this memorandum in support of their motion: (1) consolidating the above-captioned actions; (2) appointing the Hoffmans as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving the Hoffman's selection of the law firm Abraham, Fruchter & Twersky LLP ("AF&T") as Lead Counsel, and (4) approving the Hoffmans' selection of The Hamilton Firm as Local Counsel.

## STATEMENT OF THE CASE

There are currently three related securities fraud class actions (the "Actions") pending before this Court brought on behalf of purchasers of CBL & Associates Properties, Inc. ("CBL" or the "Company") securities. The Actions should be consolidated pursuant to this Court's authority under Rule 42(a) of the Federal Rules of Civil Procedure.

In addition, the PSLRA directs this Court to appoint the "most adequate plaintiff" as Lead Plaintiff. The "most adequate plaintiff" is statutorily defined as the movant having the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative. Here, the Hoffmans believe that they are the most adequate plaintiff by virtue of having suffered losses of approximately $834,293.09 from purchasing CBL securities during a class period of July 29, 2014 through March 26, 2019 (the "Class Period"). In addition, the Hoffmans easily satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, as explained below.

The Hoffmans have selected and retained Abraham, Fruchter & Twersky, LLP, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class, and The Hamilton Firm, with offices in Chattanooga, Tennessee, to serve as Local Counsel. Therefore, as discussed in greater detail below, the Hoffmans respectfully requests that

this Court approve their motion for appointment as Lead Plaintiff and their selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel and The Hamilton Firm as Local Counsel.

## SUMMARY OF THE RELEVANT FACTS

CBL is a real estate investment trust ("REIT") which describes itself as owning, developing, acquiring, leasing, managing, and operating "regional shopping malls, open-air and mixed-use centers, outlet centers, associated centers, community centers, office and other properties located in 26 states but … primarily in the southeastern and midwestern United States." *Paskowitz* Complaint ¶ 1. In addition to a base rent, retail tenants are required to pay for certain overages including electricity which was supposed to be billed at cost. *Paskowitz* Complaint ¶¶ 33-34. Nonetheless, CBL billed electricity to its retail tenants at illegal markups exceeding the terms allowed by the underlying leases. *Paskowitz* Complaint ¶ 34-36.

On March 16, 2017, CBL was sued in a class action by certain retail tenants in an effort to recoup the amounts they had been overcharged for electricity. *See Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Props.,* No. 2:16-cv-206-FtM-38MRM (M.D. Fla.) (the "Overbill Litigation") (cited in *Merelles* Complaint ¶ 7-8). Upon the filing of the Overbill Litigation, CBL's insurance carrier, Caitlin Specialty Insurance Company, brought suit to disclaim coverage. *Paskowitz* Complaint ¶ 42. The Court concluded that coverage was properly disclaimed. *Id.* ¶ 43.

On March 26, 2019, following a mediation, CBL announced a proposed settlement of the Overbill Litigation had been reached. *Paskowitz* Complaint ¶ 18. CBL settled the Overbill Litigation by paying the Class *100% of damages* ($60 million), plus $28 million to cover its adversary's attorneys' fees. *Paskowitz* Complaint ¶¶ 8, 48.

CBL in its publicly issued financial statements filed with the U.S. Securities and Exchange Commission ("SEC"), failed to disclose that it was over-reporting revenues and tenant overages based upon overbilling its retail tenants for electricity charges. *Merelles* Complaint ¶¶ 30-95. In

2

addition, CBL's discussion of the Overbill Litigation in its SEC filings were materially false or misleading because they failed to disclose that the underlying claims were meritorious and exposed the Company to substantial liability. *Paskowitz* Complaint ¶¶ 11-17.

On March 1, 2019, when a partial disclosure of the existence of the Overbill Action was filed, CBL stock fell by approximately 8%. *Paskowitz* Complaint ¶¶ 15-16. Then, less than four weeks later, on March 26, 2019, when facts relating to the Company's prior overbilling for electricity charges and the settlement of the Overbill litigation were publicly announced, CBL shares dropped 47 cents, or roughly 25% on trading volume of approximately 11.7 million shares. CBL Series D preferred shares dropped 7%, or 74 cents, on volume of 576,300 shares, and CBL Series E preferred shares dropped 69 cents in two days, on volume of 214,200 shares. *Paskowitz* Complaint ¶ 20. In addition, CBL announced that it would suspend payment of its common dividend for two quarters as a part of the settlement. *Paskowitz* Complaint ¶ 18.

**ARGUMENT**

**A.     These Three Actions Should Be Consolidated**

"In securities class actions, the [PSLRA] directs courts to resolve any motions for consolidation before appointing a lead plaintiff." *French v. CBL & Assocs. Properties, Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) (citing 15 U.S.C. §78u-4(a)(3)(B)(ii)). "Cases should be consolidated where there is more than one action on behalf of a class asserting substantially the same claim or claims." *Id.* (citation omitted). "Courts have found that consolidation is particularly appropriate in securities class action litigation." *Id.* (citation omitted).

Each of the Actions arises out of CBL's disclosures in connection with the Overbill Litigation and the conduct underlying the Overbill Litigation, as discussed above. Each Action names the same defendants, and each Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of purchasers of CBL securities. The Court should thus find, as the *French*

3

Court did, that "consolidation is necessary because all three cases present common questions of law and fact, the differences do not outweigh the interests of judicial economy." *Id.*

**B.    The Hoffmans Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for appointing a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, the Hoffmans satisfy all three of these criteria, and thus are entitled to the presumption of being the "most adequate plaintiff" for the Class.

**1.    The Hoffmans Have Timely Filed Their Motion and Are Willing to Serve as Class Representative**

On May 17, 2019, a notice was published pursuant to the PSLRA, announcing that a securities class action had been filed against Defendants herein, and advising CBL investors of the 60-day deadline to move the Court to be appointed as Lead Plaintiff. *See* Declaration of John W. Chandler, Jr. in Support of the Motion by Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead and Local Counsel (the "Chandler Declaration" or "Chandler Decl."), Ex. A.

The Hoffmans timely filed the instant motion pursuant to the notice and have attached certifications attesting to their willingness to serve as representative for the Class and provide

4

testimony at deposition and trial, if necessary. *See* Chandler Decl., Ex. B & C. Accordingly, the Hoffmans satisfy the first requirement to serve as Lead Plaintiff for the Class.

**2.      The Hoffmans Have the "Largest Financial Interest" in the Relief Sought**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "Although the PSLRA does not identify a standard for determining which movant maintains the largest financial interest in the relief sought by the class, courts consider the '*Olsten/Lax*' factors[1]: (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period (*i.e.*, shares purchased during and retained at the end of the class period), (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period. Of these four factors, courts emphasize estimated losses suffered during the class period." *French*, 2016 WL 7668501, at *2.

The Hoffmans should be appointed Lead Plaintiff because they believe they have the largest financial interest in the relief sought. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii). Specifically, the Hoffmans incurred net losses of approximately $834,293.09 during the Class Period. *See* Chandler Decl., Exs. B-D. The Hoffmans believes that this amount represents the largest financial interest among those seeking appointment and that the Hoffmans are therefore presumed to be the most adequate movant. *See* 15 U.S.C. § 78u-4(a)(3)(B).

---

[1] *See In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merch. Acceptance Corp.*, No. 97C2715, 1997 WL 461036, at *5 (Aug. 11, 1997), two early securities class actions applying these factors to determine lead plaintiff.

5

### 3. The Hoffmans Otherwise Satisfy the Requirements of Federal Rule of Civil Procedure 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *French*, 2016 WL 7668501, at *3. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, the Court need look to "two requirements, known as the 'typicality' and 'adequacy' requirements, for establishing lead plaintiff." *French*, 2016 WL 7668501, at *3.

### a. The Hoffmans' Claims Are Typical of the Claims of the Class

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "claims arise from the same events, practices, or course of conduct, and are based on the same legal theories as the claims of other class members." *French*, 2016 WL 7668501, at *3 (citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007)).

The Hoffmans' claims are typical of those of the Class, which claims all allege that Defendants violated the Exchange Act by issuing the false and misleading disclosures in connection with the Overbill Litigation. The Hoffmans, like all members of the Class, purchased CBL securities at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

### b.  The Hoffmans Are Adequate Representatives of the Class

The adequacy of representation requirement of Rule 23(a)(4) "ensures that there are no conflicts of interest between the proposed lead plaintiff and other class members and ensures that the proposed lead plaintiff will vigorously prosecute the interests of the class through qualified counsel." *French*, 2016 WL 7668501, at *3 (citations and internal quotation marks omitted).

The Hoffmans are adequate representatives for the Class. There is no antagonism between the Hoffmans' interests and those of the Class, and the Hoffmans' losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, the Hoffmans have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions and complex litigation such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

### 4.  The Hoffmans Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Hoffmans as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption that the Hoffmans are the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. The Hoffmans have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of the Hoffmans to represent the Class fairly and adequately is discussed above. The Hoffmans are not aware of any unique defenses Defendants could raise against them that would render the Hoffmans inadequate to

7

represent the Class. Accordingly, the Hoffmans are presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

**C.     The Hoffmans' Selection of Lead Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject Court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiffs' selection only when it sees a reason to disturb that choice. *French*, 2016 WL 7668501, at *3.

The Hoffmans have selected Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel. AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *Godinez v. Alere Inc.*, et al., No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (appointing AF&T co-lead counsel in action which subsequently settled for $20 million); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (appointing AF&T lead counsel); *In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC, ECF No. 103 (S.D.N.Y. Dec. 22, 2016) (same); *Utesch v. Lannett Company Inc.*, et al., No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (same). The firm résumé of AF&T is submitted for the Court's convenience. *See* Chandler Decl., Ex. E. Thus, the Court may be assured that by approving the Hoffmans' selection of Lead Counsel, the members of the class will be well-represented.

**D.     The Hoffmans' Selection of Local Counsel Should Be Approved**

The Hoffmans have selected The Hamilton Firm to serve as Local Counsel. The Hamilton Firm has the commitment and ability to accomplish the required tasks because it has extensive experience practicing before this Court. The résumé John W. Chandler, Jr., of The Hamilton Firm is submitted for the Court's convenience. *See* Chandler Decl., Ex. F. Thus, the Court may be

8

assured that by approving the Hoffmans' selection of Local Counsel, the members of the class will be well-represented.

## CONCLUSION

In light of the foregoing, the Hoffmans respectfully request that the Court: (i) consolidate the above-captioned actions; (ii) appoint the Hoffmans as Lead Plaintiff; (iii) approve the Hoffmans' selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel (iiii) approve the Hoffmans' selection of The Hamilton Firm as Local Counsel.

Dated: July 16, 2019

**THE HAMILTON FIRM**

/s/ John W. Chandler, Jr.
John W. Chandler, Jr.
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Jeffrey S. Abraham
(*pro hac vice* motion forthcoming)
Michael J. Klein
(*pro hac vice* motion forthcoming)
**ABRAHAM, FRUCHTER &**
 **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Attorneys for the Hoffmans

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. I hereby certify that I am unaware of any other parties in this cause not using the CM/ECF system.

/s/ John W. Chandler, Jr.
John W. Chandler, Jr.

**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

10