# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| LAURENCE PASKOWITZ, On Behalf Of Himself And All Others Similarly Situated,<br><br>         Plaintiff,<br><br> v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, A. LARRY CHAPMAN and FARZANA KHALEEL,<br><br>         Defendants. | Case No. 1:19-cv-00149-JRG-CHS (GREER/STEGER)<br><br>JURY DEMAND<br><br>**MEMORANDUM OF LAW IN SUPPORT OF BRENT COWIN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| PATRICK WILLIAMS, On Behalf of Himself And All Others Similarly Situated,<br><br>        Plaintiff,<br><br><br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, A. LARRY CHAPMAN and FARZANA KHALEEL,<br><br>         Defendants. | CASE NO. 1:19-CV-00181-JRG-CHS (GREER/STEGER)<br><br>JURY DEMAND |

(additional caption on following page)

| | |
|---|---|
| ALBERTO MERELLES, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, FARZANA KHALEEL, and A. LARRY CHAPMAN,<br><br>     Defendants. | Case No. 1:19-cv-00193-JRG-CHS (GREER/STEGER)<br><br>JURY DEMAND |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

I.     COWIN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS................. 4

       A.     The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff....... 4

       B.     Under the PSLRA, Cowin Should Be Appointed Lead Plaintiff........................... 5

              1.     Cowin Filed a Timely Motion.................................................................... 5

              2.     Cowin Filed Has the Largest Financial Interest in the Relief Sought by the
                     Class ......................................................................................................... 6

              3.     Cowin Meets Rule 23's Typicality and Adequacy Requirements.............. 7

II.    THE COURT SHOULD APPROVE COWIN'S SELECTION OF THE FARUQI FIRM
       AS LEAD COUNSEL AND Scott & CAin AS LIAISON COUNSEL ........................... 9

CONCLUSION........................................................................................................................ 11

i

# TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................................7

*Blitz v. AgFeed Indus., Inc.*,
  No. 3:11-0992,
  2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012)...................................................5, 6

*Burgraff v. Green Bankshares, Inc.*,
  No. 2:10-CV-00253,
  2011 WL 613281 (E.D. Tenn. Feb. 11, 2011) ...............................................6, 7, 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .....................................................................................4

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014)..........................................................................9

*Craft v. Vanderbilt Univ.*,
  174 F.R.D. 396 (M.D. Tenn. 1996) ............................................................................7

*Cross v. National Trust Life Ins. Co.*,
  553 F.2d 1026 (6th Cir. 1977) ...................................................................................8

*Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*,
  No. 3:09-01211,
  2010 WL 1790763 (M.D. Tenn. Apr. 30, 2010)...................................................4, 5, 6

*Kokkinis v. Aegean Marine Petroleum Network Inc.*,
  No. 11 CIV. 0917 BSJ JCF,
  2011 WL 2078010 (S.D.N.Y. May 19, 2011) ............................................................9

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-CV-7281 (JFK),
  2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008)...........................................................5

*Manners v. Am. Gen. Life Ins. Co.*,
  No. CIV.A. 3-98-0266,
  1999 WL 33581944 (M.D. Tenn. Aug. 11, 1999) .....................................................8

*Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
  No. 3:11-CV-0433,
  2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011) .......................................................6

Case 1:19-cv-00181-JRG-CHS   Document 16   Filed 07/16/19   Page 4 of 17   PageID #: 258

*Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*,
    357 F. Supp. 2d 1027 (S.D. Ohio 2005) ............................................................8

*Reeb v. Ohio Dep't of Rehab. & Corr., Belmont Corr. Inst.*,
    435 F.3d 639 (6th Cir. 2006) ............................................................................7

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
    No. 07-02830,
    2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) .............................................7, 8

*Ross v. Abercrombie & Fitch Co.*,
    257 F.R.D. 435 (S.D. 2009) ..............................................................................8

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ...........................................................................10

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ......................................................................................8

Movant Brent Cowin ("Cowin") respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an order appointing Cowin as Lead Plaintiff for the consolidated Actions and approving Cowin's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel, and Scott & Cain, PLLC ("Scott & Cain") as Liaison Counsel.[1]

## PRELIMINARY STATEMENT

Presently pending in this District are the above-captioned securities class actions (collectively, the "Actions"),[2] which are brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired the publicly traded securities of CBL & Associates Properties, Inc. ("CBL" or the "Company") during the Class Period.[3]

With respect to the appointment of a Lead Plaintiff to oversee the consolidated Actions,[4]

---

[1] All internal citations and quotations are omitted unless otherwise noted. All emphases are added unless otherwise noted.

[2] The following Actions are pending in this District: (1) *Paskowitz v. CBL & Associates Properties, Inc., et al.* ("*Paskowitz*"), No. 1:19-cv-00149-JRG-CHS, which was commenced on May 17, 2019; (2) *Williams v. CBL & Associates Properties, Inc., et al.* ("*Williams*"), No. 1:19-cv-00181-JRG-CHS, which was commenced on June 21, 2019; and (3) *Merelles v. CBL & Associates Properties, Inc., et al.* ("*Merelles*"), No. 1:19-cv-00193-JRG-CHS, which was commenced on July 2, 2019.

[3] The Actions assert the following class periods: (1) *Paskowitz* commences on November 8, 2017 and ends on March 26, 2019, both dates inclusive, *Paskowitz*, ECF No. 1 ("*Paskowitz* Compl.") at ¶1; (2) *Williams* commences on April 29, 2016 and ends on March 26, 2019, both dates inclusive, *Williams*, ECF No. 1 ("*Williams* Compl.") at ¶1; and (3) *Merelles* commences on July 29, 2014 and ends on March 26, 2019, both dates inclusive, *Merelles*, ECF No. 1 ("*Merelles* Compl.") at ¶1. For the purpose of calculating his financial interest for his motion, Cowin uses longest "most inclusive class period" in the *Merelles* action. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 625 (E.D. Wisc. 2009).

[4] On July 11, 2019, plaintiffs and defendants in the Actions filed a joint consent motion for

1

Case 1:19-cv-00181-JRG-CHS   Document 16   Filed 07/16/19   Page 6 of 17   PageID #: 260

Congress established a presumption in the PSLRA that requires the Court to appoint the movant who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With total losses of $721,574.25, Cowin, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Cowin also satisfies Rule 23's typicality and adequacy requirements. Cowin's claims are typical of the Class's claims because he suffered losses on his CBL investments as a result of Defendants' false and misleading statements. Further, Cowin has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the Actions, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, Cowin is the presumptive Lead Plaintiff.

If appointed Lead Plaintiff, Cowin is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Cowin has engaged the Faruqi Firm for this purpose. Cowin has also engaged Scott & Cain as Liaison Counsel. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly skilled firm with substantial securities class action experience. Scott & Cain is also an appropriate selection to serve as Liaison Counsel because it is a highly skilled firm and is familiar with the rules and practices within this District.

For the reasons summarized above and those explained more fully below, Cowin's motion should be granted in its entirety.

---

consolidation. *Paskowitz*, ECF No. 18; *Williams*, ECF No. 7; *Merelles*, ECF No. 12. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, Cowin does not object to consolidation of the Actions.

2

## FACTUAL BACKGROUND

CBL is a Delaware-incorporated real estate investment trust ("REIT") with principal headquarters in Chattanooga, Tennessee. *Paskowitz* Compl. ¶26; *Williams* Compl. ¶21; *Merelles* Compl. ¶18. The Company's common stock and Series D and E preferred shares trade on the New York Stock Exchange. *Paskowitz* Compl. ¶3; *Williams* Compl. ¶3; *Merelles* Compl. ¶18.

The complaints filed in the Actions allege that during the Class Period defendants knowingly and/or recklessly made materially false and misleading statements and/or failed to disclose, *inter alia*, that: (1) CBL and its executives had engaged in a fraudulent scheme to overcharge the Company's tenants for electricity that had artificially inflated its financial results by millions of dollars, *Paskowitz* Compl. ¶¶33-8, *Williams* Compl. ¶¶28-33, *Merelles* Compl. ¶95; (2) defendants' perpetration of the fraudulent scheme had exposed CBL to material legal liabilities from a class action and reputational damage, *Paskowitz* Compl. ¶¶39-41; *Williams* Compl. ¶¶34-6, *Merelles* Compl. ¶95; (3) the class action subjected the Company to tens of millions of dollars in settlement and/or judgment costs which were not covered by CBL's liability insurance and was therefore likely to have a material adverse effect on CBL's liquidity, results of operations, business or financial condition, *Paskowitz* Compl. ¶¶42-9, *Williams* Compl. ¶¶37-44, *Merelles* Compl. ¶95; and (4) CBL's periodic financial reports were not prepared in accordance with GAAP and applicable accounting principles, *Paskowitz* Compl. ¶¶54-5, *Williams* Compl. ¶¶48-50, *Merelles* Compl. ¶95.

The truth began to emerge on March 1, 2019 when CBL filed its annual report revealing the existence of the class action litigation. *Paskowitz* Compl. ¶15; *Williams* Compl. ¶11; *Merelles* Compl. ¶¶8-9, 93-94. As a result of defendants' partial disclosure, the price of CBL common stock dropped $0.16 per share, or nearly 8%. *Paskowitz* Compl. ¶16; *Williams* Compl. ¶12; *Merelles* Compl. ¶96.

Then, on March 26, 2019, CBL filed a Form 8-K with the SEC which revealed that CBL had settled the class action suit for $90 million. *Paskowitz* Compl. ¶13; *Williams* Compl. ¶¶18-9; *Merelles* Compl. ¶¶97-8. On this news, the price of CBL common stock dropped $0.47 per share, or roughly 25%, on trading volume of approximately 11.7 million shares, with CBL Series D preferred shares dropping $0.74 per share and CBL Series E preferred shares dropping $0.69 per share in two days. *Paskowitz* Compl. ¶20; *Williams* Compl. ¶14; *Merelles* Compl. ¶99.

## ARGUMENT

### I. COWIN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

#### A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), (3). It provides that within 20 days of the filing of the action, the plaintiff in the first filed action is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-01211, 2010 WL 1790763, at *1 (M.D. Tenn. Apr. 30, 2010) (citing 15 U.S.C. § 78u-4(a)(3)(A)); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." Thus, step two involves establishing a rebuttable presumption that the "most adequate plaintiff" is the person who:

4

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Garden City Emps. Ret. Sys.*, 2010 WL 1790763, at *2 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff"); *Blitz v. AgFeed Indus., Inc.*, No. 3:11-0992, 2012 WL 1192814, at *1 (M.D. Tenn. Apr. 10, 2012) (same).

Once the Court determines who among the movants seeking appointment as Lead Plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Garden City Emps. Ret. Sys.*, 2010 WL 1790763, at *2; *Blitz*, 2012 WL 1192814, at *1-2.

### B. Under the PSLRA, Cowin Should Be Appointed Lead Plaintiff

#### 1. Cowin Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for first-filed plaintiff Laurence Paskowitz published notice of the lead plaintiff deadline via *Globe Newswire* on May 17, 2019. *See* Cain Decl. Ex. A;[5] *see also Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-CV-7281 (JFK), 2008 WL 4974839, at *1 (S.D.N.Y. Nov. 24, 2008) (considering publication in *Globe Newswire* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be

---

[5] All references to exhibits are references to the exhibits annexed to the Declaration of Christopher T. Cain dated July 16, 2019, filed in support hereof.

5

appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before July 16, 2019). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Cowin's motion is timely filed. Additionally, pursuant to 21D(a)(2) of the of the Exchange Act, Cowin timely signed and submitted the requisite certification with his motion, identifying all of his relevant CBL transactions during the Class Period, and detailing Cowin's suitability to serve as Lead Plaintiff in this case. *See* Cain Decl., Ex. B. The PSLRA's procedural requirements have therefore been met.

> **2. Cowin Filed Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with "the largest financial interest in the relief sought by the class[.]" *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit and nationwide typically examine four factors: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Blitz*, 2012 WL 1192814, at \*2-3; *Garden City Emps. Ret. Sys.*, 2010 WL 1790763, at \*3; *Burgraff v. Green Bankshares, Inc.*, No. 2:10-CV-00253, 2011 WL 613281, at \*2 (E.D. Tenn. Feb. 11, 2011). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-CV-0433, 2011 WL 6202585, at \*3 (M.D. Tenn. Nov. 28, 2011), *report and recommendation adopted,* No. 3:11-CV-00433, 2012 WL 12485 (M.D. Tenn. Jan. 3, 2012).

Overall, during the Class Period, Cowin purchased 161,085 total CBL shares and 43,675

6

net CBL shares, expended $773,329.12 in net funds, and suffered losses of $721,574.25 when calculated using a last in, first out ("LIFO") methodology. *See* Cain Decl., Ex. C. Cowin is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Cowin Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the Lead Plaintiff satisfy the class representative requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Burgraff*, 2011 WL 613281, at \*3; *see also In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at \*5 (W.D. Tenn. Dec. 15, 2010) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)) (same); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established when the plaintiff suffered the same or similar injuries as absent class members, as a result of the same course of conduct by defendants, and the plaintiff's claims are based on the same legal issues. *See Burgraff*, 2011 WL 613281, at \*3 ("A claim is typical under Rule 23 if it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."); *see also Reeb v. Ohio Dep't of Rehab. & Corr., Belmont Corr. Inst.*, 435 F.3d 639, 643 (6th Cir. 2006). That said, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy Rule 23's typicality requirement. *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404 (M.D. Tenn. 1996) (holding that typicality "may be satisfied even if there are factual distinctions between the

7

named plaintiffs and those of other class members").

Cowin's claims are clearly typical of the Class's claims. Cowin purchased and acquired CBL stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of Cowin's claims are similar, if not identical, to those of the Class's claims, Cowin necessarily satisfies the typicality requirement. *See Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 443-444 (S.D. 2009); *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034-35 (S.D. Ohio 2005).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members. *Burgraff*, 2011 WL 613281, at *3 (citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007)). In the Sixth Circuit, adequacy is determined based on common interests between the lead plaintiff and the class and whether the representative "demonstrate[s] that it has both the ability and the incentive to represent the class's claims aggressively." *In re Regions Morgan Keegan*, 2010 WL 5173851, at *5. Representation is adequate when: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; and (2) the class members do not have interests that are antagonistic to one another. *See Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1035 (setting forth ways movants can meet the adequacy requirement); *see also Manners v. Am. Gen. Life Ins. Co.*, No. CIV.A. 3-98-0266, 1999 WL 33581944, at *15 (M.D. Tenn. Aug. 11, 1999) ("This requirement is met when (i) the named representatives have common interests with unnamed members of the class and (ii) the representatives have retained qualified counsel"); *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977)

(the requirement tests "the experience and ability of counsel for plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent").

As evidenced by the representations in Cowin's certification, his interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 CIV. 0917 BSJ JCF, 2011 WL 2078010, at \*2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff). Cowin has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Cain Decl., Ex. D. Additionally, Scott & Cain is likewise regarded as a highly skilled firm. Consequently, Cowin is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Cowin respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

**II.      THE COURT SHOULD APPROVE COWIN'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND SCOTT & CAIN AS LIAISON COUNSEL**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. Cowin has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi

9

& Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm obtained preliminary approval of a $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class,

10

secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole-lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

## CONCLUSION

For the foregoing reasons, Cowin respectfully requests that the Court: (1) appoint Cowin as Lead Plaintiff for the Actions; (2) approve his selection of the Faruqi Firm as Lead Counsel

and Scott & Cain as Liaison Counsel for the Class; and, (3) grant such other relief as the Court may deem just and proper.

Dated: July 16, 2019

Respectfully submitted,

/s/ *Christopher T. Cain*
Christopher T. Cain, BPR #19997
**SCOTT & CAIN, PLLC**
606 W. Main Street, Suite 222
Knoxville, TN 37902
Telephone: 865-525-2150
Facsimile: 865-525-2120
Email: cain@scottandcain.com

*Proposed Liaison Counsel for the putative Class*

Richard W. Gonnello (*Pro Hac Vice* Forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Brent Cowin
and Proposed Lead Counsel for the putative Class*

## CERTIFICATE OF SERVICE

I, Christopher T. Cain, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: July 16, 2019

s/ *Christopher T. Cain*
Christopher T. Cain, BPR #19997

12