**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESEE**
**CHATTANOOGA DIVISION**

|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-cv-00181-JRG-CHS <br> ) |

**REPLY BRIEF IN FURTHER SUPPORT OF THE HOFFMANS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................... 1

    I.      THE HOFFMANS SHOULD BE APPOINTED LEAD PLAINTIFF ................... 1

    II.     DEFENDANTS' POSITION ON LEAD PLAINTIFF APPOINTMENT IS
           WRONG AND IRRELEVANT .......................................................................... 3

CONCLUSION ...................................................................................................................... 5

Case 1:19-cv-00181-JRG-CHS    Document 50    Filed 08/06/19    Page 2 of 9    PageID #: 441

# TABLE OF AUTHORITIES

**Cases**

*Darnell v. Woodbourne Investments, LLC*,
    2018 WL 4039287 (E.D. Tenn. Aug. 23, 2018) ............................................................... 2

*Darwin v. Taylor*,
    2012 WL 5250400 (D. Colo. Oct. 23, 2012) .................................................................... 2

*Flanagan, Lieberman, Hoffman & Swaim v. Ohio Pub. Employees Ret. Sys.*,
    814 F.3d 652 (2d Cir. 2016) ............................................................................................. 4

*Friedman v. Quest Energy Partners LP*,
    261 F.R.D. 607 (W.D. Okla. 2009) .................................................................................. 1

*In re AEP ERISA Litig.*,
    2008 WL 4210352 (S.D. Ohio Sept. 8, 2008) .................................................................. 2

*In re Telxon Corp. Sec. Litig.*,
    67 F. Supp. 2d 803 (N.D. Ohio 1999) ........................................................................... 1, 2

*Lundsford v. Callaway Golf Co.*,
    2005 WL 8162316 (E.D. Tenn. July 20, 2005) ................................................................ 2

*Senter v. Gen'l Motors Corp.*,
    532 F.2d 511 (6th Cir. 1976) ........................................................................................... 2

*Yanek v. Staar Surgical Co.*,
    2004 WL 5574358 (C.D. Cal. Dec. 15, 2004) ................................................................. 4

**Statutes and Rules**

15 U.S.C. §78u-4 (2019) ........................................................................................... 1, 3, 4, 5

E.D. Tenn. L.R. 7.1 (2019) ............................................................................................... 2

**Other Authorities**

Manual for Complex Litigation (Fourth Ed. 2004)
    § 31.31 .............................................................................................................................. 4

Lead Plaintiff movants Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman (collectively referred to herein as the "Hoffmans") respectfully submit this reply brief in support of their motion to, *inter alia*, be appointed lead plaintiff in this consolidated action.

**ARGUMENT**

**I.      THE HOFFMANS SHOULD BE APPOINTED LEAD PLAINTIFF**

No one can seriously question the ability of the Hoffmans to serve as the lead plaintiff in this consolidated action. They have (unfortunately) suffered a substantial loss of over $800,000 from investing CBL common and preferred stocks. The Hoffmans have properly submitted all the relevant documentation with respect to their transactions in CBL securities, including demonstrating Mr. Hoffman's authority to sign on behalf of HoffInvestCo.

The only remaining competing submission, out of the six original motions made, is that of Jay Scolnick, and his several assignors, together with his attorney Mark Shaner (the "Scolnick Group"). The Scolnick Group's submission, however, fails to meet the standard imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") by only disclosing the Scolnick Group's "current knowledge" of trading in CBL securities (*see* ECF No. 25-3), despite the PSLRA's unequivocal requirement of a sworn statement that "sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint[.]" 15 U.S.C. §78u-4(a)(2)(iv) (2019).

As a result, the Scolnick Group's motion is defective and must be denied. Any effort by the Scolnick Group to belatedly supplement their initial submission must be rejected. *See, e.g., In re Telxon Corp. Sec. Litig.,* 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("Supplementation after the expiration of the sixty (60) day period would not only be inconsistent with the language and purposes of the PSLRA, but would effectively nullify the time limits expressly provided therein."); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) (same, quoting

*Telxon*, *supra*); *Darwin v. Taylor*, 2012 WL 5250400, at *6 (D. Colo. Oct. 23, 2012) (same, quoting *Telxon*, *supra*, and recognizing that waiting until the deadline to file a lead plaintiff motion "entails the risk of later being precluded from submitting new information[.]") The Scolnick Group is also prohibited from supplementing their original submission because the Local Rules of this Court prohibit submitting new evidence in connection with filing a reply brief. *See, e.g., Darnell v. Woodbourne Investments, LLC*, 2018 WL 4039287, at *3 (E.D. Tenn. Aug. 23, 2018) (citing E.D. Tenn. L.R. 7.1 and holding that "the Court will not consider issues or evidence raised for the first time in [a] reply. . . .") (citations and internal quotation marks omitted).[1]

The Scolnick Group's effort to rest its showing of adequacy on a purported lack of "antagonism between the interests of Movants and those of the Class" (ECF No. 24 at 11; *see also* ECF No. 53 at 9-11) lacks merit. Platitudes aside, a lack of antagonism is plainly insufficient to establish adequacy here. Multiple errors and uncertainties in the PSLRA-required certifications and related submissions of the Scolnick Group fatally undercut their claimed *prima facie* showing of adequacy. *See* ECF No. 55 at 2-4. Rule 23's adequacy requirement further requires that "the named plaintiff . . . will competently and vigorously prosecute the case on behalf of the class." *In re AEP ERISA Litig.*, 2008 WL 4210352, at *2 (S.D. Ohio Sept. 8, 2008) (citing *Senter v. Gen'l Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)); *see also Lundsford v. Callaway Golf Co.*, 2005 WL 8162316, at *8 (E.D. Tenn. July 20, 2005) (concluding  despite there being "no conflict between the representative plaintiff and the class members, and the qualifications of plaintiff's counsel are clearly sufficient" the failure to timely move for class certification precluded a finding

---

[1] The same is true of the flaws contained in the Scolnick Group's joint declaration and its failure to address the issue of properly overseeing and negotiating any final request for an award of attorneys' fees. ECF No. 55 at 4-5. It cannot be remedied by a new submission made in connection with a reply brief.  *See, e.g., Darnell, supra.*

2

of adequacy). The Court cannot affirmatively find, on the record properly before it, that the Scolnick Group will competently and vigorously prosecute the case on behalf of the class because of the fundamental flaws in the Scolnick Group's application to be appointed lead plaintiff. The Scolnick Group's adequacy cannot be assumed, and it is not entitled to the presumption of being the most adequate plaintiff because a showing of adequacy is required for the PSLRA's rebuttable presumption to attach. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Thus, the Hoffmans' motion to be appointed lead plaintiff should be granted.

## II. DEFENDANTS' POSITION ON LEAD PLAINTIFF APPOINTMENT IS WRONG AND IRRELEVANT

Defendants' observations with respect to the lead plaintiff motions filed are irrelevant. Defendants conceded, as they must, that "[d]efendants typically do not play a role in the process for appointment of lead plaintiff and approval of counsel." ECF No. 49 at 2. That is so, in part, because allowing Defendants to push their choice of lead plaintiff is transparently "playing the role of the proverbial fox guarding the henhouse." *In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 410-11 (D. Mass. 2007) (citations omitted).

Nonetheless, Defendants offer their unsolicited observation that "[b]ased on the claimed losses in the recently-filed lead plaintiff motions, the presumed lead plaintiffs are … Jay Scolnick and Mark Shaner." ECF No. 49 at 2 & n.2. In doing so Defendants ignore the role of the Court in ensuring compliance with the PSLRA's certification requirements and the adequacy of proposed lead plaintiffs. Like the proverbial fox, however, Defendants appear to be licking their chops over the Scolnick Group by stating that they "expressly reserve" their right to argue the lead plaintiff is atypical and inadequate. ECF No. 49 at 2-3. Defendants' unusual filing, especially coupled with their baseless deadline argument (as explained next), begs the question of whether they are seeking to rush the Court to a premature conclusion to their perceived procedural advantage.

Defendants insistence that this Court must rule on the pending lead plaintiff motions within 90 days of the PSLRA notice (or 30 days from the time the motions were first made), seemingly designed to foreclose discovery by any competing movant into the adequacy of the Scolnick Group, is meritless. First, the 90-day provision Defendants cite is facially inapplicable. In circumstances involving consolidation, any ruling on a motion to appoint a lead plaintiff must be appointed "[a]s soon as practicable after" a consolidation decision is rendered. 15 U.S.C. §78u-4(a)(3)(B)(i)-(ii); *see also Yanek v. Staar Surgical Co.*, 2004 WL 5574358, at \*3 (C.D. Cal. Dec. 15, 2004) (citing Manual for Complex Litigation (Fourth Ed.) § 31.31 at 534 (2004)) (The PSLRA's 90-day appointment provision is "modified … where a motion to consolidate multiple actions has been filed" and the PSLRA "directs the court to appoint the lead plaintiff 'as soon as practicable' after resolving the motion to consolidate.")   Second, although any such discovery should proceed expeditiously, the 90-day rule Defendants cite is expressly qualified by the phrase "[i]n general" (15 U.S.C. §78u-4(a)(3)(B)(iv)(2019)), demonstrating that the rule is not absolute but, instead, may be modified if the circumstances so require as would be the case here if it applied. The Court should satisfy itself that the movants to be appointed are adequate and that the Class is best served by their appointment; it should not rush to meet a non-applicable deadline. *See Flanagan, Lieberman, Hoffman & Swaim v. Ohio Pub. Employees Ret. Sys.*, 814 F.3d 652, 657 (2d Cir. 2016) (in an action under the PSLRA, a district court "acts as a fiduciary who must serve as a guardian of the rights of absent class members.")

Although this consolidated action should proceed expeditiously, the Hoffmans' discovery motion is being briefed on a separate schedule and should not be denied for inapplicable reasons. There is no merit to Defendants' contention that any discovery must be completed, or ignored, in time to allow the Court to finalize the appointment within 90 days after publication of the PSLRA

notice which is 30 days after the initial motions were made. *See* ECF No. 49 at 1 (citing 15 U.S.C. §78u-4(a)(3)(B)(i)). Thus, Defendant's position should not prejudice the Hoffmans' motion for discovery, which should be briefed according to the local rules unless the Court orders otherwise.

## CONCLUSION

For the reasons stated above, as well in their moving papers (ECF Nos. 26-28), the Hoffmans' motion to be appointed lead plaintiff should be granted or, in the alternative, the Court should decide the Hoffmans' discovery motion before granting the Scolnick Group's motion.

Dated: August 6, 2019

**THE HAMILTON FIRM**

/s/  John W. Chandler, Jr.
John W. Chandler, Jr.
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
**TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Attorneys for the Hoffmans

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. I hereby certify that I am unaware of any other parties in this cause not using the CM/ECF system.

/s/ John W. Chandler, Jr.
John W. Chandler, Jr.

**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

6