# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-cv-00181-JRG-CHS |

## BRENT COWIN'S REPLY CONCERNING GAINEY MCKENNA & EGLESTON'S FRAUD ON THE COURT

Pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), Brent Cowin ("Cowin") respectfully submits this reply to competing Lead Plaintiff movants' answering briefs.[1]

Although Cowin concedes he does not possess the largest financial interest in the litigation, he nonetheless remains open to be appointed Lead Plaintiff in the event that the Court-appointed Lead Plaintiff subsequently **withdraws from the case or is otherwise found to be inadequate or atypical at a later stage**.  *See* ECF No. 41 at 1.  Situations of this nature are not unheard of in securities fraud class actions.  *See, e.g.*, *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223801, at *2-3 (C.D. Cal. Jan. 10, 2019) (reopening lead plaintiff appointment process after lead plaintiff "withdr[ew] his motion to be appointed [as] class representative" due to health reasons); *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ 7583(WHP), 2011 WL 6318988, at *1-2 (S.D.N.Y. Dec. 15, 2011) (reopening the lead plaintiff appointment process after lead plaintiff informed the court it never owned any of the securities at issue, and finding that plaintiffs "who moved for lead plaintiff appointment within sixty days of the original notice are entitled to priority over plaintiffs who only moved" after prior lead plaintiff withdrew); *In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 15 (D.D.C. 2002) (finding at class certification "insufficient evidence" that lead plaintiff "can adequately protect the interests of what is purported to be a class of thousands"); *accord Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000) ("[T]he district court's order designating a lead

---

[1]     Unless otherwise noted, the following conventions are employed herein: (1) all internal citations are omitted; (2) all emphases are added; (3) all ECF references are to the docket captioned *In re CBL & Associates Properties, Inc. Sec. Litig.*, No. 1:19-CV-00181-JRG-CHS (formerly *Williams v. CBL & Associates Properties, Inc., et al.* No. 1:19-CV-00181-JRG-CHS, *see* ECF No. 45); and (4) all ECF pin cites are to the document's native pagination, but if no native pagination is available, ECF pin cites then refer to the ECF-generated pagination.

plaintiff is not a conclusive, immutable determination of the issue.  It can be revisited if circumstances warrant.").

With that contingency in mind, Cowin is compelled to respond to the two movants who separately attacked his adequacy based on the fact that Gainey McKenna & Egleston ("GME") also filed a lead plaintiff motion and certification in Cowin's name.  *See* ECF Nos. 37 at 11-14, 38 at 6 n.5.  As previously explained, Cowin did not retain GME, did not authorize GME to file a lead plaintiff motion on his behalf, and did not sign the forged certification GME filed in his name.  *See* ECF No. 41 at 2-4; ECF No. 42 at ¶¶2-3, 6-10.  These attacks simply confirmed the need for Cowin and counsel to have corrected the record by notifying the Court of GME's fraud. *See* ECF Nos. 41, 42.  Indeed, it is important that Cowin's adequacy not be impugned in the event that the Court-appointed Lead Plaintiff withdraws or is found to be inadequate at a later stage, particularly given the rules regarding the applicable statute of limitations and the statute of repose.  *See, e.g.*, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (holding that "[u]pon denial of class certification, . . . in lieu of promptly joining an existing suit or promptly filing an individual action" a class member cannot "commence a class action anew beyond the time allowed by the applicable statute of limitations"); *see also Cal. Pub. Employees' Ret. Sys. v. ZNC Securities, Inc.*, 137 S. Ct. 2042, 2052 (2017) (finding that "the *American Pipe* tolling rule does not apply to the 3–year [statute of repose] bar mandated in § 13 [of the Securities Act of 1933]").  Therefore, the attacks on Cowin's adequacy should be rejected.

Accordingly, Cowin respectfully renews his request that the Court take whatever action it deems appropriate and consistent with the Court's duties to correct the record and hold GME accountable.

Dated: August 6, 2019                                   Respectfully submitted,

/s/ *Richard W. Gonnello*
Richard W. Gonnello (*pro hac vice*)

**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Brent Cowin
and Proposed Lead Counsel for the putative Class*

Christopher T. Cain, BPR #19997
**SCOTT & CAIN, PLLC**
606 W. Main Street, Suite 222
Knoxville, TN 37902
Telephone: 865-525-2150
Facsimile: 865-525-2120
Email: cain@scottandcain.com

*Proposed Liaison Counsel for the putative Class*

<u>**CERTIFICATE OF SERVICE**</u>

I, Richard W. Gonnello, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: August 6, 2019

s/ *Richard W. Gonnello*
Richard W. Gonnello (*pro hac vice*)