UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

|  | Consolidated Case No. 1:19-CV-00181-JRG-CHS |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | CLASS ACTION |

**REPLY MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF JAY SCOLNICK AND MARK SHANER FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO THE HOFFMAN GROUP'S MOTION FOR DISCOVERY**

Movants Scolnick and Shaner[1] respectfully submit this reply memorandum of law: (i) in further support of their motion for appointment as Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel and Holifield as Liaison Counsel for the Class (Dkt. No. 23); and (ii) in opposition to the Hoffman Group's motion to conduct discovery (Dkt. No. 60).

## PRELIMINARY STATEMENT

The PSLRA unambiguously instructs the Court to appoint as the Lead Plaintiff in the Consolidated Action the "most adequate plaintiff," and requires the Court to adopt a presumption that the "most adequate plaintiff" is the movant or group of movants that both (i) possesses "the largest financial interest" in the relief sought by the class, and (ii) "otherwise satisfies the requirements of Rule 23". 15 U.S.C. § 78-4(a)(3)(B)(iii). Here, the most adequate plaintiffs are Scolnick and Shaner, a cohesive group of two individuals with a relationship that predates this litigation by more than 20 years and who incurred an aggregate loss of over *$2 million* in connection with the fraud alleged in the Consolidated Action. Recognizing as much, four of the five movants or movant groups who initially sought appointment as Lead Plaintiff in the Consolidated Action have either withdrawn their motions or filed notices of non-opposition after reviewing Scolnick

---

[1] All capitalized terms herein are defined in Scolnick and Shaner's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 24, 53.

1

and Shaner's motion papers. *See* Dkt. Nos. 38, 48, 52, and 57.

Only one movant, the Hoffman Group, continues to contest Scolnick and Shaner's appointment, casting various baseless aspersions in a last-ditch effort to secure leadership of this litigation despite having a significantly smaller loss in this litigation (less than $835,000) than Scolnick and Shaner. First, the Hoffman Group erroneously asserts that Scolnick's Certification is defective for, *inter alia*, failing to disclose certain purported short sales in one of Scolnick's accounts. *See* Dkt. No. 55 at 3. However, Scolnick did ***not*** take any short positions with respect to CBL securities during the Class Period, and the purported "deficiency" identified by the Hoffman Group is clarified by the account statement for the account in question (submitted herewith as Exhibit A), which demonstrates that the account in question had 1,360 shares of CBL stock held before the Class Period—the precise amount that Hoffman erroneously stated was sold short. Significantly, as a result, there is absolutely no inaccuracy in the Certifications submitted by Scolnick. Next, the Hoffman Group speculates whether Scolnick has authority to assign the claims of certain entities in this litigation. Yet as Scolnick attests in his Declaration (submitted herewith as Exhibit B ("Scolnick Decl.")), he is duly authorized to act on behalf of these entities and to execute assignments on their behalves. The Hoffman Group then attempts to cast in a nefarious light the appearance of the firm Bronstein Gewirtz & Grossmann, LLC ("Bronstein") in the signature block of Scolnick and

2

Shafer's motion papers, in addition to Pomerantz and Holifield. Listing additional counsel in such circumstances is, however, a standard practice in PSLRA filings. Moreover, Scolnick executed a retainer **prior to his Lead Plaintiff submission** (a copy of which has been submitted to the Court for *in camera* review; *see* Exhibit C (the "Retainer")) that clearly, *inter alia*, delineates the roles of Pomerantz and Bronstein in this litigation and quantifies the firms' respective fees, as negotiated and agreed to by Scolnick. Finally, the Hoffman Group seeks discovery into the foregoing issues. Discovery, however, is highly disfavored at the lead plaintiff appointment stage in PSLRA litigations and only allowed in limited circumstances, when a movant can "demonstrate[] a reasonable basis for finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. 77z-1 (a)(3)(B)(iv). Considering that Scolnick and Shaner have by now addressed all of the Hoffman Group's purported concerns about their adequacy, the PSLRA plainly does not provide for discovery in these circumstances. Indeed, Scolnick and Shaner have now submitted extensive documentary evidence including two sworn Declarations attesting to their adequacy to serve the class. In stark contrast, the Hoffman Group has proffered nothing but rank speculation.

For the reasons set forth herein, Scolnick and Shaner respectfully submit that their motion should be granted in its entirety, and that the Hoffman Group's motions for appointment as Lead Plaintiff and for discovery should be denied.

3

**ARGUMENT**

## I. Scolnick's Certification Is Not Defective

Observing that the schedule of transactions in CBL securities appended to Scolnick's Certification reflects more sales of CBL stock than purchases in one account as of April 25, 2018, the Hoffman Group leaps to the erroneous conclusion that Scolnick "sold CBL shares short during the class period and held a short position for almost five weeks[.]" Dkt. No. 55 at 3. This is incorrect. As reflected in the relevant account statement, the account in question held 32,000 shares of CBL securities at the end of the Class Period, 1,360 more than Account 2's net Class Period purchases of 30,640. *See* Ex. A. *See also* Dkt. Nos. 25-3 at *5, 25-4 at *3. Accordingly, the fact that 1,360 more Class Period sales than purchases are reflected in the account as of April 25, 2018 merely reflects the fact that this account held 1,360 shares of CBL stock at the beginning of the Class Period. Accounting for the 1,360 shares held at the beginning of the Class Period, then, and the 32,000 shares held at the end of the Class Period, Scolnick clearly did not take a short position with respect to CBL securities. While it is indeed correct that Scolnick's counsel ***could*** have indicated these pre-Class Period holdings in the loss chart it prepared (Dkt. No. 25-4), Hoffman can point to no inaccuracy in the sworn Certification signed by Scolnick. Moreover, an indication of pre-class holdings is clearly not required by the PSLRA. The PSLRA simply requires only that a lead plaintiff movant submit a

4

certification that "sets forth all of the transactions of the [movant] in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u–4(a)(2)(A)(iv).

## II.    Scolnick Has Authority To Assign The Claims Of Doreen Development Corporation and Premier Community Home Pension Plan

The Hoffman Group also seeks to challenge Scolnick's adequacy by questioning his "authority to authorize the assignment of" the claims of Doreen Development Corporation ("Doreen") and Premier Community Home Pension Plan (the "Pension Plan").  Dkt. No. 55 at 4.  Scolnick and Shaner respectfully submit that a recitation of Scolnick's authority to assign the claims of these entities is not required to make the requisite *prima facie* showing of adequacy to be appointed as Lead Plaintiff pursuant to the PSLRA.  Indeed, the only sworn statement that the PSLRA requires to be submitted in connection with a motion for appointment as lead plaintiff is a shareholder Certification.  Nevertheless, in Scolnick's Declaration submitted herewith, Scolnick attests to the basis of his authority to assign the claims of Doreen and the Pension Plan in this litigation.  Scolnick is, *inter alia*, the sole Trustee for the Pension Plan, a single participant plan in which he is the single participant.[2]   Scolnick Decl. ¶ 2.  As sole Trustee and Plan Administrator, he

---

[2] The Hoffman Group also questions whether the Pension Plan "has been properly constituted," asserting that a search of the Department of Labor ("DOL") website did not turn up a Form 5500 or Form 5500-SF filed on behalf of the Pension Plan in accordance with DOL regulations.  Dkt. No. 55 at 4 n.2.  Owner-only plans,

5

possesses the authority to bind the Pension Plan and to assign its claims in the Consolidated Action in connection with its purchases of CBL securities. *Id.* Scolnick is also the Vice President of Doreen, a real estate company. *Id.* ¶ 3. As Vice President, Scolnick possesses the authority to bind Doreen and to assign its claims in the Consolidated Action in connection with its purchases of CBL securities. *Id.* There can thus be no question as to his authority to execute the assignments submitted with his motion. *See* Dkt. No. 25-1 at *3-*4.

### III. The Bronstein Firm's Representation Of Scolnick Raises No Adequacy Issues

Curiously, the Hoffman Group asserts that the listing of the Bronstein firm "as additional counsel on [Scolnick and Shaner's] moving papers without further explanation" is somehow evidence of Scolnick and Shaner's inadequacy. Not so. Rather, it is commonplace in PSLRA and other class action litigations for additional counsel for a movant—*i.e.*, other than proposed lead and liaison counsel—to be listed on pleadings. Nevertheless, in order to allay any potential concerns, Scolnick's Retainer with Pomerantz has been submitted to the Court for *in camera* review. The Retainer—executed well in advance of his Lead Plaintiff motion— acknowledges and sets forth the financial terms of the Bronstein firm's participation

---

such as the Pension Plan, are not publicly listed, which would account for the Hoffman Group's inability to locate the Pension Plan's filing online. Nevertheless, submitted herewith as Exhibit D is a copy of the Pension Plan's most recent Form 5500-SF, filed on October 12, 2018.

in this Action.  Further demonstrating Scolnick's adequacy, the Retainer provides that Pomerantz will ***not*** request fees in excess of 20% of any settlement or judgment. Empirical research shows that this fee arrangement, negotiated and agreed to by Scolnick, is below the range regularly approved by courts in similar securities class action litigations.  In an empirical study that looked at every class action settlement approved by a federal court between 2006 and 2007, the most common fee awards using the percentage method were 25%, 30% and 33%, with a mean award of 25.4% and a median award of 25%.[3]  Scolnick and Shaner respectfully submit that the Hoffman Group has made no comparable showing that its own competitive fee arrangement with its proposed Lead Counsel is on similarly advantageous terms to the Class.

## IV. There Is No Basis For Discovery Into Scolnick And Shaner's Adequacy

Finally, the Hoffman Group seeks discovery into Scolnick and Shaner's adequacy to represent the Class.  Dkt. No. 55 at 6-8.  However, the PSLRA provides for discovery in connection with lead plaintiff appointment only "in limited circumstances, requiring 'the plaintiff first demonstrate[] a reasonable basis for finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.'"  *Ferrari v. Impath, Inc.*, 03 Civ. 5667 (DAB), 2004 U.S.

---

[3] *See An Empirical Study of Class Action Settlements and their Fee Awards*, Brian T. Fitzpatrick, 7 J. EMPIRICAL L. STUD. 811, 833 (2010).

Dist. LEXIS 13898, at *23-*24 (S.D.N.Y. July 15, 2004) (quoting 15 U.S.C. 77z-1 (a)(3)(B)(iv)). *See also Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 539 (S.D.N.Y. 2015) ("see[ing] no reason to grant that discovery" where movants "made the requisite preliminary showings of adequacy to be co-lead plaintiffs" and "see[ing] little to be found out in such discovery" because movants had already addressed the questions forming the purported basis for discovery). Here, Scolnick and Shaner have addressed and answered the questions into which the Hoffman Group seeks discovery. There is thus no "reasonable basis for finding that the presumptively most adequate plaintiff[s]"—here, Scolnick and Shaner—are "incapable of adequately representing the class." 15 U.S.C. 77z-1 (a)(3)(B)(iv). The Hoffman Group's discovery motion is thus unwarranted by the clear terms of the PSLRA and would constitute an impermissible waste of the Court's and the parties' time and resources, delaying the prosecution of this action to the prejudice of the putative class. Indeed, discovery into the Hoffman Group's reckless use of rank speculation to attempt to rebut the adequacy of the presumptive Lead Plaintiff would be far more fruitful than the Hoffman Group's own proposed fishing expedition.

## CONCLUSION

For the foregoing reasons, Scolnick and Shaner respectfully request that the Court grant their motion in its entirety, and deny the competing motions.

8

Dated:  August 6, 2019

Respectfully submitted,

HOLIFIELD JANICH & FERRERA, PLLC

*/s/ Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Telephone: (865) 566-0115
Fax: (865) 566-0119
Email: aholifield@holifieldlaw.com
Email: sjohnson@holifieldlaw.com

*Counsel for Movants and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
        ahood@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing

has been served electronically upon all parties and/or counsel listed through the

Court's ECF system on this August 6, 2019.

> **HOLIFIELD JANICH & FERRERA, PLLC**
>
> */s/ Sarah R. Johnson*
> Sarah R. Johnson, Esq.

10