**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-cv-00181-JRG-CHS <br> ) |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THE HOFFMANS' MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF**

Comes now lead plaintiff movants Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman (the "Hoffmans"),[1] pursuant to LR 7.1(d), and file this supplemental brief in support of their motion to, *inter alia*, be appointed lead plaintiff.

## SUMMARY OF RELEVANT FACTS AND PROCEEDINGS

On July 16, 2019, multiple investors, including the Scolnick Group and the Hoffmans, moved to be appointed lead in this consolidated securities fraud class action pursuant to the PSLRA. *See, e.g.*, 1:19-cv-00149-JRG-CHS, ECF Nos. 20-36. As part of its motion, the Scolnick Group submitted a joint declaration of Jay Scolnick and Mark Shaner purporting to explain, *inter alia*, their reasons for choosing to retain their suggested lead counsel. *See* 1:19-cv-00149-JRG-CHS, ECF No. 25-5.

On August 6, 2019, the Scolnick Group, in further support of their lead plaintiff motion, filed under seal for *in camera* review a retainer agreement (the "Retainer") entered into by Jay Scolnick retaining counsel in this action. ECF No. 53. In an accompanying brief, the Scolnick Group made numerous references to the purported contents of the Retainer. ECF No. 52 at 2-3, 6-7. On August 13, 2019, the Hoffmans contended, among other things, that filing the Retainer under seal was a factor demonstrating the Scolnick Group lack of adequacy to serve as lead plaintiff especially given their reliance on portions of the Retainer in support of its lead plaintiff motion. ECF No. 55 at 3 (citing *In re Lott,* 424 F.3d 446, 454 (6th Cir. 2005) ("litigants cannot hide behind the privilege if they are relying on privileged communications to make their case" or, in other words, they cannot use the privilege as "a shield and a sword")).

On August 20, 2019, this Court issued an Order unsealing the retention agreement but allowing the Scolnick Group seven days within which to oppose the unsealing. ECF No. 59. On

---

[1] All capitalized terms herein are defined in the Hoffmans' moving, opposition, or reply briefs, unless otherwise indicated. See ECF Nos. 13, .39, 50, 55.

August 27, 2019, the Scolnick Group filed its response (the "Response") to this Court's Order. (ECF No. 61) contending that the Retainer should remain under seal because it reflects "[1] Scolnick's purpose in retaining Pomerantz as counsel, [2] the specific work that Pomerantz will perform in representing Scolnick in this action, and [3] the terms of Pomerantz's representation of Scolnick in this action." ECF No. 61 at 2; *see also id.* at 3 (same).

## ARGUMENT

Scolnick's motive in retaining counsel must be transparent if he is to adequately represent a class of CBL's investors. This is particularly true because the PSLRA prohibits side deals with proposed lead plaintiffs who, instead, must only receive their *pro rata* share of any recovery obtained, and, as awarded by a court, reasonable costs and expenses directly relating to the representation of the class. *See* 15 U.S.C. §§78u-4(a)(2)(A)(vi) and 78u-4(a)(4) (2019).[2] As a result, the Response in suggesting that there exists some secret or undisclosed purpose animating Scolnick's retention of counsel that should remain confidential separately and independently demonstrates Scolnick's lack of adequacy.

Complete transparency is particularly appropriate given that the Scolnick Group in its opening motion purported to discuss its motive by advising the Court that "Pomerantz has been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class." *See* 19-cv-00149, PageID #: 256. Scolnick's effort at engaging in piecemeal disclosure of the terms of his retention is particularly troubling in the context of this securities fraud action, the gravamen of which is the failure to disclose material adverse facts. Skillful counsel could turn around the same arguments Scolnick now makes in support of an argument that facts relating to ongoing litigation in which CBL was involved did not need to be

---

[2] An exception exists for lost wages arising as approved by the Court. *Id.*

disclosed. The result would be an unnecessary and distracting sideshow at any trial, necessarily distracting the jury from a finding of liability. *See, e.g.*, 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(bb) (2019); *see also Scott v. N.Y. City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 357 (S.D.N.Y.2004) (finding that "a defense unique to a named plaintiff" "can bar a finding of adequacy, even if that defense would not ultimately defeat that particular class representative's claim"); *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *4 (S.D.N.Y. Apr. 5, 2016) (declining to appoint a lead plaintiff movant who is incapable of adequately representing the class).

Also troubling is the Response referring to "Scolnick's Retainer", (ECF No. 61 at 1), making it unclear who represents Shaner, the other member of the Scolnick Group, and on what terms. This is troubling given that Shaner is also Scolnick's attorney (*see* 19-cv-00149, PageID #: 255), raising a further concern whether there might be a separate undisclosed understanding with Shaner.[3]

Scolnick's efforts to justify improperly filing the Retainer under seal are unavailing for the simple reason that not a single one of the cases cited involves a situation where, as here, the party seeking to retain confidentiality had freely cited and referred to the retention agreement in its own motion papers. *See, e.g., In re Lott*, *supra* (prohibiting use of privilege as both a sword and a shield). *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514 (S.D. Ohio Nov. 13, 2012), upon which the Scolnick Group relies, only speaks to the "the 'retainer' letter from SunCoke's outside counsel seeking advice and opinions from URS" which was "a consultant to SunCoke's attorneys for the purpose of providing legal advice to SunCoke." *Id.* at *10. *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S. C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y.2009), is not a securities fraud

---

[3] If, for example, Shaner was expecting a referral fee that would be a disqualifying factor for appearing as a lead plaintiff in this action. *See, e.g.,* 15 U.S.C. §78u-4(a)(4) (2019) (limiting a lead plaintiff's compensation to his pro rata share of the class recovery and the payment of lost wages as approved by the Court).

class action governed by the PSLRA, where motivation, litigation strategy, and the nature of services sought bear upon the adequacy of a party to represent others. Nor was it a case where, as here, Scolnick voluntarily disclosed certain purported provisions of the Retainer in Court filings while arguing fulsome disclosure was inappropriate.[4]

Equally meritless is the Scolnick Group's effort to deflect attention from their improper filing of the Retainer under seal by noting that other movants including the Hoffmans have not provided the Court with a copy of their respective retention agreements. ECF No. 61 at 4. That argument, however, ignores that lead plaintiff movants have no obligation to file their retention agreements with the Court. Here, it is Scolnick alone who voluntarily decided to file the agreement under seal and reference those provisions purported which the Scolnick Group believed would advance its argument for appointment as lead plaintiff.

---

[4] The other cases referenced by Scolnick (ECF No. 61 at 2-3) also fail to support his argument because none of those cases analyze whether the filing of a retainer agreement under seal was consistent with the well-settled principle of law disfavoring the filing of documents under seal. *See* ECF No. 59 (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305, 307-08 (6th Cir. 2016) (stating that "[o]nly the most compelling reasons can justify non-disclosure of judicial records" and that a party seeking to seal judicial records must show that (1) the judicial records contain information that courts will typically protect and (2) the judicial records, if not sealed, will result in "a clearly defined and serious injury"). *Machesney v. Lar-Bev of Howell, Inc.*, 2017 WL 2437207 (E.D. Mich. June 6, 2017), one of the cases upon which Scolnick relies, actually calls the filing of retainers under seal into question because there the court declined to preliminarily approve a settlement because it found a "troubling" retainer agreement and a requested incentive award "make[] the Court question whether Machesney is an adequate class representative and should continue on as the named plaintiff in this class action." *Id.* at *11-12. *Ifund, LLC v. Baker Sanders, LLC*, 2013 WL 5607205 (E.D.N.Y. Oct. 14, 2013), is also not on point because it involved an effort to enforce a judgment held by the corporation's attorneys. *Id.* at *1. *First Vagabonds Church of God v. City of Orlando, Fla.*, 2008 WL 4877159 (M.D. Fla. Nov. 12, 2008), similarly involved a dispute regarding prevailing party attorneys' fees. *Id.* at *1 & n.3. *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997), involved disclosure of a report by an independent committee of a board of directors submitted in connection with a motion to dismiss rather than a retention agreement with the court holding that for the time being, it should only be provided to parties and the court.

4

## CONCLUSION

For the reasons stated above, as well in their prior submissions to the Court, the Hoffmans' motion to be appointed lead plaintiff should be granted or, in the alternative, the Court should grant Hoffmans' discovery motion.

Dated: September 3, 2019

**THE HAMILTON FIRM**

/s/ John W. Chandler, Jr.
John W. Chandler, Jr.
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
 **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Attorneys for the Hoffmans

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of September, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. I hereby certify that I am unaware of any other parties in this cause not using the CM/ECF system.

/s/ John W. Chandler, Jr.
John W. Chandler, Jr.

**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

6