| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-00181-JRG-CHS <br><br> CLASS ACTION |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL MEMORANDUM OF THE HOFFMAN GROUP (DKT. NO. 62)

Movants Scolnick and Shaner[1] respectfully submit this memorandum of law in support of their motion for an Order striking from the record the supplemental brief, improperly filed on September 3, 2019 in violation of Local Rule 7.1(d), in further support of the Hoffman Group's motion for appointment as lead plaintiff (the "Supplemental Brief") (Dkt. No. 62).

## ARGUMENT

Local Rule 7.1(d) unequivocally states that "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief . . . to call to

---

[1] All capitalized terms herein are defined in Scolnick and Shaner's moving, opposition, or reply briefs, unless otherwise indicated. *See* Dkt. Nos. 24, 53, 52.

1

the Court's attention developments occurring after a party's final brief is filed."
"The Sixth Circuit has held that district courts may grant motions to strike on the basis that a document was not filed pursuant to local rules." *Setzer v. First Choice Lending Servs., LLC*, No. 3:17-CV-00147 REEVES/GUYTON, 2018 U.S. Dist. LEXIS 19282, at *11-*12 (E.D. Tenn. Feb. 6, 2018) (citing *Loggins v. Franklin Cty.*, 218 Fed. Appx. 466, 478 (6th Cir. 2007)).  Here, the Hoffman Group's Supplemental Brief was clearly filed in violation of Local Rule 72.1(d), and as such, it should be stricken from the record.

First, the Hoffman Group did *not* seek approval of the Court before filing the Supplemental Brief.  *See*, *e.g.*, *Raudenbush v. Monroe Cty.*, No. 3:11-cv-00625, 2019 U.S. Dist. LEXIS 54183, at *37 (E.D. Tenn. Mar. 29, 2019) (striking sur-reply brief where party "did not seek court approval prior to filing"); *Arch Wood Prot., Inc. v. FlamedXX*, 1:10-CV-282, 2012 U.S. Dist. LEXIS 43746, at *2 n.3 (E.D. Tenn. Mar. 29, 2012) (striking supplemental memorandum where movant "did not secure the Court's approval" to file).  Nor did the Court's August 22, 2019 Order directing Scolnick and Shaner to file an additional submission in support of its filing of the Retainer under seal provide for further submissions by the Hoffman Group. *See* Dkt. No. 59.

Second, the Hoffman Group's Supplemental Brief does not fall into the narrow exception in Local Rule 7.1(d) which would permit its filing without first

2

seeking leave of court in order "to call to the Court's attention developments occurring after a party's final brief is filed." *See*, *e.g.*, *Raudenbush*, 2019 U.S. Dist. LEXIS 54183, at *37 (striking from record sur-reply brief that "contains no new developments in the case."); *Setzer*, 2018 U.S. Dist. LEXIS 19282, at *11-*12 (striking response to reply brief that "merely rehashes arguments . . . raised in previous pleadings."); *McElroy v. Amylin Pharms., Inc.*, No. 1:12-cv-297, 2013 U.S. Dist. LEXIS 194145, at *16 (E.D. Tenn. Aug. 5, 2013) (granting motion to strike where sur-reply "calls attention to no new factual or legal issues that were unavailable at the time Plaintiff's initial responsive brief was filed."). Here, there were no "new developments" in the case requiring the Court's attention that justified the filing of the Supplemental Brief. Scolnick's Retainer, the ostensible subject of the Supplemental Brief, was obviously already well within the Court's attention, considering that the Court directed Scolnick and Shaner (and, again, **only** Scolnick and Shaner) to file an additional brief regarding the Retainer. Moreover, Scolnick and Shaner filed their *ex parte* motion for *in camera* review of the Retainer on August 6, 2019. Dkt. No. 53. The Hoffman Group had the opportunity to object— and, in fact, **did** object—to Scolnick and Shaner's *in camera* submission in their reply brief in further support of their motion for limited discovery on August 13, 2019. Dkt. No. 55. Because the Supplemental Brief "merely restates [the Hoffman Group's] previous arguments," it should be stricken from the record. *Setzer*, 2018

3

U.S. Dist. LEXIS 19282, at *12-*13.

## CONCLUSION

For the foregoing reasons, Scolnick and Shaner respectfully request that the Court grant their motion in its entirety and strike the Hoffman Group's Supplemental Brief.

Dated:  September 4, 2019

Respectfully submitted,

HOLIFIELD JANICH & FERRERA, PLLC

*/s/ Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Telephone: (865) 566-0115
Fax: (865) 566-0119
Email: aholifield@holifieldlaw.com
Email: sjohnson@holifieldlaw.com

*Counsel for Movants and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
        ahood@pomlaw.com

*Counsel for Movants and*

4

*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing

has been served electronically upon all parties and/or counsel listed through the

Court's ECF system on this September 4, 2019.

**HOLIFIELD JANICH & FERRERA, PLLC**

*/s/ Sarah R. Johnson*
Sarah R. Johnson, Esq.

5