UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

|  |  |  |
|---|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES INC. SECURITIES LITIGATION | ) ) ) ) | Consolidated Case No.: No. 1:19-CV-00181-JRG-CHS |

**DECLARATION OF THOMAS J. McKENNA, ESQ. IN RESPONSE TO BRENT COWIN'S SUBMISSION REGARDING COMPETING LEAD PLAINTIFF MOTIONS AND NOTICE OF FRAUD ON THE COURT (DKT NOS. 41, 42 AND 51)**

I, Thomas J. McKenna, declare as follows:

1. I am an attorney duly licensed to practice law before all the courts of the State of New York. I am admitted in this action *pro hac vice*. I am a member of the law firm Gainey McKenna & Egleston.

2. I make this declaration in response to filings made on behalf of Mr. Brent Cowin, *see* Dkt. Nos. 41, 42 and 51 in the above-referenced case.

3. I spoke personally with Mr. Cowin on May 20, 2019 about the above-referenced matter and about the lead plaintiff motion due date. He had seen a press release my firm issued in connection with its filing of the first filed complaint in this matter and called me to discuss the matter. At his request I sent him a copy of the filed complaint and a certification form. I later alerted him that the proposed class period had been expanded and requested he check his records for trades in the expanded proposed class period.

4. On June 27, 2019, Mr. Cowin sent me an email with a list of trades embedded in the email, together with four attachments, which consisted of three excel spreadsheets and a pdf document listing further trades by him in CBL & Associates Properties Inc. ("CBL") securities. These trades were not in a format that could be attached to a certification. I asked my paralegal to

prepare a list of these trades on separate sheets that could be attached to a certification. Later that same day, Mr. Cowin sent me a further email with an additional attachment in excel format of his trades. I asked my paralegal to add that to the separate document she was making. We prepared the certification with Mr. Cowin's electronic signature, dated it June 27, 2019 and attached the trades he had sent us. The document was saved in our system. I thought I had sent this certification with the attached reformatted list of trades to Mr. Cowin but now can find no record that I did so as would have been my normal practice.

5. Thereafter, after the proposed class period was expanded once again by a third complaint, Mr. Cowin, unsolicited, corresponded with me on July 10, 2019 and offered to send me additional CBL trades of his that occurred before 2017. I asked him to do so. Late in the evening on July 11, 2019, Mr. Cowin emailed me that his broker was searching for these earlier trades but that it might take a couple of days to retrieve them. Mr. Cowin had copied my partner Gregory M. Egleston on that July 11, 2019 email. The next day, Friday, July 12, 2019, I was out of the office on a personal matter, so Mr. Egleston responded to Mr. Cowin and informed him that the filing deadline was the coming Tuesday (July 16, 2019) and urged him to send any additional trades he could locate by Monday.

6. Based on all my communications with Mr. Cowin, I understood that he had authorized us to represent him and file a motion for lead plaintiff on his behalf, which we did.

7. When the various filed lead plaintiff motions were reviewed on July 17, 2019, the day after they had been filed, my firm realized that the firm of Faruqi & Faruqi, LLP ("the Faruqi firm") had filed a lead plaintiff motion on behalf of Mr. Cowin. I was unavailable the morning of July 17, 2019, so my partner Mr. Egleston called Mr. Cowin to confirm our firm was authorized to represent him. I am informed that Mr. Cowin confirmed to Mr. Egleston that it was his intention

2

to be represented by the Faruqi firm. At that point, knowing that Mr. Cowin was represented by another attorney, our firm ceased all communications with him.

8. Mr. Egleston reported this to me later on July 17, 2019. I promptly then called Nadeem Faruqi of the Faruqi firm and told him we had received Mr. Cowin's instructions that the Faruqi firm was authorized to represent him and that we intended to promptly withdraw the motion for lead plaintiff that we had filed on Mr. Cowin's behalf.

9. We promptly filed the Notice of Withdrawal of the lead plaintiff motion later that same day. We attempted to make clear that Mr. Cowin's motion to be lead plaintiff under the stewardship of the Faruqi firm continued by expressly noting: "Movant Brent Cowin will be represented by the law firm of Faruqi & Faruqi, LLP in connection with all matters related to the above-captioned actions." *See* Dkt. No. 38 in Case No. 1-19-cv-149.

10. On July 25, 2019, my firm filed a Notice of Voluntary Dismissal of the action we had filed on behalf of our client Larry Paskowitz, *see* Dkt. No. 44 in Case No. 1-19-cv-149. Our involvement in these actions ceased at that time.

11. The misunderstanding that Mr. Cowin had authorized my firm to proceed on his behalf is wholly the undersigned's misunderstanding and I apologize to Mr. Cowin, this Court and all affected.

12. I declare, under penalty of perjury, that the foregoing is true and correct. Executed on August 22, 2019, at New York, New York.

THOMAS J. McKENNA