PATRICK WILLIAMS, )
)
      Plaintiff, )
)
v. )     No. 1:19-CV-00181-JRG-CHS
)
CBL & ASSOCIATES PROPERTIES, INC. et al., )
)
      Defendants. )
_____)
)
ALBERTO MERELLES, )
)
      Plaintiff, )
)
v. )     No. 1:19-CV-00193-JRG-CHS
)
CBL & ASSOCIATES PROPERTIES, INC. et al., )
)
      Defendants. )

## ORDER

This matter is before the Court on Movants Jay Scolnick and Mark Shaner's Ex Parte Motion for in Camera Review of Exhibit C to Reply Memorandum of Law [Doc. 53] and Response to Court Order [Doc. 61]. "Only the most compelling reasons can justify non-disclosure of judicial records," and a party seeking to seal judicial records must show that (1) the judicial records contain information that courts will typically protect and (2) the judicial records, if not sealed, will result in "a clearly defined and serious injury." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305, 307–08 (6th Cir. 2016) (quotations omitted). Under the first element, Mr. Scolnick and Mr. Shaner claim that Exhibit C, which is a retainer letter, is a judicial record that courts typically protect, contending that "courts in the Sixth Circuit and nationwide

routinely order or permit retainer agreements to be filed under seal for *in camera* review." [Resp. at 2].

But as a general rule—inside and outside of this circuit—retainer letters do *not* warrant protection from public disclosure. *See Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985) ("In general, the fact of legal consultation or employment, clients' identifies, attorney's fees, and the scope and nature of employment are not deemed privileged."); *United States v. Skeddle*, 989 F. Supp. 890, 904 (N.D. Ohio 1997) ("[C]ommunications regarding retainer agreements are not privileged." (quotation omitted)); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." (quotation omitted)); *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) ("As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege." (citation omitted)).

Mr. Scolnick and Mr. Shaner, however, appear to argue that the retainer letter qualifies as an exception to the general rule because it contains their "motivation in retaining" counsel and "describes the specific nature of the services." [Resp. at 2]; *see Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2012 WL 5495514, at *4 (S.D. Ohio Nov. 13, 2012) ("[T]he letter includes 'the motive of the client in seeking representation [and] the specific nature of the services' to be provided; consequently, the communication is protected by the privilege." (citations omitted)). But the retainer letter contains nothing even remotely along those lines. [Resp. at 2]. The retainer letter is ordinary in its constitution, containing an overview of how counsel will communicate

with Mr. Scolnick and Mr. Shaner and a description of the fee arrangement—neither of which is privileged information. *Humphreys*, 755 F.2d at 1219.

In short, Mr. Scolnick and Mr. Shaner fail to meet their burden of establishing that the retainer letter contains information that typically falls within the attorney-client privilege—like the motive of the client in pursuing representation, litigation strategy, or the specific nature of the legal services. Mr. Scolnick and Mr. Shaner's Ex Parte Motion for in Camera Review of Exhibit C to Reply Memorandum of Law [Doc. 53] is therefore **DENIED**. Within seven days of this Order's date, Mr. Scolnick and Mr. Shaner may move to withdraw Exhibit C from the record. If the Court receives no motion within seven days of this Order's date, it will direct the Clerk's Office to unseal Exhibit C.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3