|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-cv-00181-JRG-CHS <br> ) |

**LEAD PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE LIMITED DOCUMENT REQUESTS DIRECTED AT OBTAINING DOCUMENTS PREVIOUSLY FILED UNDER SEAL IN ANOTHER COURT AND REQUIRING DEFENDANTS TO PROVIDE THOSE DOCUMENTS ON AN EXPEDITED BASIS**

Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman ("Lead Plaintiffs") respectfully submit this memorandum of law in support of their request pursuant to: (1) Federal Rule of Civil Procedure 26(d)(1) to permit limited discovery as identified in the proposed request for documents (the "Document Request") prior to the Rule 26(f) conference; and (2) Rule 34(b)(2)(A) to require CBL & Associates Properties, Inc. ("CBL") to respond to the Document Request within 14 calendar days.

## **INTRODUCTION**

Lead Plaintiffs initially expected to obtain documents previously filed under seal in the closely-related class action litigation against CBL: *Wave Length Hair Salons of Florida, Inc. v. CBL & Associates, Inc.*, Docket No. 2:16-cv-00206 (M.D. Fla.) (the "*Wave* Litigation"). Defendants, however, have actively taken steps to prevent Lead Plaintiffs from promptly reviewing those documents. Since the *Wave* Litigation is a closed action in the U.S. District Court for the Middle District of Florida being overseen by a visiting Judge from the U.S. District Court for the District of Minnesota it is unclear when, if ever, that Court will rule on Lead Plaintiffs' pending motion to intervene and make the documents public or, if that Court rules, what action Defendants will take to further delay Lead Plaintiffs' ability to promptly review those documents including through noticing an appeal to the U.S. Court of Appeals for the Eleventh Circuit.

Therefore, Lead Plaintiffs seek leave to serve a discovery request (attached to the Motion) on CBL seeking those documents and require CBL to respond to that request on an expedited basis. Allowing for such relief will prevent CBL from achieving any improper benefits from improperly filing documents under seal in the *Wave* Litigation and then acting to delay or prevent those documents from being made public.

# RELEVANT FACTS

The facts alleged in the *Wave* Litigation are material to this Action because the gravamen of this Action is that Defendants actively sought to conceal the existence of both the underlying scheme to overcharge small retail tenants for electricity which lies at the heart of the *Wave* Litigation as well as the existence, merit and potential liability arising from the pendency of the *Wave* Litigation. *See* Consolidated Class Action Complaint ('Consolidated Complaint') (ECF No. 80) ¶¶ 25-64. Lead Plaintiffs, accordingly, initially sought to delay the deadline for filing a consolidated complaint in this action to allow them an opportunity to review documents filed under seal in the *Wave* Litigation. *See* ECF No. 71. This Court rejected that request noting, among other things, that Lead Plaintiffs "concede that the United States District Court for the Middle District of Florida is poised to lift the seal from these documents on September 21, 2019." ECF No. 74 at 2.

Lead Plaintiffs expectations for the *Wave* Litigation Court promptly making public the documents previously filed under seal, however, failed to materialize. Instead, Lead Plaintiffs were instructed by the Clerk of the Court for the U.S. District Court for the Middle District of Florida where the *Wave* Litigation is pending to file a motion to unseal the record. Lead Plaintiffs promptly moved to intervene in the U.S. District Court for the Middle District of Florida and unseal the record in the *Wave* Litigation. *See* Exhibit A. Lead Plaintiffs motion, however, was met by an opposing brief filed by CBL. *See* Exhibit B. Lead Plaintiffs also filed a motion for leave to file a reply brief. *See* Exhibit C. The proposed reply brief is attached hereto as Exhibit D.

The *Wave* Litigation Court has not yet acted on Lead Plaintiffs' motion. Given that the *Wave* Litigation is a closed file in which judgment has already been entered and the presiding Judge having been visiting from the U.S. District Court for the District of Minnesota, it is quite

possible that no decision on Lead Plaintiffs' motion may be forthcoming for an extended period of time. In addition, Lead Plaintiffs must encounter the real possibility that even if the *Wave* court issued an order tomorrow unsealing the documents that CBL would notice an appeal to the U.S. Court of Appeals for the Eleventh Circuit further materially delaying Lead Plaintiffs' receipt of those documents.

On November 5, 2019, Lead Plaintiffs acted in accordance with this Court's instruction in the Scheduling Order and filed the Consolidated Complaint. *See* ECF No. 80. The Consolidated Complaint properly states a claim with respect to Defendants' violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), including the heightened pleading standard supplied by Fed R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). However, at the same time, Lead Plaintiffs believe that the documents currently improperly being shielded from public review in the *Wave* Litigation would further support Lead Plaintiffs' allegations.

## ARGUMENT

### A. Defendants Have Acted, and are Continuing to Act, Improperly in Shielding Documents Filed in the *Wave* Litigation From Public Review

The sole reason provided for filing documents under seal in the *Wave* Litigation was a boilerplate assertion that the documents were designated "Confidential" by the producing party.[1] As this Court has previously recognized, this is a facially inadequate justification for filing documents under seal. *See* June 27, 2019 Memorandum and Order Regarding Sealing Confidential Information, ECF No. 5 and 1 ("parties often assume – erroneously – that because they have

---

[1] *E.g.*, *Wave* Litigation ECF Nos. 135 at 1, 166 at 1

{00350151;3 }

3

Case 1:19-cv-00181-JRG-CHS   Document 84   Filed 11/15/19   Page 4 of 13   PageID #: 1139

designated certain information as confidential, they can then file that same information under seal in the Court's record") (collecting authorities).

Although the *Wave* court granted each motion to seal, those orders were set to expire upon the end of the *Wave* Litigation. The first four orders state that "[t]hese documents shall remain under seal for the duration of this action and any appeal thereto, or until an Order is entered unsealing these documents."[2] Subsequent orders recognized that "the parties provided ... a statement of the proposed duration of the seal" in allowing filings under seal. The proposed duration of the seal was "until the end of the litigation" in each instance.[3] On August 22, 2019, the *Wave* Court entered final judgment in the *Wave* Litigation. The *Wave* Litigation became "Final" on September 23, 2019. Thus, even assuming *arguendo* that the documents were properly filed under seal, those sealing orders should have been lifted on that date.

Notwithstanding the clear terms of the *Wave* court's orders, the documents were not automatically unsealed at the end of the *Wave* Litigation. Therefore, on September 27, 2019, Lead Plaintiffs filed a motion to intervene and unseal the relevant documents. *See* Exhibit A. Plaintiffs argued the documents should be unsealed because (i) unsealing was required by the terms of the sealing orders, and, in the alternative (ii) the documents were never properly sealed because CBL never carried its high burden of demonstrating that the documents contained trade secrets, the disclosure of which outweighs the public's common law right of access. *Id.* CBL opposed Lead Plaintiffs' motion to unseal. *See* Exhibit B. On October 15, 2019, pursuant to the local rules of the Middle District of Florida, Lead Plaintiffs filed an unopposed motion for leave to file a reply brief (*See* Exhibit C), which Lead Plaintiffs have finalized and are prepared to file with the *Wave* court

---

[2]     *See Wave* Litigation ECF Nos. 122, 135, 139, and 149.

[3]     *See Wave* Litigation ECF Nos. 156, 166, 177-178, 183, 204-206, 213, 228.

once leave is granted. *See* Exhibit D attached hereto. However, a month has passed without any ruling from the *Wave* court even on Lead Plaintiffs' motion to file a reply brief. This could be a result of the case having been settled and that the judge presiding over the case was from the District of Minnesota and has since returned to his home district. Whatever the reason may be, the documents that were to be opened to the public remain sealed.

**B. This Court Should Allow Lead Plaintiffs to Serve a Discovery Request Designed to Obtain the Documents Filed Under Seal in the *Wave* Litigation**

Federal Rule of Civil Procedure 26 states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *Lemkin v. Bell's Precision Grinding*, 2009 U.S. Dist. LEXIS 126739, at *5 (S.D. Ohio June 1, 2009). The United States Court of Appeals for the Sixth Circuit has routinely held that the "conduct of discovery [is] committed to the sound discretion of the district court." *Medison Am., Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 661 (6th Cir. 2009) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)).

Courts considering motions for expedited discovery typically apply a "good cause" standard. 2009 U.S. Dist. LEXIS 126739, at *5. "'Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant.'" *In re Paradise Valley Holdings, Inc.*, 2005 Bankr. LEXIS 2951, at *5 (Bankr. E.D. Tenn. Dec. 29, 2005) (citation omitted). *See Lemkin*, 2009 U.S. Dist. LEXIS 126739, at *4 (good cause can be established by demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.") (citation omitted). In determining whether good cause exists, courts consider the scope of the proposed discovery.

*Lemkin*, 2009 U.S. Dist. LEXIS 126739, at *5. "[T]he Court is more likely to find good cause under Rule 26(d) when a party's expedited discovery requests are narrow and targeted." *Slate Rock Constr. Co. v. Admiral Ins. Co.*, 2011 U.S. Dist. LEXIS 46846, at *12 (S.D. Ohio May 2, 2011). "Good cause is *usually found in cases involving* requests for injunctive relief, challenges to personal jurisdiction, *class actions*, and claims of infringement and unfair competition." *Paradise Valley*, 2005 Bankr. LEXIS 2951, at *5 (emphasis supplied).

Here, there is good cause for expedited discovery limited to the documents filed under seal in the *Wave* Litigation. *First*, as a class action on behalf of thousands of shareholders of CBL that undeniably lost tens of millions of dollars when CBL's stock price plummeted following the belated disclosure of the *Wave* Litigation, this action is among the type of cases in which good cause is "usually found." *Paradise Valley*, 2005 Bankr. LEXIS 2951, at *5.

*Second*, even a cursory review of the Consolidated Complaint reveals that Plaintiffs' allegations are not only meritorious, but that Plaintiffs have a high probability of defeating any motion to dismiss filed by Defendants, which weighs in favor of expedited discovery. *See Teasel v. Laskowski,* 2018 BL 21182, 2 (E.D. Mich. Jan. 23, 2018) (citing "some probability of success on the merits" as a factor weighing in favor of expedited discovery). Indeed, one of the only substantive documents not filed under seal in the *Wave* Litigation was the transcript from the hearing on the parties' motions for summary judgment. In that transcript, the parties discuss documents filed in the *Wave* Litigation that detail how CBL management hatched and concealed the overcharge scheme. As detailed in the Consolidated Complaint, CBL was also immediately informed by its insurer that the *Wave* Litigation class action would not be covered by insurance. Despite Defendants clear obligation to do so, they disclosed nothing to investors.

***Third***, the proposed discovery is "narrow and targeted." Plaintiffs simply seek the documents filed under seal in the *Wave* Litigation, which are easily located by CBL. Courts permit expedited discovery in similar circumstances. *E.g. Slate Rock Constr. Co. v. Admiral Ins. Co.*, 2011 U.S. Dist. LEXIS 46846, at *12 (S.D. Ohio May 2, 2011) (finding that where the party sought specific and identifiable insurance agreements "the narrow scope of the discovery Slate Rock seeks weighs heavily in favor of a determination of good cause").

***Fourth***, production of the documents neither burdens nor prejudices CBL. The universe of documents requested is small and easily identifiable. Given that each document was filed with the *Wave* Litigation court, CBL certainly has the documents readily accessible. Collecting them will create no burden on CBL. Nor will CBL be prejudiced. The purpose of Rule 26(d)(1) is to "protect[] defendants from unwarily incriminating themselves before they have a chance to review the facts of the case and to retain counsel." *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (citing 4A Moore's Federal Practice, para. 30.54 (1982)). Here, Defendants not only retained counsel in the *Wave* Litigation years ago and litigated the case through summary judgment and settlement, but they also have retained counsel in this action. Moreover, Plaintiffs are not seeking depositions or responses to interrogatories in which Defendants could "unwarily incriminat[e] themselves." Rather, Plaintiffs seek only documents which already exist, have been produced by CBL and have been filed in other litigations. Court have ordered expedited discovery in such situations. *E.g. Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (permitting expedited discovery of documents where the defendants had retained counsel: "the discovery requested on an expedited basis cannot result in the defendants 'unwarily' incriminating themselves. The plaintiff does not seek answers to interrogatories; instead, it

Case 1:19-cv-00181-JRG-CHS    Document 84    Filed 11/15/19    Page 8 of 13    PageID #: 1143

requests the production of documents and things which already exist, and the requests are reasonable in scope.").

*Fifth*, Plaintiffs and the class are prejudiced by non-production. They as well as the public at large have a common law right of public access to documents filed with the *Wave* court. Their right of access has been thwarted by Defendants improperly filing the documents under seal and the failure of the documents to be unsealed pursuant to the *Wave* court's prior orders. Plaintiffs, the class and public have a right to access these documents. Every day the documents are withheld from them is a violation of that right.

## C. Allowing Lead Plaintiffs Limited Discovery is Appropriate Even if the PSLRA Stay of Discovery Applied at This Stage of the Proceedings

This Court in the Scheduling Order stated that the stay of discovery imposed by the PSLRA does not apply at this stage of the proceedings because Defendants have not yet moved to dismiss. *See* ECf No. 74 at 3. However, even assuming *arguendo* that that discovery stay provision applied it would not make a difference because under similar circumstance courts routinely lift the PSLRA discovery stay to compel production of much larger universes of documents prior to a Rule 26(f) conference or a ruling on the defendants' motion to dismiss.

The standard for lifting the PSLRA discovery stay to permit expedited discovery is much higher than "good cause" under Rule 26(d)(1). To lift the PSLRA discovery stay a party must demonstrate that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

Nonetheless, courts regularly allow for limited modification of the PSLRA automatic discovery stay in federal securities actions in the precise situation here: to allow plaintiffs to obtain the documents that the defendant-company has already identified, collected and produced to other litigants in related actions and/or government regulators. *See, e.g., N.Y. State Teachers' Ret. Sys.*

*v. GM Co.*, 2015 U.S. Dist. LEXIS 45576, at *9 (E.D. Mich. Apr. 8, 2015) (lifting the PSLRA stay for the production of documents produced in parallel multi-district class action litigation, finding that the discovery sought was "particularized" as it was "limited to materials that have been produced already and which will be produced in the MDL Litigation."); *In re Massey Energy Co. Sec. Litig.*, 2011 U.S. Dist. LEXIS 111175, at *20 (S.D. W. Va. Sep. 28, 2011) (lifting PSLRA discovery stay for all documents which the company produced in connection with other proceedings and government investigations, finding that the documents were "sufficiently particularized"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004) (ordering production of "key documents" that would soon be produced in a related ERISA action). Indeed, Lead Plaintiffs' requested discovery is even more limited and "particularized" as it seeks only the subset of documents that were filed with the *Wave* court.

As numerous courts have explained, maintaining the discovery stay as to materials already provided to other parties "does not further the policies behind the PSLRA." *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004); *see also In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 2007 U.S. Dist. LEXIS 10408, at *16 (E.D. Mich. Feb. 15, 2007) (same). The PSLRA's automatic stay on discovery prior to resolution of the motion to dismiss serves to prevent frivolous litigations or "strike suits" from engaging in expensive "fishing expeditions" that pressure defendants to settle the meritless actions because of high costs of discovery. Here, the Consolidated Complaint is a well-pled document that fully satisfies Sixth Circuit precedent and the pleading requirements of the PSLRA. In cases such as this one, where the Consolidated Complaint provides details of an intentional and willful fraud, concerns of a "fishing expedition" are non-existent. *See In re Delphi*, 2007 U.S. Dist. LEXIS 10408, at *5; *WorldCom*, 234 F. Supp. 2d at 305 (finding that "[n]either rationale underlying the PSLRA's

discovery stay provision is contravened by plaintiffs' application" as plaintiffs were not engaged in a fishing expedition or abusive strike suit). Indeed, the fact that the *Wave* Litigation plaintiff survived a motion to dismiss and motion for summary judgment and successfully certified a class, and CBL agreed to pay 100% of the alleged damages plus attorneys' fees removes any doubt— this Action is not a meritless strike suit. *See Royal Ahold,* 220 F.R.D. at 251 ("the apparent strength of the plaintiffs' case may factor in the court's determination of the necessity of discovery under the PSLRA."). Moreover, as discussed above, the limited expedited discovery will impose no burden on CBL, financial or otherwise.

## D. Defendants Should be Ordered to Respond to Lead Plaintiffs Limited Discovery Request on an Expedited Basis

The Federal Rules of Civil Procedure ordinarily allow a party 30 days within which to respond to a discovery request. *See* Fed. R. Civ. P. 34(b)(2). However, a shorter time may be ordered by the court (*id*), which is left to the discretion of the court. *See Lemkin,* 2009 U.S. Dist. LEXIS 126739, at *5 (stating that permitting expedited discovery is left to the discretion of the court); *Medison Am.,* 357 F. App'x at 661 ("conduct of discovery [is] committed to the sound discretion of the district court" (citation omitted)).

Here, the documents at issue have already been identified, collected, reviewed and filed in the *Wave* Litigation. Thus, simply re-producing them to Lead Plaintiffs requires minimal time and could easily be accomplished within 14 days. Courts routinely shorten the time for a party to respond to expedited discovery. *E.g. North Atl. Operating Co. v. Huang,* 194 F. Supp. 3d 634, 639 (E.D. Mich. 2016) (requiring documents to be produced within 10 days of service of the order); *Allstate Ins. Co. v. Zeefe,* 2015 U.S. Dist. LEXIS 90237, at *11 (E.D. Ky. July 13, 2015)(requiring discovery to be produced within 7 days of the order); *Russell v. Lumpkin,* 2010 U.S. Dist. LEXIS 55243, at *6 (S.D. Ohio May 11, 2010) (ordering deposition to be taken within 7 days of the order).

CONCLUSION

Therefore, for all the reasons set forth above, Lead Plaintiffs respectfully request that the Court issue an Order: (1) allowing Lead Plaintiffs to serve the Document Request attached to this motion as Exhibit A; and (2) requiring CBL to produce to Lead Plaintiffs those documents within 14 calendar days.

Dated: November 15, 2019

Respectfully Submitted,

/s/ *John W. Chandler, Jr.*
John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD JANICH &**
    **FERRERA, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

**Co-Liaison Counsel for the Class**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
    **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
ahood@pomlaw.com

**Co-Lead Counsel for the Class**

**BRONSTEIN, GEWIRTZ &
    GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**

**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2019, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court, Eastern District of Tennessee at Chattanooga, using the CM/ECF system which will send notice of the electronic filing to counsel of record. Parties may access this filing through the Court's electronic filing system.

/s/ *John W. Chandler, Jr.*