EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| WAVE LENGTHS HAIR SALONS OF FLORIDA, INC., d/b/a SALON ADRIAN, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CBL & ASSOCIATES PROPERTIES, INC., CBL & ASSOCIATES MANAGEMENT, INC., CBL & ASSOCIATES LIMITED PARTNERSHIP and JG GULF COAST TOWN CENTER LLC, <br><br> Defendants. | Case No. 2:16-cv-206-FtM-PAM-MRM |

**MOTION TO INTERVENE AND TO UNSEAL DOCUMENTS
AND INCORPORATED MEMORANDUM OF LAW**

Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman (the "Movants" or the "Tennessee Plaintiffs"), pursuant to Federal Rule of Civil Procedure 24, move to intervene in the above-captioned action (the "Action") for the limited purpose of moving to make public documents previously filed under seal. In support thereof, Movants state as follows:

**Factual and Procedural Background**

1.      This settled Action alleged that tenants at malls owned or managed by CBL & Associates Properties, Inc. ("CBL") had their electricity charges marked up or their electrical usage inflated through surveys performed by electrical consultant Valquest. ECF No. 312 at 2.

2.      This Action was terminated on August 22, 2019, when final approval of the parties' settlement was granted, judgment was entered and the case file was closed. ECF No. 312. The thirty-day time period for noticing an appeal from the final judgment (*see* Fed. R. App.

1

P. 4; Fed. R. Civ. P. 6(a)) expired on Monday September 23, 2019 and, as a result, an appeal of the judgment may no longer be taken.

3.      This Court allowed the parties to file several documents under seal, pursuant to Local Rule 1.09, including ECF Nos. 127, 128, 129, 140, 152, 164, 181, 194, 195, 196, 197, 200, 201, 209, 210, 211, 212, 215, 216, 218, 220, 221 and 230.

4.      CBL's overpricing scheme is also central to Movant's class action securities fraud claims asserted in *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (E.D. Tenn.) (the "Securities Class Action"), in which Movants as lead plaintiffs allege that CBL's statements to investors were false and misleading because CBL failed to disclose the overpricing scheme or the materiality of this Action.

**The Documents Previously Filed Under Seal Should be Made Public Based Upon the Terms of the Orders Pursuant to Which They Were Originally Filed Under Seal**

5.      Each order of the Court allowing documents to be filed under seal either lasted, by its own terms, "for the duration of this action and any appeal thereto" (*see, e.g.*, ECF Nos. 122, 135, 139, 149) or recognized that the parties to this Action provided a "statement of the proposed duration of the seal" and referenced a motion asserting that documents be sealed until the end of the Action. *See, e.g.*, ECF Nos. 159 (citing ECF No. 156, ¶5), 168 (citing ECF No. 166, ¶5), 180 (citing ECF Nos. 177, ¶5 and 178, ¶5), 186 (citing ECF No. 183, ¶9), 207 (citing ECF Nos. 204, ¶6, 205 ¶9, 206 ¶5), 214 (citing ECF No. 213, ¶5), 229 (citing ECF No. 228, ¶5).

6.      Accordingly, this Court's prior orders sealing those documents have expired by their own terms and should be made public as ordinary Court filings because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

2

7.     Any effort by the parties to avoid making the documents filed with this Court public must fail since keeping the seal in place beyond the time period contained in the original Orders required that a party move "[b]efore the deadline expires . . . to extend a sealing period, provided the motion complies with Local Rule 1.09(b)." *Regions Bank v. Kaplan*, Case No. 8:16-cv-2867-T-23AAS, 2018 WL 7982922, at *1 (M.D. Fla. Mar. 21, 2018).

8.     "Strict adherence" to Local Rule 1.09(c) is necessary "because the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); and *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).

9.     Here, strict adherence to Local Rule 1.09(c) is particularly appropriate because on September 11, 2019, Movants informed King & Spalding, which acts as counsel for Defendant CBL & Associates Properties, Inc. in the Securities Class Action, that Movants intended to seek to make public the documents previously filed under seal in this Action.

**The Parties Have Not Demonstrated Good Cause for Keeping the Documents Under Seal**

10.     Even if evaluated anew, the documents previously filed under seal must still be made public. The law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings and "judicial records and documents." As explained in *Brown v. Advantage Engineering*, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). The common law right of access to judicial records "'establish[es] a general presumption that criminal and civil actions should be

3

conducted publicly' and 'includes the right to inspect and copy public records and documents.' It is 'an essential component of our system of justice' and 'is instrumental in securing the integrity of the process.'" *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam)). The public presumptively has a right to access judicial records. *Chicago Tribune*, 263 F.3d at 1311. The public's right of access to judicial records may only be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-CV-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011). As noted above, the parties have forfeited their right to show good cause. *See* ¶¶ 7-9, *supra*.

11.   Documents filed with complaints and substantive motions are "judicial records" subject to the common-law right of access. *See AbbVie Prods., LLC*, 713 F.3d at 63-64 ("[W]hether a document is a judicial record depend[s] on the type of filing it accompanied. A complaint and its exhibits, which are integral to the 'judicial resolution of the merits' of any action, are surely 'subject to the common-law right.'"); *Chicago Tribune*, 263 F.3d at 1312 ("discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."). Here, the documents filed under seal were almost all filed in support of motions for summary judgment and class certification.

12.   The parties have failed to satisfy the high standard for overriding the public's right to access to judicial documents. "Information entitled to sealing encompasses [1] trade secrets or other confidential research, development, or other commercial information [2] that has economic value from not being generally known, [3] that has been the subject of reasonable efforts aimed at secrecy, and [4] the disclosure of which is likely to result in a clearly defined

4

and very serious injury to the designating party." *Sullivan v. Gov't Emples. Ins. Co.*, No. 6:17-cv-891-Orl-40KRS, 2018 WL 5717430, at *1 (M.D. Fla. Nov. 1, 2018) (denying motion to seal and finding that the attorney's "general averments" about the confidentiality and importance of documents was insufficient to permit sealing). Here, the only stated reason that the parties provided for filing the documents under seal was that they had been designated "Confidential" pursuant to the Protective Order. It is well-settled that this is insufficient to override the public's right of access. *Stoneeagle Servs. v. Pay-Plus Sols., Inc.*, No. 8:13-cv-2240-T-33MAP, 2015 WL 12844439, at *2 (M.D. Fla. May 5, 2015) ("Plaintiff's conclusory assertion that the Referral Agreement is subject to the Protective Order, and therefore, should be sealed, does not bind this Court, and without more is insufficient to override the common law and First Amendment rights of the public to review court documents."). This is particularly true where, as in this Action, the matter was litigated through adjudication on summary judgment motions. *Regions Bank, supra* (citing *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016); *Diaz-Granados v. Wright Med. Tech., Inc.*, No. 6:14-cv-1953-Orl-28TBS, 2016 WL 1090060, at *3 (M.D. Fla. Mar. 21, 2016)).

### The Movants, if Necessary, Should be Granted the Right to Intervene

13.     This Court "may *sua sponte* unseal the records at issue irrespective of a motion to intervene." *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, No. 13 CV 3410(HB), 2013 WL 5322573, at *1 (S.D.N.Y. Sept. 23, 2013) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004) ("[W]e see no reason why the absence of a motion of a party to the litigation or some third party requesting that a seal or protective order be lifted should remove a federal court's ability to monitor and modify its previous orders in exercise of its 'supervisory power

5

over its own records and files.'")). Nevertheless, in an abundance of caution, Movants seek to intervene in this Action in order to obtain the relief requested herein.[1]

14.     Rule 24(b)(1) provides, in part that, "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The granting of permissive intervention is "wholly discretionary with the court." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir.1996).

15.     The "common interest" requirement is liberally construed, *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir.1977), and there need be no showing of a "direct personal or pecuniary interest in the subject of the litigation." *Piedmont Heights Civic Club, Inc. v. Moreland*, 83 F.R.D. 153, 157 (N.D. Ga. 1979). Courts have held that seeking to unseal documents related to an ongoing litigation satisfies the "common interest" requirement. *Marshall v. Planz*, 347 F. Supp. 2d 1198, 1204-05 (M.D. Ala. 2004) (holding the "common interest" requirement satisfied where intervenors sought to unseal documents because they were related to their ongoing litigation); *U.S. ex rel Walker v. Radiology Reg'l Ctr., P.A.*, 2007 WL 865563, at *1 (M.D. Fla. Mar. 21, 2007) ("A motion to intervene is the proper procedural device for a non-party to seek access to court documents which have been placed under seal.").

---

[1] It is well-settled that this Court has the power to modify sealing orders after final judgment and/or the action has been resolved through settlement. *Marshall v. Planz*, 347 F. Supp. 2d 1198, 1201-02 (M.D. Ala. 2004) (collecting cases). Also, "[i]t is widely recognized that non-parties have standing to intervene in an action to seek, or oppose, disclosure of sealed court records." *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 WL 2881594, at *9 (S.D. Ga. July 3, 2019); *see also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (vacating district court's denial of motion to intervene and stating "It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties ... any member of the public has standing to view documents in the court file that have not been [lawfully] sealed . . . and to move the court to unseal the [] file in the event [it was] improperly sealed").

16.     While the matter of whether a motion to intervene is timely is left to the discretion of the district court, *National Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973) ("Timeliness ... is to be determined by the court in the exercise of its sound discretion"), the Eleventh Circuit has outlined four factors to consider: "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002).

17.     All factors weigh in favor of permitting intervention. *First*, Movants were appointed Lead Plaintiff in the Securities Class Action on September 10, 2019. Moreover, as discussed above, by the terms of this Court's orders and the parties' motions to file under seal, the documents filed under seal were to be unsealed on September 23, 2019. Thus, Movants have acted within a matter of days of learning that their interests were being impacted by this Action. *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019) ("Intervention may be timely filed even if it occurs after a case has concluded; timeliness depends on the circumstances of each case.") (citing *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (finding intervention timely even though the contested order was entered 33 years earlier); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1308 (11th Cir. 2001) (per curiam) (noting timely intervention by members of the media "in the months following settlement" of the original

7

case)). *Second,* there is no prejudice to the parties in this Action by Movants' prompt action, in particular, because the parties had always agreed that the documents would be unsealed once this Action was final. *Third,* the prejudice to Movants if intervention is denied (and the documents are not unsealed) is immense. Continuing to maintain the documents under seal interferes with the Movants Constitutional and common law right of access to Court proceedings. *See* ¶¶ 10-11, *supra. Fourth,* unusual circumstances militating either for a determination that this motion is timely. The documents under seal are also important to Movants' claims in an action in the Securities Class Action in which they are required to file a consolidated complaint by November 5, 2019, subject to the heightened pleading standard under the Private Securities Litigation Reform Act of 1995 as well as the pleading requirements of Federal Rule of Civil Procedure 9(b).

## Certification Pursuant to Local Rule 3.01 (g)

18.    Movants have conferred with counsel for the parties in this Action in a good faith effort to resolve the issues raised by this motion. The plaintiffs in this Action take no position on Movants' motion and the defendants in this Action oppose the motion.

WHEREFORE the Movants respectfully request that this Court issue an Order unsealing the documents previously filed under seal in this Action.


Dated: September 27, 2019                              Respectfully Submitted,

                                                       */s/ Jayne A. Goldstein*



8

Jayne A. Goldstein (Fl. Bar No. 144088)
**SHEPHERD, FINKELMAN, MILLER &
SHAH, LLP**
jgoldstein@sfmslaw.com
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367


Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER &
   TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Jeremy A. Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

**BRONSTEIN, GEWIRTZ &
   GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Counsel for Movants**

9