|  | ) |  |
| --- | --- | --- |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
|  | ) |  |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO SERVE LIMITED DOCUMENT REQUESTS DIRECTED
AT OBTAINING DOCUMENTS PREVIOUSLY FILED UNDER SEAL IN ANOTHER
COURT AND REQUIRING DEFENDANTS TO PROVIDE  THOSE DOCUMENTS ON
<u>AN EXPEDITED BASIS</u>**

Defendants[1] submit this response in opposition to Plaintiffs' Motion (Dkt. 83) seeking

discovery prior to the express deadline in the PSLRA, 15 U.S.C. § 78u-4 – and on an expedited

basis. For the reasons that follow, the Court should deny Plaintiffs' Motion.

**<u>INTRODUCTION</u>**

Plaintiffs seek the production of thousands of pages of commercially sensitive, confidential

documents on an expedited basis that were properly sealed – and remain so – by another federal

district court in a separate action, *Wave Length Hair Salons of Florida, Inc. v. CBL & Associates

Properties, Inc. et al.*, No. 2:16-cv-00206-PAM-MRM (M.D. Fla., filed Mar. 16, 2016). This Court

has already rebuffed another prior attempt by Plaintiffs to inject the issue of access to these sealed

documents into this litigation, instead directing Plaintiffs to take the issue up with the United States

District Court for the Middle District of Florida, the court that ordered them sealed. Now, instead

of following this Court's direction and continuing to pursue relief in the Middle District of Florida,

the sole and exclusive venue for seeking to obtain the sealed documents, Plaintiffs ask this Court

---

[1] "Defendants" are CBL & Associates Properties, Inc. ("CBL & Associates"), CBL & Associates
Limited Partnership ("CBL LP," and collectively with CBL & Associates, "CBL" or the
"Company"),  Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, Farzana Khaleel,
Augustus N. Stephas, and Don Sewell.

to intercede and rule on an issue that is *sub judice* in the Middle District of Florida. Plaintiffs baldly assert that "it is unclear when, if ever, that Court will rule on Plaintiffs' pending motion to intervene and make the documents public," Pls.' Mot., at 2, and apparently believe this criticism justifies collateral attack on the Middle District of Florida's adjudication of a pending motion. As demonstrated herein, however, this Court should refuse, as a matter of comity, to address an issue that is properly pending before the Middle District of Florida. On this ground alone, Plaintiffs' Motion can and should be denied.

Beyond the comity concerns, and the lack of any legal authority that would counsel in favor of this Court addressing an issue that is awaiting decision by another federal court, should this Court decide to even address Plaintiffs' Motion on its merits, the extraordinary relief Plaintiffs seek should be denied on the merits. First, the PSLRA's mandatory stay of discovery bars Plaintiffs' request for documents prior to the Consolidated Complaint surviving the shortly forthcoming motion to dismiss that will contend that Plaintiffs have failed to state a claim. Second, even apart from the PSLRA discovery stay, Plaintiffs have not met their burden in establishing good cause for the expedited discovery they seek. Third, the case law Plaintiffs rely upon does not support their Motion and the extraordinary relief they seek. For each of these reasons, the Court should deny Plaintiffs' Motion.

**ARGUMENT**

## I. THE MIDDLE DISTRICT OF FLORIDA IS THE SOLE AND EXCLUSIVE VENUE FOR THIS ISSUE.

Plaintiffs' Motion to Unseal in the *Wave Length* litigation is currently pending before the Middle District of Florida. The issue is fully briefed, and that court retains jurisdiction over it. *See Wave Length* Dkt. 313, 314. As a matter of comity, this Court should refuse Plaintiffs' request to intercede and allow the Middle District of Florida to resolve the matter. *See Doe v. Doe Agency*,

2

608 F. Supp. 2d 68, 71 (D.D.C. 2009) ("[T]his Court may well lack jurisdiction to modify the orders of other federal courts, but even if it has such jurisdiction, the Court would, as a matter of comity, refuse to modify those orders."); *see also Donovan v. Lewnowski*, 221 F.R.D. 587, 588 (S.D. Fla. 2004) ("[T]he proper way for a third party to challenge a protective order is to move to intervene in the action in which it was issued, and principles of comity require a subsequent court to await a ruling by the court that issued the order."); *Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335-36 (D.D.C. 1991) ("As for those documents shielded by the . . . protective order, this court as a matter of comity respects the order issued by the District Court for the Southern District of New York."); *Roller Bearing Co. of Am. v. Am. Software, Inc.*, No. 3:07-cv-1516 (DJS), 2010 WL 11566393, at *3 (D. Conn. Feb. 4, 2010) (refusing to unseal documents "as a matter of comity").

Tellingly, Plaintiffs have not cited a single case in which a federal court ordered the disclosure of documents subject to another federal court's protective order. *See Roller Bearing Co.*, 2010 WL 11566393, at *3 ("The plaintiff has not provided this Court with any legal authority to support its request. The defendants, on the other hand, have provided citations to case law counseling against the type of request the plaintiff has made."). "Principles of comity and respect for the effect of preexisting judicial orders" should compel this Court to reject Plaintiffs' request. *Donovan*, 221 F.R.D. at 588; *see also Roller Bearing*, 2010 WL 11566393, at *3 ("The plaintiff is, of course, free to seek such an order from the court that issued the order to seal in *The McKinley Group* litigation."); *Dushkin*, 136 F.R.D. at 335-36 ("To the extent that the plaintiff should desire to obtain those additional documents [that are under seal], that request should be addressed to the issuing court in the Southern District of New York."). Indeed, consistent with the foregoing authority, this Court has already instructed Plaintiffs that the Middle District of Florida is the

proper (and exclusive) venue for this dispute. And, Plaintiffs have conceded as much by filing their pending Motion to Unseal with that court.

Apparently impatient with the Middle District of Florida's handling of their pending Motion, Plaintiffs ask this Court (i) to find that the Middle District of Florida improperly sealed the documents in the first instance and (ii) to usurp the matter from the Middle District of Florida by granting Plaintiffs immediate access to the sealed documents at issue. As noted above, doing so should not be countenanced, as it would intrude upon the Middle District of Florida's jurisdiction and conflict with well-established principles of comity. *See Doe*, 608 F. Supp 2d at 71 ("While Ms. Doe's case in the other jurisdiction has ended, the life of the sealing and protective orders of the courts in that jurisdiction was intended to extend past those courts' judgments."); *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co.*, No. 94 Civ. 8566 (JFK), 1998 WL 436364 , at *3 (S.D.N.Y. July 28, 1998) ("It would also encourage forum shopping by the party seeking to have the Orders interpreted. If the party did not like one court's interpretation of the orders, it could seek out another forum that might agree with the party's position.").[2]

Finally, Plaintiffs' Motion is littered with mischaracterizations and uninformed speculation pertaining to the record in *Wave Length*. In short, as explained more thoroughly in the opposition papers that CBL filed in the Middle District of Florida, Plaintiffs' argument rests on the faulty

---

[2] The assertions Plaintiffs make about the Middle District of Florida's perceived inability to adjudicate their Motion to Unseal are without merit. For example, they state that *Wave Length* is "being overseen by a visiting Judge from the U.S. District Court for the District of Minnesota," and because of this, "it is unclear when, if ever, that Court will rule on Lead Plaintiffs' pending motion to intervene and make the documents public." Pls.' Mot., at 2. However, the Judge's visiting status did not affect his ability to rule on prior motions in the underlying litigation. Moreover, a Magistrate Judge from the Middle District of Florida is assigned to *Wave Length*, and the fully-briefed Motion to Unseal has been pending for just over a month. Accordingly, Plaintiffs' speculation that such status is an impediment to adjudication of their Motion is nothing more than baseless speculation.

assumption that the Middle District of Florida *improperly* sealed these documents in the first instance. However, the Middle District of Florida ordered the commercially sensitive documents sealed for good cause, and it is within that court's discretion to determine the propriety and duration of its sealing orders. See *Doe v. Doe Agency*, 608 F. Supp. 2d 68, 71 (D.D.C. 2009) ("[A]s the Protective Order makes clear and the parties themselves concede, the issuing courts have retained jurisdiction to supervise and modify their [sealing] orders."). This Court should avoid wading into the merits of whether the documents at issue were properly sealed by the Florida court in the first instance and remain so today, issues which again have been thoroughly briefed and await decision in the Middle District of Florida. Because this Court is not the appropriate venue for this document dispute, Plaintiffs' Motion can – and should be – denied on that basis alone.

## II.    THE DISCOVERY STAY BARS PLAINTIFFS' DOCUMENT REQUESTS

### A. The PSLRA Discovery Stay Applies

Even if this Court were to conclude that it is the proper venue for the dispute over the requested documents, the expedited discovery Plaintiffs seek is not warranted. The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, prohibits pre-motion to dismiss discovery of the type Plaintiffs seek here.

Congress enacted the automatic stay provision to permit discovery in "securities class actions only after the court has sustained the legal sufficiency of the Complaint." *In re Carnegie Intern. Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D. Md. 2000) (citing S. Rep. No. 104-98 at 14 (1995)). Consistent with this purpose, many courts have held that the automatic stay provision is "triggered by the mere indication by defense of its intention to file a motion to dismiss." *Id.*; *see also Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 32 (2d Cir. 2005), *rev'd on other grounds*, 547 U.S. 71 (2006) (the automatic stay provision of the PSLRA applies "pending

judicial determination on the legal sufficiency of the claims"); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (noting that the Ninth Circuit has interpreted the automatic stay to apply from the filing of the case (citing *SG Cowen Sec. Corp. v. U.S. Dist. Court for the N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999))); *In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543–44 (N.D. Ohio 2004) (finding that "the PSLRA's discovery stay provision applie[d]" even though the defendant had "not yet filed its motion to dismiss" but "ha[d] advised the Court of its intent to do so" after the consolidated complaint was filed); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99CIV342(DLC), 1999 WL 223158, at *1 (S.D.N.Y. Apr. 16, 1999) (automatic stay applied where the defense had represented its intent to file a motion to dismiss).

Moreover, the Court's September 23, 2019 Scheduling Order set the Rule 26(f) conference to take place after Defendants file their motion to dismiss. *See* Dkt. 74 at 3. Defendants intend to file their motion to dismiss by December 20, 2019, as expressly permitted and contemplated by the Court's Scheduling Order. *Id.* ("Defendants SHALL file a responsive pleading, or otherwise respond under Federal Rule of Civil Procedure 12(b), within forty-five days of the filing of the consolidated complaint [December 20]."). Thus, by the time any discovery would be permitted under Rule 26, the PSLRA discovery stay will unequivocally apply, and prohibit discovery of the type sought here.[3]

---

[3] Although Senior Judge Greer previously concluded that the PSLRA stay was technically not triggered until Defendants actually filed their motion to dismiss, the schedule set by the Court implicitly recognized that discovery should not occur until this stage of the litigation. By setting the Rule 26 conference after Defendants' deadline to respond to the Consolidated Complaint, no discovery would be permitted until after Defendants had the opportunity to file a motion to dismiss. Fed. R. Civ. P. 26(d)(1) ("A party **may not seek** discovery from any source before the parties have conferred as required by Rule 26(f) . . . .") (emphasis added). Because Defendants will file a motion to dismiss on or before December 20, any discovery will be barred unless and until the motion to

## B. Plaintiffs Have Not Shown Cause to Lift the Stay

Effectively conceding that the PSLRA discovery stay applies to bar their document requests, Plaintiffs argue that this Court should nevertheless lift the stay because Plaintiffs have shown the exceptional circumstances necessary to warrant such relief. Plaintiffs are mistaken. The PSLRA discovery stay provides that "all discovery and other proceedings **shall be stayed** during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that **particularized discovery** is necessary **to preserve evidence or to prevent undue prejudice to that party**." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). "Thus a party asking a court to lift the PSLRA's stay must show that (1) the discovery sought is particularized and (2) necessary to (a) preserve evidence or (b) prevent undue prejudice to the party." *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, No. 14-11191, 2015 WL 1565462, at *3 (E.D. Mich. Apr. 8, 2015).

Courts have noted the "heavy burden" necessary to lift the stay and have refused to do so where, as here, plaintiffs cannot show the limited and "exceptional circumstances" required by the PSLRA. *See Dusek v. JP Morgan Chase & Co.*, No: 2:14–cv–184–FtM–29CM, 2015 WL 12826483, at *2 (M.D. Fla. Jan. 21, 2015) (denying motion to lift stay and stating that "[i]n actions to which the PSLRA applies, the party seeking discovery must show that "extraordinary circumstances" exist to lift the stay."). Plaintiffs fall far short of meeting this "heavy burden." Plaintiffs do not argue that modification of the automatic stay is necessary to preserve evidence or prevent undue prejudice – the only two grounds provided by the statute. Instead, Plaintiffs contend that the Court should allow for limited modification because the documents they seek have already been produced in another action involving CBL. Thus, they effectively concede that the statutorily-

---

dismiss is denied, or Plaintiffs succeed in carrying their burden to lift the PSLRA discovery stay, which, as explained *infra*, Plaintiffs cannot do.

required grounds for modification are absent here.[4] Plaintiffs' failure to establish either of these grounds bars modification of the PSLRA's discovery stay. *See Zisholtz v. SunTrust Banks, Inc.,* No. 1:08–CV–1287–TWT, 2009 WL 3132907, at \*7 (N.D. Ga. Sept. 24, 2009) (denying motion for modification of the stay because "Plaintiffs have not met their heavy burden of showing undue prejudice or the likelihood that the Defendants will not preserve relevant evidence").

In addition to Plaintiffs' failure to demonstrate any risk of lost evidence or undue prejudice, Plaintiffs have also failed to demonstrate that the discovery they seek is "particularized." 15 U.S.C. § 78u-4(b)(3)(B). "Discovery is sufficiently particularized when it is directed at specific persons and sufficiently limits the type of documents to be preserved." *Dusek,* 2015 WL 12826483, at \*5. Additionally, the discovery request "must identify the specific types of evidence that fall within its scope." *Id.* Plaintiffs seek blanket production of all documents sealed in *Wave Length* – encompassing tens of thousands of pages of documents – without regard to their nature or contents. Such an overly-broad request is insufficiently particularized to warrant modification of the PSLRA discovery stay. *Dusek,* 2015 WL 12826483, at \*5 (denying modification of PSLRA stay because discovery was not sufficiently particularized).

Moreover, the mere fact that the documents have been produced in an entirely unrelated action does not justify modification of the PSLRA stay. The cases Plaintiffs cite in support of modifying the PSLRA's automatic stay are distinguishable. In the few cases Plaintiffs rely upon, "the courts determined that because multiple parties were vying for a piece of a limited pie, the plaintiffs would be at a serious disadvantage in planning their settlement and litigation strategies without access to material sought." *In re Sunrise Senior Living, Inc.,* 584 F. Supp. 2d 14, 18

---

[4] This implicit concession also underscores Plaintiffs' failure to establish good cause for expedited discovery even absent the PSLRA discovery stay.

(D.D.C. 2008) (referring to the *Royal Ahold* and *WorldCom* decisions cited by Plaintiffs). In each of the cases cited by Plaintiffs, there was either an urgent risk of the loss or destruction of evidence, the risk of a defendant entering bankruptcy, or complex, parallel proceedings risked irreparably damaging the securities plaintiffs' litigation strategy.[5] None of these factors is present here. Thus, Plaintiffs' reliance on these cases is misplaced. *Ross v. Abercrombie & Fitch Co.,* Nos. 2:05 CV 0819, 0848, 0860, 0879, 0893, 0913, 0959, 0964, 0998, 1084, 2006 WL 2869588, at *3 (S.D. Ohio Oct. 5, 2006) (denying motion to lift PSLRA stay where movant failed to show such concerns were present); *see also In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2003) (upholding PSLRA stay upon finding no evidence that plaintiff faced the prospect of being "left without remedy").

## III.  PLAINTIFFS HAVE NOT MET THEIR BURDEN IN SEEKING EXPEDITED DISCOVERY

Even assuming the issue were properly before this Court and the PSLRA discovery stay did not preclude their Motion, Plaintiffs' request should be rejected for the independent reason that they have not shown good cause for expedited discovery. Federal Rule of Civil Procedure 26

---

[5] *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, No. 14-11191, 2015 WL 1565462, at *3-4 (E.D. Mich. Apr. 8, 2015) (modifying PSLRA stay to prevent the imminent destruction of evidence by third parties); *In re Massey Energy Co. Sec. Litig.*, No. 5:10-0689, 2011 WL 4528509, at *6-7 (S.D.W. Va. Sept. 28, 2011) (finding undue prejudice because parallel "criminal, civil and administrative investigations" were rapidly developing and defendant's assets had recently been divested); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250-51 (D. Md. 2004) (allowing limited modification because defendant's corporate reorganization presented a substantial risk of loss of evidence and because complex, parallel proceedings risked putting plaintiffs at a severe disadvantage in settlement negotiations); *In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) ("Without discovery of documents already made available to government entities, Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategies."); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002) (undue prejudice where defendants were bankrupt, multiple complex proceedings were ongoing, and securities plaintiff would be unable "to make informed decisions about its litigation strategy in a rapidly shifting landscape" where it risked being left to pursue its action against defendants "who no longer have anything . . . to offer").

9

provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The Court's September 23, 2019 Order set the Rule 26(f) conference in this case to take place after Defendants file their motion to dismiss. *See* Dkt. 74 at 3. Thus, this Court has already determined that discovery should not begin until after the filing of Defendants' motion to dismiss, which is consonant with the automatic stay provisions of the PSLRA.

Prior to a Rule 26(f) conference, "discovery cannot commence absent a showing of good cause supporting expedited discovery. *See Radio Systems Corp. v. Sunbeam Prods., Inc.*, No. 3:12-CV-648, 2013 WL 416295, at *1 (E.D. Tenn. Jan. 30, 2013). This Court has previously "made clear" that "expedited discovery is not the norm." *Leone v. King Pharm., Inc.*, No. 2:10-CV-230, 2010 WL 4736271, at *4 (E.D. Tenn. Nov. 16, 2010) (Greer, J.) (internal quotations omitted). Instead, "[a] request for expedited discovery . . . should not be granted unless there is a showing of good cause why that is necessary." *Id.* at *4 (internal quotations omitted). Courts require plaintiffs to affirmatively demonstrate a need for the relief in order to protect defendants from "unfairly expedited discovery." *Id.* "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal quotations omitted). This Court has explained that good cause ordinarily is not established unless Plaintiffs "can both articulate a colorable claim ***and*** show a sufficient possibility of a threatened irreparable injury." *Leone*, 2010 WL 4736271, at *4 (emphasis in original); *see also Dimension Data N. Am. v. NetStar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) ("[P]laintiff has not made an adequate showing that it will be irreparably harmed by delaying the broad-based discovery requested until after the initial conference between the parties pursuant to Rule 26.").

## A. Plaintiffs Fail to Show a Need for Expedited Discovery

Plaintiffs have not established good cause for expedited discovery. They have not shown a possibility of a "threatened irreparable injury"—or of any injury, irreparable or otherwise—nor have they shown any need whatsoever for expedited discovery. *Leone*, 2010 WL 4736271, at *4. They do not cite even *a single reason* that they need this discovery now, and indeed, at this point in the litigation, there is none. Plaintiffs have already filed the Consolidated Complaint, and Defendants are now entitled to test its legal sufficiency through a motion to dismiss under the schedule set by the court. The only question at this point is whether the allegations in the Consolidated Complaint state a legally cognizable claim, and access to these documents— especially on an expedited basis—will not aid in that determination. Plaintiffs thus fail to show any need for the relief they request.[6]

Plaintiffs offer five reasons—none of which actually establish need—in support of their request for expedited discovery. These reasons include: (1) this case is a class action; (2) the Consolidated Complaint is purportedly "meritorious"; (3) the proposed discovery is "narrow and targeted"; (4) the requested discovery would not burden Defendants; and (5) depriving Plaintiffs of these documents would be a violation of their "common law" public right of access. Pls.' Mot., at 6-8. None of these purported reasons establishes good cause for expedited discovery.[7] *See*

---

[6] If, as Plaintiffs contend, they are prejudiced without these documents, they could have requested them months ago. Nothing prevented them from seeking to unseal those records in the three months before they filed their complaint in this matter—or in the five months since. *See* Dkt. 1, Compl. at ¶¶ 27–28 (filed June 21, 2019) (signed by Co-Lead Counsel).

[7] Plaintiffs argue that class actions are among the types of cases in which good cause is "usually found." Pls.' Mot, at 6. However, they fail to cite a single case where a court ordered expedited discovery in a class action – let alone a case where the court ordered such discovery *because* the case was a class action. In fact, the case Plaintiffs rely upon for this argument is in the context of bankruptcy proceedings, and the court rejected a request for expedited discovery because good cause was not shown. *See In re Paradise Valley Holdings*, , 2005 WL 3841866, at *2. Some cases

*Waggin' Train LLC v. Normerica Inc.*, No. 1:09-cv-1093-JDB-egb, 2009 WL 3762669, at *1 (W.D. Tenn. Aug. 18, 2009) (good cause not established absent a showing of necessity for expedited discovery). With respect to the "common law right of public access to documents," *see* Pls.' Mot., at 8, Plaintiffs' recitation of such a generalized principle does not show a practical need for *these* documents in *this* action. *See O'Connor*, 194 F.R.D. at 623 ("[C]ourts should not grant such leave without some showing of the necessity for the expedited discovery."). This argument is also premised on the conclusion that the Middle District of Florida improperly sealed the documents in *Wave Length*, as only improper sealing can effect a violation of the public's common law right.

Plaintiffs also refer to the "high probability" that their "meritorious" Consolidated Complaint will defeat a motion to dismiss. *See* Pls.' Mot., at 6. As an initial matter, probability of success has no bearing on whether expedited discovery is needed at this point in the litigation. The cases Plaintiffs rely upon that discuss a party's probability of success on the merits all do so in the context of preliminary injunction analysis. *See Teasel v. Laskowski*, No. 1:17-cv-10987, (Dkt. 69) (E.D. Mich. Jan. 23, 2018). But more importantly, the Consolidated Complaint is far from meritorious. It is evident that Plaintiffs have not conducted an independent investigation—as required by Federal Rule 11—to inform the Consolidated Complaint. Instead, most of the allegations in the Consolidated Complaint merely repackage and parrot unproven allegations already made in *Wave Length*. Repackaging unproven allegations from another action is insufficient as a matter of law to state a claim under the federal securities laws. *See In re Apollo Grp., Inc. Sec. Litig.*, No. CV-10-1735-PHX-JAT, 2011 WL 5101787, at *10 n.5 (D. Ariz. Oct.

---

have permitted expedited discovery "to resolve class related issues." *Whitfield v. Hochscheid*, No. C-1-02-218, 2002 WL 1560267, at *1 (S.D. Ohio July 2, 2002). This rationale is not present here.

27, 2011) (citing unproven and contested allegations from another complaint is insufficient to state a claim under Section 10(b)).[8]

Forcing Defendants to enter into discovery prematurely—and indeed, to oppose this Motion—is a distraction that serves no purpose at a time when Defendants are busy preparing their Motion to Dismiss. If the Consolidated Complaint survives that motion to dismiss, then the parties will complete the Rule 26(f) conference and commence discovery. If not, then no discovery will be necessary. Therefore, since Plaintiffs have not shown a need expedited discovery, their request fails to establish good cause as a matter of law. *See St. Louis Grp., In. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240-42 (S.D. Tex. 2011) (good cause not shown where plaintiffs fail to establish a harm "that would necessitate expedited discovery"). [9]

### B.  Expedited Discovery Would Pose a Substantial Burden on Defendants

Unable to show their need for expedited discovery, Plaintiffs instead focus their efforts on explaining why, in their view, their request would impose only a minimal burden on Defendants. While the burden to Defendants is a relevant consideration, it only becomes so *after* Plaintiffs have demonstrated their need for expedited discovery in the first place. *See Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066. Since Plaintiffs have not done so, their request necessarily fails. *Id.* at 1066-67.

---

[8] Moreover, their argument is illogical. Even if Plaintiffs were correct in their characterization of the strength of the Consolidated Complaint, this would just be more reason to reject their request for discovery at this juncture. If, as they contend, the Consolidated Complaint is this strong, then they have no need for these documents.

[9] Plaintiffs also ask that Defendants be ordered to produce these documents on an expedited basis – specifically, within 14 days. However, Plaintiffs offer no explanation for the sudden urgency in seeking these documents. Plaintiffs filed their first complaint over five months ago. They have had months to seek these documents. Yet, they waited until September to intervene in *Wave Length* and until November, two weeks after filing the Consolidated Complaint, to file this Motion for urgent relief.

Nor is it the case that Plaintiffs' request imposes no burden on Defendants. The discovery sought by Plaintiffs—tens of thousands of pages of documents from *Wave Length*, sought on an expedited basis—would impose a considerable burden at a time when Defendants' efforts are focused on drafting their motion to dismiss the Consolidated Complaint under the schedule set by this Court. Plaintiffs' Consolidated Complaint was due on November 5, and yet they waited nearly two weeks after that to file this Motion. In short, Plaintiffs have failed to show that they would suffer any prejudice without access to this discovery, but Defendants would be burdened if forced to contend with document production while simultaneously drafting their motion to dismiss. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("Given that the record to date shows more intent to harass than anything else, expedited discovery is simply not appropriate.").

## IV. PLAINTIFFS' REQUEST IS UNSUPPORTED BY CASE LAW

Moreover, the cases Plaintiffs rely upon are inapposite. None of these cases suggest that plaintiffs in a putative securities class action *that have already filed a complaint* are entitled to expedited discovery to complete a belated investigation of their claims. These cases are distinguishable because, in each of them, there was an urgent, practical need for discovery that justified permitting a narrow discovery request.[10] The urgency in these cases established good

---

[10] *See, e.g.*, *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *2-3 (S.D. Ohio June 2, 2009) (good cause for expedited discovery shown for the "narrow issue of personal jurisdiction" because good cause normally "exists in cases involving challenges to personal jurisdiction"); *In re Paradise Valley Holdings, Inc.*, No. 03-34704, 2005 WL 3841866, at *1-2 (Bankr. E.D. Tenn. Dec. 29, 2005) (good cause not established in bankruptcy proceeding where trustee showed no need); *Slate Rock Constr. Co. v. Admiral Ins. Co.*, No. 2:10-cv-01031, 2011 WL 1641470, at *2 (S.D. Ohio May 2, 2011) (granting limited expedited discovery of insurance policies because plaintiff adequately showed it needed these policies to shape its litigation strategy).

cause. For example, many of these cases involve preliminary injunctions – which undoubtedly present short timeframes. Moreover, courts in this District have explained that good cause for expedited discovery is "generally found in cases involving requests for injunctive relief, claims of infringement, and unfair competition." *See Radio Sys. Corp. v. Sunbeam Prod., Inc.*, 2013 WL 416295, at *1. These types of cases all have one thing in common – they present urgent circumstances under which the plaintiffs are suffering a continuing harm. Such circumstances obviously do not apply to this putative securities class action—where Plaintiffs' allegations pertain to events in the past, seek money damages, and rely on "fraud by hindsight." Indeed, this Court has previously rejected a request for expedited discovery in a securities class action, and there, injunctive relief was being sought in connection with an impending shareholder vote. *See Leone*, 2010 WL 4736271, at *4. Here, by contrast, there is no shareholder vote or any other impending action that Plaintiffs are attempting to enjoin.

In sum, the Consolidated Complaint has already been filed, and Defendants will soon test its sufficiency. The Court should reject Plaintiffs' request for expedited discovery.

## CONCLUSION

For the reasons set forth above, Defendants ask this Court to deny Plaintiffs' Motion For Leave To Serve Limited Document Requests Directed At Obtaining Documents Previously Filed Under Seal In Another Court And Requiring Defendants To Provide Those Documents On An Expedited Basis (the "Motion") (Dkt. 83).

Respectfully submitted this 29th day of November, 2019.

/s/    B. Warren Pope
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521

15

Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

Scott M. Shaw, Esq.
**EVANS HARRISON HACKETT PLLC**
One Central Plaza, Suite 800
835 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 693-2179
Fax: (423) 648-7897
sshaw@ehhlaw.com

*admitted *pro hac vice*

*Counsel for Defendants*

16

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on November 29, 2019, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

By: */s/   B. Warren Pope*
B. Warren Pope
Georgia Bar No. 583723
Admitted *pro hac vice*