| | )  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) Consolidated Case No. ) No. 1:19-cv-00181-JRG-CHS ) |
| | ) |

## LEAD PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF ALLOWING FOR PARTICULARIZED DISCOVERY

Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman (collectively "Plaintiffs"), pursuant to Local Rule 7.1(a), respectfully submit this reply brief in further support of their motion to allow discovery from Defendants.

### SUMMARY OF RELEVANT FACTS AND PROCEEDINGS

On March 26, 2019, defendant CBL & Associates Properties, Inc. ("CBL" or the "Company") shocked investors by suddenly settling *Wave Length Hair Salons of Florida, Inc. v. CBL & Associates, Inc.*, Docket No. 2:16-cv-00206 (M.D. Fla.) (the "*Wave* Litigation"), for approximately $90 million, or 100% of claimed damages plus attorneys' fees and expenses. The *Wave* Litigation had been pending since late 2016 but Defendants failed to disclose the existence of the case or that the case was meritorious until March 2019, violating Securities and Exchange Commission ("SEC") rules.

The key documents from the *Wave* Litigation, discussing in greater detail the merits of the case as well as the knowledge and participation of CBL's management in the underlying scheme, were filed under seal.[1] The first four orders allowing filings under seal state that "[t]hese documents shall remain under seal for the duration of this action and any appeal thereto, or until an Order is entered unsealing these documents." Subsequent sealing orders recognized that "the parties provided … a

---

[1] The sealing orders in the *Wave* Litigation were filed as Doc. 71-5 in this Action.

statement of the proposed duration of the seal" in allowing filing under seal, and in each instance the proposed duration of the seal was "until the end of the litigation."

Judgment entered in the *Wave* Litigation on August 22, 2019 and the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4 expired on September 23, 2019. Thus, on September 17, 2019, Plaintiffs advised the Court that "the only delay will come if the Florida court proceeds more slowly than expected or CBL attempts to interfere in Lead Plaintiffs' effort to obtain those filings." Doc. 71. Judge Greer held that Plaintiffs' request for the documents sealed in the *Wave* Litigation "has now become a moot issue in light of their concession that these documents, as of today, are available to them, and to the general public."

Plaintiffs expected the *Wave* Litigation filings to be unsealed after the entry of judgment pursuant to the underlying sealing orders. When that did not happen, on September 27, 2019, Plaintiffs moved to intervene to unseal the record in the *Wave* Litigation. CBL opposed Plaintiffs' motion on October 11, 2019, and Plaintiffs moved to file a reply brief on October 15, 2019 pursuant to local rules. The Middle District of Florida has not ruled on Plaintiffs' motion to file a reply brief or their motion, has not set a hearing date for either motion, and it is uncertain when it will issue any ruling because the case is closed and the Judge who presided over the *Wave* Litigation was visiting, with his permanent assignment being to the District of Minnesota.

**ARGUMENT**

CBL seeks to avoid providing Plaintiffs with the documents filed under seal in the *Wave* Litigation by wrongly arguing that allowing Plaintiffs the discovery they seek would be contrary to: (a) a prior Order of this Court, (b) the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) the provisions of Fed. R. Civ. P. 26(d)(1).

2

### A. Plaintiffs' Discovery Request Is Consistent with This Court's Prior Order

The Court's September 23, 2019, Order found that Plaintiffs conceded that "the United States District Court for the Middle District of Florida is poised to lift the seal from these documents on September 21, 2019. [Lead Pls.' Mot. at 5–6]." Doc. 74 at 2. As discussed above, Plaintiffs' expectations did not materialize as expected.[2] However, nothing in the Court's order suggested that seeking documents in the *Wave* Litigation was improper or that by seeking to unseal the record in the *Wave* Litigation, Plaintiffs were in any way precluded from seeking that discovery through proceedings in this Court.

### B. Allowing Plaintiffs to Obtain Particularized Discovery is Consistent with the Language and Purpose of the PSLRA

The PSLRA provides that, as a general matter, "all discovery and other proceedings shall be stayed ***during the pendency of any motion to dismiss*** . . . ." 15 U.S.C. §78u-4(b)(3)(B) (emphasis added). Judge Greer has already opined that because "the PSLRA's plain language does not state that the Court must stay discovery in anticipation of a motion to dismiss[,] a stay of discovery, at this time, is therefore inappropriate." ECF No. 74. Defendants' intention to move to dismiss does not invoke the stay as this Court has already held. *See* Opposition at 5-9.

However, even if a motion to dismiss were pending, Congress specifically provided for an exception where "the court finds upon the motion of any party that [1] particularized discovery is necessary [2] to preserve evidence or prevent undue prejudice to that party." *Id.* Here, Defendants do not, nor could they reasonably, contest that the discovery Plaintiffs seek is particularized.

---

[2] Defendants criticism of Plaintiffs for having been dilatory (Opp. at 13 n.9) lacks merit. Plaintiffs acted promptly in moving the Middle of District of Florida once events did not transpire as expected based upon the language of the court's orders. In addition, it made sense for Plaintiffs to wait because CBL lost its opportunity under Middle District of Florida practice to seek to have the orders remain in place. *See* Middle Dist. of Florida Local Rule 1.09(c).

Instead, Defendants argue that Plaintiffs will not suffer any undue prejudice because they have filed a complaint alleging securities fraud without access to those documents. However, that will not prevent Defendants from making a routine motion to dismiss premised on Plaintiffs purportedly having failed to satisfy the "strong inference" of fraud required in a PSLRA action. *See, e.g.*, NERA Economic Consulting, Recent Trends in Securities Class Action Litigation: 2018 Full-Year Review, at 20, *available at* https://www.nera.com/content/dam/nera/publications/2019/PUB_Year_End_Trends_012819_Final.pdf (motions to dismiss are filed in 95% of securities class actions).

In contrast, the case for undue prejudice to Plaintiffs is strong. As a result of CBL's actions, Plaintiffs cannot access documents that should be public, because CBL has improperly delayed their unsealing. Undue prejudice includes situations when failure to permit particularized discovery would "insulate defendants from liability for securities fraud as alleged by plaintiffs in the Complaint." *See Vacold LLC v. Cerami*, 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001).

In addition, the PSLRA's discovery stay is intended to insulate defendants from the cost of discovery before a motion to dismiss is adjudicated. *See In re Marriott*, 2019 WL 4855202, at *2 (D. Md. Aug. 30, 2019). But there is a difference between unsealing materials and ordering discovery. *Id.* Where documents have already been produced "the burdens of discovery are far less substantial" and so "the PSLRA's discovery stay provisions would presumably apply with less force." *See Pension Tr. Fund for Operating Engineers*, 943 F. Supp. 2d at 915 (collecting cases finding the PSLRA's discovery stay inapplicable); *See also In re Enron Corp. Sec., Deriv., & "ERISA" Litig.*, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002) (ordering production of materials produced to the government because "discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent

4

Case 1:19-cv-00181-JRG-CHS    Document 88    Filed 12/03/19    Page 4 of 8    PageID #: 1222

discovery abuse."); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 368, 370 (S.D.N.Y. 2013) (lifting the PSLRA's discovery stay in connection with discovery made to governmental agencies). In addition, *Marriott*, 2019 WL 4855202, at *2, is on point in holding that providing documents previously filed under seal are not discovery because they were filed with a court.

Finally, Defendants artful slander that Plaintiffs' motion reflects that they have not been able to properly allege a securities fraud action to date (*see* Opp. at 12) lacks merit. Instead, Plaintiffs desire to review documents which should be public reflects their diligence in pursuing the claims in this action for which they cannot be faulted. *See*, *e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (recognizing that a lead plaintiff appointed pursuant to the PSLRA should have a "sufficient interest in the outcome to ensure vigorous advocacy.") If anything, Defendants desire to shield the court filings from public view reflects their guilty heart and their knowledge that unsealing the record will fully torpedo any arguments they are planning to make in favor of dismissal.

### C.    Rule 26(d)(1)'s Limitation on Discovery Can be Obviated by a Court Order

Good cause is not demonstrated in a vacuum. As Defendants concede, good cause is shown where the need outweighs the burden for discovery. Opp. at 13. The relevant test is that "[a] court should examine the requested discovery based on the entirety of the record to date and the reasonableness of the request in light of all surrounding circumstances." *Al Otro Lado, Inc. v. Nielsen*, 2019 WL 1057387, at *2 (S.D. Cal. Mar. 6, 2019). Defendants ignore that the scope of proposed discovery requests is thus relevant to the good cause analysis. *Arista Records, LLC v. Does 1-15*, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007).

Plaintiffs' need for the documents is evident based upon the record to date and all surrounding circumstances, which are *sui generis*. Defendants are simultaneously challenging that Plaintiffs have not conducted an independent investigation to inform the Consolidated Complaint

based upon the *Wave* Litigation (Opp. at 12) and acting to keep *Wave* Litigation filings sealed. The *Wave* Litigation was a "bet the Company" litigation that settled for what was estimated to be 100% of damages on the eve of trial; it cannot have been implausibly material.

It is inconceivable that producing the sealed *Wave* Litigation material would impose any burden on CBL. The volume of documents (Opp. at 1, 8) is irrelevant in the digital world. Those documents need not be reviewed for privilege and seemingly bear PageIDs from PACER (Doc. 139 ends in PageID 1289, Doc. 140 is sealed, and Doc. 141 begins with 7 PageID 4266). It is inconceivable that CBL and its outside counsel cannot easily compile and transmit the materials with more than a negligible burden that it is easily outweighed by Plaintiff's need for the discovery. Thus, Defendants limit their argument to the contention that "it [is not] the case that Plaintiffs' request imposes no burden on Defendants" (Opp. at 14) without even attempting to explain why any meaningful burden might be imposed.

Indeed, Defendants have yet to demonstrate any material harm from producing sealed *Wave* Litigation filings to Plaintiffs. In any event, Defendants making CBL's production pursuant to a protective order would effectively address its purported concerns. CBL could then seek to justify any sealing or redaction to the Court if Plaintiffs file materials produced.

**D.      Defendants' Comity Argument Is Inapplicable to Plaintiff's Motion**

Defendants contend that this Court may not order the production of documents filed under seal in the Middle District of Florida because it represents the "sole and exclusive venue for seeking to obtain the sealed documents." Opp. at 1-2. Defendants' argument misses the mark because Plaintiffs are *not* asking this Court to issue an order unsealing the documents in the *Wave* Litigation. Instead, Plaintiffs are pursuing the matter as an ordinary discovery request.

The Federal Rules of Civil Procedure do not preclude Plaintiffs from making a discovery request for documents filed in another civil action even while simultaneously seeking to unseal the

6

same documents. Instead, discovery is broadly allowed of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1); *see also Richardson v. Bd. of Educ. of Huber Heights City Sch.*, 2014 WL 8619228, at *2 (S.D. Ohio Mar. 11, 2014) (holding that sealed documents are discoverable).

## CONCLUSION

Therefore, for all the reasons set forth above and in their prior filings, Plaintiffs respectfully request that the Court issue an Order: (1) allowing Plaintiffs to serve the one document request proposed; and (2) requiring CBL to produce to Plaintiffs those documents within 14 calendar days.

Dated: December 3, 2019

Respectfully Submitted,

/s/ John W. Chandler, Jr.
John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD JANICH &
    FERRERA, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

**Co-Liaison Counsel for the Class**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
    **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
ahood@pomlaw.com

**Co-Lead Counsel for the Class**

**BRONSTEIN, GEWIRTZ &**
    **GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**

**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**

8