UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE CBL & ASSOCIATES PROPERTIES,   )   Consolidated Case No.
INC. SECURITIES LITIGATION          )   1:19-CV-00181-JRG-CHS

## **ORDER**

This matter is before the Court on the Report of the Parties' Planning Meeting [Doc. 105], in which the parties now request, under 15 U.S.C. § 78u-4(b)(3)(B), that the Court withhold from ordering them to conduct discovery until it has ruled on Defendants' pending motion to dismiss. *See* [*id.* at 2 ("The parties request that discovery commence 30 days after a denial of Defendants' Motion to Dismiss[.]")]. Section 78u-4(b)(3)(B) states that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." The district courts in this circuit have described this language as requiring an "automatic" stay. *Wang v. Lightspeed Envtl. Inc.*, No. 12-14283, 2014 WL 29120, at *10 (E.D. Mich. Jan. 3, 2014); *Smith v. Robbins & Meyers, Inc.*, No. 3:12-cv-281, 2012 WL 5479061, at *2 (S.D. Ohio Oct. 26, 2012).

Many if not most of the deadlines that the Court sets in its scheduling orders are tethered to the performance of discovery. In light of the fact that the parties now agree that a stay of discovery is appropriate until the Court resolves the pending motion to dismiss, the Court sees no point in entering a scheduling order at this time, only to amend it later. Instead, in keeping with § 78u-4(b)(3)(B)'s language, the Court will enter a scheduling order, with a discovery deadline, once it has ruled on Defendants' motion to dismiss, effectively staying discovery until that time.

So ordered.

ENTER:

s/J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE

2