**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-cv-00181-JRG-CHS <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR CLARIFICATION OF THE COURT'S STAY ORDER OR,
IN THE ALTERNATIVE, TO LIFT THE AUTOMATIC STAY
<u>AS TO NON-DEBTOR DEFENDANTS</u>**

Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman ("Plaintiffs") respectfully submit this memorandum in support of their Motion for Clarification of the Court's Stay Order or, in the Alternative, to Lift the Stay as to Non-Debtor Defendants.

## BACKGROUND

On November 9, 2020, Defendants filed a Notice of Suggestion of Bankruptcy (ECF No. 119), informing the Court that on November 1, 2020, CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership ("CBL" or "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the Unites States Code (11 U.S.C. § 101, *et seq.*) (the "Bankruptcy Code"), triggering the automatic stay provided for in section 362(a) of the Bankruptcy Code (the "Automatic Stay Provision") as to claims asserted against CBL. On November 10, 2020, this Court issued an order stating "This case is hereby STAYED." ECF No. 120 (the "Stay Order" without specifying whether the Stay Order applies only to claims asserted against CBL or also to the entire case which includes claims asserted against the Non-Debtor Defendants.[1]

## ARGUMENT

I. **THE AUTOMATIC STAY ONLY APPLIES TO THE DEBTOR UNLESS THE BANKRUPTCY COURT EXTENDS THE STAY TO NON-DEBTOR DEFENDANTS**

It is black-letter law that the Automatic Stay Provision applies only to actions against the debtor and not to "separate legal entities such as corporate affiliates, partners in debtor partnerships *or to co-defendants in pending litigation.*" *Patton v. Bearden,* 8 F.3d 343, 349 (6th Cir. 1993) (emphasis supplied). Any request for extension of the Automatic Stay Provision to the non-

_____

[1] The "Non-Debtor Defendants" are Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell.

1

bankrupt codefendants "can only be presented to the bankruptcy court." *Id.*; *see also Wells Fargo Advantage Nat'l Tax Free Fund v. Helicon Assocs.*, 2010 U.S. Dist. LEXIS 153660, at *64 (E.D. Mich. Mar. 15, 2010) ("The Court agrees that it does not have the power to extend the automatic stay to the non-bankrupt codefendants, and that such power resides with the bankruptcy court."); *In re Johnson*, 548 B.R. 770, 788 (Bankr. S.D. Ohio 2016) ("according to the Sixth Circuit, the presence of unusual circumstances allows an extension of the stay only through an injunction issued under § 105(a) [of the Bankruptcy Code by the bankruptcy court]").

Here, the bankruptcy court has not acted to extend the Automatic Stay Provision to the Non-Debtor Defendants. Therefore, this action should proceed against those defendants.

## II. THERE IS NO BASIS FOR THE STAY TO BE EXTENDED TO THE NON-DEBTOR DEFENDANTS

Even if this Court did have authority to extend the Automatic Stay, it should not be extended in circumstances such as here. "The Sixth Circuit has made it abundantly clear that the § 362(a)(1) stay of acts 'against the debtor' is to be strictly construed." *In re Cincom iOutsource, Inc.*, 398 B.R. 223, 226 (Bankr. S.D. Ohio 2008) (citing *Patton*, 8 F.3d 343). "Section 362 is rarely [] a valid basis on which to stay actions against non-debtors." *Arnold* v. *Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001).

As such, extending a bankruptcy stay to a non-debtor co-defendant is justified only in "unusual circumstances." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 308 (6th Cir. 2000). Such unusual circumstances exist where "the bankrupt estate would be adversely affected[,]"*NHI REIT of TX-IL, LLC v. LaSalle Grp., Inc.*, 387 F. Supp. 3d 850, 852 (M.D. Tenn. 2019) (citations omitted), such as where "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1008 (4th Cir. 1986)). In the

2

absence of such a finding, "the automatic stay does not halt proceedings against solvent codefendants." *In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002). In short, "a debtor's stay may extend to a non-debtor only when necessary to protect the debtor's reorganization.... The question is whether the action against the non-debtor is sufficiently likely to have a material effect upon ... reorganization effort[s], that debtor protection requires an exception to the usual limited scope of the stay." *In re Uni-Marts, LLC*, 404 B.R. 767, 781 (Bankr. D. Del. 2009) (citations and quotation marks omitted).

"The burden of showing 'unusual circumstances' to extend the automatic stay falls on the party seeking the extension." *The LaSalle Grp., Inc.*, 387 F. Supp. 3d at 852; *see also Verdi v. Domino Logistics Co.*, 2011 U.S. Dist. LEXIS 13696, at *2 (N.D. Ohio Feb. 11, 2011) ("It is incumbent upon the non-bankrupt party to establish that the reorganization efforts of the debtor would be irreparably harmed by the continuation of the litigation.").

Here, neither CBL nor Non-Debtor Defendants has even requested that the Automatic Stay Provision be extended to Non-Debtor Defendants, much less asserted that extension is necessary to protect CBL's reorganization efforts. Thus, even assuming *arguendo* that the Court has the authority to extend the Automatic Stay Provision to the Non-Debtor Defendants, doing soit is not warranted in this action.

The complaint in this action alleges claims arising under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the Exchange Act"). *See* ECF No. 80 ¶¶ 197-212. Those claims provide for joint and several liability which means that if one Defendants is unable to pay its share of damages, the other Defendants must make up the difference with respect to any judgment entered by this Court. *See Heck v. Triche*, 775 F.3d 265, 286 (5th Cir. 2014) ("if Triche is held liable for securities violations under Section 10(b) and Rule 10b–5, plaintiffs will be entitled

3

to the imposition of joint and several liability, and will thus be able to enforce the judgment against Triche for the full damage award" (citing 15 U.S.C. § 78u–4(f)(2)(A) ("Any covered person against whom a final judgment is entered in a private action shall be liable for damages jointly and severally only if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws.")).  Thus, since the Non-Debtor Defendants are subject to liability independent of that of CBL, extending the Automatic Stay Provision is not warranted. *See A.H. Robins Co.,* 788 F.2d at 999 ("Where the debtor and another are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, an automatic stay would clearly not extend to such non debtor.") (quotations omitted). "[V]arious courts have found that the automatic stay should not be extended to solvent co-defendants where the co-defendants may be held liable independently of the debtor." *Integrity Stainless Corp. v. Keystone Surplus Metals, Inc.,* 2009 U.S. Dist. LEXIS 11008, at *4 (N.D. Ohio Feb. 13, 2009) (refusing to extend stay to the bankrupt defendant's officers because the plaintiff "brings claims against Defendants Kauffman and Fine for their individual fraudulent conduct, for which they are independently liable."). (collecting cases).

Indeed, Courts have specifically held that extending the Automatic Stay Provision to officer and director defendants in a securities fraud action is improper where, as here, the officers and directors are alleged to have independently violated the Exchange Act. *See In re Crystal Brands Securities Litigation,* 862 F. Supp. 745, n.1 (D. Conn. 1994) (in a securities fraud action alleging violations of Sections 10(b) and 20(a) of the Exchange Act: "Because plaintiffs have also sued the individual defendants in their capacity as controlling persons of Crystal Brands and because there is no indication that those persons are debtors for purposes of the bankruptcy proceeding, the Court will address the pending motion to dismiss as against the individual

4

defendants."); *In re MCSI, Inc., Sec. Litig.,* 371 B.R. 270, 273 n.3 (S.D. Ohio 2004) ("The possibility of independent liability of the individual Defendants seems particularly apparent, given that Claim Two in Plaintiffs' Complaint alleges a violation of Section 20(a) of the Securities Act against the individual Defendants only, and not [against the debtor].").

In *Duval v. Gleason*, the court reasoned:

> Unlike a products liability action in which a suit against an officer is effectively one against the corporation itself, the present securities action seeks to attach liability for the specific fraudulent acts of named individuals. Thus the securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation. To hold otherwise would allow the Bankruptcy Act to create a sizable loophole through which malfeasant corporate officers and directors and their insurers could escape, at least temporarily, all civil prosecutions of their individual fraudulent acts by having the corporation file a bankruptcy petition. We cannot agree that the protections afforded by the Bankruptcy Act were intended to be so all encompassing as to shield such non-debtor third parties.

1990 U.S. Dist. LEXIS 18398, at *12-13 (N.D. Cal. Oct. 19, 1990).

Moreover, because "the liability of a primary violator is simply an element of proof of a section 20(a) claim, . . . liability need not be actually visited upon the primary violator before a controlling person may be held liable for the primary violation's wrong." *In re Citisource, Inc. Sec. Litig.*, 694 F. Supp. 1069, 1077 (S.D.N.Y. 1988); *accord Carlton v. Cannon*, 2016 U.S. Dist. LEXIS 96305, at *9 (S.D. Tex. July 22, 2016); *In re Thornburg Mortg. Sec. Litig.*, 824 F. Supp. 2d 1214, 1279 (D.N.M. 2011). Thus, the independent claims against the Non-Debtor Defendants alleged pursuant to Section 20(a) of the Exchange Act based on their position as "control persons" of CBL can proceed without a finding of liability against CBL.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) clarify that the Court's Stay Order applies only to CBL; or (2) lift the stay as to Non-Debtor Defendants.

5

Dated: December 23, 2020

Respectfully Submitted,

/s/John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD JANICH &**
  **FERRERA, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

**Co-Liaison Counsel for the Class**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
  **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
ahood@pomlaw.com

**Co-Lead Counsel for the Class**

**BRONSTEIN, GEWIRTZ &**
 **GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**

**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**