UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE CBL & ASSOCIATES PROPERTIES, ) Consolidated Case No.
INC. SECURITIES LITIGATION ) 1:19-CV-00181-JRG-CHS

## **ORDER**

This matter is before the Court on Lead Plaintiff's Motion for Clarification of the Court's Stay Order or, in the Alternative, to Lift the Automatic Stay as to Non-Debtor Defendants [Doc. 123] and Plaintiff's Memorandum of Law in Support [Doc. 124]. Under 11 U.S.C. § 362, a stay "does not extend . . . to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation," *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (quotation omitted), and "[e]xtending a stay to nonbankrupt co-defendants is justified only in 'unusual circumstances,'" *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (quotation omitted).

But even before the Court could extend a debtor's stay to non-bankrupt parties in "usual circumstances," "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Patton*, 8 F.3d at 349. Plaintiffs assert that "the bankruptcy court has not acted to extend the Automatic Stay Provision to the Non-Debtor Defendants." [Defs.' Mem. at 2]. If the individual defendants wish to contest this assertion and show that unusual circumstances exist and warrant an extension of the stay to them, they may do so within fourteen days of this Order's date. Otherwise, now that the parties have completed mediation, the Court will rule on the pending motion to dismiss, as it pertains to the individual defendants only. The Clerk of Court is **DIRECTED** to terminate Plaintiffs' motion for clarification [Doc. 123].

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
