## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

|  |  |  |
|---|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) ) | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## DEFENDANTS' MOTION TO EXTEND
## THE STAY AS TO THE NON-DEBTOR DEFENDANTS

Defendants[1] submit this Motion to Extend the Stay to the Non-Debtor Individual Defendants (the "Individual Defendants") for 90 Days in response to the Court's January 5, 2021 Order (Dkt. 125) and consistent with the Bankruptcy Court's January 16, 2021 Order extending the automatic stay to the Individual Defendants. For the reasons that follow, the Court should grant Defendants' Motion.

### I.      BACKGROUND

On November 9, 2020, Defendants notified the Court that CBL and its co-debtors filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, et seq.). *See* Dkt. 119. On November 10, 2020, the Court entered an order staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy. *See* Dkt. 120. Then, on December 23, 2020, Plaintiffs filed a Motion for Clarification of the Court's Stay Order or, in the Alternative, to Lift the Automatic Stay as to Non-Debtor Defendants (Dkt. 123), and on January 5, 2021, the Court entered an order directing the Individual Defendants to address the automatic bankruptcy stay. *See* Dkt. 125. In its Order, the Court noted that the Bankruptcy Court had not, at that point, extended the automatic stay to the Individual Defendants. *Id.*

---

[1] "Defendants" are CBL & Associates Properties, Inc. ("CBL & Associates"), CBL & Associates Limited Partnership ("CBL LP," and collectively with CBL & Associates, "CBL" or the "Company"), Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, Farzana Khaleel, Augustus N. Stephas, and Don Sewell.

In accordance with the Court's order, on January 7, 2021, CBL and its co-debtors filed an Emergency Motion for Entry of an Order Extending the Automatic Stay to Certain of Debtors' Directors and Officers in the Bankruptcy Court. In their Emergency Motion, CBL and its co-debtors argued that unusual circumstances existed warranting extension of the automatic stay to the Individual Defendants. On January 14, 2021, Plaintiffs filed an opposition to the Emergency Motion for stay. On January 15, 2021, the Bankruptcy Court held a contested hearing regarding this Emergency Motion. At this hearing, the Bankruptcy Court heard objections by Plaintiffs to the emergency relief requested by CBL. The next day, the Bankruptcy Court entered an order extending the automatic stay to the Individual Defendants for a period of 90 days, subject to CBL's right to seek a further extension of the stay at that time and Plaintiffs' right to oppose any such extension. *See* Ex. A.

Therefore, given that the Bankruptcy Court has issued an order extending the automatic stay to the Individual Defendants for 90 days, and given that unusual circumstances exist as described below, Defendants request that the Court enter an order in accordance with the Bankruptcy Court's ruling staying these proceedings for a period of 90 days, until April 16, 2021. Such relief would be subject to CBL's right to seek and obtain a further extension of the stay in the Bankruptcy Court as to the Individual Defendants and subject to Plaintiffs' right to oppose any such further extension of the stay.

## II.    ARGUMENT

Under 11 U.S.C. § 362(a)(1), the filing of a petition for protection in Bankruptcy Court operates as an automatic stay as to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." *In re Nat. Century Fin. Enterprises, Inc.*, 423 F.3d 567, 574 (6th Cir. 2005) (quoting 11 U.S.C. § 362(a)(1)); *see also USCO S.p.A. v. ValuePart, Inc.*, No. 2:14-CV-02590-JPM, 2015 WL 4601192, at *2 (W.D. Tenn. July 29, 2015). The automatic stay is "one of the fundamental debtor protections provided by the

bankruptcy laws." *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 586 (5th Cir. 2012) (internal quotations omitted).  Its purpose is "to permit the debtor a breathing space during which time he can take stock and formulate a plan without the distraction of other actions."  *USCO*, 2015 WL 4601192, at *11.

Given this purpose, courts extend the protections of the automatic stay to non-debtor co-defendants in certain "unusual circumstances."  *Id.*  "Sufficiently unusual circumstances exist where 'a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Simpson v. Lincoln Heritage Council, Inc.*, No. 3:19-CV-879-RGJ-CHL, 2020 WL 5665077, at *2 (W.D. Ky. Sept. 23, 2020) (quoting *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)).  Such circumstances have been found "(1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party."  *USCO*, 2015 WL 4601192, at *3. Further, an action "taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred."  *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d 567, 578 (6th Cir. 2005).

As outlined in CBL's Emergency Motion before the Bankruptcy Court, which was granted, unusual circumstances exist justifying extension of the automatic stay.  These unusual circumstances include the adverse impacts on the Debtors' property at a critical time in its bankruptcy process when the Debtors' management (*i.e.*, certain Individual Defendants) are deeply involved in a significant mediation regarding the terms of a plan of reorganization and resolution of substantial litigation in the bankruptcy cases, indemnification obligations owed by CBL to the Individual Defendants, a liability insurance policy shared by CBL and the Individual Defendants,

and a common legal defense against claims by Plaintiffs that are asserted uniformly against all Defendants. Courts in the Sixth Circuit have come to the same conclusion in similar situations, finding that unusual circumstances exist warranting extension of the automatic stay to non-debtor co-defendants. *See, e.g.*, *Nat. Century Fin. Enterprise*s, 423 F.3d 567, 578 (6th Cir. 2005) (upholding extension of automatic stay where continuation of proceedings would inevitably have an adverse impact on the property of the estate); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (upholding extension of automatic stay to directors and officers of debtor corporation "because the interests of the debtor" and the non-debtor directors and officers "are intertwined"); *Simpson*, 2020 WL 5665077, at *2 (extending automatic stay to employees of debtor organization due to the "entanglement of the Non-Stayed Defendants" and the debtor resulting from shared insurance policy and common legal defense); *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018) (extending stay in ERISA action to non-debtor co-defendants with indemnification rights).

Moreover, as the Court noted in its January 5 Order, the Sixth Circuit explained in *Patton v. Bearden* that a "bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). This has now occurred pursuant to the Bankruptcy Court's January 16, 2021 Order. *See* Ex. A at Para. 1-2; *see also id.* at 6-9 (providing notice of the Bankruptcy Court's order). Accordingly, given that the Bankruptcy Court granted CBL's request to extend the automatic stay to the Individual Defendants, and given the Bankruptcy Court's determination that unusual circumstances exist supporting such an extension of the stay to the non-debtor Individual Defendants, Defendants respectfully submit that this Court should rule similarly and extend the stay to the Individual Defendants for a period of 90 days, subject to CBL's right to seek a further extension of the stay in Bankruptcy Court and Plaintiffs' right to oppose any such further

extension.  Defendants have respectfully submitted a proposed Order to this effect in the form of Exhibit B.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should grant Defendants' Motion to Extend the Stay to the Non-Debtor Defendants and enter the attached proposed Order to this effect.

Respectfully submitted this 19th day of January, 2021.

/s/   B. Warren Pope
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

/s/ Gregory C. Cook
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

**EVANS HARRISON HACKETT PLLC**

By: _/s/ Scott M. Shaw
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*admitted *pro hac vice*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2021, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)