UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE CBL & ASSOCIATES PROPERTIES,     )     Consolidated Case No.
INC. SECURITIES LITIGATION             )     1:19-CV-00181-JRG-CHS

## ORDER

This matter is before the Court on Defendants' Motion to Extend the Stay as to the Non-Debtor Defendants [Doc. 126]. On November 10, 2020, the Court stayed this case under 11 U.S.C. § 362, in response to Defendant CBL & Associates Properties, Inc.'s suggestion of bankruptcy. [Order, Doc. 120] The individual, or non-debtor, defendants now move the Court to extend the stay to them. First, they point out that the bankruptcy court, under 11 U.S.C. § 105, has "extend[ed] the automatic stay to the Individual Defendants for a period of 90 days, subject to CBL's right to seek a further extension of the stay at that time and Plaintiffs' right to oppose any such extension." [Defs.' Mot. at 2; *see* Bankruptcy Court Order, Doc. 126-1]; *see Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (recognizing that before a district court may extend a debtor's stay to non-bankrupt parties, "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105"). Second, they contend that "unusual circumstances" exist for an extension of this Court's stay to them. [Defs.' Mot. at 3–5]; *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (stating that "[e]xtending a stay to nonbankrupt co-defendants is justified only in 'unusual circumstances'" (quotation omitted)).

Plaintiffs have not responded to the individual defendants' motion, and the deadline for a response has now lapsed. E.D. Tenn. L.R. 7.1(a). The motion is therefore **GRANTED**. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Under 11 U.S.C. § 362, this case is hereby **STAYED** as to the individual

defendants through April 16, 2021, the date on which the bankruptcy court's stay under § 105 is currently set to expire.[1] If the bankruptcy court extends its stay under § 105, the individual defendants may file a renewed motion to extend this Court's stay under § 362. Otherwise the Court will lift the stay as to the individual defendants only and proceed to rule on their motion to dismiss.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1] The bankruptcy court entered its ninety-day stay on January 16, 2021.

2