| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) ) Consolidated Case No. 1:19-CV-181-JRG-CHS |

## DEFENDANTS' RENEWED MOTION TO EXTEND THE STAY AS TO THE NON-DEBTOR DEFENDANTS

Defendants[1] submit this Renewed Motion to Extend the Stay as to the Non-Debtor Individual Defendants (the "Individual Defendants") pursuant to the Court's February 4, 2021 Order (Dkt. 127) and consistent with the April 12 Order (as defined below) further extending the automatic stay to the Individual Defendants. For the reasons that follow, the Court should grant Defendants' Renewed Motion.

## I. SUMMARY

On February 4, 2021, this Court entered an Order staying this case as to the Individual Defendants through April 16, 2021, consistent with the Bankruptcy Court's order of January 16, 2021. *See* Dkt. 127. This Court noted that "[i]f the bankruptcy court extends its stay under § 105, the individual defendants may file a renewed motion to extend this Court's stay under § 362." *Id.*

In an April 12, 2021 Order (the "April 12 Order"), the Bankruptcy Court further extended the automatic stay to the Individual Defendants for approximately six (6) additional weeks, from April 16, 2021 through May 27, 2021, expressly noting that the Individual Defendants may seek a further extension at a hearing currently scheduled for May 20, 2021. *See* Ex. A at Para. 1-3.

---

[1] "Defendants" are CBL & Associates Properties, Inc. ("CBL & Associates"), CBL & Associates Limited Partnership ("CBL LP," and collectively with CBL & Associates, "CBL" or the "Company"), Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, Farzana Khaleel, Augustus N. Stephas, and Don Sewell.

Therefore, given that the Bankruptcy Court has further extended the automatic stay to the Individual Defendants from April 16, 2021 through at least May 27, 2021, and given that unusual circumstances exist as described below, Defendants respectfully request that the Court enter an order in accordance with the Bankruptcy Court's ruling, further extending the stay of the proceedings in this Court through and including May 27, 2021. In addition, consistent with the April 12 Order, the Individual Defendants may seek a further extension of the stay from the Bankruptcy Court in a hearing currently scheduled for May 20, 2021. *See* Ex. A at Para. 3. Should the Bankruptcy Court grant such a further extension of the stay, the Individual Defendants expect to file a renewed motion with this Court, similar to the instant motion.

## II. PROCEDURAL BACKGROUND

On November 9, 2020, Defendants notified the Court that CBL and its co-debtors (collectively, the "Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, et seq.) (the "Bankruptcy Code"). *See* Dkt. 119. On November 10, 2020, this Court, *sua sponte*, entered an order staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy. *See* Dkt. 120. Then, on December 23, 2020, Plaintiffs filed a Motion for Clarification of the Court's Stay Order or, in the Alternative, to Lift the Automatic Stay as to Non-Debtor Defendants (Dkt. 123), and on January 5, 2021, the Court entered an order directing the Individual Defendants to address the automatic bankruptcy stay. *See* Dkt. 125. In its January 5 Order, the Court noted that the Bankruptcy Court had not, at that point, extended the automatic stay to the Individual Defendants. *Id.*

In accordance with the Court's order, on January 7, 2021, CBL and its co-debtors filed an Emergency Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain of Debtors' Directors and Officers in the Bankruptcy Court. On January 14, 2021, Plaintiffs filed an

opposition to the Emergency Motion for stay. On January 15, 2021, the Bankruptcy Court held a contested hearing regarding this Emergency Motion, where it heard Plaintiffs' objections to the emergency relief requested by CBL. The next day, the Bankruptcy Court entered an order extending the automatic stay to the Individual Defendants for a period of 90 days, through April 16, 2021, subject to CBL's right to seek a further extension of the stay and Plaintiffs' right to oppose any such extension.

On January 19, 2021, consistent with the Bankruptcy Court's order, the Defendants filed a Motion to Extend the Stay as to the Non-Debtor Defendants in this Court. On February 4, 2021, this Court entered an Order staying this case as to the Individual Defendants through April 16, 2021, consistent with the Bankruptcy Court's order of January 16, 2021. *See* Dkt. 127. This Court noted that "[i]f the bankruptcy court extends its stay under § 105, the individual defendants may file a renewed motion to extend this Court's stay under § 362." *Id.*

On March 25, 2021, the Debtors filed an Emergency Motion of Debtors for Entry of an Order Further Extending the Automatic Stay to Certain of Debtors' Directors and Officers in the Bankruptcy Court (the "March 25 Motion"), noting that unusual circumstances still existed warranting an extension of the automatic stay to the Individual Defendants. Although Plaintiffs once again opposed the March 25 Motion, the Official Committee of Unsecured Creditors supported the March 25 Motion, due to the status of the Bankruptcy Case and the ongoing plan confirmation process. On April 12, 2021, the Bankruptcy Court held a contested hearing regarding the March 25 Motion, and on the same day, the Bankruptcy Court entered the April 12 Order extending the automatic stay under the Bankruptcy Code to the Individual Defendants through May 27, 2021 at 5:00 p.m. prevailing Central Time, based on an order, the form of which was agreed to by both Plaintiffs and Defendants.

The Bankruptcy Court did so to ensure that the Debtors continue to make meaningful progress toward confirmation of their plan of reorganization.[2] To that end, the Bankruptcy Court will hold a hearing on the Debtors' proposed disclosure statement on May 20, 2021, at which hearing the Bankruptcy Court will also consider a further extension of the automatic stay to the Individual Defendants. If and when the disclosure statement is approved, the Debtors will proceed to solicit votes on their plan of reorganization and eventually hold a confirmation hearing on that plan, which confirmation hearing is anticipated to occur in August 2021. Thus, at the May 20, 2021 hearing, the Bankruptcy Court may extend the stay to the Individual Defendants, perhaps through the confirmation hearing or some other milestone date, and, at such time, Defendants may similarly come back to this Court to seek a further extension of the stay consistent with the Bankruptcy Court's ruling at that time.

### III. ARGUMENT

Under 11 U.S.C. § 362(a)(1), the filing of a petition for protection in Bankruptcy Court operates as an automatic stay as to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." *In re Nat. Century Fin. Enterprises, Inc.*, 423 F.3d 567, 574 (6th Cir. 2005) (quoting 11 U.S.C. § 362(a)(1)); *see also USCO S.p.A. v. ValuePart, Inc.*, No. 2:14-CV-02590-JPM, 2015 WL 4601192, at *2 (W.D. Tenn. July 29, 2015). The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684

---

2 Because a transcript is not yet available, a link to the live audio of the Bankruptcy Court's hearing on April 12, 2021—in which the Bankruptcy Court explained the process of possibly extending the stay beyond May 27, 2021— can be found here: https://dm.epiq11.com/case/cblproperties/dockets (at Docket No. 1039). Additionally, a PDF file with the live audio recording included as an attachment, from the Bankruptcy Court's docket, is attached as Exhibit B.

F.3d 581, 586 (5th Cir. 2012) (internal quotations omitted).  Its purpose is "to permit the debtor a breathing space during which time he can take stock and formulate a plan without the distraction of other actions."  *USCO*, 2015 WL 4601192, at *11.  Indeed, of its own accord, this Court entered an order on November 10, 2020 staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy.  *See* Dkt. 120.

Moreover, courts extend the protections of the automatic stay to non-debtor co-defendants in certain "unusual circumstances."  *Id.*  "Sufficiently unusual circumstances exist where 'a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'"  *Simpson v. Lincoln Heritage Council, Inc.*, No. 3:19-CV-879-RGJ-CHL, 2020 WL 5665077, at *2 (W.D. Ky. Sept. 23, 2020) (quoting *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)).  Such circumstances have been found "(1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party."  *USCO*, 2015 WL 4601192, at *3.  Further, an action "taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred."  *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d 567, 578 (6th Cir. 2005).

As outlined in the March 25 Motion, which was granted by the April 12 Order, unusual circumstances exist justifying further extension of the automatic stay here.  These unusual circumstances include the potential adverse impact on the Debtors' property at a critical time in their bankruptcy process. The Debtors' management (*i.e.*, certain Individual Defendants here) were deeply involved in a recent, significant mediation regarding the terms of a plan of reorganization

and resolution of substantial litigation in the bankruptcy cases. Given the success of this mediation, the Debtors' management, including certain Individual Defendants, will now be intimately involved in negotiating and achieving confirmation of an amended plan of reorganization over the next several months, including difficult negotiations with many different property-level lenders. As the Debtors' counsel described it to the Bankruptcy Court, there is still significant "wood to chop." *See* "CBL Lauds Amended RSA With Bank Group, Still Has 'Wood to Chop' With Property-Level Lenders Before Emerging," REORG, March 24, 2021 (attached as Exhibit C). Additionally, these unusual circumstances also include indemnification obligations owed by CBL to the Individual Defendants, a liability insurance policy shared by CBL and the Individual Defendants, and a common legal defense against claims by Plaintiffs that are asserted uniformly against all Defendants (including the Debtors).

Courts in the Sixth Circuit have come to the same conclusion in similar situations, finding that unusual circumstances exist warranting extension of the automatic stay to non-debtor co-defendants. *See, e.g.*, *Nat. Century Fin. Enterprise*s, 423 F.3d 567, 578 (6th Cir. 2005) (upholding extension of automatic stay where continuation of proceedings would inevitably have an adverse impact on the property of the estate); *In re Eagle-Picher Indus., Inc*., 963 F.2d 855, 860 (6th Cir. 1992) (upholding extension of automatic stay to directors and officers of debtor corporation "because the interests of the debtor" and the non-debtor directors and officers "are intertwined"); *Simpson*, 2020 WL 5665077, at *2 (extending automatic stay to employees of debtor organization due to the "entanglement of the Non-Stayed Defendants" and the debtor resulting from shared insurance policy and common legal defense); *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018) (extending stay in ERISA action to non-debtor co-defendants with indemnification rights).

Moreover, as the Court noted in its February 4 Order, the Sixth Circuit explained in *Patton v. Bearden* that a "bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). This has now occurred, once again, pursuant to the Bankruptcy Court's April 12, 2021 Order. *See* Ex. A at Para. 1, 2; *see also id.* at 6-8 (providing notice of the Bankruptcy Court's order). Accordingly, given that the Bankruptcy Court granted CBL's request to further extend the automatic stay to the Individual Defendants, and given the Bankruptcy Court's determination that unusual circumstances exist supporting such an extension of the stay to the non-debtor Individual Defendants, Defendants respectfully submit that this Court should rule similarly and further extend the stay to the Individual Defendants through and including May 27, 2021, with the right of the Individual Defendants to further seek to extend the stay should the Bankruptcy Court do so.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should grant Defendants' Renewed Motion to Extend the Stay as to the Non-Debtor Defendants.

Respectfully submitted this 13th day of April, 2021.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/   B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521

Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

*/s/ Gregory C. Cook*
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com


*admitted *pro hac vice*

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that April 13, 2021, a true and exact copy of the foregoing

has been electronically transmitted to the Clerk of Court using the ECF System for filing, which

will provide electronic notice of filing to all counsel of record.


**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)