UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE CBL & ASSOCIATES PROPERTIES,    )    Consolidated Case No.
INC. SECURITIES LITIGATION        )    1:19-CV-00181-JRG-CHS

## ORDER

This matter is before the Court on Defendants' Renewed Motion to Extend the Stay as to the Non-Debtor Defendants [Doc. 131]. On November 10, 2020, the Court stayed this case under 11 U.S.C. § 362, in response to Defendant CBL & Associates Properties, Inc.'s suggestion of bankruptcy. [Order, Doc. 120] The individual, or non-debtor, defendants then moved the Court to apply the stay to them because the bankruptcy court had "extend[ed] the automatic stay to [them] for a period of 90 days, subject to CBL's right to seek a further extension of the stay at that time and Plaintiffs' right to oppose any such extension." [Defs.' Mot., Doc. 126, at 2; *see* Bankruptcy Court Order, Doc. 126-1]. The Court granted the motion and extended its stay to the individual defendants through April 16, 2021, [Order, Doc. 127], and on April 28, 2021, the Court re-extended the stay without opposition from Plaintiffs, [Order, Doc. 130, at 3].

The individual defendants now move the Court to further extend its stay, pointing out that the bankruptcy court recently extended its stay to them through August 12, 2021. [Def.'s Third Mot., Doc. 129, at 1; Bankruptcy Court Order, Doc. 131-1, at 2–5]; *see Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (recognizing that before a district court may extend a debtor's stay to non-bankrupt parties, "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105"). They also argue that "unusual circumstances" exist for an extension of the Court's stay. [Defs.' Third Mot. at 5–7; *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (stating that "[e]xtending a

stay to nonbankrupt co-defendants is justified only in 'unusual circumstances'" (quotation omitted)).

Plaintiffs have not responded to the individual defendants' motion, and the deadline for a response has now lapsed. E.D. Tenn. L.R. 7.1(a). The motion is therefore **GRANTED**. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Under 11 U.S.C. § 362, this Court's stay is hereby **EXTENDED** as to the individual defendants through August 12, 2021, the date on which the bankruptcy court's stay under 11 U.S.C. § 105 is currently set to expire. If the bankruptcy court extends its stay under § 105, the individual defendants may file a renewed motion to extend this Court's stay under § 362. Otherwise the Court will lift the stay as to the individual defendants only and proceed to rule on their motion to dismiss.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2