|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) ) Consolidated Case No. 1:19-CV-181-JRG-CHS |

## UNOPPOSED MOTION AND [PROPOSED] ORDER TO EXTEND THE STAY AS TO THE NON-DEBTOR DEFENDANTS

Defendants CBL & Associates Properties, Inc., CBL & Associates Limited Partnership, Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, Farzana Khaleel, Augustus N. Stephas, and Don Sewell (collectively, "Defendants") hereby submit this Unopposed Motion and [Proposed] Order to Extend the Stay as to the Non-Debtor Individual Defendants (the "Individual Defendants") pursuant to the Court's June 10, 2021 Order (Dkt. 132) and consistent with the Bankruptcy Court's August 11 Order (as defined below) further extending the automatic stay to the Individual Defendants through September 15, 2021. For the reasons that follow, the Court should grant Defendants' Unopposed Motion and similarly extend the stay through September 15, 2021.

Lead Plaintiffs do not oppose the relief sought of extending the stay until September 15, 2021 in light of the Parties currently being scheduled to mediate their claims on September 1, 2021. Lead Plaintiffs, however, take no position with respect to the other factual and legal assertions made in the motion and expressly reserve their right to argue otherwise in the event a further extension of the stay is sought

### I.      SUMMARY

On June 10, 2021, this Court entered an Order staying this case as to the Individual Defendants through August 12, 2021, consistent with the Bankruptcy Court's order of May 21, 2021 similarly extending the stay through August 12, 2021. *See* Dkt. 132. This Court noted that

"[i]f the bankruptcy court extends its stay under § 105, the individual defendants may file a renewed motion to extend this Court's stay under § 362." *Id.* at 2.

In an August 11, 2021 Order (the "August 11 Order"), the Bankruptcy Court, given the Parties' mutual agreement, further extended the automatic stay to the Individual Defendants for approximately 34 days, from August 12, 2021 through September 15, 2021, and stated that the Individual Defendants may seek a further extension of the stay at that point. *See* Ex. A at Para. 1-2.

CBL has submitted its bankruptcy plan, and the reorganization process is continuing in an orderly and prompt fashion towards its conclusion. The Bankruptcy Court has further extended the automatic stay to the Individual Defendants from August 12, 2021 through at least September 15, 2021, because the Parties mutually agreed to extend the stay through September 15. Given these facts and that unusual circumstances exist as described below, Defendants respectfully request, and Plaintiffs do not oppose, that the Court enter an order in accordance with the Bankruptcy Court's ruling, further extending the stay of the proceedings in this Court through and including September 15, 2021. In addition, consistent with the August 11 Order, the Individual Defendants may seek a further extension of the stay from the Bankruptcy Court, and Lead Plaintiffs may oppose any such request. *See* Ex. A at 1.

## II.     PROCEDURAL BACKGROUND

On November 9, 2020, Defendants notified the Court that CBL and its co-debtors (collectively, the "Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, et seq.) (the "Bankruptcy Code"). *See* Dkt. 119. On November 10, 2020, this Court, *sua sponte*, entered an order staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy. *See* Dkt. 120. Then, on December 23, 2020, Plaintiffs

filed a Motion for Clarification of the Court's Stay Order or, in the Alternative, to Lift the Automatic Stay as to Non-Debtor Defendants (Dkt. 123), and on January 5, 2021, the Court entered an order directing the Individual Defendants to address the automatic bankruptcy stay. *See* Dkt. 125. In its January 5 Order, the Court noted that the Bankruptcy Court had not, at that point, extended the automatic stay to the Individual Defendants. *Id.*

In accordance with the Court's order, on January 7, 2021, CBL and its co-debtors filed an Emergency Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain of Debtors' Directors and Officers in the Bankruptcy Court. On January 14, 2021, Plaintiffs filed an opposition to the Emergency Motion for stay. On January 15, 2021, the Bankruptcy Court held a contested hearing regarding this Emergency Motion, where it heard Plaintiffs' objections to the emergency relief requested by CBL. The next day, the Bankruptcy Court entered an order extending the automatic stay to the Individual Defendants for a period of 90 days, through April 16, 2021, subject to CBL's right to seek a further extension of the stay and Plaintiffs' right to oppose any such extension. On January 19, 2021, consistent with the Bankruptcy Court's order, the Defendants filed a Motion to Extend the Stay as to the Non-Debtor Defendants in this Court. On February 4, 2021, this Court entered an Order staying this case as to the Individual Defendants through April 16, 2021, consistent with the Bankruptcy Court's order of January 16, 2021. *See* Dkt. 127.

On March 25, 2021, the Debtors filed an Emergency Motion of Debtors for Entry of an Order Further Extending the Automatic Stay to Certain of Debtors' Directors and Officers in the Bankruptcy Court, noting that unusual circumstances still existed warranting an extension of the automatic stay to the Individual Defendants. Although Plaintiffs once again opposed the Debtors' motion, the Official Committee of Unsecured Creditors supported this motion, due to

the status of the Bankruptcy Case and the ongoing plan confirmation process. On April 12, 2021, the Bankruptcy Court held a contested hearing regarding the Debtors' March 25 motion, and on the same day, the Bankruptcy Court entered the April 12 Order extending the automatic stay under the Bankruptcy Code to the Individual Defendants through May 27, 2021 at 5:00 p.m. prevailing Central Time, based on an order, the form of which was agreed to by both Plaintiffs and Defendants. The Bankruptcy Court did so to ensure that the Debtors continued to make meaningful progress toward confirmation of their plan of reorganization, which they did.

On April 13, 2021, consistent with the Bankruptcy Court's order, the Defendants filed a Renewed Motion to Extend the Stay as to the Non-Debtor Defendants in this Court. *See* Dkt. 129. On April 28, 2021, this Court entered an Order staying this case as to the Individual Defendants through May 27, 2021, consistent with the Bankruptcy Court's order of April 12, 2021. *See* Dkt. 130. Then, on May 20, 2021 the Bankruptcy Court held a hearing on the Debtors' proposed disclosure statement related to their proposed plan of reorganization, at which hearing the Bankruptcy Court also considered a further extension of the automatic stay to the Individual Defendants through the plan confirmation hearing date of August 11, 2021. The Bankruptcy Court approved the Debtors' proposed disclosure statement. On May 21, the Bankruptcy Court, after the contested hearing, also extended the automatic stay under the Bankruptcy Code to the Individual Defendants through August 12, 2021 to allow the Debtors to focus their efforts on plan confirmation.

On August 11, 2021, the Bankruptcy Court held a hearing where it considered confirmation of the Debtors' third amended bankruptcy plan. The Bankruptcy Court also further extended the automatic stay to the Individual Defendants through September 15, 2021 at 5:00 p.m. Central Time, pursuant to the Parties' mutual agreement. Under the Bankruptcy Court's

August 11 Order, the Bankruptcy Court may further extend the stay to the Individual Defendants.

### III. ARGUMENT

Under 11 U.S.C. § 362(a)(1), the filing of a petition for protection in Bankruptcy Court operates as an automatic stay as to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." *In re Nat. Century Fin. Enterprises, Inc.*, 423 F.3d 567, 574 (6th Cir. 2005) (quoting 11 U.S.C. § 362(a)(1)); *see also USCO S.p.A. v. ValuePart, Inc.*, No. 2:14-CV-02590-JPM, 2015 WL 4601192, at *2 (W.D. Tenn. July 29, 2015). The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 586 (5th Cir. 2012) (internal quotations omitted). Its purpose is "to permit the debtor a breathing space during which time he can take stock and formulate a plan without the distraction of other actions." *USCO*, 2015 WL 4601192, at *11. Indeed, of its own accord, this Court entered an order on November 10, 2020 staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy. *See* Dkt. 120.

Moreover, courts extend the protections of the automatic stay to non-debtor co-defendants in certain "unusual circumstances." *Id.* "Sufficiently unusual circumstances exist where 'a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Simpson v. Lincoln Heritage Council, Inc.*, No. 3:19-CV-879-RGJ-CHL, 2020 WL 5665077, at *2 (W.D. Ky. Sept. 23, 2020) (quoting *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)). Such circumstances have been found "(1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that

forces the debtor to participate in the proceeding as if the debtor were a party." *USCO*, 2015 WL 4601192, at *3. Further, an action "taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred." *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d 567, 578 (6th Cir. 2005).

Unusual circumstances exist justifying further extension of the automatic stay here. These unusual circumstances include the potential adverse impact on the Debtors' property at a critical time in their bankruptcy process. The Debtors' management will continue to be intimately involved reaching the conclusion of the reorganization plan. Additionally, these unusual circumstances also include indemnification obligations owed by CBL to the Individual Defendants, a liability insurance policy shared by CBL and the Individual Defendants, and a common legal defense against claims by Plaintiffs that are asserted uniformly against all Defendants (including the Debtors).

Courts in the Sixth Circuit have come to the same conclusion in similar situations, finding that unusual circumstances exist warranting extension of the automatic stay to non-debtor co-defendants. *See, e.g.*, *Nat. Century Fin. Enterprise*s, 423 F.3d 567, 578 (6th Cir. 2005) (upholding extension of automatic stay where continuation of proceedings would inevitably have an adverse impact on the property of the estate); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (upholding extension of automatic stay to directors and officers of debtor corporation "because the interests of the debtor" and the non-debtor directors and officers "are intertwined"); *Simpson*, 2020 WL 5665077, at *2 (extending automatic stay to employees of debtor organization due to the "entanglement of the Non-Stayed Defendants" and the debtor resulting from shared insurance policy and common legal defense); *Baechel v. Republic Storage*

*Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at \*2 (N.D. Ohio Mar. 9, 2018) (extending stay in ERISA action to non-debtor co-defendants with indemnification rights).

Moreover, as the Court noted in its June 10 Order, the Sixth Circuit explained in *Patton v. Bearden* that a "bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). This has now occurred, once again, pursuant to the Bankruptcy Court's August 11, 2021 Order. *See* Ex. A at Para. 1, 2; *see also id.* at 6-8 (providing notice of the Bankruptcy Court's order). Accordingly, given that the Bankruptcy Court granted CBL's request to further extend the automatic stay to the Individual Defendants, and given that the Parties have mutually agreed to extend the stay through September 15, 2021 in the Bankruptcy Court, Defendants respectfully submit, and Plaintiffs do not oppose, that this Court should rule similarly and further extend the stay to the Individual Defendants through and including September 15, 2021, with the right of the Individual Defendants to further seek to extend the stay should the Bankruptcy Court do so, and the right of Lead Plaintiffs to oppose any such request.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully submit, and Plaintiffs do not oppose, that the Court should grant Defendants' Unopposed Motion to Extend the Stay as to the Non-Debtor Defendants through September 15, 2021.

Respectfully submitted this 11th day of August, 2021.

/s/ B. Warren Pope
B. Warren Pope\*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100

7

wpope@kslaw.com

Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

Scott M. Shaw, Esq.
**EVANS HARRISON HACKETT PLLC**
One Central Plaza, Suite 800
835 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 693-2179
Fax: (423) 648-7897
sshaw@ehhlaw.com

*admitted pro hac vice

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2021, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

By: */s/ B. Warren Pope*
B. Warren Pope
Georgia Bar No. 583723
Admitted *pro hac vice*