# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 11, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **CBL & ASSOCIATES** | § | |
| **PROPERTIES, INC.**, *et al.*, | § | **Case No. 20-35226 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | **Docket Nos. 763, 819, 992, 1042, 1146** |

**AGREED ORDER FURTHER EXTENDING THE AUTOMATIC**
**STAY TO CERTAIN OF DEBTORS' DIRECTORS AND OFFICERS**

Upon the motion, dated March 25, 2021 [Docket No. 992] (the "**Motion**")[2] of CBL & Associates Properties, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, extending the Automatic Stay to certain of Debtors' Directors and Officers (as defined below), as more fully set forth in the Motion; and the Court having held a hearing on the Motion on April 12, 2021, and a continued hearing on the Motion on May 20, 2021 (collectively, the "**Hearings**"); and upon the agreement of the Debtors and the plaintiffs in the Securities Action; and upon the record of the Hearings and for the reasons stated by the Court on the record,

**IT IS HEREBY ORDERED THAT**

1. Pursuant to section 362 of the Bankruptcy Code, the Automatic Stay is hereby extended, through and including 5:00 p.m. (prevailing Central Time) on the earlier of (i) September 15, 2021, and (ii) the date on which the Court enters a separate order on the Motion,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

to Charles B. Lebovitz, Chairman of the Executive Committee of the Board of Directors; Stephen D. Lebovitz, Chief Executive Officer and President; Farzana Khaleel, Executive Vice President – Chief Financial Officer and Treasurer; A. Larry Chapman, Director and Chairman of the Audit Committee; Augustus N. Stephas, former Executive Vice President and Chief Operating Officer; and Don Sewell, former Senior Vice President – Management (collectively, the "**Directors and Officers**") in connection with the action in the United States District Court for the Eastern District of Tennessee, styled *In re CBL & Associates Properties, Inc. Securities Litigation*, Consolidated Case No. 1:19-CV-181-JRG-CHS (the "**Securities Action**"); *provided*, that nothing herein shall prejudice the Debtors' rights to seek further extension of the Automatic Stay or in any way prejudice the rights of the plaintiffs in the Securities Action to assert any and all defenses, opposition, or arguments against such request.

2.    Pursuant to section 105 of the Bankruptcy Code, through and including 5:00 p.m. (prevailing Central Time) on the earlier of (i) September 15, 2021, and (ii) the date on which the Court enters a separate order on the Motion, the plaintiffs in the Securities Action are hereby enjoined from continuing the Securities Action against the Directors and Officers; *provided*, that nothing herein shall prejudice the Debtors' rights to seek an extension of such injunction or in any way prejudice the rights of the plaintiffs in the Securities Action to assert any and all defenses, opposition, or arguments against such request.

3.    The form of notice attached hereto as **Exhibit 1** (the "**Stay Notice**") is approved.  The Debtors are authorized, but not directed, to file the Stay Notice on the docket of the Securities Action.

4.    This Order shall not affect the substantive rights of any party, nor create any rights, defenses, or arguments not otherwise available under applicable law.  Specifically, this

2

Order shall not affect the exceptions contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the Automatic Stay in accordance with section 362(d) of the Bankruptcy Code.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7. Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party-beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' or any other party in interest's respective rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, or (f) an agreement, admission, or acknowledgement by the plaintiffs in the Securities Action that the Automatic Stay should be further extended to the Directors and Officers in any future hearing before the Bankruptcy Court or that the requirements under Fifth Circuit law for extending the Automatic Stay to such parties have been met, with all such defenses and arguments being fully preserved.

8. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


**Signed:  August 11, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4

**Exhibit 1**

**Stay Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CBL & ASSOCIATES** | § | |
| **PROPERTIES, INC.,** *et al.*, | § | **Case No. 20-35226 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | **Docket Nos. 992, 1042, 1146, & [●]** |

### NOTICE OF ENTRY OF ORDER
### FURTHER EXTENDING THE AUTOMATIC STAY
### TO CERTAIN OF DEBTORS' DIRECTORS AND OFFICERS

**PLEASE TAKE NOTICE** that, beginning on November 1, 2020 (the "**Petition Date**"), CBL & Associates Properties, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). The Chapter 11 Cases are pending before the Honorable Judge Jones, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re CBL & Associates Properties Inc.*, No. 20-35226 (DRJ).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

among other things, (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against any of the Debtors (i) that was or could have been commenced before the Petition Date or (ii) to recover a claim against any of the Debtors that arose before the Petition Date, (b) the enforcement, against any of the Debtors or against any property of any of the Debtors' estates, of a judgment obtained before the Petition Date, or (c) any act to obtain possession of, or exercise control over, property of any of the Debtors' estates (the "**Automatic Stay**").[2]

PLEASE TAKE FURTHER NOTICE that, pursuant to the *Agreed Order Further Extending the Automatic Stay to Certain of Debtors' Directors and Officers* (the "**Order**") (Docket No. [●]), entered on August [●], 2021, and attached hereto, the Bankruptcy Court extended the Automatic Stay through and including 5:00 p.m. (prevailing Central Time) on the earlier of (i) September 15, 2021, and (ii) the date on which the Court enters a separate order on the Motion, to certain actions with respect to Charles B. Lebovitz, Chairman of the Executive Committee of the Board of Directors; Stephen D. Lebovitz, Chief Executive Officer and President; Farzana Khaleel, Executive Vice President – Chief Financial Officer and Treasurer; A. Larry Chapman, Director and Chairman of the Audit Committee; Augustus N. Stephas, former Executive Vice President and Chief Operating Officer; and Don Sewell, former Senior Vice President – Management, in connection with the action, styled *In re CBL & Associates Properties, Inc. Securities Litigation*, Consolidated Case No. 1:19-CV-181-JRG-CHS, which is pending in the United States District Court for the Eastern District of Tennessee (the "**Securities Action**").

PLEASE TAKE FURTHER NOTICE that, pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure (among other applicable substantive law and rules of procedure), any person or governmental unit

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party. The Debtors expressly reserve the right to contest any claims that may be asserted against the Debtors.

2

seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Bankruptcy Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly-available docket of the Chapter 11 Cases at http://www.txs.uscourts.gov/bankruptcy (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding the Chapter 11 Cases, located online at https://dm.epiq11.com/case/cblproperties/info, or (c) contacting the undersigned counsel for the Debtors.

[*Remainder of page intentionally left blank*]

3

Dated: August [●], 2021
        Houston, Texas

Respectfully submitted,

_____

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Ray.Schrock@weil.com
       Garrett.Fail@weil.com
       Theodore.Tsekerides@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*