|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## DEFENDANTS' RENEWED MOTION TO EXTEND THE STAY AS TO THE NON-DEBTOR DEFENDANTS

Defendants[1] submit this Renewed Motion to Extend the Stay as to the Non-Debtor Individual Defendants (the "Individual Defendants") pursuant to the Court's August 30, 2021 Order (Dkt. 134) and consistent with the Bankruptcy Court's September 15 Order (as defined below) further extending the automatic stay to the Individual Defendants through November 1, 2021. For the reasons that follow, the Court should grant Defendants' Renewed Motion and similarly extend the stay through November 1, 2021.

### I. SUMMARY

On August 30, 2021, this Court entered an Order staying this case as to the Individual Defendants through September 15, 2021, consistent with the Bankruptcy Court's order of August 11, 2021 similarly extending the stay through September 15, 2021. *See* Dkt. 134. This Court noted that "the Individual Defendants may seek to further extend the stay in this Court beyond September 15, 2021, should the Bankruptcy Court grant or be presented with a request for such relief." *Id.*

In a September 15, 2021 Order (the "September 15 Order"), the form of which was not opposed by Plaintiffs, the Bankruptcy Court further extended the automatic stay to the Individual

---

[1] Defendants are CBL & Associates Properties, Inc. ("CBL & Associates"), CBL & Associates Limited Partnership ("CBL LP," and collectively with CBL & Associates, "CBL" or the "Company"), Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, Farzana Khaleel, Augustus N. Stephas, and Don Sewell (collectively, "Defendants").

Defendants for approximately 47 days, from September 15, 2021 through November 1, 2021, and stated that the Individual Defendants may seek a further extension of the stay at that point. *See* Ex. A at Para. 1-2.

The Bankruptcy Court has confirmed CBL's bankruptcy plan, and the reorganization process is continuing in an orderly and prompt fashion towards its conclusion—the "Effective Date" of CBL's plan of reorganization. The Bankruptcy Court has further extended the automatic stay to the Individual Defendants from September 15, 2021 through at least November 1, 2021 based upon a proposed order that Plaintiffs did not oppose. Given these facts and that unusual circumstances exist as described below, Defendants respectfully request that the Court enter an order in accordance with the Bankruptcy Court's ruling, further extending the stay of the proceedings in this Court through and including November 1, 2021. In addition, consistent with the September 15 Order, the Individual Defendants may seek a further extension of the stay from the Bankruptcy Court, and Lead Plaintiffs may oppose any such request. *See* Ex. A at Para 2.

## II.    PROCEDURAL BACKGROUND

On November 9, 2020, Defendants notified the Court that CBL and its co-debtors (collectively, the "Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, et seq.) (the "Bankruptcy Code"). *See* Dkt. 119. On November 10, 2020, this Court, *sua sponte*, entered an order staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy. *See* Dkt. 120. Then, on December 23, 2020, Plaintiffs filed a Motion for Clarification of the Court's Stay Order or, in the Alternative, to Lift the Automatic Stay as to Non-Debtor Defendants (Dkt. 123), and on January 5, 2021, the Court entered an order directing the Individual Defendants to address the automatic bankruptcy stay. *See* Dkt. 125. In its January 5 Order, the Court noted that the Bankruptcy Court had not, at that point,

extended the automatic stay to the Individual Defendants. *Id.*

In accordance with the Court's order, on January 7, 2021, CBL and its co-debtors filed an Emergency Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain of Debtors' Directors and Officers in the Bankruptcy Court. On January 14, 2021, Plaintiffs filed an opposition to the Emergency Motion for stay. On January 15, 2021, the Bankruptcy Court held a contested hearing regarding this Emergency Motion, where it heard Plaintiffs' objections to the emergency relief requested by CBL. The next day, the Bankruptcy Court entered an order extending the automatic stay to the Individual Defendants for a period of 90 days, through April 16, 2021, subject to CBL's right to seek a further extension of the stay and Plaintiffs' right to oppose any such extension. On January 19, 2021, consistent with the Bankruptcy Court's order, the Defendants filed a Motion to Extend the Stay as to the Non-Debtor Defendants in this Court. On February 4, 2021, this Court entered an Order staying this case as to the Individual Defendants. *See* Dkt. 127.

Since then, the Bankruptcy Court has extended the stay on multiple occasions, and this Court has followed suit. *See, e.g.,* Dkt. 129 & 130. On August 11, 2021, the Bankruptcy Court held a hearing where it confirmed the Debtors' third amended bankruptcy plan (the "Plan"), subject to certain additional conditions that must occur before the Plan becomes effective. The Bankruptcy Court also further extended the automatic stay to the Individual Defendants through September 15, 2021. On August 30, 2021, this Court entered an Order staying this case as to the Individual Defendants through September 15, 2021, consistent with the Bankruptcy Court's order of August 11, 2021. *See* Dkt. 134.

Because a number of events must still occur before the Plan becomes "effective," CBL is not slated to emerge from bankruptcy until November 1, 2021. Due to the additional tasks that

remain between now and the expected effective date, the Debtors sought an additional stay from the Bankruptcy Court through the expected "effective" date of November 1, 2021, which that Court granted. Defendants now seek the same relief from this Court.

## III. ARGUMENT

Under 11 U.S.C. § 362(a)(1), the filing of a petition for protection in Bankruptcy Court operates as an automatic stay as to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." *In re Nat. Century Fin. Enterprises, Inc.*, 423 F.3d 567, 574 (6th Cir. 2005) (quoting 11 U.S.C. § 362(a)(1)); *see also USCO S.p.A. v. ValuePart, Inc.*, No. 2:14-CV-02590-JPM, 2015 WL 4601192, at *2 (W.D. Tenn. July 29, 2015). The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 586 (5th Cir. 2012) (internal quotations omitted). Its purpose is "to permit the debtor a breathing space during which time he can take stock and formulate a plan without the distraction of other actions." *USCO*, 2015 WL 4601192, at *11. Indeed, of its own accord, this Court entered an order on November 10, 2020 staying this case under 11 U.S.C. § 362(a) in response to CBL's bankruptcy. *See* Dkt. 120.

Moreover, courts extend the protections of the automatic stay to non-debtor co-defendants in certain "unusual circumstances." *Id.* "Sufficiently unusual circumstances exist where 'a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Simpson v. Lincoln Heritage Council, Inc.*, No. 3:19-CV-879-RGJ-CHL, 2020 WL 5665077, at *2 (W.D. Ky. Sept. 23, 2020) (quoting *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)). Such circumstances have been found "(1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor

defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party." *USCO*, 2015 WL 4601192, at *3. Further, an action "taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred." *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d 567, 578 (6th Cir. 2005).

Unusual circumstances exist justifying further extension of the automatic stay here. These unusual circumstances include the potential adverse impact on the Debtors' property at a critical time in their bankruptcy process. The Bankruptcy Court recently confirmed the Debtors' Plan. However, the Effective Date of the Plan is still subject to numerous conditions set forth in the Plan that have not yet occurred and are not slated to occur until November 1, 2021. Between now and the Effective Date of the Plan, CBL and its co-debtors must, among other things: negotiate and execute settlement agreements with numerous property-level lenders; issue and distribute new common stock and LP units to holders of claims and interests; negotiate and execute numerous exit credit facility documents, new senior secured noted documents, new convertible note documents, and other ancillary documents; and focus on the claims reconciliation process. The Debtors' management, including many of the Individual Defendants, will continue to be intimately involved in these efforts and will need to focus their attention on implementing the Plan quickly and efficiently to achieve these goals by November 1. In particular, Defendants Stephen D. Lebovitz and Farzana Khaleel have been integral to the progress of the reorganization effort and will be indispensable to exiting the bankruptcy proceedings in a timely manner. Once effective, the Plan also contains provisions that are likely to directly impact the claims asserted in this action. Additionally, these unusual circumstances also include indemnification obligations owed by CBL

to the Individual Defendants, a liability insurance policy shared by CBL and the Individual Defendants, and a common legal defense against claims by Plaintiffs that are asserted uniformly against all Defendants (including the Debtors).

Courts in the Sixth Circuit have come to the same conclusion in similar situations, finding that unusual circumstances exist warranting extension of the automatic stay to non-debtor co-defendants. *See, e.g.*, *Nat. Century Fin. Enterprise*s, 423 F.3d 567, 578 (6th Cir. 2005) (upholding extension of automatic stay where continuation of proceedings would inevitably have an adverse impact on the property of the estate); *In re Eagle-Picher Indus., Inc*., 963 F.2d 855, 860 (6th Cir. 1992) (upholding extension of automatic stay to directors and officers of debtor corporation "because the interests of the debtor" and the non-debtor directors and officers "are intertwined"); *Simpson*, 2020 WL 5665077, at *2 (extending automatic stay to employees of debtor organization due to the "entanglement of the Non-Stayed Defendants" and the debtor resulting from shared insurance policy and common legal defense);  *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018) (extending stay in ERISA action to non-debtor co-defendants with indemnification rights).

Moreover, the Plan and Confirmation Order contain provisions that will likely have an important impact on the scope of this litigation.  For instance, upon the Effective Date of the Plan, CBL is likely to receive a discharge of its prepetition debts, which will warrant its dismissal from this litigation.  The Company's discharge, along with third-party releases applicable to the Individual Defendants, will likely have a significant effect on the scope of liability for the Individual Defendants.  Allowing portions of this case to go forward despite these likely developments in the bankruptcy proceedings could result in duplicative and inconsistent litigation in this case.  *Raudonis*, 2020 WL 7405734, at *4; *Simpson*, 2020 WL 5665077, at *2.  Thus, the

Court and the Parties' resources would be best served by extending the stay as to all Individual Defendants through November 1, when CBL's Plan goes effective.

And, as the Court has previously noted, the Sixth Circuit explained in *Patton v. Bearden* that a "bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). This has now occurred, once again, pursuant to the Bankruptcy Court's September 15, 2021 Order. *See* Ex. A at Para. 1, 2; *see also id.* at 6-8 (providing notice of the Bankruptcy Court's order). Accordingly, given that the Bankruptcy Court granted CBL's request to further extend the automatic stay to the Individual Defendants, based upon a proposed order that Plaintiffs did not oppose, Defendants respectfully submit that this Court should rule similarly and further extend the stay to the Individual Defendants through and including November 1, 2021, with the right of the Individual Defendants to further seek to extend the stay should the Bankruptcy Court do so, and the right of Plaintiffs to oppose any such request.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should grant Defendants' Renewed Motion to Extend the Stay as to the Non-Debtor Defendants through November 1, 2021.

Respectfully submitted this 15th day of September, 2021.

**EVANS HARRISON HACKETT PLLC**

By: _/s/ Scott M. Shaw_
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/   B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

*/s/ Gregory C. Cook*
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com


*admitted *pro hac vice*

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that September 15, 2021, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)