|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
|  | ) |  |

### DEFENDANTS' SUPPLEMENTAL BRIEF TO THEIR MOTION TO DISMISS PROVIDING NOTICE OF SUBSEQUENT DEVELOPMENTS

Pursuant to Local Rule 7.1(d), Defendants[1] submit this Supplemental Brief in support of their Motion to Dismiss (Dkt. 93) to provide the Court with notice of important developments that have occurred since the close of briefing on this Motion.

**I.     CBL Has Received a Full Discharge and Should Be Dismissed.**

On November 1, 2020, CBL and its co-debtors filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On August 11, 2021, the Bankruptcy Court confirmed CBL's Third Amended Bankruptcy Plan (the "Plan"). On November 1, 2021, the Plan became effective, and CBL emerged from bankruptcy, which significantly impacts this litigation.

First, under the terms of the Plan, CBL received a discharge of its prepetition debts, including the alleged securities claims here. *See* Ex. A, Plan. Specifically, the Plan states that:

> Upon the Effective Date . . . each holder . . . of a Claim or Interest . . . shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.

*Id.* § 10.3. The Plan also enjoins parties, including Plaintiffs, from pursuing prepetition debts and

---

[1] Defendants are CBL & Associates Properties, Inc. ("CBL & Associates"), CBL & Associates Limited Partnership ("CBL LP," and collectively with CBL & Associates, "CBL" or the "Company"), Stephen D. Lebovitz, Charles B. Lebovitz, A. Larry Chapman, Farzana Khaleel, Augustus N. Stephas, and Don Sewell (collectively, "Defendants").

prosecuting such claims, including the claims in this case. *Id.*

In addition, the deadline for filing proofs of claim in CBL's bankruptcy case was March 26, 2021. Notice of that bar date was filed in this action. *See* Dkt. 128. Plaintiffs never filed a proof of claim in the bankruptcy case, even though Plaintiffs' claims against CBL arose before the Company's bankruptcy petition was filed. *See Jewell v. Smurfit-Stone Container Enterprises, Inc*., No. 3:08-CV-392, 2012 WL 638773, at *2 (E.D. Tenn. Feb. 27, 2012) (dismissing discharged claims and noting that plaintiff did not file a proof of claim). Thus, these claims against CBL have been discharged and/or waived and should be dismissed with prejudice. *See id.* at *2 (claims arising before bankruptcy were "[q]uite obviously" discharged).

## II.     Only the Claims Against the Individual Defendants Remain.

Given CBL's full discharge and the plan injunction, the only remaining claims are against the Individual Defendants. The Motion to Dismiss briefing focused on CBL. As Defendants' Chart of Statements Challenged in the Consolidated Complaint demonstrates (Dkt. 93-2 at 96-116), the statements challenged by Plaintiffs are only directly attributable to CBL (against whom Plaintiffs can no longer proceed).[2] These challenged statements come from either CBL's SEC filings or CBL's press releases. *Id.* With CBL's dismissal from this case, the focus of this case will change significantly from the briefing completed in March 2020.

---

[2] Plaintiffs allege that Mr. Lebovitz and Ms. Khaleel signed certain Sarbanes-Oxley certifications. However, they do not attribute any challenged statement to either individual, and do not plead any facts beyond these certifications showing that they possessed "ultimate authority" over these statements. And, even assuming either of these Defendants were "makers" of any challenged statements, Plaintiffs have failed to plead facts establishing a strong inference that any statements by Mr. Lebovitz or Ms. Khaleel were made with scienter. As argued in our original briefing, there are no facts pled, whatsoever, regarding scienter by Mr. Lebovitz or Ms. Khaleel. *See* Dkt. 93-1 at 20-28; Dkt. 104 at 12-23. Speculation will not satisfy the PSLRA. *See Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("The PSLRA does not permit a plaintiff merely 'to allege facts from which an inference of scienter rationally *could* be drawn.'").

*First*, the Individual Defendants (now the only remaining Defendants) were not, and could not have been, "speakers" of these challenged statements in CBL's SEC filings and press releases. None of the Individual Defendants are alleged to have made any of these statements, nor have they been adequately alleged to have exercised authority over the content and form of these statements contained in SEC filings and press releases. With CBL's dismissal, these claims must fail given the absence of specific allegations as to who made the challenged statements. As Defendants' Motion to Dismiss papers establish, such non-speakers cannot be held liable under Section 10(b). Dkt. 93-1 at 36; Dkt. 104 at 24; *see also In re Banco Bradesco S.A. Sec. Litig*., 277 F. Supp. 3d 600, 640, 662 (S.D.N.Y. 2015) (noting that a "comment was attributed only to the Company" and plaintiff did "not allege any facts concerning who made, or had ultimate authority over, the comment"); *Alpha Cap. Anstalt v. Schwell Wimpfheimer & Assocs. LLP*, 2018 WL 1627266, at *10 (S.D.N.Y. Mar. 30, 2018) (allegations inadequate to establish defendants "made" statements instead of merely assisting in preparation).

*Second*, given CBL's discharge, Plaintiffs are now likely to emphasize their Count II, which asserts a "control person" liability claim against Defendants Charles and Stephen Lebovitz. However, Count II fails because Plaintiffs have not alleged that Charles or Stephen Lebovitz culpably or actually participated in the making of the alleged misstatements or omissions. Section 20(a) provides that:

> Every person who . . . controls any person liable under any provision of this chapter . . . shall also be liable . . . to the same extent as such controlled person . . . unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."

*See* 15 U.S.C. § 78t(a).

Although the Sixth Circuit has not articulated its exact standard for pleading a control

person claim,[3] it has suggested that a plaintiff must show some form of "actual participation." *Herm v. Stafford*, 663 F.2d 669, 684 (6th Cir. 1981) ("A director of a corporation is not automatically liable as a controlling person. There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed."). It has also held that such a claim must be pleaded with particularity. *See Bondali v. Yum! Brands*, 620 F. App'x. 483, 488 (6th Cir. 2015). This is in line with other Circuit Courts of Appeal, including the Second Circuit and Third Circuit, which require that a plaintiff adequately plead that "the controlling person was in some meaningful sense a culpable participant in the fraud perpetrated by the controlled person." *Ganino v. Citizens Utilities Co*., 228 F.3d 154, 170 (2d Cir. 2000); *see also In re Suprema Specialties, Inc. Sec. Litig*., 438 F.3d 256, 284 n.16 (3d Cir. 2006); *In re Cannavest Corp. Sec. Litig*., 307 F. Supp. 3d 222, 254 (S.D.N.Y. 2018) (plaintiff must plead "particularized facts" establishing culpable participation); *Freeland v. Iridium World Commc'ns, Ltd.*, 545 F. Supp. 2d 59, 81 (D.D.C. 2008) (similar).

In light of the Sixth Circuit's pronouncement and the weight of other authority, many District Courts in this Circuit have adopted the culpable participation test, noting that "a plaintiff must allege facts demonstrating that the defendant 'controlled' another person who committed an underlying violation of the Act, *and* that the defendant 'culpably participated' in that underlying

---

[3] The Sixth Circuit has not ruled as to whether "culpable participation" is an essential element of a control person claim. It had the opportunity to decide the question in *Sanders Confectionery Products, Inc. v. Heller Financial, Inc*., 973 F.2d 474, 486 (6th Cir. 1992), but found "it unnecessary to choose between the various tests suggested" because the plaintiff "failed to plead sufficient acts of control under the least rigorous standard." Later, in *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004), the Sixth Circuit did not have to decide the applicable standard because the plaintiff failed to plead a viable predicate 10b-5 claim against any defendant. Hence, whether a plaintiff must affirmatively plead facts demonstrating culpable participation remains an open question in the Sixth Circuit. Here, as in *PR Diamonds*, the Court need not address the issue if it concludes there is no viable 10b-5 claim against any Defendant.

violation." *See In re In re TransDigm Grp., Inc. Sec. Litig*., 440 F. Supp. 3d 740, 773 (N.D. Ohio 2020) (emphasis in original); *Plymouth Cty. Ret. Ass'n v. ViewRay, Inc*., No. 1:19-CV-2115, 2021 WL 3773330, at \*20 (N.D. Ohio Aug. 25, 2021) (noting that culpable participation is a required element of a Section 20(a) claim); *City of Pontiac Gen. Employees' Ret. Sys. v. Stryker Corp*., 865 F. Supp. 2d 811, 835 (W.D. Mich. 2012) (similar); *Bomarko, Inc. v. Hemodynamics, Inc*., 848 F. Supp. 1335, 1339-40 (W.D. Mich. 1993) (similar); *Adams v. Hyman Lippitt, P.C*., No. 05-72171, 2005 WL 3556196, at \*12 (E.D. Mich. Dec. 29, 2005) (finding Section 20(a) claim adequately alleged where defendants "culpably participated in the underlying violation").

This requires "some showing of actual participation in the activities which allegedly violated the securities laws." *Yadlosky v. Grant Thornton, L.L.P*., 120 F. Supp. 2d 622, 631 (E.D. Mich. 2000). This standard is met "by evidence that the 'controlling persons' encouraged and permitted the issuance of statements they knew were false." *Id.*. This test makes sense because "Congress did not intend for controlling persons to be the 'insurer against the fraudulent activities of another,'" but rather intended "to impose liability on those . . . who were in some meaningful sense culpable participants in the fraud perpetrated by the controlled persons.'" *Belmont v. MB Inv. Partners, Inc*., 708 F.3d 470, 485 (3d Cir. 2013); *see also Lanza v. Drexel & Co.*, 479 F.2d 1277, 1299 (2d Cir. 1973) (similar).

Because the culpable participation standard is the better-reasoned approach, this Court should similarly apply that test and require Plaintiffs to show that Defendants Charles and Stephen Lebovitz, as purported control persons, culpably participated in the alleged underlying misconduct. Plaintiffs' Complaint fails to make any such allegations. Indeed, Plaintiffs do not allege specific facts showing that either of these Defendants "encouraged" the issuance by controlled persons of any challenged statements that were known to be false. *See Yadlosky*, 120 F. Supp. 2d at 631; *see*

*also Adams*, 2005 WL 3556196, at \*2-\*3, \*12 (culpable participation shown where defendants knew of fraudulent conduct, assisted in concealing such misconduct, and advised others not to disclose any misconduct). Thus, these claims should be dismissed.

Respectfully submitted this 2nd day of November, 2021.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/ B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

*/s/ Gregory C. Cook*
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

*admitted *pro hac vice*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that November 2, 2021, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)