| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-cv-00181-JRG-CHS <br> ) <u>CLASS ACTION</u> |

## <u>LEAD PLAINTIFFS' MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF</u>

Plaintiffs object to allowing the Individual Defendants to make any supplemental filing beyond notifying this Court that the bankruptcy proceedings relating to defendant CBL & Associates Properties, Inc. ("CBL") have concluded and their impact on these proceedings. Specifically, Plaintiffs agree that CBL should be dismissed from this action based upon the release obtained in the bankruptcy proceeding. In addition, the stay imposed in this action should now be lifted with the Court proceeding to rule on the pending motion to dismiss.

Plaintiffs, however, object to the Individual Defendants filing a supplemental brief because Local Rule 7.1(d) only allows for the filing of a supplemental brief to "call to the Court's attention developments occurring after a party's final brief is filed." That rule only allows for the filing of supplemental briefs "in exceptional circumstances when completely new information arises." *Poteet v. Polk Cty., Tenn.,* 2007 WL 1100479, at *1 (E.D. Tenn. Apr. 11, 2007).

Here, those exceptional circumstances have not been met with respect to the new legal arguments which the Individual Defendants seek to advance. Thus, the Individual Defendants new argument that they have no primary liability under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") for making any of the statements is one that is not dependent upon any developments in the bankruptcy proceeding. The same is true of the Individual Defendants' new argument that Plaintiffs have not adequately alleged control person claims pursuant to Section

20(a) of the Exchange Act because of a purported failure to allege "culpable participation" not being dependent upon or related to any new development in the bankruptcy proceedings.

Instead, the supplemental *factual developments* in the bankruptcy proceeding are not related to any of the new *legal arguments* the Individual Defendants now seek to make. These very same arguments could have been made in the Individual Defendants' initial motion to dismiss. For example, the entirety of Defendants' Section 20(a) argument in their motion to dismiss and reply papers was: "Because Plaintiffs have failed to plead a primary violation under Section 10(b), their derivative Section 20(a) claims…also necessarily fail." ECF No. 93-1 at 30. Having made the strategic choice to not advance their newly-minted legal arguments for almost two years means that Defendants waived their right to do so either in a reply or supplemental brief. *See, e.g.*, *McElroy v. Amylin Pharms., Inc.*, 2013 WL 12099073, at *5 (E.D. Tenn. Aug. 5, 2013) (denying a motion to file a sur-reply pursuant to Local Rule 7.1(d) where the moving party "calls attention to no new factual or legal issues that were unavailable at the time Plaintiffs' initial responsive brief was filed.").

Plaintiffs believe that it is also appropriate to deny the Individual Defendants' motion to file a supplemental brief because allowing them to do so would defeat the purposes of Local Rule 7.1(d) being to allow the Court to "adjudicate motions expeditiously, [which] the Court cannot do so if the parties continue to file briefs." *Carrichner v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-CV-90-TRM-HBG, 2020 WL 5077038, at *3 (E.D. Tenn. Aug. 27, 2020). This is a particularly pressing issue in this case as the Individual Defendants have previously sought and obtained

multiple stays of the proceedings in this action totaling more than ten months.  *See* Dkt. 126, 127, 129-136.[1]

Dated: November 5, 2021

Respectfully Submitted,

/s/  *Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD & JANICH, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

**Co-Liaison Counsel for the Class**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
   **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

---

[1]     If Defendants' motion is granted, Plaintiffs intend to substantively respond to their supplemental brief within one week of its filing, as allowed by LR7.1(d), or at such other time as may be ordered by the Court.

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
ahood@pomlaw.com

**Co-Lead Counsel for the Class**

**BRONSTEIN, GEWIRTZ &
   GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**
**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served electronically upon all parties and/or counsel listed through the Court's ECF system on this November 5, 2021.

**HOLIFIELD & JANICH, PLLC**

*/s/ Sarah R. Johnson*
Sarah R. Johnson, Esq.