|  |  |  |
|---|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF TO THEIR MOTION TO DISMISS

Defendants seek this Court's approval to file a five-page supplemental brief apprising the Court of two developments: (1) the full discharge of, and injunction prohibiting, Plaintiffs' claims against CBL in the Third Amended Bankruptcy Plan (the "Plan") and related confirmation order;[1] and (2) with CBL discharged, the shifted focus of this litigation from the Company to the Individual Defendants.

Plaintiffs' Opposition (Dkt. 138) ignores that, pursuant to Local Rule 7.1(d), Defendants have asked this Court for approval to file their supplemental brief, but have not yet officially filed it as a standalone docket entry. *See* Dkt. 137 (attaching proposed supplemental brief and proposed order allowing it to be filed in the future). This approach is customary and typical in this District and is in no way inappropriate.[2] Local Rule 7.1(d) allows a party to seek approval to file a supplemental brief. *See Lewis v. Hawkins*, No. 3:16-CV-315-TAV-HBG, 2017 WL 4322825, at

---

[1] Plaintiffs concede that CBL should be dismissed from this case. *See* Dkt. 138 at 1.

[2] *See MACTEC, Inc. v. Bechtel Jacobs Co., LLC*, No. 3:05-CV-255, 2007 WL 2385953, at *9 (E.D. Tenn. Aug. 16, 2007) (granting leave to file supplemental brief after party filed motion for leave and attached proposed brief); *Sherwood v. Tennessee Valley Auth.*, No. 3:12-CV-156, 2012 WL 2212971, at *1 n.3 (E.D. Tenn. June 15, 2012) (granting leave to file supplemental brief of 18 pages after party sought leave and attached proposed filing of 33 pages and proposed order*); cf. Pro2Serve Pro. Project Servs. v. BWXT Y-12, LLC*, No. 3:07-CV-336, 2009 WL 392675, at *1 (E.D. Tenn. Feb. 17, 2009) (granting leave to file supplemental brief); *Howard v. Knox Cty., Tennessee*, No. 3:15-CV-6-TAV-CCS, 2016 WL 9455169, at *4-*5 (E.D. Tenn. Sept. 7, 2016) (refusing to strike supplemental brief even though party did not move for leave).

*3 (E.D. Tenn. Sept. 28, 2017).  Defendants have done exactly that here, in compliance with Local Rule 7.1(d).

Plaintiffs' cited cases are inapposite because they addressed situations where a party filed a supplemental brief without seeking court approval.  *Poteet v. Polk Cty., Tenn.*, No. 1:05-CV-309, 2007 WL 1100479, at *1 (E.D. Tenn. Apr. 11, 2007) (noting that Local Rule 7.1(d) "allows the filing of a very short brief *without the Court's approval* only in exceptional circumstances" and refusing to consider new deposition excerpts after previously denying motion to amend discovery schedule (emphasis added)); *McElroy v. Amylin Pharms., Inc.*, No. 1:12-CV-297, 2013 WL 12099073, at *5 (E.D. Tenn. Aug. 5, 2013) (refusing to consider an "unauthorized sur-reply").  Here, by contrast, Defendants did seek leave to file the proposed supplemental brief.

In essence, Plaintiffs' Opposition contends that Defendants have not shown good cause, because the proposed brief does not provide "supplemental factual developments in the bankruptcy proceeding" and instead raises solely "new legal arguments."  Dkt. 138 at 1-2.  Plaintiffs are incorrect on both points.  First, the proposed brief does address developments in the bankruptcy and their application to this case.  *See* Dkt. 137-1 at 1-3.  Second, Defendants' argument that there are no viable claims against the Individual Defendants is not new and was squarely raised in the original motion to dismiss briefing.  *See* Dkt. 93-1 at 29-30; Dkt. 104 at 24-25.

Rather, Defendants offer the supplemental brief to update the Court on how those arguments have been strengthened in light of CBL's recent bankruptcy discharge, namely because the challenged statements were all directly attributable to only CBL, which will no longer be a party to this litigation.  The bankruptcy discharge is a significant change in this litigation.  Due to these developments from the bankruptcy, Plaintiffs instead must now focus solely on the Individual Defendants.  *See Howard*, 2016 WL 9455169, at *4-*5 (allowing supplemental brief

where it addressed "a relevant question of law under the proper legal standard for a motion to dismiss"); *Anderson v. Mem'l Hosp.*, No. 1:05-CV-294, 2007 WL 9734180, at *4 (E.D. Tenn. Oct. 29, 2007) (accepting supplemental briefing "[g]iven the potential relevance of the issues implicated"); *Home Fed. Bank of Tennessee v. Home Fed. Bank Corp.*, No. 3:18-CV-379-JRG-DCP, 2019 WL 11670621, at *3 (E.D. Tenn. Sept. 18, 2019) (granting motion for leave to make supplemental filing where "it aided the Court in understanding the issue" at hand).

Contrary to Plaintiffs' protestation, Defendants' narrowly-focused, five-page supplemental brief will not prevent the Court from expeditiously adjudicating the Motion to Dismiss. Dkt. 138 at 2. The additional clarity provided to the Court regarding the deficient nature of the claims asserted against the Individual Defendants greatly outweighs any potential delay.

Respectfully submitted this 12th day of November, 2021.

<div style="margin-left: 45%">

**EVANS HARRISON HACKETT PLLC**

By: _/s/ Scott M. Shaw_
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/ B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

</div>

/s/ Gregory C. Cook
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com


*admitted *pro hac vice*

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that November 12, 2021, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)