|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) <br> ) Consolidated Case No. <br> ) No. 1:19-cv-00181-JRG-CHS <br> ) |

**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

Lead Plaintiffs agree that CBL has received a discharge in bankruptcy and should be dismissed from this action. However, the other arguments proffered in Defendants' supplemental brief (the "Supplemental Brief" or the "S. Br.") lack merit.

### A. CBL's Bankruptcy and Discharge from Liability Does Not Alter the Focus of This Action

Defendants err in contending that the focus of this case will shift significantly because of CBL's bankruptcy. S. Br. at 2-3. Although Plaintiffs cannot prosecute violations of federal securities laws against CBL, CBL's violations are an element of the control person claims that Plaintiffs assert against Charles and Steven Lebovitz, respectively the former Chairman of the Board and CEO of CBL. Section 20(a) provides for control persons to "also be liable jointly and severally with and to the same extent as the controlled person." 15 U.S.C. §78t(a); *see also Gaynor v. Miller*, 273 F. Supp. 3d 848, 872 (E.D. Tenn. 2017) (interpreting a virtually identical statutory provision as requiring proof that the controlled person violated federal securities laws). As a result, it is hornbook law that "corporate officers could not be relieved from liability on investors' control person claims merely because the corporation's underlying liability could not be adjudicated formally due to the corporation's insolvency." 10 American Law of Torts § 32:204 (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 285 (3d Cir. 2006) ("there is no requirement in the language of either statute that the controlled person be named as a defendant as a predicate to imposing liability upon the controlling individual defendants.") (citation omitted)). Thus, Plaintiffs must demonstrate that CBL violated Section 10(b) to prove their control person claims against Charles and Steven Lebovitz and there is not a single issue raised in the prior briefing that has been mooted by CBL's bankruptcy. *See, e.g., In re Enron Corp.*, 2005 WL 1638039, at *5-6 (S.D. Tex. June 21, 2005) (holding that primary violation is an element of a Section 20(a) claim).

1

## B. Defendants' Efforts to Disclaim Primary Liability Fails

Defendants argue that they cannot be primarily liable for the statements challenged by Plaintiffs. The Supreme Court, however, has held that a person, *i.e.,* the Defendants, can be primarily liable under Section 10(b) and, more specifically, SEC Rules 10b-5(a) and 10b-5(c), for statements made by another person, *i.e.*, CBL, if they were responsible for disseminating those statements. *Lorenzo v. Sec. & Exch. Comm'n*, __ U.S. __, 139 S. Ct. 1094, 1099 (2019). Here, Plaintiffs have alleged precisely such a scheme. *E.g.,* Amended Complaint ¶¶203-04.

Similarly, Defendants downplay allegations that Steven Lebovitz and Khaleel, in fact, signed SEC filings and, therefore, made multiple statements in certifications pursuant to Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley") which Plaintiffs allege were false and misleading. *See id.* ¶¶72-73, 77-78, 82-83, 86-87, 90-91, 95-96, 100-01, 106-07, 116-17, 123-24, 131-32, 139-40, 144-45, 150-51, 155-56, 160-61, 166-67, 172-73, 178-79. Similarly, Plaintiffs allege that each Defendants Charles Lebovitz, Steven Lebovitz, Khaleel and Chapman signed, and were a maker of all statements in each Form 10-K alleged to have violated the federal securities laws. *See id.* ¶¶82-83, 100-10, 131-32, 155-56, 178-79; *see also In re Wells Fargo & Co. S'holder Derivative Litig.*, 282 F. Supp. 3d 1074, 1095 (N.D. Cal. 2017); *Sec. & Exch. Comm'n v. Blackburn*, 156 F. Supp. 3d 778, 792 n.6 (E.D. La. 2015); *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 164 (S.D.N.Y. 2012) ("corporate officials are liable for misstatements to which they give their imprimatur").[1]

---

[1] For the first time, and in a footnote in their *third* brief, Defendants argues that allegations respecting the Sarbanes-Oxley certifications are not well pled. That argument fails because Plaintiffs allege how Defendants knew of the Overcharge Scheme (*e.g.*, Amended Complaint ¶186) yet allowed CBL to overstate its tenant reimbursements, total revenues and net income. *Id.* ¶¶73, 78, 83, 87, 91, 96, 101, 107, 117, 124, 132, 140, 145, 151, 156, 161, 167, 173, 179; *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 606 (S.D.N.Y. 2009) (Sarbanes–Oxley certification of effective internal controls was actionable when company

**C. Defendants' New Legal Argument for Avoiding Control Person Liability Ignores Controlling Sixth Circuit Law**

Section 20(a) of the Exchange Act provides for liability of a person controlling a primary violator of any provision of the Exchange Act "unless [1] the controlling person acted in good faith and [2] did not directly or indirectly induce the act … constituting the … cause of action." 15 U.S.C. §78t(a). Defendants contend that the law in the Sixth Circuit is unsettled based upon *Sanders Confectionery Products, Inc. v. Heller Financial, Inc*., 973 F.2d 474, 486 (6th Cir. 1992), and *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004), and that, based upon Section 20(a)'s language, this Court should require Plaintiffs to allege Defendants' "culpable participation" as an element of the Section 20(a) claim rather than requiring Defendants to prove good faith as an affirmative defense. S. Br. at 4 & n.3.

*Frank v. Dana Corp.*, 646 F.3d 954, 963 (6th Cir. 2011), which was decided after *Heller Financial* and *PR Diamonds*, however, is on point in holding that "[g]ood faith is an affirmative defense in section 20(a) claims and Plaintiffs were not required to plead that [the defendants] acted without it." In *Frank*, the Sixth Circuit explained that, even at trial, the defendants bear the burden to prove good faith, and the plaintiffs do not have the burden of proving culpable participation. *Id.*

---

allegedly misreported financial data). In addition, as Plaintiffs have previously explained, scienter is well pled against the Individual Defendants. *See* ECF No. 101 at 15-25. Moreover, scienter is not an element of a Section 20(a) claims, which, instead, required Defendants to actively demonstrate their good faith. *See Frank v. Dana Corp.*, 646 F.3d 954, 963 (6th Cir. 2011) (Section 20(a) makes good faith part of an affirmative defense for which defendants bear the burden or persuasion); *see also* Point C, *infra*.

Defendants also argue that Plaintiffs fail to attribute comments in press releases to any individual, while ignoring that, in *In re Banco Bradesco S.A. Sec. Litig*., 277 F. Supp. 3d 600, 640, 662-63 (S.D.N.Y. 2015), which they rely upon, ultimately held that the person signing the SEC filings which furnished the press releases to the SEC (and thereby to investors) was "made" the statements contained within the press releases for purposes of establishing liability. Here, those press releases were signed by Defendant Khaleel. *See, e.g.*, https://www.sec.gov/Archives/edgar/data/910612/000091061216000113/form8-k33116.htm.

That other Circuit Courts or District Courts have reached a contrary conclusion is irrelevant given the Sixth Circuit's holding in *Frank*. *See also* Culpable participation and defense of good faith, Law of Corp. Offs. & Dirs.: Rts., Duties & Liabs. § 19:4 (2021-2022) (recognizing that the Sixth Circuit is in the majority of circuits that do not require plaintiffs to plead the absence of good faith on the part of defendants as part of their § 20(a) case); *In re Nat'l Century Fin. Enters.*, 2006 WL 469468, at *24 (S.D. Ohio Feb. 27, 2006) (refusing to interject a pleading requirement of culpable participation because "[t]he Sixth Circuit's most recent statement on the elements of a § 20(a) claim makes no mention of such a requirement").

The Individual Defendants try to inject uncertainty into an issue of law which has been settled by the Sixth Circuit in *Frank* by claiming that the law is "unsettled." Defendants are in error as half the cases they cite were decided prior to the Sixth Circuit's controlling decision in *Frank* clarifying the law that a plaintiff need not plead culpable participation to sustain his (or her) claim on a pleading motion. *See Adams v. Hyman Lippitt, P.C.*, No. 05-72171, 2005 WL 3556196, at *12 (E.D. Mich. Dec. 29, 2005), *on reconsideration in part*, No. 05-72171, 2006 WL 901703 (E.D. Mich. Apr. 3, 2006); *Yadlosky v. Grant Thornton, L.L.P.*, 120 F. Supp. 2d 622, 632 (E.D. Mich. 2000); *Bomarko, Inc. v. Hemodynamics, Inc.*, 848 F. Supp. 1335, 1338–39 (W.D. Mich. 1993).[2] A careful reading of the other cases Defendants cite reveals that they were ones in which the plaintiff failed to properly allege a primary violation of Section 10(b) with those courts, in *dicta*, relying on pre-*Frank* decisions requiring that culpable participation be alleged as an element of a Section 20(a) claim. *See Plymouth Cty. Ret. Ass'n v. ViewRay, Inc.*, No. 1:19-CV-2115, 2021 WL 3773330, at *20 (N.D. Ohio Aug. 25, 2021); *In re TransDigm Grp., Inc. Sec. Litig.*, 440 F.

---

[2]     *Bomarko* is also distinguishable because it involved a summary judgment motion rather than the Rule 12(b)(6) pleading motion at issue in the case at Bar.

Supp. 3d 740, 773 (N.D. Ohio 2020); *City of Pontiac Gen. Employees' Ret. Sys. v. Stryker Corp.*, 865 F. Supp. 2d 811, 835 (W.D. Mich. 2012).[3]

In any event, *Yadlosky v. Grant Thornton, L.L.P.,* a case upon which Defendants rely, holds that all that is required to allege "culpable participation" is operational involvement in the Company's affairs. 120 F. Supp. 2d 622, 632 (E.D. Mich. 2000). Here, each of the Individual Defendants had precisely such operational involvement in CBL's affairs. *See* Amended Complaint ¶¶17-21. Charles Lebovitz, the Chairman of the Board of Directors, received a seven-figure compensation well in excess of CBL's other outside directors evidencing that he was, in fact, involved in the Company's operations. *Id.* ¶16. In addition, Charles Lebovitz was identified as one of the CBL's named executive officers in its SEC filings. *See, e.g.*, https://www.sec.gov/Archives/edgar/data/0000910612/000156459020015440/cbl-def14a_20200507.htm at 30, 37. *See also In re Haynes Lemmerz Int'l, Inc. Equity Secs. Litig.*, 271 F. Supp. 2d 1007, 1021-22 (E.D. Mich. 2003) (stating that a defendant CEO "would be hard-pressed to argue" he was not a control person, and that it is reasonable to presume control person liability for corporate officers).

## CONCLUSION

Therefore, the CBL's bankruptcy did not alter Defendants' liability under securities laws.

---

[3] *Lubbers v. Flagstar Bancorp, Inc.*, 162 F. Supp. 3d 571, 584 (E.D. Mich. 2016), the one post-*Dana* case relied upon by Defendants, was also a case in which the plaintiff had failed to properly allege a primary violation of Section 10(b).

Dated: December 6, 2021                    Respectfully Submitted,

/s/ *Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD & JANICH, PLLC**
11907 Kingston Pike, Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

**Co-Liaison Counsel for the Class**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
   **TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

6

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
ahood@pomlaw.com

**Co-Lead Counsel for the Class**

**BRONSTEIN, GEWIRTZ &
   GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**

**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**

7

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served electronically upon all parties and/or counsel listed through the Court's ECF system on this December 6, 2021.

**HOLIFIELD & JANICH, PLLC**

*/s/ Sarah R. Johnson*
Sarah R. Johnson, Esq.