|  |  |
|---|---|
| ) | |
| IN RE CBL & ASSOCIATES PROPERTIES, ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION ) | 1:19-CV-181-JRG-CHS |
| ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The decision cited by Plaintiffs, *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-3785, Dkt. 219 (S.D. Ohio), is factually and legally inapposite, as it arose out of a massive bribery and corruption scheme, and a federal criminal indictment of FirstEnergy.

FirstEnergy paid a ***$230 million penalty*** and "'admit[ted], accept[ed], and acknowledge[d] . . . that it 'conspired with public officials and other individuals and entities to pay millions of dollars to and for the benefit of public officials in exchange for specific official action for FirstEnergy Corp.'s benefit." *Id.* at 7. Plaintiffs allege no such criminal indictments, penalties, or admissions of responsibility as to CBL because they cannot do so.[1]

In sharp contrast to the allegations in this case, the *FirstEnergy* court emphasized that "Plaintiffs' overarching case for scienter is that Defendants 'bankrolled **one of the largest corruption and bribery schemes in U.S. history** . . . personally overseen and facilitated by the senior echelon of Company management" and cited numerous other, particularized allegations, including: (1) $14 million in insider trading proceeds by the defendants; (2) false statements made after the filing of the criminal complaint; (3) the existence of a bribery scheme as an independent

---

[1] While CBL received document requests from the Securities and Exchange Commission (the "SEC") and the Department of Justice (the "DOJ") regarding the *Salon Adrian* litigation, it cooperated and subsequently was advised by the SEC and DOJ that both agencies closed their investigations without any further action. *See* CBL Q1 2021 Form 10-Q at 36.

*Helwig* factor; (4) admissions of guilt in the deferred prosecution agreement, with details of meetings and contacts involving bribery; and (5) a series of executive terminations following the criminal complaint. Dkt. 143-1 at 36-41. No such particularized allegations exist here. MTD at 20-27; Reply Br. at 12-23.

In addition, the *FirstEnergy* court consistently stressed that the unique nature of First Energy's historic criminal scheme was critical to many of its conclusions. *See, e.g.*, Dkt. 143-1 at 2, 24, 26, 35, 37. For example, the *FirstEnergy* court emphasized that statements that would ordinarily be "bland and innocuous" took on a "different character" there because "they were proffered in response to specific shareholder concerns and served to further the scheme through distraction and concealment." *Id.* at 12. Plaintiffs do not provide any specific allegations rendering their challenge to "bland and innocuous" statements to be of the "different character" highlighted in *FirstEnergy*. *See* MTD at 8-13, 13-19; Reply Br. at 2-12.

Plaintiffs also assert that the *FirstEnergy* court found that "claims against non-speakers may proceed under a scheme liability theory." Dkt. 143. However, the factual allegations there included a filed federal criminal racketeering complaint and multiple guilty pleas. And, the *FirstEnergy* plaintiffs provided very detailed scheme allegations under Rule 10b-5(a) and (c) that Plaintiffs have not here. *Id.* at 24-26. The *FirstEnergy* court devoted *pages* of its decision to listing the specific allegations detailing each defendant's individual role and involvement in the bribery scandal. *See id.* at 28-32. Unlike in *FirstEnergy*, Plaintiffs make no such scheme allegations under Rule 10b-5(a) and (c), nor did they detail the alleged misconduct of individuals. *See* MTD at 29-30; Reply Br. at 24-25; Defs.' Supp. Br. at 2-6.

Finally, Plaintiffs mischaracterize *FirstEnergy*'s control liability holding. There, the court acknowledged that "[t]he standard for control under Section 20(a) is the subject of considerable

debate." Dkt. 143-1 at 58. It then explained that "[t]his Court need not resolve the control standard" because "[i]f a culpability requirement applies, the scienter findings are sufficient to meet it." *Id.* Thus, *FirstEnergy* did not reject the culpability requirement; rather, it found that such a determination was unnecessary because the plaintiffs' allegations satisfied the more rigorous culpability requirement. *See also* Defs.' Supp. Br. at 3-6; Reply Br. at 24-25.

For these reasons, *FirstEnergy* – a unique case involving one of the largest political bribery scandals in U.S. history – is inapposite. Thus, notwithstanding the *FirstEnergy* decision, Plaintiffs' claims should be dismissed in their entirety.

Respectfully submitted this 18th day of March, 2022.

**EVANS HARRISON HACKETT PLLC**

By:  */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/  B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

/s/ Gregory C. Cook
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

*admitted *pro hac vice*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that March 18, 2022, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: /s/ Scott M. Shaw
Scott M. Shaw (TN BPR # 019171)