|  |  |
|---|---|
| ) | |
| IN RE CBL & ASSOCIATES PROPERTIES, ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION ) | 1:19-CV-181-JRG-CHS |
| ) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLARIFICATION OF SCIENTER RULING IN MAY 3, 2022 ORDER AS TO CHARLES B. LEBOVITZ, STEPHEN D. LEBOVITZ, A. LARRY CHAPMAN, AND FARZANA KHALEEL

Defendants Charles B. Lebovitz, Stephen D. Lebovitz, A. Larry Chapman, and Farzana Khaleel (collectively, the "Moving Defendants") respectfully ask the Court to clarify one portion of its May 3, 2022 order (Dkt. 145): whether Plaintiffs' claims against the Moving Defendants should be sustained despite the Court's statement that "Plaintiffs do not allege with 'particularity facts giving rise to a strong inference' that the individual Defendants other than Mr. Stephas and Mr. Sewell 'acted with the required state of mind'" under the PSLRA. Dkt. 145 at 34-35 (quoting 15 U.S.C. § 78u-4(b)(2)(A)).[1]

Pursuant to the PSLRA and binding Sixth Circuit authority, the relevant inquiry begins and ends with whether Plaintiffs' Consolidated Complaint (Dkt. 80, the "Complaint") adequately alleges a strong inference of scienter—and this inquiry must be conducted on a defendant-by-defendant basis. *See infra* at 3-6. The Moving Defendants respectfully submit that the Motion to Dismiss briefing (Dkts. 93-1, 104) challenged the adequacy of the Complaint's scienter allegations as to them. The Moving Defendants do not seek clarification of any other aspect of the Court's Order, nor do they seek to delay discovery or other proceedings in this case. To the contrary, Defendants (including the Moving Defendants) will file their Answer within the time allotted by

---

[1] Defendants do not seek clarification of the Court's scienter ruling as to Defendants Augustus Stephas or Donald Sewell.

the Court and will submit a proposed schedule as directed by the Court.

## LEGAL STANDARD

"Although the Federal Rules of Civil Procedure do not specifically recognize motions for clarification or elaboration," *Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.*, No. 09-2127-STA, 2012 WL 2791050, at *2 (W.D. Tenn. July 9, 2012), federal courts have broad discretion to clarify, reconsider, or amend their orders, *see Willis v. Neal*, No. 1:04-cv-305, 2006 WL 1129388, at *1 (E.D. Tenn. Apr. 24, 2006) ("'[U]ntil a district court enters a judgment, it may alter or amend any of its orders.'") (quoting *Jaynes v. Austin,* 20 Fed. App'x 421, 425 (6th Cir. Sept. 25, 2001)). *See also* Fed. R. Civ. P. 54(b). For the reasons explained below, the Moving Defendants respectfully ask that the Court clarify its ruling regarding the adequacy of the Complaint's scienter allegations as to the Moving Defendants.

## ARGUMENT

### I. THE COURT'S MAY 3, 2022 ORDER

In its May 3, 2022 Order, the Court stated the following:

> In passing, though, the Court observes that the complaint, as it applies to the individual Defendants other than Mr. Stephas and Mr. Sewell, lacks the same specific "reference[s] to [a] factual context." *Iqbal*, 556 U.S. at 686. ***That is, Plaintiffs do not allege with "particularity facts giving rise to a strong inference" that the individual Defendants other than Mr. Stephas and Mr. Sewell "acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). They do not allege that Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Mr. Khaleel, or Mr. Chapman conceived the fraudulent scheme, participated in it, or—outside of conclusory assertions—had knowledge of it in any way. In the absence of these allegations, these individual Defendants' intent to deceive, manipulate, or defraud is highly dubious under the PSLRA***. *See City of Taylor*, 29 F.4th at 815 ("True, he signed [the] reports to regulators and investors. But the complaint does not include allegations showing that he knowingly or deliberately intended to manipulate or was reckless.").

> But again, the Court makes these observations only in passing because Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Mr. Khaleel, and Mr. Chapman—who have mustered only a three-sentence argument for the dismissal of the claims against them under § 10(b)—do not expressly contest the sufficiency of the

allegations as to their state of mind. Instead, they contest only whether the allegations suffice to demonstrate that they are the makers of the statements at issue, and again, the allegations suffice to that end. *See Janus Capital*, 564 U.S. at 143 ("Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it. And it is the speaker who takes credit—or blame—for what is ultimately said."). In sum, Plaintiffs' claim under § 10(b) and Rule 10b-5 withstands scrutiny under Rule 12(b)(6), Rule 9, and the PSLRA, as it applies to CBL and the individual Defendants.

Dkt. 145 at 34-35 (emphasis added). The Moving Defendants agree that the Complaint does not contain particularized factual allegations giving rise to the required "strong inference of scienter" as to Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Ms. Khaleel, or Mr. Chapman. In light of the Court's statement regarding the inadequacy of the Complaint as to the Moving Defendants, they respectfully ask the Court to clarify and amend its ruling that the Complaint "withstands scrutiny" against Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Ms. Khaleel, and Mr. Chapman.

## II.     SCIENTER MUST BE ANALYZED BASED ON THE ALLEGATIONS IN THE COMPLAINT AS TO EACH DEFENDANT INDIVIDUALLY.

The PSLRA provides that a plaintiff's "*complaint shall*, with respect to *each act or omission* alleged to violate this chapter, state with *particularity facts* giving rise to a *strong inference* that *the defendant* acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A) (emphasis added). The clear language of the statute yields two straightforward conclusions: (1) the touchstone of the court's inquiry is whether the complaint alleges with particularity facts supporting scienter, and (2) scienter must be analyzed as to each and every defendant.

The first point is uncontroversial. The Supreme Court has made clear that a securities fraud "complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007). And a long line of cases clearly establish that at the motion to dismiss phase, scienter must be analyzed solely by evaluating the facts alleged in the complaint. *See, e.g., In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 473

(6th Cir. 2014) ("[A] court 'must consider the complaint in its entirety' and decide 'whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter.'") (emphasis in original) (citing *Tellabs*, 551 U.S. at 322-23); *Salim v. Mobile Telesystems PJSC*, No. 21-839-CV, 2022 WL 966903, at *1 (2d Cir. Mar. 31, 2022) ("Our analysis *begins and ends* with the requirement that a complaint claiming violations of §§ 10(b) and 20(a) of the Exchange Act must *state with particularity facts giving rise to a strong inference* that the defendant[s] acted with scienter.") (emphasis added); *Dronsejko v. Thornton*, 632 F.3d 658, 666 (10th Cir. 2011) ("[T]he PSLRA's heightened pleading standard requires the *complaint to allege, with particularity*, facts giving rise to a strong inference of scienter.") (emphasis added).

The general thrust of the case law discussed above is not unique to securities fraud cases. As the Court is well aware, analysis of a Rule 12(b)(6) motion is generally "confine[d] . . . to the allegations within the four corners of the complaint." *Koshani v. Barton*, No. 3:17-cv-265, 2018 WL 3150345, at *3 n. 2 (E.D. Tenn. June 27, 2018); *see also Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015) (same). But closely scrutinizing a securities plaintiff's scienter allegations takes on special importance in light of the PSLRA's explicit requirement that such plaintiffs "state with particularity facts giving rise to a strong inference" that a defendant acted with scienter. 15 U.S.C. § 78u-4(b)(2)(A); Dkt. 93-1 at 7-8. Moreover, the text of the statute leaves no room for discretion where, as here, Plaintiffs fail to allege such facts: "In any private action arising under this chapter, the court *shall*, on the motion of any defendant, *dismiss the complaint* if the [particularized pleading] requirements of paragraphs (1) and (2) are not met." *Id.* § 78u-4(b)(3) (emphasis added).

As to the second point—that scienter must be analyzed as to each defendant—that too is uncontroversial. The Sixth Circuit has interpreted the PSLRA to require that courts "analyze

scienter on a defendant-by-defendant basis." *City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*, 29 F.4th 802, 813 (6th Cir. 2022). *See also* Dkt. 93-1 at 2; *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 684 (6th Cir. 2005) (analyzing scienter as to each defendant individually and noting that "we . . . analyze scienter as to each of the three relevant defendants," corporate entities and individuals alike); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) ("[T]he complaint must allege facts supporting a strong inference of scienter *for each defendant* with respect to each violation.") (emphasis added).

Here, as to the Moving Defendants, the Court stated that the Complaint came nowhere close to pleading particularized facts giving rise to the required "strong inference" of scienter. Instead, the Court referred to the scienter allegations against the Moving Defendants as "conclusory" and "highly dubious", stating at page 34 of its Order (emphasis added):

> ***They do not allege that Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Mr. Khaleel, or Mr. Chapman conceived the fraudulent scheme, participated in it, or—outside of conclusory assertions—had knowledge of it in any way. In the absence of these allegations, these individual Defendants' intent to deceive, manipulate, or defraud is highly dubious under the PSLRA.***

Accordingly, since the Court has stated that the Complaint in this case does *not* "allege with 'particularity facts giving rise to a strong inference' that the individual Defendants other than Mr. Stephas and Mr. Sewell 'acted with the required state of mind'" (Dkt. 145 at 34-35), it should dismiss the Moving Defendants given the inadequate scienter allegations as to them.

As discussed below, the Moving Defendants respectfully contend that they did challenge the adequacy of the scienter allegations made in the Complaint as to them. But even if they had not, the principles discussed above—i.e., that scienter must be assessed as to each defendant based solely on a plaintiff's allegations—would still compel dismissal. Doing so would be consistent with the PSLRA's mandate that a "court *shall* . . . dismiss the complaint" if a plaintiff fails to

plead particularized facts supporting a strong inference of scienter. 15 U.S.C. § 78u-4(b)(3). Indeed, some courts have even *sua sponte* dismissed defendants who *failed* to file a formal Rule 12 motion for lack of scienter. *See, e.g.*, *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 369 (S.D.N.Y. 2015) (dismissing "non-moving Individual Defendants" who had not even appeared in the case because "Plaintiffs have not established scienter on behalf of the Individual Defendants"), *aff'd* (2nd Cir. 15-2528, Mar 21, 2016). *See also City of Taylor*, 29 F.4th at 815 ("In any event, *our own review of the complaint* reveals no strong inference of scienter when it comes to Silvious.") (emphasis added).

### III. THE MOVING DEFENDANTS CHALLENGED THE ADEQUACY OF PLAINTIFFS' SCIENTER ALLEGATIONS AS TO THEM.

Notwithstanding the Court's observation that the scienter allegations against the Moving Defendants were legally inadequate, the Court nonetheless concluded that the Complaint "withstands scrutiny" against them, because they did not "expressly contest" the allegations made "as to their state of mind" in their Motion to Dismiss papers. *See* Dkt. 145 at 35. Specifically, the Order found that Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Mr. Chapman, and Ms. Khaleel "mustered only a three-sentence argument for the dismissal of the claims against them" based solely on "whether the allegations suffice to demonstrate that they are the makers of the statements at issue" under the Supreme Court's decision in *Janus Capital Grp. v. First Derivative Traders,* 564 U.S. 135 (2011). *Id.* For the reasons stated below, the Moving Defendants respectfully submit to the Court that they did expressly contest the scienter allegations made against them.

The Motion to Dismiss was made on behalf of all Defendants—corporate and individual alike (*see generally* Dkt. 93)—and all Defendants, including the Moving Defendants, expressly moved to dismiss on the grounds of scienter. Dkt. 93-1 at 20-28. All Defendants argued that Plaintiffs had failed "to allege particular facts raising a strong inference that *each Defendant* made

the allegedly false or misleading statements with scienter, or the intent to deceive." Dkt. 93-1 at 2 (emphasis added). With respect to the substance of (all) Defendants' scienter arguments, they too were made on behalf of the Individual Defendants—and specifically distinguished between the scienter allegations made as to the Moving Defendants, on the one hand, and the scienter allegations regarding Mr. Stephas and Mr. Sewell on the other hand. Indeed, Defendants emphatically and explicitly opposed the notion that Plaintiffs "can satisfy the required strong inference of scienter as to *all Defendants . . .* merely by alleging scienter *as to Stephas and Sewell*," noting "[t]hat is not the law." Dkt. 104 at 21.[2]

Moreover, Defendants' Motion to Dismiss papers made the following arguments on behalf of all Defendants:

- "Plaintiffs have not shown that Defendants believed, contrary to their stated opinions, that the *Wave* litigation would have a material adverse impact prior to March 2019." Dkt. 93-1 at 24.

- "To raise a strong inference of scienter, Plaintiffs must allege[] facts showing that [CBL] or the Individual Defendants filed the Form 10-K statements knowing they were false, with the intent to defraud the public," which Plaintiffs failed to do. *Id.* at 27 (internal citation omitted).

- The more compelling inference is that Defendants acted without scienter. *Id.* at 25-26.

Defendants' Motion to Dismiss also made certain arguments that are inherently specific to individual persons, including:

- "Plaintiffs do not and cannot allege that any insider selling took place. Thus, under Plaintiffs' theory of the case, the Individual Defendants (who retained their shares) would have defrauded themselves . . . . Such conduct is inconsistent with scienter." *Id.* at 22. *See also* Dkt. 104, Reply Br., at 21 (Plaintiffs "do not allege facts to show any *personal motive* of any Defendant") (emphasis added).

---

[2] In that connection, Defendants pointed out that the Court must weigh "all Individual Defendants' states of mind and compar[e] competing, nonculpable inferences." *Id.* at 21. Although this argument was made in the context of rebutting CBL's *corporate* scienter—given that the Company was still in the case at this point—it highlights the requirement of analyzing scienter on a defendant-by-defendant basis.

- Defendants criticized the Complaint for attempting to allege scienter based on the Board of Directors' alleged role in "monitoring" litigation arguing, that "fraudulent intent cannot be inferred merely from [a defendant's] position in the Company." Dkt. 93-1 at 23 (citing Compl. ¶ 186(c). This argument applies solely to Defendants Charles and Stephen Lebovitz and Larry Chapman—the only Defendants who are also board members. *See also* Dkt. 104 at 20 (arguing that position-based allegations are insufficient).

- Defendants attacked Plaintiffs' argument that scienter could be inferred based on the fact that "certain Individual Defendants' incentive compensation under CBL's 'Long Term Incentive Program was 'based in part upon total shareholder return'"; Defendants further explained that "motives 'shared by all corporate insiders' are 'too general and speculative to support an inference of scienter'" under *Helwig*." *Id.* at 22-23 (citing *Dougherty v. Esperion Therapeutics, Inc.*, 905 F.3d 971, 982 (6th Cir. 2018).[3]

- With respect to *Helwig* factor two—a "divergence between internal reports and external statements"—Defendants argued that scienter was not adequately alleged as to the Individual Defendants because Plaintiffs must "specifically identify the reports, allege their content, and provide information *connecting those reports to the Individual Defendants*." Dkt. 104 at 14 n.9 (emphasis added).

- And Defendants pointed out that some of Plaintiffs' allegations were made about "Defendants" generally—that is, "without specifying which Defendants" were at issue— which is insufficient under the PSLRA. Dkt. 93-1 at 27.

Importantly, Defendants also drew a bright line between the scienter allegations as to Mr. Stephas and Mr. Sewell and the scienter allegations pertaining to the remaining Individual Defendants. The opening Motion to Dismiss brief emphasized that with respect to the "Overcharge Scheme," Plaintiffs alleged "the involvement of only two of the six Individual Defendants— Stephas (COO) and Sewell (Senior Vice President)"—neither of whom was "alleged to have made any" of the challenged statements. Dkt. 93-1 at 27. Defendants reiterated this point in their Reply brief, arguing that Plaintiffs impermissibly "try to use the same allegation—i.e., Sewell's and

---

[3] Plaintiffs' allegations about the Long Term Incentive Program pertain solely to Defendants Charles Lebovitz, Stephen Lebovitz, and Farzana Khaleel (*see* Compl. ¶ 186(f)), and thus, this argument by necessity applies only to those Moving Defendants. *See also* Dkt. 101, Pltfs' Opp. Br., at 25 (arguing that "the incentive compensation of C. Lebovitz, S. Lebovitz, and Khaleel was based on total shareholder return").

Stephas's alleged knowledge of and participation in the scheme—to satisfy several of the *Helwig* factors." Dkt. 104 at 13.

The Moving Defendants acknowledge that they did not separately apply the nine *Helwig* factors to each individual Defendant, but that is not required, especially where the Complaint largely made scienter allegations about "Defendants" generally. *See, e.g.*, Compl. ¶¶ 7, 186, 199, 201, 208. Rather, Defendants argued that scienter must be alleged as to each Defendant while simultaneously (i) responding to the general allegations made as to all "Defendants" and (ii) highlighting individual differences and shortcomings as to specific Defendants. The Moving Defendants respectfully submit that the arguments above provide ample support for dismissal on scienter grounds as to each of them. To be sure, a party may waive an issue by merely addressing it "in a perfunctory manner, unaccompanied by some effort at developed argumentation." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). But that did not happen here, nor did the Court find waiver as to any of the Moving Defendants. Accordingly, the Moving Defendants respectfully submit that the arguments regarding the insufficiency of the Complaint's scienter allegations as to them were adequately raised in the Motion to Dismiss papers such that the Court can and should dismiss the Moving Defendants.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Moving Defendants' Motion for Clarification and enter an order dismissing Defendants Charles B. Lebovitz, Stephen D. Lebovitz, A. Larry Chapman, and Farzana Khaleel.

Respectfully submitted this 24 day of May, 2022.

EVANS HARRISON HACKETT PLLC

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/  B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

*/s/ Gregory C. Cook*
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

*admitted *pro hac vice*

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that May 24, 2022, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

EVANS HARRISON HACKETT PLLC

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)