# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
| | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO THE
## CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, A. Larry Chapman, Augustus N. Stephas, and Don Sewell (collectively, the "Defendants") hereby answer Plaintiffs' Consolidated Class Action Complaint (Dkt. 80) (the "Consolidated Complaint") as follows:

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, unless expressly admitted or otherwise addressed below, all contents of the Consolidated Complaint are expressly denied, including the allegations in the numbered paragraphs, headings, titles, charts, footnotes, preamble, the table of contents, prayer for relief, and jury demand. If an allegation is directed towards a specific Defendant, and that Defendant admits such allegation as to himself or herself, then such an admission is only as to that Defendant, and is expressly denied as to the other Defendants. The Consolidated Complaint contains unnumbered paragraphs and/or statements that Defendants are not required to admit or deny. If a response is required, then Defendants deny all such unnumbered paragraphs and/or statements.

The Consolidated Complaint contains allegations purporting to characterize or partially quote statements from CBL's press releases, public filings with the SEC, email communications, as well as statements by third parties who are not parties to this suit. Defendants refer to these cited sources for their complete contents and deny any allegations that misquote, misconstrue, or mischaracterize those sources. In accordance with Rule 8(b)(5), Defendants lack knowledge or

information sufficient to form a belief as to whether Plaintiffs have completely and accurately alleged the contents of the various statements by third parties to which the allegations refer. Defendants therefore refer to each such document for a statement of its complete contents and deny such allegations that misquote, misconstrue, or mischaracterize the cited or quoted document.

The Consolidated Complaint contains allegations purporting to refer to CBL in the present tense. On November 1, 2020, CBL, along with certain co-debtors, filed voluntary petitions under chapter 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On August 11, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Third Amended Joint Chapter 11 Plan of CBL & Associates Properties, Inc. and its Affiliated Debtors (the "Plan"). On November 1, 2021 (the "Effective Date"), the conditions to effectiveness of the Plan were satisfied and the Debtors emerged from the Chapter 11 Cases. On the Effective Date, all prior equity interests of the Company issued and outstanding immediately prior to the Effective Date, including (1) CBL's common stock, par value $0.01 per share and CBL's preferred stock and related depositary shares and (2) CBL & Associates Limited Partnership common interests and special common interests and the limited partnership preferred interests related to the CBL's preferred stock, and any rights of any holder in respect thereof, were deemed canceled, discharged and of no force or effect. On November 2, 2021, the newly issued common stock of the reorganized company commenced trading on the NYSE under the symbol CBL. Moreover, CBL's pre-existing notes were canceled and discharged under the Plan and such notes were exchanged for new notes issued pursuant to the Plan. The reorganized company is a fully independent entity that did not exist during the time period relevant to the allegations in the Consolidated Complaint. Thus, to the extent that any allegations are directed at the reorganized company or refer to CBL in the "present" tense, such

allegations are expressly denied. To the extent that Defendants respond to allegations referring to CBL in the present tense, such answers refer to the former CBL as of the date of the filing of the Consolidated Complaint.

Pursuant to CBL's Plan, CBL received a discharge of its prepetition debts, including the securities claims alleged in the Consolidated Complaint, and Plaintiffs have been "deemed to have forever waived, released, and discharged [CBL], to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights, and liabilities that arose prior to the Effective Date." Plan, at 61. Under the Plan, Plaintiffs are also enjoined from pursuing the claims alleged in the Consolidated Complaint against CBL. *Id*. Moreover, the securities on which Plaintiffs base their claims in the lawsuit were "extinguished, cancelled and of no further force or effect." *Id.* at 36. For these reasons, as outlined below, the Court has dismissed CBL as a Defendant in this lawsuit.

Finally, on May 3, 2022, the Court dismissed CBL & Associates Properties, Inc. ("CBL Associates") and CBL & Associates Limited Partnership ("CBL Operating," and together with CBL Associates, "CBL" or the "Company"). To the extent that Defendants answer any dismissed claims or allegations, they do so only out of an abundance of caution and without prejudice to their position that those claims and allegations are no longer at issue in the action. To the extent that Defendants answer any such allegations, Defendants do not admit that those allegations or claims against CBL remain in the case, are otherwise actionable, or constitute proper subjects or bases for discovery. In fact, such allegations against CBL in the Consolidated Complaint may violate the Bankruptcy Court's Confirmation Order and the Plan's injunction and discharge provisions.

Defendants answer the Consolidated Complaint's separately numbered paragraphs as follows:

1.    Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL & Associates Properties, Inc. was a self-managed, self-administered, fully integrated REIT that owned, developed, acquired, leased, managed, and operated regional shopping malls, outlet centers, lifestyle centers, open-air centers and other properties.  Defendants admit that CBL & Associates Properties, Inc. conducted substantially all its business through CBL & Associates Limited Partnership.  Defendants admit that Plaintiffs purport to bring this action on behalf of all persons who purchased or otherwise acquired the securities of CBL between July 29, 2014 and March 26, 2019.  Defendants admit that Plaintiffs purport to bring these claims under the Securities Exchange Act of 1934.  Defendants maintain that Plaintiff has failed to state a claim for relief, deny that any class should be certified, and deny any remaining allegations in Paragraph 1.

2.    Defendants deny the allegations in Paragraph 2. With respect to the portion of Paragraph 2 that purports to characterize the contents of CBL's lease agreements, Defendants state that the lease agreements speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations in Paragraph 2 are denied.

3.    Defendants admit that CBL hosted a conference in 2005 which certain employees, including Mr. Sewell, attended.  Defendants admit that Augustus N. Stephas was Executive Vice President and Chief Operating Officer of the Company from 2010 until September 28, 2018. Defendants admit that Mr. Stephas joined CBL's predecessor in 1978.  Defendants admit that Don Sewell was Senior Vice President – Management of the Company.  Defendants admit that Mr. Sewell had held various prior property management positions.  Defendants deny the remaining allegations in Paragraph 3.

4.    Defendants admit that on March 16, 2016, Wave Lengths Hair Salons of Florida, Inc. d/b/a Salon Adrian filed a putative class action in the United States District Court for the

Middle District of Florida for unspecified monetary damages as well as costs and attorneys' fees (the "Wave Litigation"). Defendants admit that the plaintiff in that litigation asserted claims under the Racketeer Influenced and Corrupt Organization Act. With respect to the allegations of this paragraph which purport to describe or characterize court records, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny any remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5, except they admit that CBL's insurer obtained a declaratory judgment regarding the scope of its insurance coverage for the Wave Litigation.

6. Defendants deny Paragraph 6 to the extent that it incorrectly identifies Jeffery V. Curry as "John V. Curry," but admit that Jeffery V. Curry was formerly a partner at Husch Blackwell LLP. Defendants admit that Husch Blackwell LLP represented the defendants in the Wave Litigation. With respect to the allegations in the last portion of this paragraph which purport to describe or characterize court records, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize this source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. With respect to the first two sentences of this paragraph, which purport to describe or characterize public SEC filings, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. The third sentence of Paragraph 8 refers to the daily trading price of CBL's common stock on the public market, which is a matter of public record and speaks for itself. The

third sentence of Paragraph 8 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations. Defendants deny any remaining allegations in Paragraph 8.

9. Defendants admit that Plaintiffs purport to bring this action under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this action and further refer to the Securities Exchange Act of 1934 (the "Exchange Act") and the rules promulgated thereunder. Defendants deny that they have violated any laws or that Plaintiffs are entitled to any judgment against Defendants. Defendants deny any remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they are subject to the jurisdiction of this Court. Defendants deny any remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11, except to admit that venue is proper in this Court.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Defendants admit that the Court appointed the individuals and entities identified in Paragraph 13 as the co-lead plaintiffs in this action on September 10, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and deny those allegations on that basis. Defendants deny any remaining allegations

in Paragraph 13.

14. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL & Associates Properties, Inc.'s principal executive offices were located at CBL Center, 2030 Hamilton Place Boulevard, Suite 500, Chattanooga, Tennessee. Defendants admit that, as of the date of the filing of the Consolidated Complaint, CBL & Associates Properties, Inc. was registered with the SEC and that its common stock traded on the NYSE. Defendants admit that CBL was 100% owner of two qualified REIT subsidiaries, CBL Holdings I, Inc. and CBL Holdings II, Inc. Defendants deny the remaining allegations in Paragraph 14 and further state that no shares of preferred stock are currently issued or outstanding as to the newly reorganized CBL.

15. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL Operating was a Delaware limited partnership. Defendants admit the allegations in the second sentence of Paragraph 15. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit that, on the date of the filing of the Consolidated Complaint, Charles B. Lebovitz was Chairman of the Executive Committee of the Board of Directors of CBL (the "Board"). In response to the second sentence of Paragraph 16, Defendants admit that Charles B. Lebovitz was one of the founders of CBL & Associates Properties, Inc. and that its name derives from the initials of his name, but deny the remaining allegations in the second sentence of Paragraph 16. Defendants further admit that Charles B. Lebovitz earned a base salary of $675,000 in 2016 and $681,750 in 2017 and 2018, and refer to publicly available data regarding Defendants' compensation and bonus history for their complete contents.

17. Defendants admit that, on the date of the filing of the Consolidated Complaint, Stephen D. Lebovitz was the Chief Executive Officer ("CEO") and President of the Company, a member of the Board and a member of the Executive Committee of the Board. Defendants admit

the allegations in the second sentence of Paragraph 17.  Defendants admit the allegations in the third sentence of Paragraph 17, except to state that Stephen D. Lebovitz earned "bonuses" in these amounts.  Defendants admit the allegations in the fourth sentence of Paragraph 17, except to state that Stephen D. Lebovitz earned "stock awards" in these amounts. Defendants admit the allegations in the fifth sentence of Paragraph 17.  Defendants refer to publicly available data regarding Defendants' compensation and bonus history for their complete contents.

18.     Defendants admit that, on the date of the filing of the Consolidated Complaint, Farzana Khaleel was the Company's Executive Vice President – Chief Financial Officer and Treasurer.  Defendants admit the allegations in the second sentence of Paragraph 18, except to state that Farzana Khaleel earned "bonuses" in these amounts.  Defendants admit the allegations in the third sentence of Paragraph 18, except to state that Farzana Khaleel earned "stock awards" in these amounts.  Defendants admit the allegations in the fourth sentence of Paragraph 18. Defendants refer to publicly available data regarding Defendants' compensation and bonus history for their complete contents.

19.     Defendants admit that A. Larry Chapman joined CBL as a director in 2013 and that he was Chairman of CBL's Audit Committee.  Defendants deny the remaining allegations in Paragraph 19, including to state that Mr. Chapman is no longer a director of CBL.

20.     Defendants admit the first four sentences of Paragraph 20, except to state that Mr. Stephas retired as Chief Operating Officer on September 28, 2018 and retired from CBL on December 31, 2018.  With respect to the fifth sentence of Paragraph 20, which purports to characterize CBL's proxy statements filed with the SEC, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied.  Defendants deny any remaining allegations in Paragraph

20.

21. Defendants admit the allegations in the first three sentences of Paragraph 21 that identify Defendant Don Sewell's employment history, but Defendants deny that he is currently an employee of CBL. With respect to the last sentence of Paragraph 21, which purports to characterize CBL's Form DEF14A SEC filings, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny any remaining allegations in Paragraph 20.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL was a self-administered, fully integrated REIT which own, developed, acquired, leased, managed, and operated regional shopping malls, open-air and mixed-use centers, outlet centers, associated centers, community centers and office properties. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL's properties were primarily in the southeastern and midwestern United States. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL conducted substantially all of its business through CBL & Associates Limited Partnership. Defendants deny any remaining allegations in Paragraph 23.

24. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL derived revenue from mall properties. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL's rental revenues were primarily derived from leases with retail tenants that may include fixed minimum rents, percentage rents based on tenants' sales volumes and reimbursements from tenants for expenditures related to real estate taxes, insurance, common area maintenance ("CAM") and other recoverable operating expenses, as well as certain capital expenditures. Defendants deny any remaining allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 28 pertaining to third parties and deny those allegations on that basis. Defendants further state, on information and belief, that during the relevant time period, Valquest was an independent third-party company based in Texas that, among other things, conducted and provided energy audits and analysis. Defendants admit that CBL hosted a conference in 2005, which was attended by Valquest. Defendants deny the remaining allegations in Paragraph 28, and specifically deny that they engaged in any misconduct or wrongdoing.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants admit that Valquest performed services at certain properties in which CBL had an interest. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. With respect to Paragraph 32, which purports to describe, characterize, and quote from the cited deposition testimony, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny the remaining allegations in Paragraph 32.

33. With respect to Paragraph 33, which purports to describe, characterize, and quote from the certain cited sources, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35.	Defendants deny the allegations in Paragraph 35, except they admit that Wave Lengths Hair Salon of Florida, Inc., d/b/a Salon Adrian, was a retail tenant at a Florida property in which CBL had an interest.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and deny those allegations on that basis.  Defendants deny the remaining allegations in Paragraph 35.

36.	Defendants admit that a lender foreclosed on Gulf Coast Town Center in 2016 after which CBL ceased to have an ownership interest in Gulf Coast Town Center.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and deny those allegations on that basis.  Defendants deny any remaining allegations in Paragraph 36, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

37.	Defendants deny the allegations in Paragraph 37.

38.	Defendants admit that CBL held an insurance policy issued by Catlin Insurance Company Ltd.  With respect to the portion of this paragraph which purports to describe or characterize the cited insurance policy, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny any remaining allegations in Paragraph 38.

39.	With respect to the allegations in this paragraph which purport to describe or characterize the cited insurance policy, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny any remaining allegations in Paragraph 39.

40.	With respect to the allegations in this paragraph which purport to describe or characterize the cited insurance policy, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations

are denied.  Defendants deny any remaining allegations in Paragraph 40.

41.     Defendants admit that on March 16, 2016, Wave Lengths Hair Salon of Florida, Inc., d/b/a Salon Adrian, filed a class action complaint in the U.S. District Court for the Middle District of Florida.  Defendants admit that the plaintiff in that litigation asserted various claims, including claims for violation of the Racketeer Influenced and Corrupt Organizations Act and claims for violations of state law.  Defendants admit that the plaintiff filed a First Amended Class Action Complaint on July 1, 2016.  Defendants deny any remaining allegations in Paragraph 41.

42.     With respect to Paragraph 42, which purports to describe or characterize the First Amended Complaint in the Wave Litigation, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 42, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

43.     With respect to Paragraph 43, which purports to describe or characterize the First Amended Complaint in the Wave Litigation, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 43, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

44.     With respect to Paragraph 44, which purports to describe or characterize the First Amended Complaint in the Wave Litigation, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 44, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

45.     With respect to Paragraph 45, which purports to describe or characterize the First

Amended Complaint in the Wave Litigation, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 45, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

46. Defendants admit that the plaintiff in the Wave Litigation sought to certify a class. With respect to the portions of Paragraph 46 which purport to describe, characterize, or quote from the First Amended Complaint in the Wave Litigation, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 46, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

47. Defendants admit that the court in the Wave Litigation issued an order on April 11, 2017 granting in part and denying in part the defendants' motion to dismiss. With respect to the second and third sentences of Paragraph 47, which purport to describe, characterize, or quote from the motion to dismiss order in the Wave Litigation, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 47, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

48. Defendants admit the Magistrate Judge in the Wave Litigation issued a Report and Recommendation on November 25, 2016 recommending that the court deny the defendants' motion to strike the class action allegations from the Wave Litigation plaintiff's complaint. With respect to the portions of Paragraph 48 which purport to describe, characterize, or quote from these court records in the Wave Litigation, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the

allegations are denied. Defendants deny the remaining allegations in Paragraph 48, and specifically deny that they or CBL engaged in any misconduct or wrongdoing.

49. Defendants admit that the parties to the Wave Litigation engaged in certain pretrial discovery, as described in the Motion for Preliminary Approval of Class Settlement in the Wave Litigation. To the extent these allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50, except to further state that the court in the Wave Litigation denied the parties' cross-motions for summary judgment.

51. Defendants admit that CBL and its co-defendants filed a Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f). With respect to the second sentence of Paragraph 51, which purports to describe, characterize, or quote from these court filings, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny any remaining allegations in Paragraph 51.

52. Defendants admit that the parties to the Wave Litigation reached agreement as the material terms of a settlement on March 19, 2019. With respect to the portions of Paragraph 52 which purport to describe, characterize, or quote from the terms of the settlement agreement, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants further state that the settlement agreement was structured on a "claims made" basis, and although announced to have a total value of $90 million, the actual amount paid and/or credited by the Company has been approximately $46.4 million, with $27 million being attorneys' fees and the majority of the remaining amount being credits applied to accounts. Defendants deny any remaining allegations

in Paragraph 52.

53. Defendants admit that CBL's insurer took the position that its insurance policy did not provide coverage for the Wave Litigation. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that Catlin filed a lawsuit in Superior Court of Delaware seeking a declaratory judgment regarding the scope of its insurance policy's coverage. Defendants deny any remaining allegations in Paragraph 54.

55. Defendants admit that the Superior Court of Delaware issued an order on September 20, 2017 granting Catlin's Motion for Judgment on the Pleadings. With respect to the portions of Paragraph 55 which purport to describe, characterize, or quote from the court records, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny any remaining allegations in Paragraph 55.

56. Defendants admit that, on the date of the filing of the Consolidated Complaint, CBL was subject to the federal securities laws. With respect to the remaining allegations in Paragraph 56, Defendants state that these allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. The allegations in Paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 57 purports to describe or characterize the contents of SEC Regulation S-K, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 57.

58. The allegations in Paragraph 58 contain legal conclusions to which no response is

required. To the extent a response is required, Paragraph 58 purports to describe, characterize, or quote from the contents of SEC Regulation S-K, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 58.

59. The allegations in Paragraph 59 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 59 purports to describe, characterize, or quote from the contents of SEC Regulation S-K, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 59.

60. The allegations in Paragraph 60 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 60 purports to describe, characterize, or quote from the contents of SEC Regulation S-K, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 60.

61. The allegations in Paragraph 61 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 61 purports to describe, characterize, or quote from the contents of GAAP Rule ASC 450, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 61.

62. The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 62 purports to describe, characterize, or quote from the contents of GAAP Rule ASC 450, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the

allegations are denied. Defendants deny any remaining allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. The allegations in Paragraph 65 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 65 purports to describe or characterize the contents of SEC Rules and the Accounting Standards Codification, and Defendants state that the cited sources speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants deny any remaining allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. The allegations in Paragraph 68 contain legal conclusions to which no response is required. To the extent a response is required, Paragraph 68 purports to describe or characterize the contents of FASB Concepts Statement No. 5, and Defendants state that the cited source speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's July 29, 2014 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

71. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 11, 2014 Form 10-Q, Defendants state that the cited

source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

72. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 11, 2014 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

73. Defendants deny the allegations in Paragraph 73.

74. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's October 29, 2014 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

75. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's October 29, 2014 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

76. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 10, 2014 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

77. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 10, 2014 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

78. Defendants deny the allegations in Paragraph 78.

79. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 3, 2015 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

80. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 3, 2015 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

81. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 2, 2015 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

82. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 2, 2015 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

83. Defendants deny the allegations in Paragraph 83.

84. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's April 28, 2015 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

85. With respect to the allegations in this paragraph, which purport to describe,

characterize, or quote from CBL's May 11, 2015 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

86. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 11, 2015 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

87. Defendants deny the allegations in Paragraph 87.

88. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's July 29, 2015 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

89. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 10, 2015 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

90. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 10, 2015 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

91. Defendants deny the allegations in Paragraph 91.

92. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's October 28, 2015 press release, Defendants state that the cited

source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

93. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's October 28, 2015 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

94. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 9, 2015 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

95. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 9, 2015 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

96. Defendants deny the allegations in Paragraph 96.

97. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 3, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

98. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 3, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

99.     With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 29, 2016 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

100.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 29, 2016 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

101.    Defendants deny the allegations in Paragraph 101.

102.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's April 27, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

103.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's April 27, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

104.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's April 28, 2016 Form 8-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

105.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2016 Form 10-Q, Defendants state that the cited source

speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

106. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

107. Defendants deny the allegations in Paragraph 107.

108. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

109. Defendants deny the allegations in the first sentence of Paragraph 109. With respect to the allegations in the second sentence of this paragraph, which purport to describe, characterize, or quote from Item 303 of Regulation S-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 109.

110. With respect to the allegations in the first sentence of this paragraph, which purport to describe, characterize, or quote from Item 303 of Regulation S-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. The allegations in the second sentence of Paragraph 110 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 110. Defendants deny any remaining allegations in Paragraph 110.

111. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

112. Defendants deny the allegations in the first portion of Paragraph 112. With respect to the second portion of this paragraph, which purports to describe, characterize, or quote from GAAP ASC 270-15-50-6, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 112.

113. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's July 28, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

114. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's July 28, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

115. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

116. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2016 Form 10-Q, Defendants state that the cited

source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

117. Defendants deny the allegations in Paragraph 117.

118. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

119. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

120. Defendants deny the allegations in Paragraph 120.

121. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's October 27, 2016 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

122. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

123. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize

that source, the allegations are denied.

124. Defendants deny the allegations in Paragraph 124.

125. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 25.

126. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2016 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 126.

127. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's December 8, 2016 Form 424B5, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Paragraph 126.

128. Defendants deny the allegations in Paragraph 128.

129. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 1, 2017 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

130. With respect to the allegations in this paragraph, which purport to describe,

characterize, or quote from CBL's March 1, 2017 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

131. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2017 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2017 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

134. Defendants deny the allegations in the first sentence of Paragraph 134. With respect to the allegations in the second and third sentences of this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2017 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny any remaining allegations.

135. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2017 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

136.    Defendants deny the allegations in Paragraph 136.

137.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 3, 2017 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

138.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

139.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

140.    Defendants deny the allegations in Paragraph 140.

141.    With respect to the allegations in the first portion of this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the allegations in the second portion of this paragraph.  Defendants deny any remaining allegations in Paragraph 141.

142.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 3, 2017 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

143.     With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

144.     With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

145.     Defendants deny the allegations in Paragraph 145.

146.     With respect to the allegations in the first portion of this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the allegations in the second portion of this paragraph.  Defendants deny any remaining allegations in Paragraph 146.

147.     With respect to the allegations in the first portion of this paragraph, which purport to describe, characterize, or quote from CBL's August 29, 2017 Form 424B5, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the allegations in the second portion of this paragraph.  Defendants deny any remaining allegations in Paragraph 147.

148.     With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 2, 2017 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

149. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

150. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

151. Defendants deny the allegations in Paragraph 151.

152. With respect to the allegations in the first portion this paragraph, which purport to describe, characterize, or quote from CBL's November 8, 2017 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the allegations in the second portion of this paragraph. Defendants deny any remaining allegations in Paragraph 152.

153. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 8, 2018 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

154. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2018 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

155. With respect to the allegations in this paragraph, which purport to describe,

characterize, or quote from CBL's March 1, 2018 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

156. Defendants deny the allegations in Paragraph 156.

157. With respect to the allegations in the first sentence of this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2018 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the allegations in the second sentence of Paragraph 157.

158. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's April 26, 2018 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

159. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

160. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's May 10, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

161. Defendants deny the allegations in Paragraph 161.

162. With respect to the allegations in the first portion of this paragraph, which purport

to describe, characterize, or quote from CBL's May 10, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the allegations in the second portion of this paragraph. Defendants deny any remaining allegations.

163. Defendants deny the allegations in Paragraph 163.

164. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 1, 2018 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

165. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

166. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

167. Defendants deny the allegations in Paragraph 167.

168. With respect to the allegations in the first portion of this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the allegations in the second portion of this paragraph. Defendants deny any remaining allegations in Paragraph 168.

169. With respect to the allegations in the first sentence of this paragraph, which purport to describe, characterize, or quote from CBL's August 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the allegations in the second sentence of Paragraph 169. Defendants deny any remaining allegations in Paragraph 169.

170. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's October 29, 2018 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

171. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

172. With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's November 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

173. Defendants deny the allegations in Paragraph 173.

174. With respect to the allegations in the first portion of this paragraph, which purport to describe, characterize, or quote from CBL's November 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the allegations in the second portion of this paragraph that the Form 10-Q from November 9, 2018 was materially false

or misleading.  Defendants deny any remaining allegations in Paragraph 174.

175.    With respect to the allegations in the first sentence of this paragraph, which purport to describe, characterize, or quote from CBL's November 9, 2018 Form 10-Q, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny the allegations in the second sentence of Paragraph 175.  Defendants deny any remaining allegations in Paragraph 175.

176.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's February 7, 2019 press release, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

177.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2019 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

178.    Defendants deny the allegations in Paragraph 178 to the extent that it incorrectly refers to the "2014 10-K."  To the extent that Paragraph 178 refers to CBL's March 1, 2019 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.  Defendants deny any remaining allegations.

179.    Defendants deny the allegations in Paragraph 179.

180.    With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 1, 2019 Form 10-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize

that source, the allegations are denied.

181.     Defendants deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.     With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 26, 2019 Form 8-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

184.     With respect to the allegations in this paragraph, which purport to describe, characterize, or quote from CBL's March 26, 2019 Form 8-K, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

185.     With respect to the allegations in Paragraph 185, which purport to recite information regarding the prices at which CBL's securities traded on March 27, 2019, Defendants state that the daily trading price of CBL's common stock, Series D preferred shares, Series E preferred shares, and senior unsecured notes during this time period is a matter of public record and speaks for itself.  To the extent any remaining allegations in Paragraph 185 require a response, Defendants deny them.

186.     Subpart (a) of Paragraph 186 contains legal conclusions to which no response is required.  To the extent that a response to Subpart (a) of Paragraph 186 is required, Defendants deny the allegations.

The first sentence of Subpart (b) of Paragraph 186 contains legal conclusions to which no response is required.  To the extent that a response to the first sentence of Subpart (b) of Paragraph 186 is required, Defendants deny the allegations.  With respect to the allegations in the second

sentence of Subpart (b) of Paragraph 186, which purport to describe, characterize, or quote from a court record, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied.

With respect to the allegations in the Subpart (c) of Paragraph 186, which purport to describe, characterize, or quote from CBL's public filings, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied.

Defendants deny Subpart (d) of Paragraph 186 as incorrectly identifying Jeffery V. Curry as "John V. Curry." Defendants admit that Mr. Curry previously worked for Husch Blackwell LLP, but deny the remaining allegations in Subpart (d) of Paragraph 186.

Defendants deny Subpart (e) of Paragraph 186.

With regard to Subpart (f) of Paragraph 186, which purports to describe, characterize, or quote from the Long Term Incentive Plan, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. Defendants deny the remaining allegations in Subpart (f) of Paragraph 186.

Defendants admit the first portion of Subpart (g) of Paragraph 186 regarding the positions previously held by Mr. Sewell, but Defendants deny that he is currently an employee of CBL. Defendants admit that Mr. Sewell had held various positions at CBL or its predecessors since 1973. Defendants admit that Mr. Sewell had certain interactions with Valquest, but deny these allegations to the extent that the plaintiff in the Wave Litigation alleged such interactions were illegal or improper. Defendants deny the remaining allegations in Subpart (g) of Paragraph 186.

Subpart (h) of Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Subpart (h) of Paragraph 186 are denied.

With respect to the portions of Subpart (i) of Paragraph 186 which purport to describe, characterize, or quote from court records in the Wave Litigation, Defendants state that the cited sources speak for themselves, and to the extent the allegations misquote, misconstrue, or mischaracterize those sources, the allegations are denied. Defendants expressly deny that compliance with the terms of the protective order stipulated to by the parties and entered by the court in the Wave Litigation supports any inference of scienter, and state that the court in the Wave Litigation has declined Plaintiffs request to obtain documents from the Wave Litigation. Defendants deny the remaining allegations in Subpart (i) of Paragraph 186, and any remaining allegations in Paragraph 186.

187. Defendants admit only that Plaintiffs purport to bring this action as a putative class action on behalf of the putative class described in Paragraph 187. Defendants deny that the putative class is properly defined, that Plaintiffs have standing to pursue claims on behalf of noteholders given that, among other reasons, they owned no such notes or securities, and deny that class certification is appropriate in this case. Defendants deny that Plaintiffs and the putative class are entitled to any relief. Defendants deny any remaining allegations in Paragraph 187.

188. Defendants admit that Plaintiffs purport to limit the putative class as alleged in Paragraph 188. Defendants deny any remaining allegations in Paragraph 188.

189. Defendants admit that shares of CBL common stock and preferred stock were traded on the NYSE during the proposed class period. Defendants deny the remaining allegations in Paragraph 189 and expressly deny that a certification of any class is appropriate in this case.

190. Defendants deny the allegations in Paragraph 190.

191. Defendants deny the allegations in Paragraph 191.

192. Defendants deny the allegations in Paragraph 192.

193.	Defendants deny the allegations in Paragraph 193.

194.	Defendants deny the allegations in Paragraph 194.

195.	Defendants deny the allegations in Paragraph 195.

196.	Defendants deny the allegations in Paragraph 196.

197.	Defendants repeat each and every response to the allegations contained above as if fully set forth herein.

198.	Defendants admit that Plaintiffs purport to bring this action pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and SEC Rule 10b-5 promulgated thereunder. With respect to the portion of this paragraph which purports to describe or characterize Rule 10b-5, Defendants state that the cited source speaks for itself, and to the extent the allegations misquote, misconstrue, or mischaracterize that source, the allegations are denied. The allegations in Paragraph 198 otherwise contain legal conclusions, for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 198. Defendants deny any remaining allegations in Paragraph 198.

199.	Defendants deny the allegations in Paragraph 199.

200.	Defendants deny the allegations in Paragraph 200.

201.	Defendants deny the allegations in Paragraph 201.

202.	Defendants deny the allegations in Paragraph 202.

203.	Defendants deny the allegations in Paragraph 203.

204.	Defendants deny the allegations in Paragraph 204.

205.	Defendants deny the allegations in Paragraph 205.

206.	Defendants deny the allegations in Paragraph 206.

207.	Defendants repeat each and every response to the allegations contained above as if

fully set forth herein.

208.    Defendants admit that Charles Lebovitz, Stephen Lebovitz, Farzana Khaleel, and A. Larry Chapman helped conduct CBL's business affairs during the class period.  Defendants admit that Augustus N. Stephas and Don Sewell helped conduct CBL's business affairs until their respective retirement dates.  Defendants deny the remaining allegations in 208.

209.    The allegations in Paragraph 209 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever, and deny any remaining allegations in these or any other portions of the Consolidated Complaint to the extent not expressly admitted or otherwise addressed herein.

## JURY TRIAL DEMANDED

Defendants deny that Plaintiffs are entitled to any of the relief requested in the section of the Consolidated Complaint entitled Jury Trial Demanded, and deny any remaining allegations in these or any other portions of the Consolidated Complaint to the extent not expressly admitted or otherwise addressed herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

## FIRST DEFENSE

Defendants maintain that the Consolidated Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Consolidated Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied.

## THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants are not liable, and Plaintiffs' claims against CBL have been dismissed with prejudice.

## FOURTH DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## SIXTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act.

## SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class for control person liability are barred because the Individual Defendants, at all times, "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

## EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to the failure of the Consolidated Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the PSLRA, as well as Plaintiffs' inability to prove any such facts.

## NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which the alleged claims are based.

## TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## ELEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that the allegedly false and misleading statements identified by Plaintiffs were immaterial.

## TWELFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in that Plaintiffs have failed to plead their claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the PSLRA, Fed. R. Civ. P. 9(b), or otherwise.

## FIFTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to Plaintiffs' inability to prove facts demonstrating a strong inference of scienter, with regard to each Defendant, and as to each alleged misstatement.

## SIXTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot prove reliance on any alleged statements or actions of the Defendants and Plaintiffs are not entitled to the fraud on the market presumption of reliance.

## SEVENTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot meet their burden of proving that there was an "efficient market" with respect to CBL's securities or notes.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiffs' averred damages and the requisite "loss causation" is lacking. *See* 15 U.S.C. § 78u-4(b)(4).

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in whole or in part to the extent the damages allegedly suffered (which Defendants contend there are none) are the proximate result of causes other than the acts, omissions, and occurrences alleged in the Consolidated Complaint, including as a result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not liable.

## TWENTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in whole or in part to the extent any decline in the value of Plaintiffs' CBL shares was caused by intervening and superseding causes.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

## TWENTY-SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA, 15 U.S.C. § 78u-5(c), to the extent that they challenge forward-looking statements.

## TWENTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

## TWENTY-FOURTH DEFENSE

To the extent Defendants were in possession of any of the information Plaintiffs claim they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

## TWENTY-FIFTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiffs' claims to the extent that the information at issue was credibly made available to the market by other sources.

## TWENTY-SIXTH DEFENSE

The Consolidated Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of CBL stock.

## TWENTY-SEVENTH DEFENSE

The Consolidated Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade securities between the time the alleged misrepresentations were made and the time the alleged "truth" was revealed.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable under the *Santa Fe* doctrine.

## TWENTY-NINTH DEFENSE

The purported claims of Plaintiffs and some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## THIRTIETH DEFENSE

Plaintiffs and other putative class members lack standing to prosecute this action.

## THIRTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrine of assumption of risk because Plaintiffs and the putative class had full knowledge of, and assumed and accepted, the hazards and risks associated with their investments.

## THIRTY-SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent the doctrines of estoppel, laches, waiver, acquiescence, and/or ratification apply.

## THIRTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent they have "unclean hands" and/or to the extent they engaged in acts and courses of conduct which rendered them *in pari delicto*.

## THIRTY-FOURTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## THIRTY-FIFTH DEFENSE

Any recovery by Plaintiffs and the putative class against Defendants would constitute unjust enrichment.

## THIRTY-SIXTH DEFENSE

Plaintiffs are not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs are not entitled to an award of punitive damages, pre-judgment interest, or post-judgment interest.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

**THIRTY-NINTH DEFENSE**

Any potential recovery by Plaintiffs or the putative class members is subject to offset in the amount of any benefit received by Plaintiffs or the putative class members through their investments.

**FORTIETH DEFENSE**

Plaintiffs' claims are barred to the extent they purport to represent putative class members whose claims have been released as a result of the confirmation of CBL and its Co-Debtors' Third Amended Joint Chapter 11 Plan.

**FORTY-FIRST DEFENSE**

Plaintiffs' claims are barred to the extent they purport to represent putative class members whose claims were discharged as a result of CBL and its Co-Debtors' Third Amended Joint Chapter 11 Plan.

**FORTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent they purport to represent putative class members whose claims are based on shares of CBL's stock or notes issued by CBL that were canceled and/or extinguished as a result of the confirmation of CBL and its Co-Debtors' Third Amended Joint Chapter 11 Plan.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent they purport to represent putative class members whose claims were satisfied or paid (or for which Plaintiffs and putative class members received new securities in exchange for their claims) as a result of the confirmation of CBL and its Co-Debtors' Third Amended Joint Chapter 11 Plan.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred to the extent they purport to represent putative class members who are enjoined from bringing such claims as a result of the confirmation of CBL and its Co-Debtors' Third Amended Joint Chapter 11 Plan.

## FORTY-FIFTH DEFENSE

As the Court acknowledged in its order on May 3, 2022, Plaintiffs' purported claims and those of the putative class fail to allege a strong inference of scienter with regard to Defendants Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, and A. Larry Chapman, and as to each alleged misstatement.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

\* \* \* \* \*

## Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants having fully answered Plaintiffs' Consolidated Complaint, pray:

(a) that the Consolidated Complaint be dismissed with prejudice;

(b) that judgment be entered in Defendants' favor;

(c) that all costs of this action be taxed against Plaintiffs; and

(d) for such other and further relief as the Court deems proper.

Respectfully submitted this 24 day of May, 2022.

**EVANS HARRISON HACKETT PLLC**

By:  */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*/s/   B. Warren Pope*
B. Warren Pope*
Georgia Bar No. 583723
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com

*/s/ Gregory C. Cook*
Gregory C. Cook*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com

*admitted *pro hac vice*

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that May 24, 2022, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)