UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-00181-JRG-CHS |

## ORDER

This matter is before the Court on Defendants' Motion for Clarification [Doc. 147] and

Memorandum of Law in Support [Doc. 147-1], in which they "ask that the Court clarify its ruling

regarding the adequacy of the Complaint's scienter allegations as to" Defendants Charles B.

Lebovitz, Stephen D. Lebovitz, A. Larry Chapman, and Farzana Khaleel and "enter an order

dismissing" the claims against them. [Defs.' Mem. in Support of Clarification at 2, 9]. The Court

recently denied these Defendants' request for dismissal of Plaintiffs' claims under § 10(b) of the

Securities Exchange Act of 1934, as amended by 15 U.S.C. § 78j(b), as well as Securities and

Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5. In doing so, the Court, as to

allegations of scienter relating to these individual Defendants, wrote:

> In passing, though, the Court observes that the complaint, as it applies to the individual Defendants other than Mr. Stephas and Mr. Sewell, lacks the same specific "reference[s] to [a] factual context." *Iqbal*, 556 U.S. at 686. That is, Plaintiffs do not allege with "particularity facts giving rise to a strong inference" that the individual Defendants other than Mr. Stephas and Mr. Sewell "acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). They do not allege that Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Mr. Khaleel, or Mr. Chapman conceived the fraudulent scheme, participated in it, or—outside of conclusory assertions—had knowledge of it in any way. In the absence of these allegations, these individual Defendants' intent to deceive, manipulate, or defraud is highly dubious under the PSLRA. *See City of Taylor*, 29 F.4th at 815 ("True, he signed [the] reports to regulators and investors. But the complaint does not include allegations showing that he knowingly or deliberately intended to manipulate or was reckless.").
>
> But again, the Court makes these observations only in passing because Mr. Charles Lebovitz, Mr. Stephen Lebovitz, Mr. Khaleel, and Mr. Chapman—who have mustered only a three-sentence argument for the dismissal of the claims against them under § 10(b)—do not expressly contest the sufficiency of the allegations as to their state of mind. Instead, they contest only whether the

allegations suffice to demonstrate that they are the makers of the statements at issue, and again, the allegations suffice to that end. *See Janus Capital*, 564 U.S. at 143 ("Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it. And it is the speaker who takes credit—or blame—for what is ultimately said."). In sum, Plaintiffs' claim under § 10(b) and Rule 10b-5 withstands scrutiny under Rule 12(b)(6), Rule 9, and the PSLRA, as it applies to CBL and the individual Defendants.

[Mem. Op. & Order, Doc. 145, at 34–35].

Defendants Charles B. Lebovitz, Stephen D. Lebovitz, Chapman, and Khaleel now maintain that they did challenge the allegations of scienter as to each of them. They redirect the Court's attention to their motion to dismiss, in which they highlight select sentences that, they claim, demonstrate they attacked the adequacy of the allegations as to scienter "on behalf of all Defendants." [Defs.' Mem. in Support of Clarification at 7]. But this was precisely the problem with their motion to dismiss—that they made a *collective* argument against scienter "on behalf of all Defendants." [*Id.*]. As they rightly recognize in their motion for clarification, whether a complaint contains a strong inference of scienter is an inquiry that "must be conducted on a *defendant-by-defendant* basis." [*Id.* at 1 (emphasis added)]. Yet their only appreciable attempt to engage in a defendant-by-defendant analysis came in a three-sentence paragraph with the heading "Plaintiff's Claims Must Be Dismissed as to Certain Individual Defendants," [Defs.' Mem. in Support of Mot. Dismiss, Doc. 93-1, at 29–30], and for the reasons the Court stated in its opinion, this analysis was ineffective.

Defendants Charles B. Lebovitz, Stephen D. Lebovitz, Chapman, and Khaleel now put forward a much more a deliberate effort to construct a defendant-by-defendant analysis by extracting certain sentences from their motion to dismiss and arranging them in bullet points for the Court's review. That effort, however, was altogether absent in their motion to dismiss, and the Court was under no obligation to rake through their thirty-page motion to dismiss and

2

handpick individual sentences that might support a defendant-by-defendant analysis, especially when they now acknowledge that they contested the allegations of scienter not on a defendant-by-defendant basis but collectively "on behalf of all Defendants." [Defs.' Mem. in Support of Clarification at 7]; *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Defendants' Motion for Clarification [Doc. 147] is therefore **GRANTED** to the extent that Defendants request clarification of the Court's ruling and **DENIED** to the extent they request an order dismissing the claims against them.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3
