UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-00181-JRG-CHS |

## SCHEDULING ORDER

The parties filed their Rule 26(f) report (*see* Fed. R. Civ. P. 26(f)) on April 17, 2020 (ECF No. 105) and the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), lifted when the Court denied Defendants' motion to dismiss on May 3, 2022 (ECF No. 145). Therefore, pursuant to Rule 16(b), it is hereby **ORDERED** as follows:

(1) **_PARTIES_**: Co-Lead Plaintiffs Jay Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman, are represented by Jeremy A. Lieberman, Esq., Michael J. Wernke, Esq., and J. Alexander Hood II, Esq., of Pomerantz LLP and Jeffrey S. Abraham, Esq. and Michael J. Klein, Esq., of Abraham, Fruchter & Twersky LLP, as Co-Lead Counsel; and by John W. Chandler, Jr., Esq., of The Hamilton Firm, and Al Holifield, Esq., and Sarah R. Johnson, Esq., of Holifield Janich & Ferrera, PLLC, as Co-Liaison Counsel. The Defendants, Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, A. Larry Chapman, Augustus N. Stephas, and Don Sewell, are represented by B. Warren Pope, Esq., of King & Spalding LLP, Gregory C. Cook, Esq., of Balch & Bingham LLP, and Scott M. Shaw, Esq., of Evans Harrison Hackett PLLC.

(2) **_JURISDICTION_**: In this case, the subject matter jurisdiction of the Court has been invoked pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa, and 28 U.S.C. §1331 (federal question jurisdiction), and is not in dispute.

(3) **_CONSENT TO MAGISTRATE JUDGE_**: The parties have not consented that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

(4) **_EXPERT TESTIMONY_**: Disclosure of any expert testimony in accordance with Rule 26(a)(2) shall be made by the plaintiff on or before May 30, 2023. Defendants' expert testimony shall be disclosed on or before July 14, 2023, and plaintiffs' reply/rebuttal reports shall be filed on or before August 28, 2023. Expert discovery shall close on September 27, 2023.

Any objections to a proposed expert witness's qualifications, or that witness's competency to offer an expert opinion, or any objection to an expert's testimony under Federal Rules of Evidence 701 through 706 and Daubert, shall be filed by November 13, 2023.

(5) **_STATUS REPORT_**: The parties shall file a written status report detailing the case's progress on May 12, 2023. Failure to file this report will result in an in-person status conference before the Court.

(6) **_ALTERNATIVE DISPUTE RESOLUTION/MEDIATION_**: Prior to the Court's May 3, 2022 ruling on the Motion to Dismiss, the parties conducted two separate, non-binding mediations before the same private mediator. Neither mediation resulted in a settlement. The parties intend to conduct another private, non-binding mediation likely sometime later this year. The parties will notify the Court within fifteen (15) days after the mediation as to whether the mediation was successful or not.

(7) **_DISCOVERY CUT-OFF_**: Discovery will commence on June 2, 2022. Merits discovery will be completed by April 28, 2023, with the parties' rolling document production(s) to be substantially complete by January 30, 2023 and fully completed by March 9, 2023. Discovery requests, in the absence of an agreement to extend the deadline, in writing, by the parties, shall be

made so as to permit the answering party the time permitted under the Rules within which to respond prior to the discovery cut-off. The other deadlines proposed in the parties' Rule 26(f) Report are adopted:

    (a)    Initial disclosures shall be exchanged by no later than June 2, 2022.

    (b)    Responses to requests for documents served by another party are due within 30 days after service.

    (c)    Interrogatories to another party are limited to 25 per side, with responses due within 45 days after service.

    (d)    Requests for admission are limited to 50 per side, excluding requests for admission directed toward the admissibility of evidence, with responses due within 45 days after service and with the deadline to serve requests for admission being 60 days before trial.

    (e)    The default limit of 10 depositions per side provided by Fed. R. Civ. P. 30 shall govern, subject to the right of each side to seek leave for additional depositions under Fed. R. Civ. P. 30. Each deposition shall be limited to 1 day and seven hours of record testimony unless the parties agree otherwise or good cause is shown to extend any deposition.

    (f)    Any party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response (a) within 18 days if the party learns that in some material respect the disclosure or response is incomplete or incorrect, provided that the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or, (b) as ordered by the court.

(8) **_MOTIONS_**:

    (a)    Any motions to amend the pleadings or add new parties must be filed by July 5, 2022, or upon making a showing of good cause pursuant to Fed. R. Civ. P. 16 and subject to the requirements of Fed. R. Civ. P. 15.

    (b)    Any motion for judgment on the pleadings filed pursuant to Rule 12(c) shall be filed within 4 weeks after a ruling on any motion to amend the pleadings.

    (c)    All dispositive motions will be filed by November 9, 2023, with oppositions to dispositive motions due by December 26, 2023, and replies in further support of such motions due by January 25, 2024. Any motion for summary judgment filed pursuant to Rule 56, Federal Rules of Civil Procedure, must be accompanied by a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. Any party opposing the motion for summary judgment must serve and file, along with that party's response to the motion for summary judgment, a response to each fact set forth by the movant either (1) agreeing that the fact is undisputed, (2) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (3) demonstrating that the fact is disputed. Each disputed fact must be support by specific citation to the record. The non-moving party's response may contain a concise statement of any additional facts that the non-moving party contends are material and as to which the non-moving party contends there exists a genuine issue to be tried, with each such disputed fact to be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute. If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these

additional facts by filing a reply statement in the same manner and within the time permitted for replies pursuant to the Local Rules of this Court.

The Court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements. This likely will be done without affording a party a second chance to comply with these requirements.

(d) There shall be no stay of discovery pending disposition of any motion absent a showing of good cause.

(e) Failure to respond to any motion, dispositive or nondispositive, may be deemed a waiver of any opposition to the relief sought.

(9) EXHIBITS AND WITNESS LISTS: The parties' request that they be permitted to schedule pretrial motions, witness lists, etc. after summary judgment motions are filed is granted. At such time, all parties shall:

(a) Exchange lists of all exhibits and designation of depositions to be placed in evidence and PRODUCE THOSE EXHIBITS FOR INSPECTION BY OPPOSING PARTIES. In addition, the parties shall MARK AND NUMBER ALL EXHIBITS with exhibit stickers obtained from the United States Clerk's Office, Greeneville Division. The parties shall place the case number on the stickers. Also, the defendant shall begin numbering defense exhibits with the next successive number after the last number used by the plaintiff.

Unless written objection is made by a motion in limine to the authenticity and/or admissibility of an exhibit, or designation, the authenticity and/or admissibility of the exhibit or designation is admitted. If a party files a motion in limine regarding an exhibit, the motion shall refer to the exhibit by the number marked by the parties during their exchange.

(b) Furnish opposing parties a list of damages if damages are claimed.

(c) Exchange a list of witnesses who are expected to testify.

(10) **COURTROOM TECHNOLOGY**:

(a) The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording System (JERS) to capture evidence electronically during a trial. Admitted evidence will be released to the jury during deliberations unless the Court specifically directs otherwise, and the evidence can be played back by the jury in the deliberation room. In order to best facilitate presentation of evidence at trial and use of the JERS, the parties are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy <u>at least one week before trial</u>. The exhibits shall be the exhibits that were previously marked and numbered by the parties. The exhibits SHALL BE SUBMITTED IN ELECTRONIC FORMAT.

Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be direct to the courtroom deputy (directory available on website).

(b) At least five (5) days before the final pretrial conference, the parties shall disclose, to one another and to the courtroom deputy, technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment; data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom to use, and (2) equipment supplied by the Court the parties intend to use. The parties shall confirm the compatibility/viability of their planned use of technology with the Court's equipment on or before this same date.

(11) **DEPOSITIONS FOR PROOF**: Depositions for evidence shall be conducted during fact discovery (i.e., by April 28, 2023), unless all parties agree otherwise, which agreement

6

Case 1:19-cv-00181-JRG-CHS   Document 153   Filed 06/09/22   Page 6 of 11   PageID #: 2290

shall be memorialized in writing, or unless leave of Court is granted. However, no depositions shall be taken after the date that motions in limine are due.

(12) **_MOTIONS IN LIMINE_**_:_ All motions in limine in regard to exhibits, depositions, witnesses, and/or video tapes with supporting authority must be filed 10 weeks before trial, with responses to motions in limine due 7 weeks before trial, and replies in further support of such motions to be filed by 5 weeks before trial. These motions may be heard at the pretrial conference by the Magistrate Judge. If a motion in regard to the exclusion of a portion of a video tape is granted, that tape must be edited before trial. A motion in limine is not a substitute for the filing of an appropriate dispositive motion. A motion in limine that is dispositive in nature is subject to summary denial.

(13) **_PROPOSED FINAL PRETRIAL ORDER_**_:_ Unless counsel are otherwise directed by the Court, the following shall govern with regard to the pretrial order in this particular case. Five (5) days before the final pretrial conference, a proposed final pretrial order shall be filed. The order shall contain the following recitals:

(a) Jurisdiction.

(b) Admissions and Stipulations. The parties shall set out in separately numbered paragraphs each fact that is not in dispute. The parties are reminded that the Court, in an effort to reduce the need for evidence at and length of trial, expects them to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, this section will be read to the jury, and the jury will be instructed to accept these facts as true.

(c) General Nature of the Claims of the Parties.

      i.  Short summary of plaintiff's theory. For each defendant, each plaintiff shall concisely state each legal theory relied upon and shall set out the factual allegations which the plaintiff expects to prove in support of each theory. Vague, conclusory, and general claims and allegations are not acceptable. By this stage of the proceedings, plaintiff is expected to know what the claims are and must state precisely and succinctly the issues expected to be tried. Each claim must be set out in a separately numbered paragraph, appropriately labeled.

      ii.  Short summary of defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and shall set out the factual allegations which the defendant expects to prove in support of each such legal theory.

  (d)  Contested Issues of Law.

  (e)  Damages. If damages cannot be stipulated, each party must show the method by which damages should be calculated if awarded.

  (f)  Other Trial Information and Other Matters.

      i.  That the pleadings are amended to conform to the pretrial order.

      ii.  Estimated length of trial (in working days).

      iii.  Possibility of settlement.

Forty-five (45) days before the final pretrial conference (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify

the undersigned's office at least twenty (20) days before the final pretrial conference that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered ex parte by a District Judge or Magistrate Judge may be sought by motion filed ten (10) days following entry of the order.

**Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a <u>failure to prosecute the action</u> and the action <u>dismissed</u>. See Fed. R. Civ. P. 41(b).**

(14)     ***<u>FINAL PRETRIAL CONFERENCE</u>****:* There shall be a final pretrial conference to be held before the Court at the United States Courthouse in Greeneville, Tennessee, at <u>9:00 a.m.</u>, on Tuesday <u>May 7, 2024</u>. At the final pretrial conference, the parties shall produce all previously marked exhibits for inspection by the Clerk. Any exhibit not produced will not be used at trial.

(15)     ***<u>PRETRIAL FILINGS</u>****:* Preferably after the Magistrate Judge has entered orders on all motions in limine, but <u>NO LATER THAN</u> seven (7) days prior to trial, the parties shall file electronically:

(a)     File a final witness list listing only those witnesses that will definitely be used at trial. Rebuttal or character witnesses need not be mentioned.

(b)     File a final exhibit list listing the exhibits previously marked. The list shall refer to the exhibit by exhibit number and whether it was marked for identification purposes only due to a ruling by the Magistrate Judge.

(c)     File a list of damages preferably stipulated to by all parties. If damages cannot be stipulated, a list must be filed by each party showing the method by which damages were determined.

(d) File designations of depositions or portions thereof which will be read at trial.

(e) File as an exhibit résumés of all expert witnesses.

(f) File all proposed jury instructions with supporting authority. A <u>failure to submit a proposed special instruction</u> that is reasonably foreseeable by this deadline may result in a <u>summary denial</u> of such a request.

(g) File a proposed verdict form for consideration. It is preferable that the parties submit a joint proposed verdict form. However, it is not required.

(16) ***TRIAL***: The TRIAL of this cause will commence at <u>9:00 a.m.</u> on Tuesday, <u>May 21, 2024</u>, with a jury, at the U.S. Courthouse in Greeneville, Tennessee. Parties who settle on this date will be charged with the costs of the jury. The expected length of trial is ten (10) days. For non-jury issues, the parties shall file proposed findings of fact and conclusions of law with citations of authorities supporting the latter and specific references to trial testimony and evidence no more than ten (10) days after the conclusion of the trial.

**NOTE: THIS TRIAL DATE WILL NOT BE RESCHEDULED EXCEPT UNDER EXTRAORDINARY CIRCUMSTANCES.**

The parties shall be prepared to commence trial on the date which has been assigned. If the case is not heard immediately, it will be held in line until the following day or any day thereafter during the next ten (10) available days.

(17) **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE EXCLUSION OF DAMAGES, WITNESSES, EXHIBITS, DEPOSITIONS, AND/OR VIDEO TAPES FROM EVIDENCE AT TRIAL.**

(18) **_CLASS CERTIFICATION MOTION_**: With respect to plaintiffs' motion for class certification:

    (a) Plaintiff's motion for class certification will be filed by July 18, 2022;

    (b) Defendants' opposition to class certification will be filed by September 26, 2022, with depositions of class representatives to be completed no later than August 27, 2022; and,

    (c) Plaintiff's reply in support of their motion for class certification will be filed by November 10, 2022, with depositions of Defendants' expert(s) to be completed no later than October 27, 2022.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
