# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

This matter is before the Court upon the parties' Joint Motion for Entry of Stipulated Discovery Confidentiality Order [Doc. 159]. By agreement of the parties and for good cause shown, the referenced motion [Doc. 159] is **GRANTED**, and it is hereby **ORDERED** that:

## I.     PURPOSES AND LIMITATIONS

Discovery and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo., and Lydia Hoffman ("Lead Plaintiffs") and Defendants Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, A. Larry Chapman, Augustus N. Stephas, and Don Sewell ("Defendants"), hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality Order (the "Order"). This Order governs the treatment of all discovery in this case, whether formal or informal, documents, information, electronically stored information ("ESI"), testimony, tangible materials, interrogatory answers, responses to requests for admission, and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively, "Discovery Material") produced or designated by any party or non-party (hereinafter, for purposes of this

1

Order, each a "Party" and, collectively, the "Parties") in the above-captioned matter (collectively with any appeals, the "Action").

The purpose of this Order is to provide for the prompt, efficient, and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of certain documents and information produced or exchanged in the Action by the Parties, and to prevent the waiver of applicable evidentiary privileges and doctrines

## II.  DEFINITIONS

A.  "**Action**" means this litigation captioned *In re CBL & Associates Properties, Inc. Securities Litigation*, Civil Action No. 1:19-cv-181-JRG-CHS (E.D. Tenn.).

B.  "**Appointed Counsel**" means those attorneys appointed by the Court to lead the litigation on behalf of the Lead Plaintiff in the above-captioned case (*i.e.*, lead counsel, liaison counsel, additional counsel, and the attorneys and staff at their firms), and counsel of record for Defendants and the attorneys and staff at defense counsel's firm.

C.  "**Confidential Information**" means:

1.  information that may reveal trade secrets, proprietary or otherwise non-public business information, competitively sensitive information, technical, marketing, financial, sales or other confidential business information;

2.  information that contains private or confidential personal information, including sensitive personal identification or financial information, or that reveals Personally Identifiable Information, as defined below, or personal health information protected by the Health Insurance Portability and Accountability Act (collectively "Sensitive Information");

3.  information the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients.

4.  information received from third parties with the expectation of confidentiality;

5.  information produced in other legal proceedings and designated confidential by a party or non-party in such proceeding; or

2

6. any other material that is confidential pursuant to applicable law, or that the producing party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

D. "**Personally Identifiable Information**" (PII), for purposes of this Order, includes, but is not limited to: payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers. The Parties recognize that other personal data (*e.g.*, name, citizenship, birth date, spousal, and familial information), particularly in combination with one another, may reveal sensitive PII and, for the purposes of this Order, PII also includes such data when in combination with any other Sensitive Information.

E. "**Producing Party**" or "**Designating Party**" means the Party that produced the Protected Material.

F. "**Privileged Material**" means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege.

G. "**Protected Material**" means any document or information which has been designated as "Confidential" pursuant to this Order or pursuant to a confidentiality order in another legal proceeding. Documents that quote, summarize, or contain Confidential Information (*e.g.*, discovery responses, transcripts, and court filings) may be accorded status as Protected Material, but, to the extent reasonably feasible, shall be prepared in such a manner that the Confidential Information is provided separately from that not entitled to protection.

H. "**Receiving Party**" means any Party that received the Protected Material.

3

### III.    DESIGNATING PROTECTED MATERIAL

A.    Any Designating Party may designate as confidential any Discovery Material containing Confidential Information.

B.    The designation of Protected Material may be made by marking or placing the legend "CONFIDENTIAL," "Confidential," or "Subject to Confidentiality Order" on each page, or, in the case of a document that is produced in native form or is impractical to produce in TIFF format, by including such designation in the body or file name of the electronic document or affixing a stamp with such designation on the medium on which the electronic data is stored when copies are delivered. Print-outs of any such electronic data designated as "Confidential" shall be treated in accordance with the terms of this Order.

C.    The Producing Party has an obligation to stamp documents "Confidential" in good faith and must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Parties shall make Confidential designations in good faith to ensure that only those documents or testimony that merit Confidential treatment are so designated. Confidentiality designations may be withdrawn by the designating Party.

D.    The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, such that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

E.    Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections, obligations, and constraints as the

parties to the action. A copy of this Order shall be served along with any subpoena or document request served on third parties in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their receipt, and during that period any Party or the third party may designate such documents as "Confidential" pursuant to the terms of the Order.

F.    The failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Order, provided that the Designating Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated. Such written notice shall identify the information or documents the producing party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon. Such Protected Material shall be subject to this Order as if it had been initially so designated. Treatment of produced confidential material in a manner inconsistent with this Order prior to notice of such production is not a breach of this Order. If, prior to receiving such notice, the Receiving Party has disclosed the Protected Material to persons or entities not authorized to receive it hereunder, it shall make all reasonable efforts to retrieve the Protected Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Protected Material in accordance with this Order.

## IV.    SCOPE

A.    The protections conferred by this Order cover not only Protected Material, but also: (1) any information copied or extracted from Protected Material; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information.

B.     However, the protections conferred by this Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

C.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.     NON-DISCLOSURE OF PROTECTED MATERIAL

A.     Except with the prior written consent of the Producing Party, as provided in this Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed by a non-producing Party to any person except as described below.

B.     Protected Material may be disclosed by a non-producing Party only to:

1.     The Parties, their officers, directors, and employees only to the extent reasonably necessary to provide assistance with the litigation, and Appointed Counsel for the Parties in the above-captioned action, including the in-house lawyers of such Parties and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, only to the extent reasonably necessary to render professional services in the litigation, and for use exclusively in these actions (and for no other purpose). No Stamped Confidential Documents may be disclosed to putative class members other than Lead Plaintiffs unless those putative class members otherwise fall within this Section V.B;

2.     Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation;

3.     Persons shown on the face of the document or associated metadata, another document or associated metadata, or sworn testimony, to have authored or received it;

6

4. Other persons who may be designated by written consent of the Producing Party, but only for purposes of this litigation and for no other purpose;

5. Other persons pursuant to Court order;

6. Deponents and witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, who have previously been asked to sign the Acknowledgement of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");

7. Consultants or experts retained for the purpose of assisting Appointed Counsel in this litigation who have previously executed the Acknowledgement;

8. Third-party contractors retained for the purposes of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Protected Material who have previously executed the Acknowledgement;

9. Any mediator or arbitrator engaged by the named parties to the Action; and

10. Any insurer who may be liable to satisfy part or all of any judgment that may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment.

C. Counsel for all persons receiving Confidential Information in accordance with paragraphs (B)(6) and (B)(10), and counsel for the Party retaining all persons receiving Confidential Information pursuant to paragraphs (B)(7)-(B)(9) shall be responsible for obtaining, prior to disclosure and as a condition thereof, an Acknowledgement executed by the person or entity to whom counsel discloses the Confidential Information. Each non-party witness to whom Confidential Information is disclosed shall be advised that the Court has entered a confidentiality order to limit disclosure of Confidential Information, be provided a copy of the Order, and be asked to sign the Acknowledgement. If a non-party witness has refused to sign the Acknowledgement, advising the witness of the matters in the immediately preceding sentence on the record shall serve as a substitute for the signing of the Acknowledgement and shall permit examination of the witness

7

regarding documents or other information containing Confidential Information. Notwithstanding a witness' refusal to sign the Acknowledgement, any Confidential Information disclosed to the witness and any discussion of that information at the deposition shall maintain their confidential status.

D.     A recipient of Protected Material shall keep the material in a secure area and shall exercise due care to restrict access to those persons described above. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as Confidential. A recipient shall not duplicate any Protected Material except for use as working copies and for filing in court.

E.     Each Party to which Protected Material is produced shall treat such Confidential Information as strictly confidential. Protected Material shall be used solely for litigating this Action (and any appeal of this Action), and not in any other litigation or for any business or any other purpose whatsoever.

F.     The Parties recognize that discovery in this matter may involve the production of documents subject to protection under the Stipulated Confidentiality Agreement and Protective Order entered in *Wave Lengths Hair Salon of Florida, Inc.* v. *CBL & Associates Properties, Inc.*, *et al.*, Case No. 2:16-cv-00206 (M.D. Fla) (the *Wave* Litigation), *see Wave* Dkts. 105, 106, and subject to protection by virtue of the *Wave* Court's sealing orders. With respect to such documents, the Parties agree to abide by the Protective Order entered in the *Wave* Litigation and to take no action that would violate any Order entered by the *Wave* Court itself.

G.     Nothing in this Order shall be interpreted to prohibit or prevent the Designating Party from using or discussing its own Protected Material in any way it sees fit or to so use or

discuss that material for any reason, and such use by the Designating Party shall not in and of itself constitute a waiver or limit the Receiving Party's duties provided herein.

## VI. DE-DESIGNATION AND CHALLENGING OF PROTECTED OR PRIVILEGED MATERIAL

A. Any Party may request a change in the designation of any information designated as "Confidential." Any Protected Material shall be treated as Confidential until the change is completed. If the requested change in designation is not agreed to, the Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

B. Any Party may challenge a designation of confidentiality or privilege at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or claim of privilege is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or a claim of privilege by electing not to mount a challenge promptly after the original designation is disclosed.

C. The Party challenging a confidentiality designation or a claim of privilege shall identify in writing each challenged document by Bates number or otherwise specifically describe the document challenged and set forth the specific reasons why it does not believe the confidentiality designation or claim of privilege is appropriate.

D. Counsel for each Party shall meet and confer within 10 business days of a challenge in an attempt to resolve the challenge or limit the scope of any issues requiring resolution by the Court. In the event the Parties do not resolve their dispute, the Party challenging confidentiality or a claim of privilege must move the Court for relief within 10 business days of the determination that no resolution will be achieved unless the Parties agree otherwise. If a motion is made, the

9

Parties shall identify exemplar documents for the Court's review, a ruling on which will allow the Parties to resolve their disputes concerning any similar documents for which a confidentiality designation or claim of privilege has been challenged.

## VII. CONFIDENTIAL INFORMATION IN DEPOSITIONS

A. If a Party, the current employee of a Party, or anyone represented by counsel for a Party is noticed for deposition, that Party's counsel is responsible for providing a copy of this Order to the witness and obtaining the witness's signature on the Acknowledgement prior to the deposition. If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this order to the witness and attempting to obtain a signed Acknowledgement.

B. Parties and deponents may designate deposition testimony as Confidential by a statement made on the record during or at the conclusion of the deposition or by sending written notice within 30 days after receiving the full, final version of the deposition transcript. Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated in order to maintain their designation. The Parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO CONFIDENTIALITY ORDER" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Confidentiality Order." Until expiration of the 30-day period, the entire deposition transcript will be treated as Confidential pursuant to this Order.

## VIII. SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

If a Party receives a subpoena or other legal process which calls for disclosure of any Protected Material designated as Confidential by another Party, then the Party from whom

10

disclosure is sought shall give prompt written notice (including a copy of such subpoena or other legal process) to counsel for the Designating Party, and shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until 21 days after providing notice to the Designating Party. The Party to whom the subpoena or other legal process is directed also must immediately inform in writing the Party who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Order, and deliver a copy of this Order promptly to the Party. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring the production of Protected Material.

## IX. FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

A. **Filing of Confidential Materials.** Any materials subject to this Order that a party seeks to file under seal shall be filed pursuant to the Court's Memorandum and Order Governing Sealing Confidential information [Doc. 5], Local Civil Rule 26.2, and in accordance with the Electronic Case Filing Rules and Procedures of the United States District Court for the Eastern District of Tennessee Rule 12.2.

B. Before a party files a motion to seal ("the moving party") solely because another party or non-party has designated information as confidential ("the designating party"), the moving party and designating party shall meet and confer to determine exactly which documents the designating party asserts meet the Sixth Circuit's sealing standards. The moving party may move to seal only those confidential-designated documents that the designating party asserts meet the sealing standards.

C. The motion to seal MUST contain a certification by counsel for the moving party that the moving party and the designating party have met and conferred in good faith to determine which documents the designating party asserts merit sealing. The Meet and Confer Certification

11

shall be prominently placed on the first page of the motion to seal as the first paragraph and shall contain the following:

**Meet and Confer Certification**

> I, (*undersigned attorney*), counsel for (*moving party*), do hereby certify that I have met and conferred with counsel for (*the designating party*) in good faith to determine which documents (*designating party*) asserts merit sealing. This motion to seal pertains only to those documents so identified by (*designating party*).

## X.  PROPER USE OF PROTECTED MATERIAL

Persons obtaining access to Protected Material pursuant to this Confidentiality Order shall use the information in connection with this litigation only—including appeals and retrials—and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.

## XI.  NON-TERMINATION

The provisions of this Order shall not terminate at the conclusion of the above-captioned proceeding.

Upon written request, within 90 days after final disposition of this or any related litigation, Protected Material and all copies of same (other than exhibits of record) shall be returned to the Producing Party or destroyed. However, counsel for the Parties shall be entitled to retain court papers, correspondence, pleadings, deposition and trial transcripts, and the litigation files (including attorney work product and discovery material containing Confidential Information), and any document required to be maintained by counsel's malpractice insurance, provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof in accordance with this Order, and shall not disclose such court papers, correspondence, pleadings, depositions and trial transcripts, and litigation files (including attorney work product and discovery

12

material containing Confidential Information) to any person except pursuant to a court order or agreement by the Producing Party or the Party who designated the Protected Material under this Order, or except as otherwise required by law. A Party shall not have to search backup tapes for Confidential Information or Protected Material pursuant to this section.

Final disposition, for purposes of this Order, is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Any return shipping done at the request of the Producing Party shall be done at the expense of the Producing Party. Notwithstanding the foregoing, counsel for all parties may keep one copy of any transcripts, pleadings and exhibits and shall maintain them in confidence. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 100 days after final termination of this and all related litigation.

## XII.    NON-WAIVER OF PRIVILEGES

A.      This Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or information ("Discovery Material") in this action. Pursuant to Rule 502(d) and this Order, the production (whether inadvertent or not) of any document, tangible thing, information, or other material covered by the work product doctrine and/or the attorney-client, common interest or other applicable evidentiary privilege that would entitle a party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege) concerning any such documents, tangible

13

things, information or other material or the subject matter thereof. Any disclosure shall also not be deemed a waiver or forfeiture as to any other document or communication, whether concerning the same subject matter or a different subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this action, regardless of the procedures used to identify Privileged Material prior to production.

B.      In order to allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes Privileged Material.

C.      If a Party identifies discovery material that appears on its face to be Privileged Material belonging to another Party or non-party, the identifying Party is under a good-faith obligation to notify that other Party or non-party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. If the Party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or non-party shall notify the Receiving Party of its assertion of privilege within 14 calendar days of receiving the identifying Party's notification of potentially Privileged Material. Nothing in this Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Disclosing Party that such Privileged Material has been produced.

D.      This Order does not preclude a Party from intentionally waiving any claims of privilege or protection.

E.      The provisions of Federal Rule of Evidence 502(a) apply when, among other things, a Party uses Privileged Material or Protected Information to support a claim or defense, a Party

uses Privileged Material or Protected Information during a deposition without the assertion of a contemporaneous objection, or when a Party intentionally discloses Privileged Material or Protected Information to a third party, including the Court (*e.g.*, in connection with or support of a filing).

  F. The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Stipulation and Order.

## XIII. CLAWBACK OF DISCLOSURE

  A. A Party that determines that a disclosure of Confidential Information or Privileged Material has been made in this litigation shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

   1. in the case of any document or information the Party asserts is Privileged Material, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not challenge the assertion, return, sequester, or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the Receiving Party does not challenge the assertion, destroy or sequester any references to the erroneously disclosed document or information, to the extent such references exist in other materials prepared by the Receiving Party; or,

   2. in the case of a Confidential document, shall mark it and all copies "CONFIDENTIAL — SUBJECT TO CONFIDENTIALITY ORDER" at the expense of the Producing Party and treat the document as Protected Material under the terms of this Order. A Party may sequester a document if challenging a clawback request.[1]

  B. Upon request, the Receiving Party must provide to the Party asserting the privilege claim a certification of counsel that all of the disclosed discovery has been returned, sequestered,

---

[1] Copies of disclosed Confidential Information or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Parties will confer regarding steps to re-sequester the restored disclosed Confidential Information or Privileged Material.

Case 1:19-cv-00181-JRG-CHS   Document 168   Filed 08/29/22   Page 15 of 21   PageID #: 2654

or destroyed subject to the terms of this paragraph. The Receiving Party is not required to return, sequester, or destroy any discovery item claimed to be Privileged Material if the Receiving Party intends to move the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected.

C.     If any produced Privileged Material or Confidential Information has been provided to a non-party by a non-producing Party, the non-producing Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and/or proper designation of the Confidential Information, including reminding the non-party of its obligation to adhere to the terms of this Order that non-party agreed to by executing the Acknowledgement attached as Exhibit A.

D.     Notice of disclosure shall apply to all copies of the document disclosed.

E.     If a Receiving Party disputes a privilege claim, the Receiving Party shall notify the Party asserting the claim of the dispute and the basis therefore in writing within 30 business days of receipt of the final privilege log. However, to the extent that a Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 10 business days to review such documents and dispute the privilege claims asserted over them. The Party asserting the privilege claim and the Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within 7 business days. In the event the Parties do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within 14 days of the determination that no resolution will be achieved. If such a motion is made, the moving Party shall submit to the Court for an in camera review a copy of the produced Privileged Material in connection with its motion papers.

16

F.     A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Order.

G.     If, during a deposition, a Party or non-party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains its Privileged Material, that Party or non-party may at his, her, or its sole election allow the document to be used during the deposition without waiver of his, her, or its claim of privilege or protection. If the Party or non-party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any non-parties shall sequester all copies of the purportedly privileged or protected document. Immediately following the deposition, the Parties and any non-parties will commence the procedure, including the notice and log requirements, to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties and non-parties who have access to the transcript of such deposition shall treat the relevant portion of the transcript as Privileged Material. If any Party or non-party instructs the witness not to answer questions concerning the document on grounds of privilege, to the extent that such instruction is obstructing the deposition to the extent that sanctions or another deposition will be requested, the questioning counsel should promptly initiate a conference call to the Court with opposing counsel for a conference to attempt to resolve the problem.

## XIV.   MODIFICATION PERMITTED

Any Party for good cause shown may apply to the Court for modification of this Order. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by

17

the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

## XV. OTHER

A.     In the event that the Court determines that there is an actual or threatened violation of this Order, the parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of the Order, in addition to any other remedy to which the Designating Party may be entitled at law or in equity.

B.     This Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Protected Material designated as "CONFIDENTIAL" under the terms of this Order is properly discoverable, relevant, or admissible in this Action or in any other litigation. Protected Material produced in this Action can be used only in conjunction with this Action (including any appeals) and not in any other litigation or for any business or any other purpose whatsoever. Nothing in this Order shall be interpreted to require disclosure of materials that a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

C.     Upon execution by the parties, this Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

D.     Nothing in this Order shall be construed as prejudicing any Designating Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Protected Material produced in this Action. Until such agreement or order is obtained, however, this Order shall constitute the entire agreement of the parties and order of this Court with respect to the matters covered herein.

E.     This Order shall be binding on any future party to this Action.

F.     Any non-party may agree to be subject to and governed by the terms of this Order.

G.     In entering into this Order, the parties preserve all rights and objections they may have to the use in this Action of Protected Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

H.     During the pendency of this litigation, this Court shall retain jurisdiction over all persons and entities subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

I.     This Order may be changed only by an order of this Court, and is entered without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provision hereof by motion to the Court on notice to the other parties hereto.

**SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

19

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND</u>**
**<u>AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER</u>**

I, _____ declare that:

I reside at _____ in the City of _____, County of

_____, State of _____. My telephone number is

_____. I am currently employed by _____, located

at _____, and my current job title is _____. I have read

and understand the terms of the Confidentiality Order dated _____, 2022, filed

in *In re CBL & Associates Properties, Inc. Securities Litigation*, Civil Action No. 1:19-cv-181-

JRG-CHS, currently pending in the United States District Court for the Eastern District of

Tennessee. I agree to comply with and be bound by the provisions of the Confidentiality Order. I

understand that any violation of the Confidentiality Order may subject me to sanctions by the

Court. I shall not divulge any documents, or copies of documents, designated "Confidential"

obtained pursuant to such Confidentiality Order, or the contents of such documents, to any person

other than those specifically authorized by the Confidentiality Order. I shall not copy or use such

documents except for the purposes of this action and pursuant to the terms of the Confidentiality

Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them any documents in my possession designated

"Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices that

contain Confidential Information.

20

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the purpose of enforcing or otherwise providing relief relating to the Confidentiality Order.

This _____ day of _____, 202_.

_____
Signature

_____
Printed Name