# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE NON-PARTY RONALD T. AMSTERDAM

On August 18, 2022, Plaintiffs[1] filed their Motion for Class Certification (Dkt. 165), which referred for the first time to an individual named Ronald T. Amsterdam, a *non-party* to this litigation. Plaintiffs appear to propose, without explanation, that Mr. Amsterdam be made a "Plaintiff," treated as a party, and appointed as a class representative. They did not seek to amend their complaint or otherwise seek leave to add a party. They did not even notify Defendants[2] of their intention to add Mr. Amsterdam as a proposed class representative, request their consent, or discuss how his addition would impact discovery. Notably, their complaint includes no factual allegations about Mr. Amsterdam, and his addition threatens to materially increase the scope of this litigation since Mr. Amsterdam—unlike any existing Plaintiff—did not own any CBL stock, but rather, allegedly owned CBL's senior unsecured notes (the "Notes"), which were not traded on a national exchange, but rather "over the counter." In other words, after more than three years of litigation, Plaintiffs have decided (on their own and without seeking leave from the Court) to surreptitiously add a new, non-stockholder plaintiff to this case vis-à-vis their class certification brief. Plaintiffs' sleight of hand should be rejected.

---

[1] As used herein, "Plaintiffs" refers to the Lead Plaintiffs who were appointed by the Court: Charles Hoffman, Lydia Hoffman, HoffInvestCo, Jay Scolnick, and Mark Shaner.

[2] "Defendants" refers to Charles B. Lebovitz, Stephen D. Lebovitz, A. Larry Chapman, Farzana Khaleel, Augustus N. Stephas, and Don Sewell. "CBL" refers collectively to non-parties CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership.

*First*, Plaintiffs' attempt to add Mr. Amsterdam as a named plaintiff violates the Scheduling Order entered by the Court in this case. Under that Order, any "motions to amend the pleadings *or add new parties* must" have been "filed by July 5, 2022" or upon a showing of good cause. Dkt. 153 at 4 (emphasis added). Plaintiffs failed to abide by that deadline and did not make the requisite showing of "good cause" to add Mr. Amsterdam—which could explain their attempt to bring him in through the back door via their class certification briefing. Even if Plaintiffs had properly sought the Court's leave to add Mr. Amsterdam as a party, such a request would fail because they cannot establish good cause. To the contrary, Plaintiffs have unduly delayed in seeking to add Mr. Amsterdam to this case, and allowing his addition at the eleventh hour would result in substantial prejudice to Defendants.

*Second*, Plaintiffs' addition of Mr. Amsterdam violates the Federal Rules of Civil Procedure, which require litigants to amend their pleadings or otherwise seek leave to add a new party. In the absence of such an amendment, Mr. Amsterdam is not properly before the Court. Mr. Amsterdam is merely a member of the putative class, and there is substantial authority holding that putative class members do not become parties to a case unless and until a court authorizes it.

*Third*, Plaintiffs have failed to comply with the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"). The PSLRA sets forth requirements applicable to "[e]ach plaintiff *seeking to serve as a representative party on behalf of a class*," which Plaintiffs have disregarded. *See id.* § 78u-4(a)(2)(A) (emphasis added). The late addition of Mr. Amsterdam, which was not accompanied by any meaningful disclosure about him, also runs counter to the PSLRA's provisions governing lead plaintiff selection, which incorporates Federal Rule of Civil Procedure 23 and the requirement that a lead plaintiff be an "adequate" class representative. *See id.* § 78u-4(a)(3)(B).

For these reasons, the Court should confirm that Mr. Amsterdam is not properly before the Court as a named plaintiff or proposed class representative and strike all references to Mr. Amsterdam in Plaintiffs' Class Certification Motion and related papers.

## BACKGROUND

More than three years ago, the Court consolidated several securities cases filed against Defendants into the above-captioned consolidated action. Dkt. 21. The Court appointed Plaintiffs as Lead Plaintiffs on September 10, 2019. Dkt. 69. After the Court's May 3, 2022 Order on Defendants' Motion to Dismiss, the parties met and conferred to negotiate a proposed schedule that would govern proceedings in this matter, if approved by the Court. The Court entered its Scheduling Order on June 9, 2022. Dkt. 153. Shortly thereafter, Plaintiffs sought to modify the Scheduling Order to extend certain deadlines relating to class certification. Defendants consented to this requested modification, and the Court entered an Amended Scheduling Order setting forth modest extensions of the class certification deadlines. Dkt. 155. Importantly, Plaintiffs did not request—and the Court's Amended Scheduling Order did not include—a modification to the deadline for motions to amend the pleadings or add new parties. That deadline, which was set forth in the June 9 Scheduling Order, remained July 5, 2022. *See* Dkt. 153.

After the Scheduling Order was entered, the parties engaged in discovery and prepared for class certification. During that time, Defendants and non-party CBL have made voluminous document productions and began developing strategies to oppose Plaintiffs' forthcoming Class Certification Motion in reliance on the schedule. Plaintiffs never advised Defendants that they intended to add Mr. Amsterdam as a plaintiff and proposed class representative—in fact, Defendants first learned of Mr. Amsterdam on August 18, 2022, when Plaintiffs filed their class certification papers.

Defendants are still unclear about the exact nature of Mr. Amsterdam's proposed status in this case. Obviously, he is not one of the Lead Plaintiffs appointed by this Court, but Plaintiffs now refer to him as a "Plaintiff" and appear to be proceeding under the assumption that he should be treated as a party to this action. Thus, they begin their Class Certification Motion by referring to "Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman as well as Ronald T. Amsterdam (collectively, 'Plaintiffs' or 'Proposed Class Representatives')." Dkt 165 at 1. Their papers elsewhere refer to "Plaintiff Ron Amsterdam." *See, e.g.*, Dkt. 166 at ¶ 9.

On the other hand, Mr. Amsterdam has not filed initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1), nor has he filed a sworn certification pursuant to the PSLRA. It also appears that Mr. Amsterdam only recently agreed to be represented by Plaintiffs' proposed lead counsel: one of the two documents Plaintiffs produced on Mr. Amsterdam's behalf is an engagement letter with Pomerantz LLP, which was signed on August 18, 2022—*the same day* Plaintiffs filed their class certification papers (including a declaration by Mr. Amsterdam).[3] It thus seems that Plaintiffs have waited more than three years after being appointed as Lead Plaintiffs to locate and attempt to add a class representative who purchased any of CBL's Notes. Other than the 4 pages produced last week, Plaintiffs have provided Defendants with no information concerning Mr. Amsterdam.[4]

---

[3] Mr. Amsterdam's declaration (Dkt. 166-8) indicates that he purchased one type of the Notes issued by CBL & Associates Limited Partnership. This explains why Plaintiffs seek to add Mr. Amsterdam to the case—as none of the Lead Plaintiffs purchased any Notes and would therefore lack standing to assert claims based on the Notes.

[4] Counsel for the parties met and conferred telephonically on August 26, 2022. Defendants advised Plaintiffs that Mr. Amsterdam's purported addition was procedurally improper, and the parties thereafter communicated via email in an attempt to resolve this matter. The parties were unable to reach a resolution. This motion followed.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although Rule 12(f) by its terms applies only to "pleadings," a federal court may strike *any* "improvident filings based on its inherent authority to manage its own docket." *Dowell v. Bernhardt*, 2019 WL 6909461, at *6 (M.D. Tenn. Dec. 19, 2019). *See also id.* (noting that a court may strike "any filed paper which it determines to be abusive *or otherwise improper* under the circumstances) (emphasis in original). It is "well within" this Court's discretion to strike briefs that fail to comply with the Federal Rules of Civil Procedure or with the Court's own orders. *See In re Hopkins*, 162 F.3d 1173 (Table), 1998 WL 704710, at *3 n.6 (10th Cir. 1998) ("As all of Hopkins' briefs were non-complying. . ., it was well within the discretion of the district court to strike them."). In fact, this Court has previously stricken briefs for violating its orders and/or the Local Rules. *See Raceday Ctr., LLC v. RL BB Fin., LLC.*, No. 2:11-CV-17, 2014 WL 11511063, at *1 (E.D. Tenn. Apr. 30, 2014) (Greer, J.) (granting motion to strike response briefs that violated "a previous Order of this Court and Local Rule by exceeding the allowable page limit"). The Court should adopt the same approach here.

## ARGUMENT

### I.      Plaintiffs' Addition of Mr. Amsterdam Was Procedurally Improper.

The Supreme Court and the Sixth Circuit have made clear that potential class members are not parties to a lawsuit. *See Threet v. Ace Hardware, Inc.*, 779 F.2d 53 (6th Cir. 1985) ("Until the class is certified, the potential class members are mere passive beneficiaries to the suit, not parties.") (internal citation omitted); *see also Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798, 801 (N.D. Ohio 2007) (noting that the "Supreme Court has held unnamed class members in class action suits are considered parties only in limited circumstances (i.e. for notice of dismissal

and settlement by named plaintiffs and standing to appeal settlements)") (citing *Devlin v. Scardelletti*, 536 U.S. 1 (2002)).  Accordingly, a class member cannot participate in a lawsuit as a party unless the proper procedure is followed—here, through an amendment to the pleadings.  *See In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4791558, at *2 (E.D. La. Oct. 28, 2008) (striking new proposed class representatives where "no timely request for relief from the Case Management Order No. 4's deadline for amendments to add these representatives was made" and the parties were instead added without "leave of Court").

Because the time set by the Court to amend the pleadings or add new parties has already passed, Plaintiffs were required to seek the Court's approval to add Mr. Amsterdam.  *See* Dkt. 153 at 4.  They did not do so.  Instead, they belatedly attempt to make Mr. Amsterdam a party by merely declaring him a "Plaintiff" in their Class Certification Motion.  *See* Dkt. 165 at 1.  Aside from this passing reference—and a single citation to Mr. Amsterdam's purported declaration— there are no other references to Mr. Amsterdam *at all* in Plaintiffs' papers.  They fail to explain their actions or highlight that he is a new party to the case; they fail to ask for the Court's permission to add him as a party; and they fail to otherwise acknowledge his addition to the case at all.

The Court should reject Plaintiffs' unilateral and belated attempt to add Mr. Amsterdam as a party and class representative via their class certification briefing.  As explained below, the Court's Scheduling Order and the Federal Rules of Civil Procedure prohibit such an action.

### A.  The Court's Scheduling Order Precludes Plaintiffs From Adding Mr. Amsterdam Without Seeking Leave.

The Scheduling Order that governs this case provides that "[a]ny motions to amend the pleadings *or add new parties* must be filed by July 5, 2022, or upon making a showing of good cause pursuant to Fed. R. Civ. P. 16 and subject to the requirements of Fed. R. Civ. P. 15."  Dkt.

153 at 4 (emphasis added).[5] This Scheduling Order was the result of good-faith negotiations between the parties and clearly addresses the circumstances under which "new parties" may be added. Plaintiffs have contravened the Court's Order by adding a new party on their own accord more than a month and a half after this deadline passed—and without making the requisite "showing of good cause." Plaintiffs' violation of the Order is reason enough to grant Defendants' Motion. *See Raceday Ctr., LLC*, 2014 WL 11511063, at *1; *see also Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (denying motion to amend that was filed after the deadline in the scheduling order).

Courts have rightfully criticized and rejected similar attempts to sandbag defendants with a new proposed class representative in their class certification papers. *See Miller*, 2009 WL 1393488, at *2 ("[A]fter two years of litigation, and two motions to dismiss—in which the parties argued the scope and propriety of Miller's claims, and through which the Court ruled on the applicability of Miller's claims—Miller now offers Chan as class representative. The Court does not appreciate, or approve of, this bait-and-switch tactic."). The facts here are even more egregious than in *Miller*. In that case, the court had set a deadline for the plaintiff's motion for class certification and then, "[t]wenty-six days before that deadline, Miller's counsel notified [defendant] that 'Plaintiff intended to offer another class member as proposed class representative.'" *Id.* at *2 n.1. Here, unlike in *Miller*, Plaintiffs never notified Defendants that they intended to offer another proposed class representative. Instead, Defendants only learned of Plaintiffs' plan to add a new party when they identified him for the first time in their Class Certification Motion.

---

5 Under Federal Rule of Civil Procedure 16, a court's scheduling order "*must* limit the time to *join other parties*, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3) (emphasis added).

Moreover, courts, including courts in this District, have stricken pleadings that add a new named party—*despite the fact that leave to amend the pleadings was granted*—because the court had not specifically granted leave to add new parties. In these situations, "the inclusion of additional plaintiffs and defendants beyond those raised in the original Complaint" was held to go "beyond the scope of the Court's order granting Plaintiff leave to file an amended complaint." *Johnson v. Knox Cnty., Tennessee*, 2020 WL 2562806, at \*4 (E.D. Tenn. May 20, 2020); *see also Runnels v. Banks*, 2012 WL 2839802, at \*1 (S.D. Miss. July 10, 2012) (striking addition of new plaintiffs for going "beyond the scope of the Court's order granting Plaintiff leave to amend"); *In re Katrina*, 2008 WL 4791558, at \*2 (noting that plaintiffs were permitted to amend their complaint but impermissibly added "four plaintiffs as new representatives" without "leave of court"). Thus, even when courts grant leave to amend a complaint—which the Court has not done here—they nonetheless require explicit approval to add a new party.

### B. Plaintiffs' Unauthorized Addition of Mr. Amsterdam Violates the Federal Rules of Civil Procedure.

Not only have Plaintiffs failed to abide by the Court's Scheduling Order, but they have also disregarded the Federal Rules of Civil Procedure. Rule 21 governs the addition of new parties, and it provides that "a court may add or drop a party at any time, on just terms, *either on a party's motion* or on its own initiative." *Burke v. Kia Motors Am., Inc.,* No. 3:19-CV-229, 2020 WL 1904940, at \*2 (E.D. Tenn. Apr. 17, 2020) (citing Fed. R. Civ. P. 21) (emphasis added). "Rule 21 *requires the plaintiff to seek leave of court* before amending a complaint to add new parties." *Raab Fam. P'ship v. Borough of Magnolia*, 2009 WL 10689669, at \*3 (D.N.J. Oct. 30, 2009) (emphasis added); *see also* Charles Alan Wright, Arthur R. Miller, *et al*., *Federal Practice and Procedure* § 1688 (3d ed.) ("Most courts have held that the specific provision relating to joinder in Rule 21 governs over the more general text of Rule 15, and that an amendment changing parties *requires*

*leave of court* even though made at a time when Rule 15 indicates it could be done as of course.") (emphasis added); *S. Dakota ex rel. S. Dakota R.R. Auth. v. Burlington N. & Santa Fe Ry. Co.*, 280 F. Supp. 2d 919, 924 (D.S.D. 2003) (noting that a party may not "add or drop [another] party" by "simply amending the complaint, especially since early on this could be done without leave of court"). Against this backdrop, it is clear that Plaintiffs were required to seek leave before adding a new party. This is so regardless of whether their conduct is measured by the Court's Scheduling Order or the Federal Rules of Civil Procedure.

The rules cited above apply equally to proposed class representatives. *See* Wright & Miller, *Federal Practice & Procedure* § 1798 (3d ed.) ("All of the pleading provisions of the federal rules are applicable in class actions and operate in much the same fashion as they do in other litigation contexts."); *In re Katrina*, 2008 WL 4791558, at *2 (striking proposed class representatives that were added by plaintiffs without leave of court).

To be sure, courts consistently hold that, before a class is actually certified, a plaintiff must move to amend under Rules 15 and 16 in order to add or substitute a proposed class representative. *See, e.g., Hitt*, 2009 WL 4261192, at *4-*6 (discussing and denying a motion to amend and substitute class representative where plaintiffs failed to show good cause under Rule 16). This is especially true once the deadline to amend the pleadings has passed. *See Walters v. Gill Indus., Inc.*, 2021 WL 5830018, at *1, *6 (E.D. Ky. Dec. 8, 2021) (denying leave to amend to add new plaintiffs and class representatives and emphasizing the "considerable lack of notice to the defendants," the "[u]ndue delay" in seeking leave, and the prejudice that would result to defendants); *Miller v. Mercedes-Benz USA LLC*, 2009 WL 1393488, at *2 (C.D. Cal. May 15, 2009) ("[I]f Chan wished to participate in this action, she should have filed a motion."); *Barnes v. First Am. Title Ins*. Co., 473 F. Supp. 2d 798, 801 (N.D. Ohio 2007) (finding no authority

suggesting that "unnamed putative class members should be considered parties for purposes of substitution" and rejecting plaintiffs' request to substitute proposed class representatives prior to class certification).

The Court should reject Plaintiffs' unauthorized, untimely, and clandestine attempt to add Mr. Amsterdam as a party on any of the above grounds. It should strike Mr. Amsterdam from the case and confirm that Mr. Amsterdam is not properly before the Court as a party or proposed class representative.

### C. Plaintiffs Cannot Show Good Cause to Amend Their Complaint or Add a New Party.

Even if Plaintiffs had properly moved to amend their complaint or sought leave to add Mr. Amsterdam as a party, such a request would fail for lack of good cause. As set forth in the Court's Scheduling Order, Plaintiffs were required to make a "showing of good cause" in order to add a new party after the July 5, 2022 deadline. Dkt. 153 at 4. Courts in the Sixth Circuit assess "good cause" based "primar[ily]" on "the moving party's diligence in attempting to meet the case management order's requirements." *Malone v. Shelby Cnty., TN*, 2021 WL 7540285, at *4 (6th Cir. Dec. 10, 2021) (internal citation omitted); *see also Ryans v. Koch Foods, LLC*, 2015 WL 12940014, at *2 (E.D. Tenn. Mar. 2, 2015) (plaintiffs failed to establish good cause to amend where they did "not connect[] any allegation of circumstances beyond their control to their alleged inability to revise their pleadings"). Plaintiffs cannot make such a showing here because they waited years to identify Mr. Amsterdam as a potential plaintiff and failed to anticipate or seek an extension of the deadline to add parties when they sought an amendment to the Scheduling Order in June 2022.[6]

---

[6] Plaintiffs filed their Joint Motion to Modify the Scheduling Order on June 21, 2022—just two weeks before the July 5 deadline for amending or adding a party passed. They did not seek an extension of that portion of the schedule at that time.

Plaintiffs' delay in proposing Mr. Amsterdam's addition precludes a finding of good cause. This case has been pending for more than three years. By the time Plaintiffs identified Mr. Amsterdam in their August 18, 2022 briefing, the parties had already negotiated a proposed schedule, the Court had entered its Scheduling Order, and Defendants had expended significant resources preparing for class certification. In reliance on the Scheduling Order—and Plaintiffs' failure to have sought amendment in accordance with it—Defendants have spent considerable time formulating their strategies to oppose class certification and engaging in discovery. Defendants have served document requests and interrogatories on Plaintiffs and met and conferred with Plaintiffs regarding these discovery requests, all under the impression that these discovery requests and conferences concerned solely the named Plaintiffs.

Allowing Plaintiffs to upend those expectations now would cause Defendants to suffer substantial prejudice. *See Serrano Medina v. United States*, 709 F.2d 104, 106 (1st Cir. 1983) (rejecting an "eleventh-hour amendment" that would result in "undue prejudice" to the defendants "as it added new parties" and raised "new and separate claims" that would "require additional research and discovery"); *Roling v. E*Trade Sec. LLC*, 279 F.R.D. 522, 523 (N.D. Cal. 2012) (refusing to allow addition of new class representative given that "discovery likely could not be completed prior to the date E*Trade's opposition to the class certification motion is due" and because it is "reasonable to expect that E*Trade will need to propound written discovery . . . , conduct a factual investigation into its own files . . . and take Mr. Gogulski's deposition"); *In re Katrina*, 2008 WL 4791558 at *2 (similar, noting that addition would require an "investigation of

the new proposed sub-class representatives," the "propounding of additional written discovery," and new depositions, among other things).[7]

Moreover, Mr. Amsterdam's addition would needlessly expand the scope of this litigation. Plaintiffs presumably seek to include Mr. Amsterdam to address a glaring deficiency in their case—which is that none of the current Plaintiffs purchased any of CBL's debt securities (the Notes). The Plaintiffs purchased only equity securities (i.e., CBL's common and preferred stock), which means they lack standing to assert claims on behalf of a putative class of Noteholders. Mr. Amsterdam, on the other hand, claims to have purchased certain of one tranche of CBL Notes. *See* Dkt. 166-8. Allowing Plaintiffs to belatedly address this flaw in their case through Mr. Amsterdam would inject additional complexity and impose additional burdens in terms of case management. Debt securities and equity securities are traded differently, behave differently, and therefore must be analyzed differently. *See generally In re Glob. Brokerage, Inc.*, 2021 WL 1160056, at \*7, \*12-\*19 (S.D.N.Y. Mar. 18, 2021). Thus, the inclusion of a Noteholder plaintiff such as Mr. Amsterdam would raise unique issues and impose additional burdens on Defendants and the Court.

Even setting aside the prejudice to Defendants, Plaintiffs lack good cause in light of the procedural posture of this case. Federal courts generally deny motions to amend or substitute class representatives *prior* to class certification. *See, e.*g., *In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, 2017 WL 2501751, at \*1 (N.D. Ga. June 9, 2017) (explaining that "[c]ourts generally deny motions to add or substitute class representatives prior to class certification" because "justice does not require granting a leave to amend based on the putative class

---

[7] *Accord Hitt,* 2009 WL 4261192, at \*6 (granting motion to amend would cause "undue prejudice" because "Defendants have participated in substantial discovery, including discovery related specifically to the named Plaintiff" which would no longer be sufficient if the motion to amend were granted).

representative's *potential* shortcomings") (emphasis in original); *see also Bailey v. Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 865 (11th Cir. 2006) (finding lower court did not abuse discretion by denying "the putative class the opportunity to identify another lead plaintiff"); *Miller*, 2009 WL 1393488, at *1 (similar). For these reasons, even if Plaintiffs had sought leave to amend, such relief would not be warranted.

## II. Mr. Amsterdam's Addition Is Inconsistent With The PSLRA.

Finally, Plaintiffs' clandestine addition of Mr. Amsterdam without the proper vetting and approval by this Court runs counter to the express requirements and spirit of the PSLRA. For starters, the PSLRA mandates that "each plaintiff seeking to serve *as a representative party* on behalf of a class *shall* provide a sworn certification, which shall be personally signed by such plaintiff" that, among other things, (i) "sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint" and (ii) "identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class." 15 U.S.C. § 78u-4(a)(2)(A) (emphasis added). Further, the PSLRA explicitly incorporates the requirements applicable at class certification under Federal Rule of Civil Procedure 23, including the concept that a lead plaintiff must be an "adequate" class representative. *See id.* § 78u-4(a)(3)(B)(iii) (requiring that a lead plaintiff candidate "otherwise satisfies the requirements of Rule 23"). Lacking any information about Mr. Amsterdam, neither Defendants nor the Court can test his adequacy to serve as a class representative.

Courts consistently acknowledge that their responsibilities under the PSLRA "encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (internal citations omitted). This includes the consideration of "motions to disqualify,

remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action." *Id.* All of these motions relate to the court's "duty to continuously monitor lead plaintiffs' adequacy" based "on the overarching purpose of the PSLRA to ensure the active participation of interested parties in the litigation." *Id.* at 134. Plaintiffs' attempt to add Mr. Amsterdam to this litigation—without the involvement or approval of the Court—runs counter to the PSLRA and raises significant concerns about the extent to which this litigation is lawyer-driven.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Strike and enter an order:

(a) striking all references to Mr. Amsterdam in Plaintiffs' Motion for Class Certification and related filings;

(b) confirming that Mr. Amsterdam is not a party to this case nor a putative class representative; and

(c) providing all other relief the Court deems proper.

Respectfully submitted this 30th day of August, 2022.

**EVANS HARRISON HACKETT PLLC**

By: _/s/ Scott M. Shaw_
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

B. Warren Pope*
Peter M. Starr*
Matthew B. Rosenthal*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com


Gregory C. Cook*
L. Conrad Anderson, IV*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com
canderson@balch.com

*admitted *pro hac vice*

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that August 30, 2022, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)