**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| | ) | |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
| | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE NON-PARTY
RONALD T. AMSTERDAM**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 5

    I.  PLAINTIFFS FOLLOWED PROPER PROCEDURE BY REQUESTING APPOINTMENT OF MR. AMSTERDAM AS A CLASS REPRESENTATIVE THROUGH PLAINTIFFS' MOTION FOR CLASS CERTIFICATION ......................... 5

    II. IF THE COURT DEEMS IT NECESSARY, LEAD PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT TO ADD MR. AMSTERDAM .......................................................................................................... 12

    III. INCLUSION OF MR. AMSTERDAM IS NOT INCONSISTENT WITH THE PSLRA AND IN FACT FURTHERS ITS PURPOSES ................................................................ 18

CONCLUSION ................................................................................................................... 20

Case 1:19-cv-00181-JRG-CHS   Document 173   Filed 09/13/22   Page 2 of 30 PageID #: 2696

**Cases**

*Ades v. Omni Hotels Mgmt. Corp.*,
2:13-cv-02468-CAS(MANx), 2014 U.S. Dist. LEXIS 129689 (C.D. Cal. Sep. 8, 2014) ...............................................................................................................6

*Bailey v. Cumberland Cas. & Sur. Co.*,
180 F. App'x 862 (11th Cir. 2006) ................................................................10, 17

*Bare v. Fed. Express Corp.*,
886 F. Supp. 2d 600 (N.D. Ohio 2012)................................................................12

*Barnes v. First Am. Title Ins*.
473 F. Supp. 2d 798, 802 (N.D. Ohio 2007)..................................................10, 11

*Birmingham Steel Corp. v. TVA*,
353 F.3d 1331 (11th Cir. 2003) ...........................................................................11

*Bishop v. Hamya, Inc.*,
No. 3:16-cv-1123, 2018 U.S. Dist. LEXIS 245840 (M.D. Tenn. Sep. 10, 2018)....................14

*Burke v. Kia Motors Am., Inc.*,
No. 3:19-CV-229, 2020 U.S. Dist. LEXIS 67366 (E.D. Tenn. Apr. 17, 2020)...................9, 12

*Conrail v. Grand Trunk W. R.R. Co.*,
No. 09-10179, 2010 U.S. Dist. LEXIS 151359 (E.D. Mich. Aug. 30, 2010).........................17

*Counts v. GM, LLC*,
No. 16-cv-12541, 2018 U.S. Dist. LEXIS 94949 (E.D. Mich. June 6, 2018) .........................14

*Dartell v. Tibet Pharm., Inc.*,
No. 14-3620, 2016 U.S. Dist. LEXIS 21541 (D.N.J. Feb. 22, 2016) .......................................7

*Dassault Sys., SA v. Childress*,
663 F.3d 832 (6th Cir. 2012) ...............................................................................16

*Donovan v. Gillmor*,
535 F. Supp. 154 (N.D. Ohio 1982).....................................................................14

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004)...................................................................................20

*Hitt v. Ariz. Bev. Co., LLC*,
No. 08cv809WQH-POR, 2009 U.S. Dist. LEXIS 109702 (S.D. Cal. Nov. 24, 2009) ............................ *passim*

Case 1:19-cv-00181-JRG-CHS   Document 173   Filed 09/13/22   Page 3 of 30
PageID #: 2697

*Hlfip Holding v. Rutherford Cty.*,
No. 3:19-cv-00714, 2021 U.S. Dist. LEXIS 250871 (M.D. Tenn. Nov. 15,
2021) ..............................................................................................................................14

*In re Arakis Energy Corp. Sec. Litig.*,
No. 95-cv-3431, 1999 U.S. Dist. LEXIS 22246 (E.D.N.Y. Apr. 23, 1999) ........................7, 13

*In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*,
No. 2495 1:13-md-2495-TWT, 2017 U.S. Dist. LEXIS 88489 (N.D. Ga. June
8, 2017) ................................................................................................................10, 11, 17

*In re CMS Energy ERISA Litig.*,
225 F.R.D. 539 (E.D. Mich. 2004) ...............................................................................6

*In re Facebook, Inc.*,
312 F.R.D. 332 (S.D.N.Y. 2015) ...................................................................................7

*In re Glob. Brokerage*,
No. 17-CV-916 (RA) (BCM), 2021 U.S. Dist. LEXIS 52550 (S.D.N.Y. Mar.
18, 2021) ........................................................................................................................18

*In re GM LLC Ignition Switch Litig.*,
No. 14-MD-2543 (JMF), 2017 U.S. Dist. LEXIS 189550 (S.D.N.Y. Nov. 15,
2017) ...............................................................................................................................13

*In re Initial Pub. Offering Sec. Litig.*,
214 F.R.D. 117 (S.D.N.Y. 2002) ...................................................................................19

*In re Katrina Canal Breaches Consol. Litig.*,
No. 05-4182, 2008 U.S. Dist. LEXIS 89896 (E.D. La. Oct. 28, 2008) .......................5, 8, 9, 18

*In re Oxford Health Plans, Inc. Sec. Litig.*,
191 F.R.D. 369 (S.D.N.Y. 2000) ...................................................................................19

*In re Teletronics Pacing Sys., Inc.*,
172 F.R.D. 271 (S.D. Ohio 1997) .................................................................................6

*Johnson v. Knox Cty.*,
2020 U.S. Dist. LEXIS 88828 (E.D. Tenn. May 20, 2020)...........................................9

*Leary v. Daeschner*,
349 F.3d 888 (6th Cir. 2003) .........................................................................................13

*Little Ceasar Enterprises v. Smith et al.*,
172 F.R.D. 236 (E.D. Mich. 1997) ...............................................................................11

*Malone v. Shelby Cty.*,
No. 21-5246, 2021 U.S. App. LEXIS 36622 (6th Cir. Dec. 10, 2021)..........................17

Case 1:19-cv-00181-JRG-CHS    Document 173    Filed 09/13/22    Page 4 of 30
PageID #: 2698

*Miller v. Mercedes-Benz USA LLC*,
   No. CV 06-05382 ABC, 2009 U.S. Dist. LEXIS 45512 (C.D. Cal. May 15,
   2009) .........................................................................................................................9, 10

*Monahan v. N.Y.C. Dept. of Corr.*,
   214 F.3d 275 (2d Cir. 2000)....................................................................................16

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
   2016 U.S. Dist. LEXIS 153804(S.D.N.Y. Nov. 4, 2016) ...........................................7

*NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*,
   No. 2:14-cv-2487, 2016 U.S. Dist. LEXIS 101833 (S.D. Ohio Aug. 3, 2016) .......................16

*Norwood v. Raytheon Co.*,
   237 F.R.D. 581 (W.D. Tex. 2006) ..........................................................................7

*Peterson v. Alaska Commc'ns Sys. Grp., Inc.*
   328 F.R.D. 255, 268 (D. Alaska 2018)*, amended,* No. 3:12-CV-00090-TMB,
   2019 U.S. Dist. LEXIS 205856 (D. Alaska Nov. 26, 2019).................................4, 5, 6

*Pfeifer v. Wawa, Inc.*,
   No. 16-497, 2018 U.S. Dist. LEXIS 81759 (E.D. Pa. May 1, 2018).........................................8

*Raab Family P'ship v. Borough of Magnolia*,
   No. 08-5050, 2009 U.S. Dist. LEXIS 140205 (D.N.J. Oct. 30, 2009) ....................................9

*Roling v. E\*Trade Sec. LLC*,
   279 F.R.D. 522 (N.D. Cal. 2012)...........................................................................17

*Ross v. Am. Red Cross*,
   567 F. App'x 296 (6th Cir. 2014) ..........................................................................13

*Runnels v. Banks*,
   2012 U.S. Dist. LEXIS 95066 (S.D. Miss. July 10, 2012) ........................................9

*Ryans v. Koch Foods, LLC*,
   No. 1:13-cv-234-SKL, 2015 U.S. Dist. LEXIS 189769 (E.D. Tenn. Mar. 2,
   2015) .......................................................................................................................17

*S. Dakota ex rel. S. Dakota R.R. Auth. v. Burlington N. & Santa Fe Ry. Co.*,
   280 F. Supp. 2d 919 (D.S.D. 2003) .........................................................................9

*Serrano Medina v. United States*,
   709 F.2d 104 (1st Cir. 1983)...................................................................................17

*Sosna v. Iowa*,
   419 U.S. 393 (1975).................................................................................................11

*Swanson v. Wabash, Inc.*,
   577 F. Supp. 1308 (N.D. Ill. 1983) ...................................................................................13

*Switzer Bros., Inc. v. Byrne*,
   242 F.2d 909 (6th Cir. 1957) ...........................................................................................12

*Takacs v. A.G. Edwards and Sons, Inc.*,
   No. 04-cv-1852 JAH (NLS) (S.D. Cal. Mar 9, 2006)..........................................................5

*Union Ins. Co. v. Delta Casket Co.*,
   No. 06-2090, 2009 U.S. Dist. LEXIS 140031 (W.D. Tenn. Oct. 20, 2009)...........................14

*United States Tr. v. Varner (In re Varner)*,
   Nos. 14-61103, 14-6021, 2014 Bankr. LEXIS 4293 (Bankr. N.D. Ohio Oct. 7,
   2014) ..............................................................................................................................16

*Verragio, Ltd. v. Signet Jewelers*,
   No. 5:20-cv-01083-CEH, 2021 U.S. Dist. LEXIS 200450 (N.D. Ohio May 26,
   2021) ..............................................................................................................................16

*Walters v. Gill Indus.*,
   Civil Action No. 5: 21-069-DCR, 2021 U.S. Dist. LEXIS 234918 (E.D. Ky.
   Dec. 8, 2021)...................................................................................................................17

*Woznicki v. Raydon Corp.*,
   No. 6:18-cv-2090-Orl-78GJK, 2020 U.S. Dist. LEXIS 31378 (M.D. Fla. Feb.
   20, 2020) ...........................................................................................................................7

**Statutes**

11 U.S.C. §362(a) ...............................................................................................................3

15 U.S.C. §78j(b)................................................................................................................2

15 U.S.C. §78t(a) ...............................................................................................................2

15 U.S.C. § 78u-4 ...........................................................................................15, 18, 19, 20

**Rules**

Fed. R. Civ. P. 15..........................................................................................................3, 12

Fed. R. Civ. P. 16(b) .....................................................................................................3, 12

Fed. R. Civ. P. 20............................................................................................................12

Fed. R. Civ. P. 23 .................................................................................................. *passim*

Fed. R. Civ. P. 41(1) .......................................................................................................10

**Other Authorities**

6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.) ..................................................................................................................13

*Manual for Complex Litigation, Fourth*, § 21.26 (2020)........................................................6, 7, 12

Senate Report No. 104–98 (1995) ................................................................................................19

Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman ("Plaintiffs"), by their counsel, respectfully submit this memorandum of law in opposition to Defendants' Motion to Strike Non-Party Ronald T. Amsterdam. ECF No. 170.

## **INTRODUCTION**

Defendants' motion is based on the false premise that Plaintiffs have added Ronald Amsterdam as a named plaintiff to the Action. They have not. As stated in their motion for class certification, Plaintiffs seek an order appointing Mr. Amsterdam—along with Lead Plaintiffs—as a class representative to prosecute claims that have already been pled and sustained. Plaintiffs made their motion on August 18, 2022, in compliance with the Scheduling Order.

Defendants fail to cite even a single case holding that it is procedurally improper to request the appointment of a non-named plaintiff as a class representative in a motion for class certification. This is because the law is precisely the opposite. As discussed in more detail below, courts in this Circuit and throughout the country routinely appoint non-named plaintiffs as class representatives without requiring a separate motion to amend. The propriety of the procedure is recognized by the Federal Judicial Center as well as in the comments to the Federal Rules of Civil Procedure.

Indeed, even assuming, *arguendo,* that Plaintiffs were required to move to amend their Complaint along with their motion for class certification, the requirements for amendment are easily met where, as here, it would involve adding an additional class representative without altering any claims or the class definition and Defendants are unable to identify any prejudice that would result. Adding Mr. Amsterdam does not expand the claims asserted or discovery needed because the noteholder claims were alleged in the Complaint and sustained by this Court. While this case has been pending for several years—because Defendants requested and obtained a stay following CBL's bankruptcy—Defendants have yet to produce *a single* document in discovery, with document production confined to non-party CBL, which only made its first production of

1

documents nine business days before Plaintiffs moved for class certification on August 18, 2022, and eight months before fact discovery is scheduled to conclude. Tellingly, Defendants are unable to identify any deadlines that would need to be extended or discovery that would need to be redone. Nor do they acknowledge that Mr. Amsterdam has produced documents and will sit for a deposition pursuant to the class discovery schedule already set by the Court. Because there is no prejudice to Defendants, Plaintiffs should be granted leave to amend the Complaint if the Court deems it necessary that they do so.

The need to respond to Defendants' motion could have been avoided if they had meaningfully participated in a good faith meet and confer process with Plaintiffs, or if Defendants' counsel had considered that their failure to find a single case supporting their position may be a sign that their position was meritless. Then again, perhaps their purpose was simply to create a burden for Plaintiffs' counsel, forcing them to waste time responding to this motion that could have been applied to the merits of the case. In any event, Defendants' motion should be denied.

## BACKGROUND

On September 10, 2019 this Court granted Plaintiffs' motion for appointment as Lead Plaintiffs. ECF No. 69. On November 5, 2019, Plaintiffs filed the Consolidated Class Action Complaint ("Complaint"). ECF No. 80. The Complaint alleges violations of Section 10(b) and Section 20(a) of the Securities Exchange Act ("Exchange Act") on behalf of a class of investors that purchased CBL common stock, preferred stock as well as senior unsecured notes during the putative class period. *Id*. at ¶¶1, 187.

On December 20, 2019, Defendants filed their motion to dismiss, which was fully briefed on March 12, 2020. ECF Nos. 93, 93-1, 101, 104. In their motion to dismiss, Defendants argued that Plaintiffs did not have standing so assert claims on behalf of noteholders. ECF No. 93-1 at 28 n. 24 ("Because no named Plaintiff purchased or otherwise acquired any of the Notes issued by the

2

Operating Partnership, Plaintiffs lack Article III and statutory standing to assert claims on behalf of a class of individuals who did.").

On November 9, 2021, while Defendants' motion to dismiss was *sub judice*, CBL filed for bankruptcy pursuant to section 362(a) of the Bankruptcy Code, invoking an automatic stay on continuation of the instant litigation. ECF No. 119. This Court entered an order staying the action on November 20, 2020. ECF No. 120. Defendants moved this Court, on numerous occasions, to extend the automatic stay until confirmation of CBL's bankruptcy plan (ECF Nos. 126, 129, 131, 133, 135) which this Court granted. ECF Nos. 127, 130, 132, 134, 136. On November 29, 2021, Defendants filed a supplemental brief providing this Court notice that CBL's proposed bankruptcy plan had become effective, and the stay was lifted. ECF No. 141.

On May 3, 2022, this Court denied Defendants' motion to dismiss the Complaint, sustaining all claims including those asserted on behalf of the noteholders. ECF No. 145. On May 25, 2022, the Court denied Defendants' motion for clarification and reconsideration of the Court's scienter ruling. ECF No. 152.

On June 6, 2022, the Court entered an order setting a deadline of July 5, 2022 for motions to amend the pleadings or add new parties without making a showing of good cause pursuant to Rule 16 and subject to the requirements of Rule 15. ECF No. 153. On June 22, 2022, the Court entered an order amending certain deadlines in then-operative Scheduling Order (ECF No. 153) and setting August 18, 2022, as the deadline for Plaintiffs' motion for class certification, which includes the proffering of class representatives. ECF No. 155. On July 15, 2022, Defendants provided the first indication that they would continue to press their noteholder standing argument (*see* ECF No. 93-1 at 28 n. 24)—despite it being rejected by the Court (*see* ECF No. 145)—when they objected to a subpoena served by Plaintiffs to FINRA for information concerning CBL notes,

3

stating: "such information is irrelevant" because "Plaintiffs lack both Article III and statutory standing to assert such claims since no named Plaintiff purchased or acquired any CBL Senior Notes during the putative class period." Declaration of Michael J. Wernke ("Wernke Decl."), Ex. 1 (CBL's Objections to Second Subpoena to FINRA). On August 18, 2022, Plaintiffs filed their motion for class certification, proposing as class representatives the Plaintiffs as well as Mr. Ronald T. Amsterdam ("Mr. Amsterdam"). ECF Nos. 164-166.

On August 24, 2022, Defendants served a subpoena to Mr. Amsterdam for the production of documents. Wernke Decl., Ex 2 (Subpoena to Mr. Amsterdam). The subpoena states, "Defendants do not consent to this improper and untimely attempt to amend the complaint in violation of the operative scheduling order and to name a new proposed class representative who is not and has never been a party to this action." *Id.* at 1.

During a call on August 26, 2022, that was previously scheduled to discuss the parties' document productions and the depositions of the proposed class representatives, Plaintiffs' counsel enquired as to the stated objection to the proffering of Mr. Amsterdam as a class representative. Wernke Decl., ¶ 4. Plaintiffs' counsel stated that it was their understanding, based on legal research, that proposing Mr. Amsterdam in the motion for class certification was procedurally proper. *Id.* Plaintiffs' counsel asked Defendants' counsel to identify authority for their assertion that it was procedurally impermissible as a matter of law to propose Mr. Amsterdam as a class representative, at the class certification stage. *Id.* Defendants' counsel provided no authority, stating that they were still researching the issue. *Id.* Later that same day, Plaintiffs' counsel shared two cases, including *Peterson v. Alaska Commc'ns Sys. Grp., Inc* 328 F.R.D. 255, 268 (D. Alaska 2018)*, amended,* No. 3:12-CV-00090-TMB, 2019 U.S. Dist. LEXIS 205856 (D. Alaska Nov. 26, 2019), which—as discussed below—recognized that "[c]ourts that have considered the rare circumstance of whether

to appoint a non-named plaintiff as an additional class representative have not . . . required the pleadings to be amended." 328 F.R.D. 255, 268 (D. Alaska 2018). Wernke Decl., Ex. 3 (Email from Michael J. Wernke).

Three days later, on August 29, 2022, at 4:10 p.m., Defendants' counsel responded, citing two cases—*In re Katrina Canal Breaches Consol. Litig.,* No. 05-4182, 2008 U.S. Dist. LEXIS 89896 (E.D. La. Oct. 28, 2008), and *Hitt v. Ariz. Bev. Co., LLC,* No. 08cv809WQH-POR, 2009 U.S. Dist. LEXIS 109702 (S.D. Cal. Nov. 24, 2009). Wernke Decl., Ex. 4 (Email from Peter Starr). As discussed below, neither of these cases address whether a motion for class certification is a procedurally valid vehicle for requesting appointment of a class member as a class representative. Less than 24 hours later, without waiting for Plaintiffs' counsel's response or requesting any meet and confer to discuss and/or narrow the issues of dispute, Defendants' counsel wrote: "Having not received a response to the email below, Defendants presume that Plaintiffs are not willing to withdraw Mr. Amsterdam and that judicial resolution of this dispute is required." Wernke Decl., Ex. 5 (Email from Peter Starr). Defendants filed the instant motion shortly thereafter.

## **ARGUMENT**

### I. **PLAINTIFFS FOLLOWED PROPER PROCEDURE BY REQUESTING APPOINTMENT OF MR. AMSTERDAM AS A CLASS REPRESENTATIVE THROUGH PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Contrary to Defendants' baseless assertion (Def. Br. at 6), Plaintiffs were not required to move to amend the complaint prior to requesting that the Court appoint Mr. Amsterdam as a class representative in Lead Plaintiffs' motion for class certification. "Rule 23(a) does not explicitly require that class representatives be named plaintiffs." *Peterson,* 328 F.R.D. at 268 n. 62 quoting *Morales v. Stevco, Inc.*, No. 1:09-cv704, 2011 U.S. Dist. LEXIS 130604, at *23 (E.D. Cal. Nov. 10, 2011); *see also Takacs v. A.G. Edwards and Sons, Inc.*, No. 04-cv-1852 JAH (NLS) (S.D. Cal. Mar 9, 2006), slip op. at 7 (granting plaintiff's motion to add a non-named plaintiff as a class

5

representative: "plaintiffs need not file a new complaint in order for [the non-named class member] to serve as a class representative in this case") submitted herewith as Wernke Decl., Ex. 6. Moreover, it is hornbook law that the "court may permit intervention by a new representative or *may simply designate that person as a representative in the order granting class certification*." Manual for Complex Litig. (Fourth) (2004), §21.26 (citing *In re Teletronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (finding that the federal rules permit non-named class members to serve as class representatives and appointing several such non-named class members at the class certification stage: "it is unnecessary for a class member to have filed an individual action in order to qualify as a class representative").[1] As a result, it is unsurprising that "*[c]ourts that have considered the rare circumstance of whether to appoint a non-named plaintiff as an additional class representative have not . . . required the pleadings to be amended.*" *Peterson*, 328 F.R.D. at 268 (appointing non-party class members as class representatives without amending the complaint to add them as plaintiffs). Indeed, Rule 23(d) and the Committee Notes expressly contemplate allowing additional representatives for purposes of "strengthening of the representation." 1966 Committee Notes on Rules 23(c)(1) and (d)(3).

The cases in this Circuit and nationwide supporting Plaintiffs' position are legion. *See, e.g. In re Teletronics*, 172 F.R.D. at 283; *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 542 (E.D. Mich. 2004) (granting plaintiffs' motion to appoint non-named class member as additional class representative, holding that "no requirement for a formal amendment to the complaint" is required when adding a new class representative); *Ades v. Omni Hotels Mgmt. Corp.*, 2:13-cv-02468-CAS(MANx), 2014 U.S. Dist. LEXIS 129689, at *27 (C.D. Cal. Sep. 8, 2014) (rejecting defendants' argument that proffering a non-named plaintiff as a class representative in a motion for class

---

[1] Emphasis is added in quotations, and citations are omitted herein, without further indication.

certification was procedurally improper, holding that "the Court has the authority to authorize a class representative at this stage who was not previously a named plaintiff") (citing Manual for Complex Litigation (Fourth) § 21.26); *Woznicki v. Raydon Corp.*, No. 6:18-cv-2090-Orl-78GJK, 2020 U.S. Dist. LEXIS 31378, at *35 (M.D. Fla. Feb. 20, 2020) (granting motion for class certification and appointing a non-named class member as one of the class representatives, rejecting the defendants' argument that "[she] cannot be a class representative because she is not a party to this case"), report and recommendation adopted, 2020 U.S. Dist. LEXIS 47338 (M.D. Fla. Mar. 16, 2020); *In re Facebook, Inc.*, 312 F.R.D. 332, 345 (S.D.N.Y. 2015) (granting motion for class certification and appointing non-named plaintiffs as a class representatives over the defendants' argument that they "were not named in the Complaint . . . and did not attach PSLRA certifications to the Complaint," noting "Rule 23 gives the Court the power to designate class representatives who are not lead plaintiffs"); *NJ Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, No. 08-CV-5310 (DAB), 2016 U.S. Dist. LEXIS 153804, at *18 (S.D.N.Y. Nov. 4, 2016) (adding new class representative on motion for class certification and rejecting the defendants' argument that "Plaintiff must amend the Complaint or seek joinder"); *Dartell v. Tibet Pharm., Inc.*, No. 14-3620, 2016 U.S. Dist. LEXIS 21541, at *4 (D.N.J. Feb. 22, 2016) (appointing, among others, a class representative in a federal securities case who was proposed as an additional class representative in plaintiffs' reply brief in support of class certification to address defendants' proffered adequacy and typicality arguments); *Norwood v. Raytheon Co.*, 237 F.R.D. 581, 588 n.12 (W.D. Tex. 2006) (noting that plaintiffs' request to appoint non-named plaintiffs as class representatives through a motion for class certification was proper because Rule 23 does not require that class representatives be named plaintiffs).[2]

---

[2] *See also In re Arakis Energy Corp. Sec. Litig.*, No. 95-cv-3431, 1999 U.S. Dist. LEXIS 22246, at *44-45 (E.D.N.Y. Apr. 23, 1999) (granting motion for class certification for a settlement and

By contrast, Defendants do not cite a single case holding that it is improper for plaintiffs to request the appointment of a non-named plaintiff as a class representative in a motion for class certification. ***Not even one case***. The lone case upon which Defendants rely to justify their motion, *In re Katrina,* 2008 U.S Dist. LEXIS 89896, at \*1 (*see* Def. Br. at 6), is wildly off-point. *Katrina* did not involve plaintiffs seeking appointment of a non-named plaintiff as a class representative through a motion for class certification. Rather, without any motion at all, nor seeking leave from the court in any fashion, the plaintiffs added four class representatives to the complaint more than a year after class certification briefing and discovery had been completed. The Court granted the defendants' motion to strike the new class representatives from the complaint because (i) leave was never requested; and (ii) if they were added it would require reopening discovery, amendment of previously submitted expert reports, extension of deadlines, and would jeopardize the trial date. *Id*. at \*6-10.

Here, by contrast, Plaintiffs ***are*** expressly seeking Court approval through their Rule 23 motion for class certification and appointment of class representatives and are doing so at the time designated by the Court. The opening paragraph of Plaintiffs' Notice of Motion states that Plaintiffs are seeking:

> an Order: (1) certifying this action pursuant to Rule 23(a) and Rule 23(b)(3) as a class action and certifying the Class defined herein; (2) ***appointing*** Jay B. Scolnick, Mark K. Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman and ***Ronald T. Amsterdam as Class Representatives***; and (3) appointing Pomerantz LLP and Abraham, Fruchter & Twersky LLP as Counsel for the Class.

ECF No. 164. The opening paragraph of Plaintiffs' brief in support of their class certification motion likewise details the relief sought. ECF No. 165.[3] Any argument that Defendants may have as to why

---

appointing several non-named plaintiffs as additional class representatives); *Pfeifer v. Wawa, Inc.*, No. 16-497, 2018 U.S. Dist. LEXIS 81759, at \*4 (E.D. Pa. May 1, 2018) (same).

[3] Defendants' assertion that Plaintiffs seek to add Mr. Amsterdam as a party is based entirely on the fact that Plaintiffs' motion for class certification uses the term "Plaintiffs" as a shorthand term

Mr. Amsterdam should not be a class representative can be presented in their response, which is not due until October 28, 2022 (ECF No. 155), over 10 weeks after Plaintiffs moved for class certification. In that time, Defendants will have every opportunity to probe Mr. Amsterdam's adequacy to be a class representative. Plaintiffs pro-actively produced Mr. Amsterdam's documents relevant to CBL on August 24, 2022 along with the Lead Plaintiffs' documents and offered September 23, 2022 as a date for his deposition. Wernke Decl., ¶¶9-10. Thus, unlike in *In re Katrina*, Plaintiffs have sought leave from the Court, discovery will not need to be reopened, and no deadlines will be impacted. Tellingly, Defendants do not make any assertion to the contrary.

The remainder of the cases cited by Defendants fare no better. Many of the cases cited by Defendants do not involve class actions at all,[4] and the few cases that do address requests to appoint a class representative involve motions to *substitute* a new plaintiff for a withdrawing or dismissed named plaintiff prior to any motion for class certification. *See Hitt*, 2009 U.S. Dist. LEXIS 109702, at *11-17 (denying plaintiff's counsel's request to *substitute* the sole named plaintiff for an unnamed (and unknown) plaintiff prior to any motion for class certification after the named plaintiff decided to withdraw from the case following damaging admissions during discovery); *Miller v. Mercedes-Benz USA LLC*, No. CV 06-05382 ABC (JTLx), 2009 U.S. Dist. LEXIS 45512, at *3-8 (C.D. Cal. May 15, 2009) (denying plaintiffs' request to *substitute* a non-named plaintiff as a class

---

to refer to Lead Plaintiffs and Mr. Amsterdam collectively. Defendants completely ignore that the single phrase they refer to also refers to the group as "Proposed Class Representatives." ECF No. 165 at 1. This scrivener's error cannot trump the clear fact that Plaintiffs' motion repeatedly states that they seek to appoint Mr. Amsterdam as a class representative, not a named plaintiff.

[4] *Johnson v. Knox Cty.*, 2020 U.S. Dist. LEXIS 88828, at *13 (E.D. Tenn. May 20, 2020) (plaintiff amended the complaint to add parties without ever seeking leave); *Runnels v. Banks*, 2012 U.S. Dist. LEXIS 95066, at *3 (S.D. Miss. July 10, 2012) (same); *Burke v. Kia Motors Am., Inc.,* No. 3:19-CV-229, 2020 U.S. Dist. LEXIS 67366, at *7-9 (E.D. Tenn. Apr. 17, 2020) (discussing joinder of a defendant); *Raab Family P'ship v. Borough of Magnolia,* No. 08-5050 (JBS/AMD), 2009 U.S. Dist. LEXIS 140205, at *8-13 (D.N.J. Oct. 30, 2009) (same); *S. Dakota ex rel. S. Dakota R.R. Auth. v. Burlington N. & Santa Fe Ry. Co.*, 280 F. Supp. 2d 919, 924 (D.S.D. 2003) (discussing adding an "involuntary plaintiff").

representative in the class certification motion after it was revealed that the named plaintiff was employed by class counsel for over ten years, calling the request a "bait-and-switch tactic"); *Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798, 802 (N.D. Ohio 2007) (denying plaintiffs' counsel's request, made prior to any motion for class certification, to remove the two named plaintiffs from the action and ***substitute*** new plaintiffs after it was revealed that the original plaintiffs did not have standing to bring any of their claims); *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, No. 2495 1:13-md-2495-TWT, 2017 U.S. Dist. LEXIS 88489, at *8 n.12 (N.D. Ga. June 8, 2017) (denying plaintiffs' motion to ***substitute*** prior to moving for class certification); *Bailey v. Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 865 (11th Cir. 2006) (district court did not abuse discretion where, after dismissing the lead plaintiffs' claims in their entirety at the pleading stage the court denied the putative class the opportunity to identify and ***substitute*** another lead plaintiff).

As these cases explain, courts often deny requests to ***substitute*** a plaintiff prior to a motion for class certification because the withdrawal/dismissal of the named plaintiff effectively ends the litigation, resulting in no "case or controversy" for a new plaintiff to enter. *Hitt*, 2009 U.S. Dist. LEXIS 109702, at *13 (S.D. Cal. Nov. 24, 2009) (holding that because the sole named plaintiff was withdrawing their claim prior to class certification, "there is no longer a 'case or controversy' to be decided within the meaning of Article III of the Constitution"); *Barnes,* 473 F. Supp. 2d at 802 ("because the proposed amendment seeks to remove named Plaintiffs in favor of substitute Plaintiffs. Pursuant to Fed. R. Civ. P. 41(1), Plaintiffs cannot amend themselves out of this action as Defendant has filed an answer and counterclaim against the named Plaintiffs"). Underlying several of these cases was an attempt to "bait-and-switch" a named plaintiff that had likely been known to be inadequate since the filing of the class action for another plaintiff that was found at a later date. *Miller,* 2009 U.S. Dist. LEXIS 45512 at *4; *Barnes,* 473 F. Supp. 2d at 802. Here, there is no "bait-

and-switch." The Court has rejected all of Defendants' arguments for dismissal of Plaintiffs and their claims, including the claims asserted on behalf of the noteholder. No Plaintiff is exiting this case or seeking to be substituted. Therefore, Mr. Amsterdam is not being "switched" for any of the Plaintiffs. Rather, Plaintiffs propose Mr. Amsterdam as an additional class representative because he purchased CBL notes during the Class Period, which demonstrates that Plaintiffs take their duty to represent the entire class seriously and Defendants will have ample opportunity to depose him and test his adequacy and typicality.

Even if Plaintiffs were looking to exit the case and substitute Mr. Amsterdam (they are not), even the cases upon which Defendants rely state that it would be procedurally permissible to do so in their motion for class certification. In *Barnes*, the court distinguished the facts before it from those in *Little Ceasar Enterprises v. Smith et al.*, 172 F.R.D. 236, 244 (E.D. Mich. 1997), where, on a motion for class certification, the magistrate judge recommended the court grant class certification, but suggested the court could condition the class certification on the plaintiffs' substituting of an adequate class representative if the presently-named class representative were determined to be inadequate. *Barnes*, 473 F. Supp. 2d at 800. In *In re Atlas Roofing*, the court noted that it is appropriate for a court to permit addition or substitution of a class representative at the same time as conditionally certifying the class action. 2017 U.S. Dist. LEXIS 88489, at *8 n.12. This is because "once certified, a class acquires a legal status separate from that of the named plaintiffs." *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1336, 1342 n. 11 (11th Cir. 2003) (reversing decertification of a class based on the inadequacy of the class representative when the district court failed to provide leave to find a suitable substitution); *see also Sosna v. Iowa*, 419 U.S. 393, 399 (1975). By proposing Mr. Amsterdam as an additional class representative, Plaintiffs are pre-empting any inefficiencies and delay that could occur in the unlikely event that the Court determines that

Plaintiffs are not able to represent the noteholders. *See Manual for Complex Litigation, Fourth*, § 21.26 (2020) ("Replacement . . . may be appropriate if a representative has engaged in conduct inconsistent with the interests of the class or is no longer pursuing the litigation. In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements. The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification.").

## II. IF THE COURT DEEMS IT NECESSARY, LEAD PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT TO ADD MR. AMSTERDAM

A class representative need not be a named plaintiff (*see* Point I, *supra*) and Plaintiffs are not seeking to name Mr. Amsterdam as a plaintiff. However, as Defendants recognize, if the Court determines that Mr. Amsterdam is an adequate class representative, he may be added as a plaintiff because "a court may add or drop a party at any time, on just terms, either on a party's motion *or on its own initiative*." *Burke,* 2020 U.S. Dist. LEXIS 67366, at \*5 (citing Fed. R. Civ. P. 21); *see also Switzer Bros., Inc. v. Byrne*, 242 F.2d 909, 913 (6th Cir. 1957) (motion to add parties is addressed to sound discretion of court). And if the Court determines that Mr. Amsterdam should be a named plaintiff prior to determining whether he may be a class representative, Plaintiffs request leave to amend the complaint to add Mr. Amsterdam as they have satisfied the requirements of Rules 15, 16(b), and 20.

Rule 15(a) provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b) provides that where the time for amendment of the pleadings set forth in a scheduling order has passed, a party may obtain modification of the scheduling order and proceed with the amendment upon a showing of "good cause." *See* Fed. R. Civ. P. 16(b); *see also Bare v. Fed. Express Corp.,* 886 F. Supp. 2d 600, 605 (N.D. Ohio 2012) (quoting *Commerce*

*Benefits Grp., Inc. v. Mc Kesson Corp.*, 326 F. App'x 369, 376 (6th Cir 2009). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). To deny a motion to amend, the Court must also find "at least some significant showing of prejudice to the opponent[.]" *Leary,* 349 F.3d at 907 (quoting *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999).

When leave to amend is specifically requested to add additional class representatives, courts have held that absent a showing of prejudice—regardless of whether the moving party exercised due diligence—leave should be granted. The common motif in these cases is that protection of the interests of the class is paramount absent any prejudice to the defendants. *See, e.g., In re Arakis,* 1999 U.S. Dist. LEXIS 22246, at \*44-45 ("Courts have generally permitted the addition or substitution of class representatives when there is no showing of prejudice to defendants and such addition or substitution would advance the purposes served by class certification"). Accordingly, "[i]f no prejudice is found, then leave normally will be granted." 6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.); *see also Swanson v. Wabash, Inc.*, 577 F. Supp. 1308, 1326 (N.D. Ill. 1983) ("[W]e feel that adding another class representative is the proper solution. . . . [W]e believe this representative will ensure that all the interests of the class members are fairly and adequately represented."); *In re GM LLC Ignition Switch Litig.,* No. 14-MD-2543 (JMF), 2017 U.S. Dist. LEXIS 189550, \*340 (S.D.N.Y. Nov. 15, 2017) (permitting amendment to add new named plaintiffs and class representatives because "courts hold that adding a new class representative is appropriate, even required, to protect class interests.").

13

Here, there is neither undue delay nor undue prejudice. As to delay, as discussed *supra* 4, Plaintiffs reasonably believe that the Court's denial of Defendants' motion to dismiss put to bed Defendants' argument that Plaintiffs lacked standing to assert claims on behalf of noteholders. Plaintiffs were first alerted that Defendants intended to continue to push their rejected standing argument on July 15, 2022, when they served their objections to Plaintiffs' subpoena to FINRA, which was after the July 5, 2022 deadline to add parties. Plaintiffs filed their motion to appoint Mr. Amsterdam as a class representative a few weeks later, on the date set by the Court. *See Counts v. GM, LLC,* No. 16-cv-12541, 2018 U.S. Dist. LEXIS 94949, at *9-18 (E.D. Mich. June 6, 2018) (finding no undue delay when plaintiffs sought to amend as a result of information discovered during discovery despite the fact that certain of the information at issue was known to plaintiffs for *over a year*); *Union Ins. Co. v. Delta Casket Co.,* No. 06-2090, 2009 U.S. Dist. LEXIS 140031, at *12 (W.D. Tenn. Oct. 20, 2009) (finding no undue delay when party filed motion to amend *over a year* after newly discovered information); *Hlfip Holding v. Rutherford Cty.,* No. 3:19-cv-00714, 2021 U.S. Dist. LEXIS 250871, at *36-42 (M.D. Tenn. Nov. 15, 2021) (finding no undue delay when party moved to amend *two months* after new information was uncovered); *Donovan v. Gillmor,* 535 F. Supp. 154, 157 (N.D. Ohio 1982) (same). The fact that Plaintiffs sought to add Mr. Amsterdam at an early stage of the litigation—only ten days after Defendants made their first document production—further supports permitting amendment. *Cf. Bishop v. Hamya, Inc.,* No. 3:16-cv-1123, 2018 U.S. Dist. LEXIS 245840, at *4 (M.D. Tenn. Sep. 10, 2018) (granting leave to amend when information was newly discovered during discovery, despite the fact that the *plaintiff had previously amended the complaint* and holding that "the fact that the case has progressed substantially toward trial is *not the circumstance that informs the Court's consideration* of delay.").

As to prejudice, while Defendants baldly assert that Plaintiffs' request would cause Defendants to suffer "substantial prejudice" (Def. Br. at 11) they have not (and cannot) identify *any* actual prejudice. On the same day that Plaintiffs produced their documents in response to Defendants' document requests, Plaintiffs also proactively produced documents from Mr. Amsterdam as if the document requests served on Plaintiffs had been served on Mr. Amsterdam— without waiting for Defendants to serve a separate document request or subpoena on Mr. Amsterdam. Wernke Decl., ¶9. Plaintiffs have also offered Mr. Amsterdam for deposition on September 23, 2022, during the same three-week time frame that Defendants have requested to depose Plaintiffs. *Id*. at ¶10. In fact, on September 12, 2022, Defendants served a subpoena for testimony on Mr. Amsterdam. *Id.* at ¶11.

Defendants will thus have every opportunity to question Mr. Amsterdam, just as they will the other proposed class representatives, to assess his adequacy. Tellingly, Defendants failed to identify any discovery that will have been wasted or need to be redone because Mr. Amsterdam has been proffered as a class representative. Nor have Defendants asserted that any class certification or discovery deadlines will be impacted by the inclusion of Mr. Amsterdam.

Defendants attempt to suggest that they will be prejudiced because, as they assert, this case has been pending for three years, is misleading. Def. Br. at 11. Defendants fail to note that it was their own doing that this case was stayed for almost a year because they moved to extend the bankruptcy stay to the entire case. Moreover, because the PSLRA mandates a stay on discovery until a ruling on a motion to dismiss, discovery could not advance until the Court issued its Scheduling Order on June 9, 2022. ECF No. 153. Defendants have not yet produced a single document. Wernke Decl., at ¶12. And non-party CBL did not make its first production of documents until August 5, 2022, only nine business days prior to Plaintiffs' motion for class

certification. *Id.* Fact discovery is not set to end until April 28, 2023, ***more than eight months*** after Plaintiffs filed their motion for class certification.

Mr. Amsterdam's addition will also not "needlessly expand the scope of this litigation." Def. Br. at 12. Claims on behalf of noteholders have always been part of the case and the Court denied Defendants' motion to dismiss them. Thus, the claims that Defendants will have to defend and address at class certification, summary judgment and trial are precisely those pled on November 5, 2019.  If Defendants did not anticipate defending against claims by noteholders, that is an error and an oversight of their own doing. Moreover, even if the addition of Mr. Amsterdam requires Defendants to expend additional resources in this litigation, such would still not qualify as a finding of prejudice, since "prejudice" in the context of a motion to amend means more than the inconvenience of having to defend against a claim. *See, e.g., Dassault Sys., SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2012) (delay and increased costs from having to actually litigate a dispute are not sufficient prejudice); *Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (holding that the fact that one party has spent time and money preparing for trial will usually not be deemed sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings); *Verragio, Ltd. v. Signet Jewelers,* No. 5:20-cv-01083-CEH, 2021 U.S. Dist. LEXIS 200450, at *11-12 (N.D. Ohio May 26, 2021) (noting that courts do not typically find prejudice merely from the additional expense and inconvenience of defending against a new claim) (citing *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 368 (6th Cir. 2016))*; NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 U.S. Dist. LEXIS 101833 (S.D. Ohio Aug. 3, 2016) (no prejudice where the defendants would need to renew their motion to dismiss, respond to duplicative discovery and where the schedule may not accommodate discovery related to new claims); *United States Tr. v. Varner (In re Varner),* Nos. 14-61103, 14-6021, 2014

Bankr. LEXIS 4293, at *12 (Bankr. N.D. Ohio Oct. 7, 2014) ("Courts do not dismiss [or refuse to permit the filing of] valid legal claims simply because defending against them would be costly and time consuming"); *Conrail v. Grand Trunk W. R.R. Co.*, No. 09-10179, 2010 U.S. Dist. LEXIS 151359 (E.D. Mich. Aug. 30, 2010) (finding unpersuasive defendants' arguments that they would be prejudiced by the grant due to increased burden and costs associated with defending the proposed additional claims).

Finally, most of cases cited by Defendants are irrelevant—once again—because they do not involve amendment to add a proposed class representative.[5] The few cases that Defendants cite that involve adding a class representative are easily distinguished because (i) the plaintiffs never sought leave from the court, and/or (ii) the addition or request was only made after discovery had closed. *See Roling v. E\*Trade Sec. LLC*, 279 F.R.D. 522, 525 (N.D. Cal. 2012) (denying motion to amend because "[c]lass discovery, as well as discovery on the individual claims of the named plaintiffs, has **already closed**," and discovery concerning the new plaintiff's claims **could not be completed** under the schedule because the "investigation will involve archived material" that "do not appear to be readily accessible"); *Walters v. Gill Indus.*, Civil Action No. 5: 21-069-DCR, 2021 U.S. Dist. LEXIS

---

[5]*Malone v. Shelby Cty.,* No. 21-5246, 2021 U.S. App. LEXIS 36622 at *15 (6th Cir. Dec. 10, 2021) (not abuse of discretion for the district court to refuse to further extend the deadline for summary judgment motions after it had already been extended three times); *Ryans v. Koch Foods, LLC*, No. 1:13-cv-234-SKL, 2015 U.S. Dist. LEXIS 189769, at *5 (E.D. Tenn. Mar. 2, 2015) (leave to amend to add claims for punitive damages denied where "Defendant also argues that it will be significantly prejudiced if Plaintiffs are permitted to amend now, as the discovery deadline has now passed" and the plaintiff provided no specifics as to why "the basis for amending its pleadings [was] due to circumstances beyond its control"); *Serrano Medina v. United States*, 709 F.2d 104, 106 (1st Cir. 1983) (where the plaintiff waited three years to amend the complaint for a second time at the "eleventh-hour" to add new defendants and new claims, the court found that it would cause undue prejudice on the defendant and "[w]e do not think his desire to hide the criminal behavior of his half-brother provided any proper justification for the further period of delay,"); *In re Atlas,* 2017 U.S. Dist. LEXIS 88489, at *8 n. 12 (denying plaintiffs' motion to substitute); *Hitt*, 2009 U.S. Dist. LEXIS 109702, at *11-17 (denying plaintiff's counsel's motion to substitute); *Bailey v. Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 865 (11th Cir. 2006) (affirming denial of motion to substitute).

234918, at *19 (E.D. Ky. Dec. 8, 2021) (the "motion for leave to amend did not come ripe until *after discovery closed*" and "[a]llowing amendment at this time would require the Court to reopen discovery and extend later deadlines by significant amounts of time, likely resulting in a continuance of trial"); *In re Katrina,* 2008 U.S Dist. LEXIS 89896, at *8-10 (granting motion to strike where four plaintiffs were added to the complaint without seeking leave from the court and permitting amendment would delay trial); *see also Hitt*, 2009 U.S. Dist. LEXIS 109702, at *15-16 (S.D. Cal. Nov. 24, 2009) (granting the motion to amend "would effectively moot the Plaintiff-specific work Defendants have done" and the plaintiff failed to specify when it knew amendment would be necessary).[6]

In short, Plaintiffs did not unduly delay in requesting appointment of Mr. Amsterdam as a class representative and his appointment result in no prejudice to Defendants. Therefore, to the extent that the Court determines it is necessary for Mr. Amsterdam to be a named plaintiff before he may be appointed a class representative, Plaintiffs should be given leave to so amend the Complaint, or the Court should add Mr. Amsterdam to the case on its own initiative to preserve resources.

## III. INCLUSION OF MR. AMSTERDAM IS NOT INCONSISTENT WITH THE PSLRA AND IN FACT FURTHERS ITS PURPOSES

Defendants confusingly assert that proffering Mr. Amsterdam as a class representative at the class certification stage conflicts with the PSLRA because "neither Defendants nor the Court can test his adequacy to serve as a class representative." Def. Br. at 13. This is nonsense. Testing the adequacy

---

[6] Defendants cite to *In re Glob. Brokerage,* No. 17-CV-916 (RA) (BCM), 2021 U.S. Dist. LEXIS 52550 (S.D.N.Y. Mar. 18, 2021) (Def. Br. at 12) for the proposition that because, "[d]ebt securities and equity securities are traded differently, behave differently, [they] therefore must be analyzed differently." Even if true, this determination does not explain why Mr. Amsterdam should be precluded from being considered as a class representative by this Court at class certification. If anything, it supports inclusion of Mr. Amsterdam to further strengthen the representation of the noteholders.

(and typicality) of the proposed class representatives—the Lead Plaintiffs as well as Mr. Amsterdam—is precisely what the class certification stage of the litigation and the related discovery is meant to accomplish.

As a threshold matter, the PSLRA certification process is a requirement for appointing a lead plaintiff and lead counsel at the outset of the action to ensure that securities litigation was investor-driven, as opposed to lawyer-driven. *See* S. Rep. No. 104–98 at 4 (1995) (finding that the purpose of the PSLRA is "to empower investors so that they—not their lawyers—exercise primary control over private securities litigation"). Nowhere is it suggested that the concept of "lead plaintiff" was intended to be coterminous with "named plaintiffs" or "class representatives." *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. 117, 123 (S.D.N.Y. 2002). "Reading the PSLRA in accordance with its plain meaning, the Court concludes that being a Lead Plaintiff under the PSLRA is not the same as being a Class Representative under Rule 23 F.R.Civ.P, although the statute provides that a Lead Plaintiff must 'otherwise satisfy the requirements of Rule 23.'" *In re Oxford Health Plans, Inc. Sec. Litig.,* 191 F.R.D. 369, 378 (S.D.N.Y. 2000). Mr. Amsterdam is not seeking to be appointed a lead plaintiff, so he need not submit a lead plaintiff PSLRA certification.

Stated otherwise, while a lead plaintiff must meet the requirements of Rule 23 to be appointed a class representative, a class member seeking appointment as a class representative does not need to be appointed lead plaintiff, nor put forth the certification required by the PSLRA. Such a certification is not necessary at class certification because Defendants will have an opportunity to depose all proffered class representatives to determine their adequacy.

In any event, Plaintiffs' motion for class certification explains that Mr. Amsterdam satisfies the requirements of Rule 23 (*see* ECF No. 165 at 8) and includes a signed declaration

from Mr. Amsterdam with attestations similar to those required by the PSLRA: that (i) he is aware of the nature and status of the case, (ii) he purchased CBL Notes during the Class Period, and (iii) he understands the responsibilities of a class representative and is willing to serve as a class representative. ECF No. 166-8. Defendants have also received Mr. Amsterdam's account statements detailing the specifics of his transactions in CBL Notes. Finally, to the extent Defendants assert that this does not fulfill all the requirements of 15 U.S.C. § 78u-4(a)(2)(A), submitted herewith is another certification from Mr. Amsterdam. Wernke Decl., Ex. 7 (Amsterdam PSLRA Certification).[7]

Courts have endorsed the addition of class representatives under Rule 23 to aid a lead plaintiff appointed under the PSLRA in representing the class. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) (class representatives need not be PSLRA lead plaintiff). Accordingly, the addition of Mr. Amsterdam as a class representative does not run afoul of the PSLRA, and in the contrary, aids the statute's purpose.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike should be denied.

---

[7] Mr. Amsterdam signed the certification on August 31, 2022, the same day Defendants filed their motion. Plaintiffs' counsel was in the process of obtaining his signature, in an attempt to meet and confer in good faith to narrow the issues in dispute, when Defendants abruptly filed their motion to strike.

Dated: September 13, 2022

Respectfully Submitted,

/s/ *Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD & JANICH, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

**Co-Liaison Counsel for Plaintiffs**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
     **TWERSKY, LLP**
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

21

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
Veronica V. Montenegro (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
vvmontenegro@pomlaw.com

**Proposed Class Counsel**

**BRONSTEIN, GEWIRTZ &**
   **GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**

**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**

22

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2022 I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

*By: Sarah R. Johnson*
**HOLIFIELD & JANICH, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
sjohnson@holifieldlaw.com

*Co-Liaison Counsel for Plaintiffs*
