# 4

**From:** Peter Starr <pstarr@kslaw.com>
**Sent:** Monday, August 29, 2022 4:10 PM
**To:** Michael J. Wernke <mjwernke@pomlaw.com>; Michael Klein <mklein@aftlaw.com>
**Cc:** Warren Pope <WPope@KSLAW.com>; Greg Cook <Gcook@balch.com>; Matt Rosenthal <mrosenthal@kslaw.com>; Jeffrey S. Abraham <JAbraham@aftlaw.com>; Veronica Montenegro <vvmontenegro@pomlaw.com>
**Subject:** RE: In re CBL - Plaintiff depositions and document production

Mike,

Thank you for sharing the authorities below.  As previously discussed, we disagree with your assessment.  We continue to believe that the belated attempt to add Mr. Amsterdam as a party to the case—via class certification briefing rather than by timely motion practice—was improper on a number of grounds.

First, the Court's Scheduling Order (Dkt. 153) set July 5, 2022 as the deadline for "motions to amend the pleadings or add new parties."

Second, aside from the operative Scheduling Order, the relevant case law confirms that adding a party and proposed class representative after a responsive pleading requires amending the pleadings/seeking leave of the Court.  *See, e.g., In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4791558 (E.D. La. Oct. 28, 2008); *Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192 (S.D. Cal. Nov. 24, 2009).

Third, we have reviewed the authorities you sent and find them unpersuasive and distinguishable.  *Peterson*, which was decided by the District of Alaska, involved the addition of opt-in plaintiffs in an FLSA class-action that had been conditionally certified—and thus, the procedural posture of that case was far different.  Further, the *Peterson* Court stated that the "Court would share [defendant's] concerns if a party seeking class certification added non-named plaintiffs as class representatives who, until the motion for certification, had been passive participants in the litigation, and these non-named plaintiffs had otherwise dissimilar claims and factual circumstances than the named plaintiff."  Here, Mr. Amsterdam was certainly "passive" until the motion for class certification and his claim based upon the notes is "dissimilar" from the other named class representatives, who hold only stock.  *Morales* was merely an order on a motion for preliminary approval of a class settlement, which noted (without any analysis) that Rule 23 does not require that a class representative also be a named plaintiff.  But the *Morales* Court ultimately declined to appoint those non-named plaintiffs as class representatives because they failed to meet the requirements of Rule 23(a).  *Norwood* stated in a footnote that typicality was not defeated by the fact that two of the class representatives had not filed individual actions, but notably, the plaintiffs in that case had also filed a motion seeking to add those two class representatives as named plaintiffs (which the court said it would address later).  In this case, by contrast, Plaintiffs have taken no such action—and Plaintiffs' addition of Mr. Amsterdam occurred over a month and a half after the Court's deadline for doing so had passed. Moreover, because this is a securities case, compliance with the PSLRA is required (which was not true in the cases cited in your email below).

In light of the foregoing, Defendants request that Plaintiffs withdraw Mr. Amsterdam as a plaintiff and proposed class representative and file a corrected set of class certification papers removing all references to him.  If you do not agree to do so, Defendants intend to seek relief from the Court.

Regards,

Peter

**Peter Starr**
*Senior Associate*

T: +1 404 572 2767 | E: pstarr@kslaw.com | <u>Bio</u> | <u>vCard</u>

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309



kslaw.com

**From:** Michael J. Wernke <<u>mjwernke@pomlaw.com</u>>
**Sent:** Friday, August 26, 2022 3:45 PM
**To:** Peter Starr <<u>pstarr@kslaw.com</u>>; Michael Klein <<u>mklein@aftlaw.com</u>>
**Cc:** Warren Pope <<u>WPope@KSLAW.com</u>>; Greg Cook <<u>Gcook@balch.com</u>>; Matt Rosenthal <<u>mrosenthal@kslaw.com</u>>; Jeffrey S. Abraham <<u>JAbraham@aftlaw.com</u>>; Veronica Montenegro <<u>vvmontenegro@pomlaw.com</u>>
**Subject:** RE: In re CBL - Plaintiff depositions and document production

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Peter – Following up on our discussion, the cases we have found state that appointment of a non-named plaintiff as an additional class representative does not require the pleadings to be amended. *See, e.g. Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D. Alaska 2018); *Morales v. Stevco, Inc.*, No. 1:09-cv-704, 2011 WL 5511767, at *8 (E.D. Cal. Nov. 10, 2011); *Norwood v. Raytheon Co.*, 237 F.R.D. 581, 588 n.12 (W.D. Tex. 2006).

Please advise of any authority you have found supporting your position that amendment is necessary.

Regards,
Mike

**From:** Peter Starr <<u>pstarr@kslaw.com</u>>
**Sent:** Thursday, August 25, 2022 5:16 PM
**To:** Michael Klein <<u>mklein@aftlaw.com</u>>
**Cc:** Warren Pope <<u>WPope@KSLAW.com</u>>; Greg Cook <<u>Gcook@balch.com</u>>; Matt Rosenthal <<u>mrosenthal@kslaw.com</u>>; Michael J. Wernke <<u>mjwernke@pomlaw.com</u>>; Jeffrey S. Abraham <<u>JAbraham@aftlaw.com</u>>; Veronica Montenegro <<u>vvmontenegro@pomlaw.com</u>>
**Subject:** RE: In re CBL - Plaintiff depositions and document production

Thank you, Michael.  Let's reserve Wednesday-Thursday of that week (September 14-15) for the Hoffmans' depositions.  We'll take those in-person in New York – I assume you plan to host in AFT's offices?

Separately, are Plaintiffs available for a brief call tomorrow?  We'd like to discuss a couple of items relating to document productions (both Plaintiffs' and Defendants' productions) and depositions.  We're available to speak other than from 11:30-2:00.

Thanks,
Peter