# 6

USDC SCAN INDEX SHEET

















JPP    3/9/06    15:36

3:04-CV-01852   TAKACS V. AG EDWARDS AND SONS

*119*

*O.*

FILED

2006 MAR -9 PM 2: 06

CLERK US DIST... ...
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW TAKACS, et al., | Civil No. 04CV1852 JAH (NLS) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO ADD NEW CLASS REPRESENTATIVE [DOC. # 33-2]** |
| v. | |
| A.G. EDWARDS AND SONS, INC., | |
| Defendant. | |

## INTRODUCTION

Now before the Court is plaintiffs' motion to add a new class representative. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS plaintiffs' motion.

## BACKGROUND

This putative class action complaint alleges that individuals who worked for defendant A.G. Edwards & Sons, Inc. ("defendant") as Financial Consultants or Financial Consultant Trainees in California were entitled to, but did not receive, overtime pay under California and federal law. The complaint also alleges that Financial Consultants were entitled, and did not receive, reimbursement for business-related expenses incurred while employed with defendant. The complaint was initially filed on June 20, 2004, naming only Drew Takacs as a representative plaintiff. A first amended complaint was filed, by stipulation, on December 9, 2004, adding Ryan Flynn as a party-plaintiff.

//

04cv1582

Plaintiffs subsequently sought leave to file a second amended complaint adding additional claims against defendant. Defendant did not oppose the amendment. On August 16, 2005, prior to the Court's ruling on plaintiffs' request to file a second amended complaint, plaintiffs filed the instant motion seeking to amend the scheduling order setting the pretrial schedule in this case, and to amend the complaint by adding an additional class representative. Magistrate Judge Nita L. Stormes subsequently granted plaintiffs' first filed motion for leave to file a second amended complaint, allowing the second amended complaint, the operative pleading here, to be filed on September 27, 2005. In addition, on that same day, Judge Stormes vacated the pretrial schedule and all pending hearing dates and deemed plaintiffs' motion to amend the scheduling order and for leave to add a new class representative, as well as several discovery motions, withdrawn. Defendant filed an answer to the second amended complaint on October 26, 2005.

On December 12, 2005, by stipulation of the parties, Judge Stormes ordered plaintiffs' motion for leave to add a new class representative renewed for hearing,[1] setting a hearing date for February 2, 2006, and directing the filing of opposition and reply briefs. Defendant's opposition was filed on January 19, 2006 and plaintiffs' reply brief was filed on January 27, 2006. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).[2]

## DISCUSSION

### 1. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been filed, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision whether to grant leave to amend is within the discretion of the trial court. *See, e.g.,* PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 417 F.2d 659, 664 (9th Cir.

---

[1] Judge Stormes also ordered the parties' discovery motions renewed.

[2] Two other motions are currently pending before this Court: defendant's motion for summary judgment and plaintiffs' motion for class certification. Neither motion will be addressed in this order.

2

1969). The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). However, even though leave to amend is generally granted freely when justice requires, it is not granted automatically. *See* Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading: (1) prejudice to the opposing party; (2) undue delay; (3) bad faith; and (4) futility. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

Undue delay, standing alone, is insufficient to justify a denial of leave to amend. DCD Programs Ltd., 833 F.2d at 186. Prejudice is the most important factor when considering a late amendment. *See* Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir. 1983); Howey, 481 F.2d at 1190. Even so, there must be substantial prejudice to justify denial of leave to amend. Morongo Band of Mission Indians v. Rose, 893 F2d 1074, 1079 (9th Cir. 1990). However, a motion to amend may be denied where the amendment would be futile. *See* Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile only if it appears beyond doubt that no set of facts can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); DCD Programs Ltd., 833 F.2d at 188. Courts will, most often, defer consideration of the merits of a proposed amendment until after leave is granted. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D.Cal. 2003)(citing Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial at 8:422 (The Rutter Group 2002)).

//

//

//

2.    Analysis

Plaintiffs move for leave to add another party-plaintiff, Caitlin Manoogian ("Manoogian"), or in the alternative, to allow Manoogian to intervene in this matter.[3] Plaintiffs explain that the need to add Manoogian arose when one of the named plaintiffs, Drew Takacs, "fell out of contact with plaintiffs' counsel." Mot. at 3.  Manoogian is offered as an additional class representative or as a replacement for Takacs because the other named class representative, Ryan Flynn, did not incur a certain type of expense that Takacs and Manoogian incurred. Id. Thus, plaintiffs seek to add Manoogian for the purpose of protecting "the best interests of the class." Id. at 5.

Defendant opposes plaintiffs' request to add Manoogian as an additional party-plaintiff on the grounds that: (a) adding Manoogian would be futile; and (b) plaintiffs unduly delayed in bringing the motion.

a.    Futility

Defendant first argues that Manoogian's claims are futile, in that they are time-barred as they relate to plaintiffs' fifth and sixth claims for relief.  Claims five and six allege that Financial Consultant Trainees who were employed by defendant "between June 30, 2000 and the date Defendant reclassified the Trainees in California as non-exempt" were not paid "required overtime pay." *See* Sec.Am.Compl. ¶¶ 5.2, 30-33, 35.  Claim Five alleges violations under California Business & Professions Code § 17203 which is subject to a four year statute of limitations. *See* id. ¶¶ 30-32; Cal.Bus.& Prof. Code § 17208.  Claim Six alleges violations under California Labor Code § 1194 which has a three year statute of limitations. *See* id. ¶¶ 35; Cal.Code.Civ.Proc. § 338(a).  Manoogian was a Trainee between August 2001 and December 2001.  *See* Depew Decl., Exh. E at 3-4.  Thus, defendant contends that Manoogian's claims relating to the fifth and sixth causes of action are time-barred because both the three and four year limitations periods have run.

//

---

[3] Because this Court ultimately finds it appropriate to allow Manoogian to be added as a new class representative, this Court does not address plaintiffs' alternative request to allow Manoogian to intervene.

In reply, plaintiffs contend that, because it is a "well-settled" rule that the statute of limitations is tolled when a class action lawsuit is filed, Manoogian's claims are not time-barred. *See* Reply at 3. However, the tolling principles referred to by plaintiffs apply to cases where an unnamed individual seeks to intervene or seeks to maintain a separate individual action after class certification has been denied. *See* American Pipe Construction Co. v. Utah, 414 U.S. 538 (1974)(seeking to intervene); Crown Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)(seeking to maintain separate individual action after denial of class certification). Both cases centered on the fact that the proposed intervenors and prospective plaintiffs had claimed to be members of a proposed class but class certification was denied, thus preventing them from being a part of the lawsuit. In American Pipe, the Supreme Court explained that "where class action has been denied solely because of failure to demonstrate that the 'the class was so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute." 414 U.S. at 552-553. In Crown Cork, the Supreme Court found it appropriate to extend the tolling principle to "'all asserted members of the class,' not just as to intervenors," explaining that "[t]here are many reasons why a class member, after the denial of class certification, might prefer to bring an individual suit rather than intervene." 462 U.S. at 350 (citations omitted). Thus, the rationale behind each of these decisions rested, in large part, on the fact that class certification had been denied, rendering the putative members of the class without redress absent tolling of the limitations period. The Ninth Circuit further expanded the class action tolling doctrine by allowing tolling when class certification is granted, not just denied, but only where the class member opts out of the class. Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir. 1985). The Tosti court also found that "[a]pplication of the tolling rule is not limited to those class members who can prove reliance upon the pendency of the class action." Id. at 1489. In all three of these cases, the question of class certification had been addressed.

Here, class certification has not yet been addressed. Plaintiffs present no authority for the proposition that the class action tolling principles apply prior to a grant or denial of class certification and this Court's own research reveals that this question is anything but "well

settled." The Ninth Circuit has yet to address the issue. Several district courts, including the Central District of California, have concluded that the class action tolling doctrine does not apply until a determination of the certification question has been reached. *See* <u>In re Heritage Bond Litigation</u>, 289 F.Supp.2d 1132, 1149-50 (C.D.Cal. 2003); <u>In re Worldcom Inc. Securities Litig.</u>, 294 F.Supp.2d 431, 450-51 (S.D.N.Y. 2003); <u>Rahr v. Grant Thornton, LLP</u>, 142 F.Supp.2d 793, 1799-800 (N.D.Tex. 2000); <u>In re Brand Name Prescription Drugs Antitrust Litig.</u>, 1998 WL 474146 *8 (N.D.Ill.); <u>Stutz v. Minnesota Mining Mfg. Co.</u>, 947 F.Supp. 399, 403 (S.D. Ind. 1996). Other courts have found tolling applicable upon the filing of a class action suit whether or not the merits of certification had been addressed. *See, e.g.,* <u>Andrews v. Orr</u>, 851 F.2d 146, 150 (6th Cir. 1988)("It is the filing of a class action and the *pendency of a motion to certify that suspend the running of a limitations period for putative class members ...*"); <u>Bromley v. Michigan Education Association-NEA</u>, 178 F.R.D. 148 (E.D. Mich. 1998)(finding "the statute of limitations tolled from the moment of filing of the complaint" even though the merits of class certification was never considered). In any event, this Court finds it inappropriate to make that determination at this juncture; the more appropriate forum for such determination is through the proper motion practice after amendment. *See* <u>Netbula</u>, 212 F.R.D. at 539.

Defendant further contends that Manoogian's claims are time-barred, and thereby futile, because the relation back principles set forth in Federal Rule of Civil Procedure 15(c) do not apply in this case. *See* Opp. at 5-6. In addition, defendant argues that Manoogian's claims are futile because her claims are not typical of the class. *See* <u>id</u>. at 6-7. This Court finds these arguments are also more properly presented in an appropriate motion after amendment. Accordingly, this Court finds defendant's argument that the proposed amendment would be futile does not weigh in defendant's favor.

**b.     Undue Delay**

Defendant also contends that Manoogian should not be added at this time because plaintiffs unduly delayed in making their request. *See* Opp. at 7-10. Plaintiffs disagree, contending that the request was presented to the Court expeditiously. *See* Reply at 6-8. This

6

04cv1582

Court agrees with plaintiffs. This Court notes that defendant does not contend that it will be prejudiced by the amendment. Thus, no undue delay occurred here.

### c. Conclusion

Because this Court deems it inappropriate to determine whether Manoogian's claims are time-barred or if Manoogian is a proper class representative based on typicality, defendant's futility argument fails. There has been no undue delay in making the subject request. Defendant does not contend that prejudice will result if Manoogian is added as a class representative. Accordingly, the factors weigh in favor of amendment.

### 3. The Propriety of a Formal Amendment

Plaintiffs, in their motion, point out that it may not be necessary to formally amend their complaint in order for Manoogian to serve as a class representative. Mot. at 6 (citing In re Teletronics, 172 F.R.D. 271, 283 (S.D. Ohio 1997)(finding that the federal rules do not prohibit unnamed class members from serving as class representatives); In re CMS Energy Erisa Litig., 225 F.R.D. 539, 542 (E.D. Mich. 2004)(stating that "no requirement for a formal amendment to the complaint" is required when adding a new class representative). This Court agrees with the reasoning presented in these cases. Therefore, this Court finds that plaintiffs need not file a new complaint in order for Manoogian to serve as a class representative in this case.[4] The determination of whether Manoogian is an adequate class representative will be addressed, if appropriate, when the issue of class certification is decided.

//
//
//
//
//
//

---

[4] Defendant also argues, as an additional reason to deny plaintiffs' motion, that, because plaintiffs have had the opportunity to amend their complaint twice before, this Court should exercise "broad discretion" in determining the propriety of allowing this amendment. See Opp. at 10. However, because this Court finds that a formal amendment is not required in order to allow Manoogian to serve as a class representative, this argument fails.

7

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that plaintiffs' motion for leave to add Caitlin Manoogian as a class representative is **GRANTED**.  Manoogian may serve as an additional class representative until further order of this Court.

Dated:        March 6, 2006

JOHN A. HOUSTON
United States District Judge

cc:  Magistrate Judge Stormes
     All Counsel of Record