# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE NON-PARTY RONALD T. AMSTERDAM

Plaintiffs' Opposition depends on two erroneous conclusions of law. First, Plaintiffs wrongly distinguish between a "party" and a class representative, and incorrectly argue that because a class representative is purportedly different from a party, Plaintiffs were not required to comply with the Court's Scheduling Order, which set a July 5, 2022 deadline for adding parties or amending the pleadings. However, Federal Rule of Civil Procedure 23 governing class actions only authorizes litigants to "sue or be sued as representative *parties*." Fed. R. Civ. P. 23(a) (emphasis added). Because including Mr. Amsterdam as a proposed class representative was equivalent to seeking to add him as a new party or amending the pleadings, Plaintiffs should have (but did not) comply with the Court's Scheduling Order.

Second, Plaintiffs alternatively contend that even if Mr. Amsterdam should have been added as a party, they did so properly—namely, via their Class Certification Motion (Dkt. 165), which was filed nearly six weeks after the July 5, 2022 deadline for adding parties and amending the pleadings. Plaintiffs' class certification papers fail to address Mr. Amsterdam's status as a new party, however, much less seek the Court's permission to belatedly add him as a party almost three and a half years into this lawsuit. Plaintiffs' own authorities demonstrate that a request to add a class representative must be made through the ordinary procedural mechanisms, such as by amending the pleadings or filing a motion to intervene. Neither was done here.

1

Plaintiffs' purported addition of Mr. Amsterdam violates this Court's order, the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act ("PSLRA"). The Court should grant Defendants' motion and strike Mr. Amsterdam from the case.

## ARGUMENT

## I.  PLAINTIFFS' ACTIONS VIOLATED THIS COURT'S SCHEDULING ORDER.

The Court's Scheduling Order set a deadline of July 5, 2022 for "[a]ny motions to amend the pleadings or add new parties." Dkt. 153 at 4. Once that deadline passed, the Court required a "showing of good cause" to add a new party. *Id.* Plaintiffs contend they are free to disregard the Court's July 5, 2022 deadline because, according to them, Mr. Amsterdam is merely a class representative—and not a new party. This semantic argument misses the point entirely and would lead to some truly anomalous results.

As an initial matter, Rule 23 only empowers litigants to "sue or be sued as representative *parties*." Fed. R. Civ. P. 23(a) (emphasis added). Mr. Amsterdam has not sued. He did not file a complaint; his name does not appear on the docket; and no attorney has filed an appearance on his behalf. Further, if Mr. Amsterdam is not a party, then he cannot be served with interrogatories—under Rule 33, only a "party" can serve or be served with interrogatories. As a non-party, Mr. Amsterdam also cannot depose anyone (or be deposed) under Rule 30. Nor has Mr. Amsterdam subjected himself to the jurisdiction of this Court; because Plaintiffs plead no facts in their Complaint relating to Mr. Amsterdam's purported injury, it is impossible for the Court even to assess whether Mr. Amsterdam possesses the "irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Perhaps for these reasons, class representatives are typically named plaintiffs. Indeed, the Supreme Court, Sixth Circuit, and countless other courts use the terms "named plaintiff" and "class representative" interchangeably, confirming that class representatives are—or should be—parties

2

to the case. *See, e.g.*, *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between **named parties** and the class they seek to represent.") (emphasis added); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (explaining that a class "representative's interests [must] be aligned with those of the represented group, and in pursuing his own claims, the **named plaintiff** will also advance the interests of the class members") (emphasis added); *Doe v. Briley*, 2016 WL 705762, at *2 (M.D. Tenn. Feb. 23, 2016) (considering a motion to add "Jane Roe as a plaintiff and class representative" and noting that the court has to ensure that "the case of the **named plaintiff** will advance the position of the class members") (emphasis added).[1]

Plaintiffs' false distinction between a "class representative" and a "party" also ignores the substantial rights, duties, and obligations incumbent upon a representative party. For example, a class representative has a "duty" to "vigorously prosecute the interests of the class," *In re Am. Med. Sys., Inc.*, 75 F. 3d at 1083, including by exercising "oversight of the class counsel so as to avoid simply turning the conduct of the case over to the class counsel," *Hoving v. Laws. Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009) (internal citation omitted). Mr. Amsterdam acknowledges this in his purported declaration, stating that a "class representative is a representative **party** who acts on behalf of other class members **in directing the litigation**." Dkt. 166-8 at 2 (emphasis added). A class representative must also "live[] up to his fiduciary obligation" to participate in discovery. *See Rocco v. Nam Tai Elecs., Inc.*, 245 F.R.D. 131, 137 (S.D.N.Y. 2007). A class representative must have standing to prosecute the claims of the class— for if "none of the named plaintiffs . . . establishes the requisite of a case or controversy," then

---

[1] *Accord* Newberg on Class Actions § 9:1 (6th ed.) ("The active, **present parties** are the class representatives and class counsel; they are pursuing the absent class members' rights on their behalf.") (emphasis added).

"none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). And a class representative plays an important role in settling claims on behalf of absent class members. *See In re Cal. Micro Devices Sec. Litig.,* 168 F.R.D. 257, 262 (N.D. Cal. 1996) (discussing the "danger" of allowing counsel to "negotiate settlement terms without meaningful oversight by the class representative"). *See also* Dkt. 166-8, Amsterdam Decl., at 2 (stating that one of the "duties" of a class representative is to "mak[e] recommendations whether to accept a particular settlement offer").

In light of the foregoing, it would be incongruous to hold that class representatives need not be parties who are subject to the Court's jurisdiction and orders. And unsurprisingly, the relevant authorities confirm that proposed class representatives must generally be made parties to lawsuits in which they seek to represent the interests of class members. *See, e.g.*, *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2019 WL 2924135, at *5 (E.D. La. July 8, 2019) ("[A]bsent class members can represent a class only if they become named plaintiffs by amendment of the Complaint or by intervention") (alterations accepted) (citing *Johnson v. Am. Credit Co.*, 581 F.2d 526, 533 n.13 (5th Cir. 1978)); *Trauth v. Spearmint Rhino Companies Worldwide, Inc.*, 2012 WL 12893447, at *4 (C.D. Cal. June 21, 2012) (requiring plaintiffs to amend their complaint to name class representatives who sought to settle the action "without ever having been made parties to this case"); *In re First RepublicBank Sec. Litig.*, 1989 WL 108795, at *13 (N.D. Tex. Aug. 1, 1989) (noting that members of a subclass must "become plaintiffs by intervention or amendment to the Complaint"). *See also Clarke v. Baptist Mem'l Healthcare Corp.*, 427 F. App'x 431, 435 (6th Cir. 2011) (rejecting would-be class representative's motion to intervene as untimely while noting that she "should have intervened when she knew or reasonably should have known of her interest").

4

The Sixth Circuit's *Clarke* decision is instructive. In the district court proceedings in *Clarke*, there were two named plaintiffs, each of which had known adequacy issues. *See Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 377 (W.D. Tenn. 2009). While aware of these vulnerabilities, and even though the "deadline to add parties had not yet passed, Plaintiffs' counsel made no effort to add Bachelder [the new party] as a potential class representative." *Id.* The plaintiffs later filed a "Motion to Amend the Scheduling Order and Complaint" to add Bachelder, but the court denied the motion, and the parties proceeded to litigate class certification with the original named plaintiffs. *Id.* After the court denied class certification on adequacy grounds, the plaintiffs filed a "Motion to Intervene, seeking to allow Bachelder to join the suit as a named plaintiff and proposed class representative." *Id.* at 378. The district court denied that motion on the grounds of undue delay and prejudice. *Id.* at 378-382. Following appeal, the Sixth Circuit affirmed, holding that Bachelder "should have intervened when she knew or reasonably could have known" of the risk that the original class representatives might not be adequate. *Clarke*, 427 F. App'x at 435. In reaching this conclusion, the court emphasized "the facts that Bachelder employed the same counsel as [the two original named plaintiffs]" but "failed to gain admission as a party through amendment of the scheduling order because of a lack of diligence." *Id.* at 437. The same is true here.

The most salient aspect of the *Clarke* decision is that neither the Western District of Tennessee nor the Sixth Circuit ever considered the possibility that a new class representative could be added unilaterally by plaintiffs' counsel. Rather, the baseline rule underlying the Sixth Circuit's analysis was *always* that adding a representative party would require "amendment of the scheduling order" or "seeking to intervene." *Id.* at 437. Applying *Clarke* to the facts presented here should yield the same conclusion. Not only did Plaintiffs fail to seek a modification of the

5

Court's Scheduling Order, they failed to seek the Court's permission to add Mr. Amsterdam at all.

The Court's Order set a clear deadline for "amend[ing] the pleadings or add[ing] new parties." Dkt. 153 at 4. Plaintiffs failed to heed that deadline. The Court should reject Plaintiffs' attempt to argue that a class representative is not (and need not) be a "party" to the case; it should find that Plaintiffs' refusal to abide by the Court's scheduling order precludes Mr. Amsterdam's belated addition.[2]

## II. PLAINTIFFS' PURPORTED ADDITION OF MR. AMSTERDAM WAS PROCEDURALLY IMPROPER AND INEFFECTIVE.

### A. Plaintiffs Were Required to Seek Leave from the Court.

Even if Plaintiffs' conduct were not prohibited by the Scheduling Order, their unilateral addition of Mr. Amsterdam independently runs afoul of the Federal Rules of Civil Procedure. The Supreme Court has recognized that "[o]ne who is not an original party to a lawsuit may . . . become a party by intervention, substitution, or third-party practice." *Karcher v. May*, 484 U.S. 72, 77 (1987). That is why the plaintiffs in nearly every case discussed in both parties' briefs took one of those formal steps before seeking to appoint a class member as a representative party. But Mr. Amsterdam—a stranger to this case—has taken none of those steps. Accordingly, the Court should find that Plaintiffs' purported addition of Mr. Amsterdam was procedurally improper.[3]

---

[2] Plaintiffs claim that their reference to Mr. Amsterdam as a "Plaintiff" was nothing more than a "scrivener's error." Dkt. 173 at 8 n.3. It was not. Not only does Plaintiffs' Class Certification Motion refer to Mr. Amsterdam as part of the collective group of "Plaintiffs" (*see* Dkt. 165 at 1), but Plaintiffs' counsel also submitted a Declaration in Support of Class Certification in which he states, under penalty of perjury, that "[a]attached hereto as Exhibit H is a declaration *from Plaintiff* and proposed Class Representative Ronald T. Amsterdam" (Dkt. 166 at ¶ 9). This confirms Plaintiffs' intention was to add Mr. Amsterdam as a "Plaintiff" in this case, in contravention of the Court's Scheduling Order. In any event, the distinction between a party and a class representative is illusory for the reasons stated above.

[3] Plaintiffs now contend that they have "expressly" sought this Court's approval through their Class Certification Motion. Dkt. 173 at 8. This contention is disingenuous, as even a brief review of Plaintiffs' class certification papers confirms. Plaintiffs' Class Certification Motion mentions

First, Plaintiffs' failure to invoke any formal process to make Mr. Amsterdam a party to this litigation is fatal, for the weight of authority makes clear that Plaintiffs were required to seek leave from the Court in some form or fashion before adding Mr. Amsterdam to the case. *See Clarke*, 427 F. App'x at 433–34 (affirming denial of class member's motion to intervene as a class representative); *Miller v. Mercedes-Benz USA LLC*, 2009 WL 1393488, at *1-*2 (C.D. Cal. May 15, 2009) (disapproving of plaintiff's proposal of a new class representative in class certification motion); *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4791558, at *2 (E.D. La. Oct. 28, 2008) (granting motion to strike new proposed class representatives who were added without "leave of Court"); *Rosales v. FitFlop USA, LLC*, 2013 WL 3049122, at *3 (S.D. Cal. June 17, 2013) (denying motion to amend and substitute new class representative where deadline in scheduling order had already passed). The common thread running through all of these cases is that plaintiffs' attempts to add new class representatives were improper because they failed to seek prior approval from the court through an appropriate mechanism.[4] Here, as noted, Plaintiffs failed to seek leave from the Court *at all*. They did not seek to amend their complaint, did not file a motion for intervention or joinder, and did not otherwise ask the Court for permission. Plaintiffs similarly failed to meet and confer with Defendants regarding the impact of Mr. Amsterdam's proposed addition to the schedule. Instead, Plaintiffs surprised the Court and Defendants with their eleventh-hour addition of Mr. Amsterdam.

---

Mr. Amsterdam only twice: once in the introductory paragraph naming the parties (Dkt. 165 at 1) and again in a passing reference to Mr. Amsterdam's declaration (*id.* at 8). Nowhere in their class certification papers do Plaintiffs request this Court's approval to add Mr. Amsterdam or even signal that he is a new party. Instead, they mention his name in passing, drawing no attention to it.

[4] For this reason, Plaintiffs' repeated contention that a court may appoint a class representative "without requiring a separate motion to amend" the complaint (Dkt. 173 at 1, 5-6) is unpersuasive.

Second, Plaintiffs' attempts to distinguish the cases cited by Defendants are unpersuasive. For instance, they argue that *In re Katrina* is "wildly off-point" because "it did not involve plaintiffs seeking appointment of a non-named plaintiff as a class representative through a motion for class certification." Dkt. 173 at 8. This is a superficial distinction. The plaintiffs in *In re Katrina* may have attempted to add new class representatives in a different manner, but what mattered is that the plaintiffs' addition of class representatives was *unauthorized*. *In re Katrina*, 2008 WL 4791558, at *2 (criticizing plaintiffs' failure to offer a "timely request for relief from the Case Management Order"). The key issue there (as here) was plaintiffs' failure to seek leave from the court.

Third, the authorities on which Plaintiffs rely are either inapposite or supportive of Defendants' position. In the *vast* majority of cases where a new class representative was allowed—including nearly every case cited by Plaintiffs—the plaintiffs ***had filed a motion seeking permission to do so***. *See, e.g., Norwood v. Raytheon Co.*, 237 F.R.D. 581, 588 n.1, n.12 (W.D. Tex. 2006) (plaintiffs filed a motion seeking to add two new class representatives as named plaintiffs); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 542 (E.D. Mich. 2004) (plaintiffs filed a motion to appoint an additional class representative and the court found that the facts of that case created no undue prejudice for defendants); *Ades v. Omni Hotels Mgmt. Corp.*, 2014 WL 4627271, at *1, *9 (C.D. Cal. Sep. 8, 2014) (plaintiffs filed motion to substitute new class representative). In these cases, the plaintiffs did not elevate an unnamed and passive non-party class member as a class representative on their own initiative. Instead, they undertook a formal process to seek that proposed representative's addition as a party.[5]

---

[5] Plaintiffs also cite *Takacs v. A.G. Edwards and Sons, Inc.* as holding that "plaintiffs need not file a new complaint" to add a class representative. *See* Dkt. 173 at 5 (citing *Takacs*, No. 04-cv-1852 JAH (NLS) (S.D. Cal. Mar 9, 2006), attached as Dkt. 174-6). But the plaintiff in *Takacs* sought

Although Plaintiffs cite a handful of cases holding that non-named plaintiffs may serve as class representatives under certain circumstances, none of their authorities support the course of action they have taken here—which was to add Mr. Amsterdam as a party without any formal process or procedure (other than the inclusion of his name in their Class Certification Motion). Plaintiffs' primary case is *Peterson v. Alaska Commc'ns Sys. Grp., Inc.,* 328 F.R.D. 255, 262 (D. Alaska 2018). *See, e.g.*, Dkt. 173 at 5-6. However, *Peterson*, which was decided by the District of Alaska, involved the addition of *opt-in* plaintiffs in an FLSA class action that had already been conditionally certified; in other words, there was already a class in need of a representative, and the proposed representatives had already participated in the case by opting in. *See* 328 F.R.D. at 262. Further, the *Peterson* court stated that the "Court would share [defendant's] concerns if a party seeking class certification added non-named plaintiffs as class representatives who, until the motion for certification, had been passive participants in the litigation." *Id.* at 268 n.66. That accurately describes Mr. Amsterdam, who has not participated in this case at all.

Plaintiffs' remaining cases are similarly distinguishable. Although they assert that the authorities supporting their position are "legion" (Dkt. 173 at 6-7), in each of these cases, the addition of a new party was not in dispute or the unique facts of the case meant that no undue prejudice would result.[6] One of the few in-circuit decisions cited by Plaintiffs, *In re Telectronics*

---

court approval to add the class representative through a formal motion to amend the complaint—he did not merely tack a new representative onto a motion for class certification. And while the court in *Takacs* noted that a new complaint did not need to be formally filed, it nonetheless engaged in a Rule 15 analysis in response to the plaintiffs' motion to add a class representative. *Id.* at 5.

[6] *Morales v. Stevco, Inc.,* 2011 WL 5511767, at *8 (E.D. Cal. Nov. 10, 2011) (while addressing motion for preliminary approval of a class settlement, the court noted in passing that Rule 23 does not require that a class representative be a named plaintiff, but it ultimately declined to appoint non-named plaintiffs as class representatives); *Dartell v. Tibet Pharm., Inc.,* 2016 WL 718150, at *4 (D.N.J. Feb. 22, 2016) (new proposed class representatives were also named plaintiffs); *In re Facebook, Inc.*, 312 F.R.D. 332, 345 (S.D.N.Y. 2015) (only the issue of adequacy was in dispute);

9

*Pacing Sys., Inc.*, 172 F.R.D. 271 (S.D. Ohio 1997), is particularly inapposite. *Telectronics* was a massive, multi-district litigation proceeding with more than 400 named plaintiffs and numerous subclasses of tort victims. *Id.* at 275. After the court in that case had addressed class certification four times in a "little more than a year," it took the "unusual" step of appointing representatives of certain subclasses who had not filed individual actions. *Id.* at 275, 283. However, the court also suggested that such representatives should seek to intervene before their appointment. *Id.* at 283. Finally, Plaintiffs cite the Manual for Complex Litigation for the proposition that the Court may "simply designate" a representative in a class certification order. *See* Dkt. 173 at 6. But the section they cite is explicitly about "[l]ater replacement of a class representative." *See* Manual Complex Lit. § 21.26 (4th ed.). This is relevant because once a class is certified, it "acquires a legal status separate from that of the named plaintiffs," and courts more freely grant leave to substitute than prior to certification. *See, e.g.*, *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 2017 WL 2501751, at *1 (N.D. Ga. June 9, 2017); *see also* Dkt. 172 at 12-13.

It is worth noting that many of the authorities cited in both parties' papers are not on all fours with the procedural posture and facts of this case. Plaintiffs try to capitalize on this by arguing that Defendants have cited no cases addressing the exact factual circumstances that exist here. But the paucity of authority does not demonstrate that Defendants' position is wrong. Rather, it demonstrates just how rare it is for plaintiffs to unilaterally seek to add a new representative party in the manner done here. That Plaintiffs have taken an outlier position is further confirmed

---

*NJ Carpenters Health Fund v. Royal Bank of Scot. Grp.*, *PLC*, 2016 WL 7409840, at *18 (S.D.N.Y. Nov. 4, 2016) (allowing addition of class representative where defendants did not assert they would be prejudiced by the addition).

by the fact that nearly every single case cited by Plaintiffs involved a formal request, in one form or another, to add a representative party.

**B.      Even if Plaintiffs Had Sought Leave to Amend, They Cannot Show Good Cause.**

Plaintiffs argue in the alternative that they can show good cause warranting amendment of their complaint if required.  Dkt. 173 at 12-15.  As Defendants have explained, however (*see* Dkt. 172 at 10-13), the Sixth Circuit measures good cause by considering a party's diligence in attempting to meet the case management orders of the case. *Malone v. Shelby Cnty., TN*, 2021 WL 7540285, at *4 (6th Cir. Dec. 10, 2021).  Here, Plaintiffs waited years to identify Mr. Amsterdam. This delay alone is sufficient to preclude his addition.  *See Clarke*, 427 F. App'x at 433-37 (affirming denial of motion to intervene by class member where such intervention was untimely). Although Defendants need not demonstrate prejudice, there can be no question that allowing Mr. Amsterdam to join the case now would result in substantial prejudice as well.

***Plaintiffs' Unreasonable Delay.***  It took Plaintiffs over three years to identify and seek to include Mr. Amsterdam.  *See* Dkt. 172 at 11.  Once they located him, they exacerbated the delay by failing to notify Defendants or seek a modification of the Scheduling Order.  These tactics weigh against a finding of good cause.  *See Miller*, 2009 WL 1393488, at *2 n.1 (criticizing plaintiff for waiting until "[t]wenty-six days before [the motion for class certification] deadline" to notify defendants that the plaintiff "intended to offer another class member as proposed class representative").  And Plaintiffs fail to offer colorable explanations for their delay.

Plaintiffs first contend that they were only recently "alerted" that Defendants "intended to continue to push" an argument regarding the Lead Plaintiffs' lack of standing to pursue claims on behalf of CBL Noteholders.  Dkt. 173 at 3-4, 14.  But as Plaintiffs acknowledge, they have been aware of Defendants' standing argument since the Motion to Dismiss was filed in December 2019;

in Plaintiffs' own words, "[c]laims on behalf of noteholders have always been part of the case." *Id.* at 16. As experienced securities litigators, moreover, Plaintiffs' counsel were certainly aware that the lack of a Noteholder plaintiff represented a hole in their case.[7]

Plaintiffs next point to the stay of these proceedings occasioned by the PSLRA and CBL's bankruptcy. This makes little sense, as neither the PSLRA discovery stay nor the bankruptcy stay prevented Plaintiffs from searching for a new plaintiff who had purchased CBL's Notes. Moreover, the bankruptcy stay was lifted in November 2021, and the PSLRA discovery stay was lifted in May 2022, so Plaintiffs had ample time to seek amendment to include Mr. Amsterdam before the July 5, 2022 deadline.

***Prejudice to Defendants.*** This Court has recognized that "[p]rejudice to the non-moving party is a relevant consideration, but the main focus should remain on the moving party's exercise of diligence. *Ryans v. Koch Foods*, 2015 WL 12940014, at *1 (E.D. Tenn. Mar. 2, 2015) (citation omitted). To the extent relevant here, the addition of Mr. Amsterdam at this late juncture would work substantial prejudice upon Defendants. The inclusion of a Noteholder representative would needlessly expand the scope of this litigation. *See* Dkt. 172 at 12.

Plaintiffs focus myopically on the fact that discovery has not closed in this case, arguing that this relieves any potential prejudice. Dkt. 173 at 17-18. They fail to acknowledge that Mr. Amsterdam has not made any meaningful document production, which means that Defendants will be forced to take his deposition *this week* without access to any of his documents. Plaintiffs gild the lily by asserting that they "pro-actively produced Mr. Amsterdam's documents." *Id.* at 9. In reality, Mr. Amsterdam has produced just *two documents* totaling *four pages*: one of those

---

[7] Plaintiffs claim that the Court's Motion to Dismiss Order "put to bed" Defendants' standing argument. Dkt. 173 at 14. But the Court's Motion to Dismiss Order did not address that argument one way or another, and Defendants remain free to raise that challenge at class certification.

documents is his engagement letter with Pomerantz LLP; the other is an account statement reflecting a purchase of CBL Notes. Mr. Amsterdam has yet to supply any documents in response to Defendants' formal requests, and these documents are essential for Defendants to be able to properly depose him and probe his adequacy as a proposed class representative. Moreover, as Defendants' cases demonstrate, prejudice can take many forms, including lack of notice to Defendants and any effect on the work already done by Defendants. *See, e.g., Walters v. Gill Indus., Inc.*, 2021 WL 5830018, at *7 (E.D. Ky. Dec. 8, 2021) (discussing the "considerable lack of notice to the defendants"); *Hitt v. Arizona Beverage Co.*, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (finding undue prejudice where "Defendants have participated in substantial discovery, including discovery related specifically to the named Plaintiff" and amendment "would effectively moot the Plaintiff-specific work Defendants have done").

Plaintiffs argue that forcing Defendants to expend "additional resources in this litigation" as a result of Mr. Amsterdam's addition does not amount to prejudice. Dkt. 173 at 16-17.[8] This mischaracterizes Defendants' argument. Mr. Amsterdam's addition is not unduly prejudicial solely because Defendants will incur additional costs or spend additional time investigating him. Instead, his last-minute addition is unduly prejudicial because: (1) the addition was made with just weeks left for class representative discovery; (2) Mr. Amsterdam has yet to respond to any formal discovery requests; and (3) Defendants have relied upon the stipulated Scheduling Order in formulating their class certification and discovery strategies. *See Roling v. E\*Trade Sec. LLC*, 279

---

[8] The cases cited by Plaintiffs are not applicable here. *See* Dkt. 173 at 16. For instance, *Dassault Sys., SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2012), involved a motion to set aside a default judgment. The court held that the increased costs that would result from forcing the parties to litigate was not the sort of prejudice that would justify entry of default judgment, but it also emphasized that other factors, such as "increased difficulties of discovery" can result in prejudice.

F.R.D. 522, 525 (N.D. Cal. 2012) (finding last-minute addition of new class representative to be prejudicial given difficulty in sufficiently conducting discovery prior to filing of class certification opposition).

Finally, Plaintiffs argue that prejudice only exists in cases where there is a "bait and switch" scenario. Dkt. 173 at 9-11 (arguing that "[n]o plaintiff is exiting this case or seeking to be substituted"). That is incorrect for the reasons stated above. But in any event, Lydia Hoffman *is* now exiting the case because she is unwilling to fulfill her duties as a representative party.[9] Her departure, coupled with Plaintiffs' failure to disclose Mr. Amsterdam, itself constitutes a "bait and switch" tactic that should not be rewarded.

## III.     PLAINTIFFS' ACTIONS RUN COUNTER TO THE PSLRA.

Defendants have explained that the addition of Mr. Amsterdam is contrary to the PSLRA, which sets forth an orderly process for the appointment of lead plaintiffs. *See* Dkt. 172 at 13-14. Among the "purposes of the PSLRA is to make it more difficult, if not impossible, for so-called 'professional plaintiffs' to assume the lead plaintiff role in securities class action litigation." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 813 (N.D. Ohio 1999). Hence, the PSLRA requires each plaintiff "seeking to serve as a representative party on behalf of a class" to provide "a sworn certification" which lists, among other things, any other securities action in which that person "has sought to serve as a representative party." 15 U.S.C. § 78u-4(a)(2)(A). Another policy objective served by the PSLRA is to prevent "lawyer-driven litigation," *Bluestone v. Sadove*, 2019 WL

---

[9] On the eve of her deposition, after counsel for Defendants had already traveled to New York, Ms. Hoffman refused to proceed. She has instead elected to withdraw from this litigation. The parties have negotiated a stipulation of Ms. Hoffman's voluntary dismissal, which will be filed soon. Thus, Plaintiffs' counsel appears to be shuffling parties and proposed class representatives in and out of this litigation as they see fit. *See Clarke*, 264 F.R.D. at 381, *aff'd*, 427 F. App'x 431 (6th Cir. 2011) (Representative parties are not freely interchangeable, and courts should not "allow counsel to present new arguments attached to different litigants' faces until one succeeds.").

13159735, at *1 (E.D. Tenn. Mar. 14, 2019), and thus, the PSLRA codifies the concept of the "most adequate plaintiff," 15 U.S.C. § 78u-4(a)(3)(B). Because Plaintiffs had not provided any information about Mr. Amsterdam, Defendants' opening brief argued that "neither Defendants nor the Court can test his adequacy." Dkt. 172 at 13. Plaintiffs say this is "nonsense" (Dkt. 173 at 18), but they have now provided a sworn PSLRA certification for Mr. Amsterdam (Dkt. 174-7)—tacitly admitting that the provisions of the PSLRA *are* relevant to fitness to serve as a class representative.

We now know (on the basis of that certification) that Mr. Amsterdam does not appear to be a professional plaintiff, but discovery has revealed that his late-breaking addition was entirely lawyer-driven. The deposition testimony of Lead Plaintiff Charles Hoffman revealed that Mr. Hoffman was not consulted about counsel's addition of Mr. Amsterdam—in fact, Mr. Hoffman did not even know who Mr. Amsterdam was. *See* Ex. 1, Deposition of C. Hoffman, at 59:17-22 (Mr. Hoffman testifying "I don't think I recognize the name" when asked, "who is Ronald Amsterdam?").[10] Mr. Hoffman's lack of knowledge regarding Mr. Amsterdam raises another concern addressed by the PSLRA: the prohibition on appointing unrelated groups of plaintiffs to serve as representative parties. As courts in this Circuit have recognized, "it would be inconsistent with the PSLRA[] . . . to allow a melange of unrelated persons to serve as the lead plaintiff, especially if multiple law firms are to represent their interests." *Telxon*, 67 F. Supp. 2d at 813.

Defendants do not contend that the designation of "lead plaintiff" is "coterminous with 'named plaintiffs' or 'class representatives.'" Dkt. 173. at 19. But Plaintiffs cannot dispute that the two concepts overlap, as the PSLRA expressly requires that a lead plaintiff "satisfies the

---

[10] Defendants were unable to pose that same question to Lead Plaintiff Lydia Hoffman, who refused to sit for her deposition and instead opted to withdraw from the case.

requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Indeed, the authorities on which Plaintiffs rely, such as the Manual for Complex Litigation, note that the PSLRA "requires that a class representative act independently of counsel, be familiar with the subject matter of the complaint, and authorize initiation of the action." Manual Complex Lit. § 21.26 (4th ed.) (citing 15 U.S.C. § 78u-4(a)(2)(A)).

## IV. PLAINTIFFS' AD HOMINEM ATTACKS ARE IRRELEVANT AND UNSUPPORTED.

In an effort to distract from the true issue in dispute—which is Plaintiffs' failure to seek this Court's approval to add Mr. Amsterdam as a "Plaintiff" and proposed class representative— Plaintiffs level a variety of attacks against Defendants. Defendants briefly address these matters here to demonstrate their irrelevance to this Motion to Strike and to correct the record.

***Meet and Confer***. First, Plaintiffs criticize Defendants' meet and confer efforts regarding this Motion to Strike. Plaintiffs argue that "[t]he need to respond to Defendants' motion could have been avoided if they had meaningfully participated in a good faith meet and confer process with Plaintiffs." Dkt. 173 at 2. However, the parties did just that—and no resolution was reached. On an August 26, 2022 teleconference, the parties discussed Defendants' position that the purported addition of Mr. Amsterdam was improper. The parties thereafter exchanged emails with authorities supporting their respective positions. *See* Dkt. 174-4 at 1-2. On August 29, 2022. Defendants' counsel requested that Plaintiffs withdraw Mr. Amsterdam and advised that Defendants would seek relief from the Court if Plaintiffs refused to do so. *Id.* at 1. The next day, after receiving no response from Plaintiffs, Defendants' counsel emailed again to explain that Defendants interpreted the lack of response to mean that Plaintiffs were unwilling to withdraw Mr. Amsterdam and "that judicial resolution of this dispute is required." Dkt. 174-5. When Plaintiffs failed to respond to that email, Defendants filed this Motion.

16

Because Defendants were under time pressure to formulate their strategy to oppose Plaintiffs' bid for class certification, they could not engage in a lengthy letter-writing campaign regarding the parties' respective positions. At the time of the email exchanges above, Defendants had only a few weeks to seek discovery from Mr. Amsterdam and conduct his deposition—along with the depositions of five other Plaintiffs—before the September 30 deadline set by the Court. *See* Dkt. 155.

Plaintiffs' attitude toward the parties' meet and confer process is especially unfortunate in light of Plaintiffs' failure to meet and confer with Defendants *at all* regarding the addition of Mr. Amsterdam. Plaintiffs never informed Defendants that they planned to add Mr. Amsterdam as a proposed class representative. They never met and conferred to ask if Defendants would oppose such an addition. Nor did Plaintiffs seek to discuss the impact of Mr. Amsterdam's addition on the existing discovery schedule—even though the parties were then engaged in discussions about the scheduling of depositions and other logistics. These sharp practices themselves prejudiced Defendants. *See Miller*, 2009 WL 1393488, at *2 n.1 (criticizing plaintiffs for failing to advise defendant of "the identity of the new proposed class representative" until "the motion for class certification was actually filed"). If Plaintiffs had advised Defendants of their intent to unilaterally add Mr. Amsterdam prior to the filing of their Class Certification Motion, Defendants could have conveyed their position at that time. Once Plaintiffs filed their Class Certification Motion, however, time was of the essence. Plaintiffs' complaints about Defendants' meet-and-confer efforts are baseless.

***Discovery***. Plaintiffs' criticism of Defendants' document production is likewise meritless. Dkt. 173 at 1. As a preliminary matter, Defendants' document production has no bearing on this Motion to Strike. Even if it did, Plaintiffs mischaracterize the record. They assert that Defendants

"have yet to produce a single document in discovery, with document production confined to non-party CBL." *Id.* at 1 (emphasis omitted). However, Plaintiffs omit key context. When discovery commenced in this case, Plaintiffs served identical document requests on Defendants (via Rule 34) and on non-party CBL & Associates Properties, Inc. (via Rule 45). Because defense counsel also represents non-party CBL in connection with that Rule 45 subpoena, the parties agreed to a coordinated approach wherein Defendants would produce documents in response to certain requests and non-party CBL would produce documents in response to other requests. In accordance with that agreement, non-party CBL has produced nearly ***one million pages*** of documents in the short time since discovery commenced.

In contrast, the entire group of Lead Plaintiffs has produced only a few thousand pages of documents. Moreover, Lydia Hoffman's document production was severely incomplete in the days leading up to her scheduled deposition; Defendants had to reach out to Ms. Hoffman's counsel on *two separate occasions* to request corrected productions containing the documents necessary to depose her.[11] In a similar vein, Mr. Amsterdam has produced just two documents in this case and has not provided *any* documents in response to Defendants' formal discovery requests. Thus, while Defendants' document production is irrelevant to the Motion to Strike at issue here, Plaintiffs misrepresent the status of the ongoing document production in this case, including Plaintiffs' deficient production of their own documents in response to Defendants' Requests for Production.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should grant Defendants' Motion to Strike and enter an order:

---

[11] As noted above, Ms. Hoffman ultimately refused to sit for her deposition.

(a) striking all references to Mr. Amsterdam in Plaintiffs' Motion for Class Certification and related filings;

(b) confirming that Mr. Amsterdam is neither a party to this case nor a putative class representative; and

(c) providing all other relief the Court deems proper.

Respectfully submitted this 20th day of September, 2022.

**EVANS HARRISON HACKETT PLLC**

By: _/s/ Scott M. Shaw_
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

B. Warren Pope*
Peter M. Starr*
Matthew B. Rosenthal*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

Gregory C. Cook*
L. Conrad Anderson, IV*
**BALCH & BINGHAM LLP**
1901 Sixth Avenue, N., Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 226-3426
gcook@balch.com
canderson@balch.com

*admitted pro hac vice

_Counsel for Defendants_

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2022, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)