# EXHIBIT 1

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

-------------------------------------x

IN RE:  CBL & ASSOCIATES PROPERTIES,

INC. SECURITIES LITIGATION

-------------------------------------x

                    September 23, 2022

                    10:31 a.m.


          Videotaped deposition of RONALD T.

AMSTERDAM, held at the offices of Pomerantz LLP,

600 Third Avenue, New York, New York, pursuant to

Notice, before Lynne D. Metz, a Shorthand Reporter

and Notary Public of the State of New York.


          C O N F I D E N T I A L

Case 1.19-cv-00181-JRG-CHS    Document 184-1    Filed 10/28/22    Page 2 of 19
                              PageID #: 2874

Page 2

A  P  P  E  A  R  A  N  C  E  S:


        POMERANTZ LLP

        Attorneys for Lead Plaintiffs and the

        Witness RONALD T. AMSTERDAM

                600 Third Avenue

                New York, New York 10016

        BY:   MICHAEL J. WERNKE, ESQ.

                mjwernke@pomlaw.com


                - and -


        BRONSTEIN GEWIRTZ & GROSSMAN

        Attorneys for Plaintiffs

                60 East 42nd Street

                Suite 4600

                New York, New York 10165

        BY:   EITAN KIMELMAN, ESQ.

Case 1.19-cv-00181-JRG-CHS    Document 184-1    Filed 10/28/22    Page 3 of 19
PageID #: 2875

A P P E A R A N C E S: (Cont'd):


        KING AND SPALDING

        Attorneys for Defendants

                1180 Peachtree Street N.E.

                Suite 1600

                Atlanta, Georgia 30309-3521

        BY:    PETER STARR, ESQ.

                pstarr@kslaw.com



        ALSO PRESENT:

                Deverell Write - Videographer

Case 1.19-cv-00181-JRG-CHS     Document 184-1     Filed 10/28/22     Page 4 of 19
PageID #: 2876

Page 5

THE VIDEOGRAPHER: We are going on the record at 10:31 a.m. on September 23, 2022. This is media unit one of the video recorded deposition of Ronald T. Amsterdam taken by counsel for the defendant in the case of In Re: CBL and Associates Properties, Incorporated Securities Litigation filed in the United States District Court for the Eastern District of Tennessee.

My name is Deverell Write for Veritext Legal Solutions. The court reporter is Lynne Metz also with Veritext Legal Solutions.

At this time will counsel please state their appearances.

MR. STARR: Peter Starr, King and Spalding LLP on behalf of the defendants.

MR. WERNKE: Michael Wernke, Pomerantz LLP on behalf of the lead plaintiffs, Mr. Amsterdam and the class.

MR. KIMELMAN: Eitan Kimelman, Bronstein Gewirtz and Grossman on behalf of the plaintiffs.

THE VIDEOGRAPHER: Will the court

Case 1.19-cv-00181-JRG-CHS    Document 184-1    Filed 10/28/22    Page 5 of 19
PageID #: 2877

Page 6

R. Amsterdam - Confidential

reporter please swear in the witness.


R O N A L D   T.   A M S T E R D A M

called as a witness, having been first duly sworn

by the Notary Public (Lynne D. Metz), was examined

and testified as follows:


MR. STARR:  Before we begin, I am

going to make a record of defendants'

position with respect to this deposition

which is taken pursuant to Rule 45.  For the

reasons stated in defendants' motion to

strike, defendants dispute that Mr.

Amsterdam is a party to this proceeding and

because he is not a party he cannot serve as

an appropriate class representative.  By

proceeding with this non-party deposition

under Rule 45, defendants do not concede

that Mr. Amsterdam is properly before the

court nor do they waive any arguments

regarding his participation in this suit.

Defendants expressly reserve all

rights to challenge his participation in any

form.  Nevertheless, out of an abundance of

R.  Amsterdam - Confidential

lawsuit?

A.    No.

Q.    Have you ever been involved in securities litigation before?

A.    No.

Q.    So you have never served as a class representative in a lawsuit before?

A.    I have not.

Case 1.19-cv-00181-JRG-CHS     Document 184-1     Filed 10/28/22     Page 7 of 19
                              PageID #: 2879

R. Amsterdam - Confidential

Q.    Mr. Amsterdam, have you ever sought appointment as a lead plaintiff in a lawsuit?

A.    No.

Q.    Have you ever been named as a defendant in a lawsuit?

A.    No.

Q.    Who are the defendants in this case, Mr. Amsterdam?

A.    The Lebovitzs.  The other names escape me.  There is a total of five of the operating officers of CBL.

Q.    Who is suing the defendants in this case?

A.    The Hoffmans, Scolnick.  I can't remember the other plaintiff, the other plaintiffs' name at present.

Q.    Are you suing the defendants in this case?

MR. WERNKE:  Objection to form.

A.    Can you rephrase the question please?

Q.    It is a fairly simple question.

Page 23

R. Amsterdam - Confidential

in litigation for not charging and I won't use defrauding, for not charging their tenant.  For overcharging their tenants.  They did not convey that to investors until such time that a judgment was made.

Prior to that, several weeks before that they had indicated that the court action that was taken against them was frivolous, that didn't amount to anything and then when they had to spell out their liability, at that point it became evident that they had defrauded their tenants and they had defrauded their investors.

800.808.4958                                                                            770.343.9696

Case 1:19-cv-00181-JRG-CHS     Document 184-1     Filed 10/28/22     Page 9 of 19
PageID #: 2881

R. Amsterdam - Confidential

Q.    So the complaint filed in this case alleges that the defendants made false or misleading statements; right?

A.    Yes.

Q.    Many of those misstatements that are alleged in the complaint are contained in filings that CBL made with the Securities and Exchange Commission; is that correct?

A.    My understanding is yes.

Q.    Are you aware that only certain of the individual defendants signed such filings?

A.    That was not in the court documents that I read.  I can't answer that question.

Q.    If the defendant did not sign an SEC filing, then in your view is it fair to hold them accountable for statements made in that filing?

MR. WERNKE:  Objection to form.

A.    Speculation.

Q.    You may answer.

A.    I can't.  I won't speculate on

Case 1:19-cv-00181-JRG-CHS    Document 184-1    Filed 10/28/22    Page 10 of 19
PageID #: 2882

Page 31

R. Amsterdam - Confidential

Q.    As a class representative would you defer to your attorneys to prosecute this case?

A.    Absolutely.

Q.    What is the class that you seek to have certified in this case, Mr. Amsterdam?

A.    Investors.

Q.    Which investors specifically?

A.    Common stock, preferred stock and bonds.

Q.    Do you know what kind of -- withdraw the question.

Do you know what the alleged class period is in this case?

A.    2014 to 2019.

Q.    How is that period chosen?

A.    There is a five-year statute of limitations.  The results of defrauding tenants which probably may have, I shouldn't say probably, may have occurred prior to 2014 would be excluded because of that statute of limitations which could only be for five years.

Q.    Did you prepare for today's deposition?

A.    Yes.

Case 1:19-cv-00181-JRG-CHS   Document 184-1   Filed 10/28/22   Page 11 of 19
PageID #: 2883

R. Amsterdam - Confidential

A.     No.

Q.     Have you ever met any of them?

A.     No.

Q.     How will you and the lead plaintiffs go about making decisions in this litigation if you are permitted to participate further?

MR. WERNKE:  Objection to form.

A.     I will confer with the attorneys involved.  I would like to add to that.

I would also read any additional documents that were presented.

Q.     Just to jump back for a moment, Mr. Amsterdam.

When did you first contact Mr. Kimelman about this lawsuit?

A.     I believe that it was the beginning of 2021 January.

Q.     Did you retain Mr. Kimelman as your attorney at that point?

A.     Not at that point.  There were forms that needed to be filled.

Q.     What sort of forms?

A.     Retainer agreements.

Q.     Have you signed the retainer agreement

R. Amsterdam - Confidential

with Mr. Kimelman's firm?

A.    With Pomerantz.

Q.    When did you first have contact with Pomerantz?

A.    After conferring with Mr. Kimelman, Mr. Wernke and I had conversations.

Q.    When was that?

A.    I could not be precise in that.

Q.    You said you met Mr. Kimelman early 2021 about?

A.    I spoke with him.

Q.    Did you meet Mr. Wernke in 2021 calendar year?

A.    I am not sure.  I don't recall.

Q.    You don't recall whether you met Mr. Wernke in 2022 or 2021?

A.    No.  I do not recall the exact date. I don't recall.

Q.    I am not asking for the exact date.

Do you recall the general time frame when you met Mr. Wernke or any attorney at Pomerantz LLP?

A.    I couldn't say.

Q.    Was it more than six weeks ago?

Case 1:19-cv-00181-JRG-CHS    Document 184-1    Filed 10/28/22    Page 13 of 19
PageID #: 2885

R. Amsterdam - Confidential

A.    Yes.

Q.    Was it more than three months ago?

A.    Most likely.

Q.    Was it more than six months ago?

A.    Perhaps.

Q.    It was sometime between early 2021 and six weeks ago; is that your testimony?

MR. WERNKE:  Objection.  Misstates the record.

A.    I think that your depiction is inaccurate.

Q.    Could you please correct it?

A.    If I had an exact date I would provide it to you.

MR. STARR:  This will be Exhibit 19.  Please mark that as Exhibit 19.

(Deposition Exhibit 19, a letter dated August 18, 2022 Bates stamped CBL_Amsterdam_00000001, marked for identification, as of this date.)

Q.    Mr. Amsterdam, you have been handed a document that's marked as Exhibit 19 to your deposition.

Could you identify that document for

R. Amsterdam - Confidential

class certification was the first time you had participated in this case?

A.   I don't understand that question.

Q.   Had you participated in this case prior to this motion for class certification being filed?

A.   I initially spoke with Mr. Kimelman in January of 2021 and thereafter spoke with Mr. Wernke thereafter.  If that's what you are conveying as participating, yes.

Q.   You didn't retain Mr. Kimelman in 2021; correct?

A.   That is correct.

Q.   You didn't retain Pomerantz until August 18, 2022; is that right?

A.   The documents would indicate that.

Q.   And if we move outside the realm of the documents, is there another reality with respect to your engagement of Pomerantz?

A.   There is only one reality.  I had spoken with Mr. Kimelman and Mr. Wernke prior to the documents being presented.

Q.   You signed that document, that engagement letter on the 18th of August; correct?

Page 86

R. Amsterdam - Confidential

A F T E R N O O N   S E S S I O N.

(1:50 p.m.)

R O N A L D   A M S T E R D A M,

having been previously sworn, resumed the

stand and testified further as follows:

THE VIDEOGRAPHER:  We are back on the

record.  The time on the video monitor is

1:51 p.m.  This starts media unit three.

EXAMINATION (Cont'd)

BY MR. STARR:

800.808.4958                                                      770.343.9696

R.  Amsterdam - Confidential

          Turning back to this case, when did you first hear of CBL?

          A.    2017 I think.

          Q.    How did CBL come to your attention at that time?

          A.    I reviewed a number of bonds and decided to invest in CBL.

Page 124

R. Amsterdam - Confidential

you first spoke with Mr. Wernke about this case?

A.    I don't recall.

MR. STARR:  Let's take a quick five.

MR. WERNKE:  Sure.

THE VIDEOGRAPHER:  The time on the video monitor is 2:56 p.m.  This ends media three.

(Recess taken.)

THE VIDEOGRAPHER:  We are back on the record.  The time on the video monitor is 3:13 p.m.  This starts media unit four.

BY MR. STARR:

C E R T I F I C A T E

STATE OF NEW YORK        )

                          : ss.

COUNTY OF NEW YORK       )

I, LYNNE D. METZ, a Shorthand Reporter and a Notary Public within and for the State of New York, do hereby certify that the foregoing deposition of RONALD T. AMSTERDAM was taken before me on the 23rd day of September, 2022;

That the said witness was duly sworn before the commencement of his testimony; that the said testimony was taken stenographically by me and then transcribed.

I further certify that I am not related by blood or marriage to any of the parties to this action or interested directly or indirectly in the matter in controversy; nor am I in the employ of any of the counsel in this action.

IN WITNESS WHEREOF, I have hereunto set my hand this 24th day of September, 2022.

_____
LYNNE D. METZ

Case 1:19-cv-00181-JRG-CHS   Document 184-1   Filed 10/28/22   Page 19 of 19
PageID #: 2891