# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

|  |  |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated April 19, 2023 ("Stipulation"), is entered into by and among (i) Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and proposed class representative Ronald T. Amsterdam ("Plaintiffs"), on behalf of themselves and the Settlement Class, and (ii) CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL") Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell (the "Individual Defendants" and, with CBL, "Defendants"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, remise, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims against the Defendants' Releasees.

## OVERVIEW OF THE ACTION

### A.    Commencement of the Action

This Action is pending in the United States District Court for the Eastern District of Tennessee before the Honorable J. Ronnie Greer (the "Court"). On May 17, 2019, Laurence

---

[1]    All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

Paskowitz filed a putative class action styled *Paskowitz v. CBL & Associates Properties, Inc. et al*, Docket No. 1:19-cv-00149 (E.D. Tenn.), which was followed by the June 21, 2019, filing of *Williams v. CBL & Associates Properties, Inc. et al*, Docket No. 1:19-cv-00181 (E.D. Tenn.), and the July 2, 2021, filing of *Merelles v. CBL & Associates Properties, Inc. et al*, Docket No. 1:19-cv-00193 (E.D. Tenn.). The *Paskowitz* Action was voluntarily dismissed on July 25, 2019; the *Williams* and *Merelles* actions were consolidated.

Following publication of notice pursuant to the Private Securities Law Reform Act ("PSLRA"), several investors moved for consolidation of related cases and appointment as the lead plaintiff. On July 17, 2019, the Court issued an order consolidating the related cases. ECF No. 21. On September 10, 2019, the Court issued an order appointing Jay Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and Lydia Hoffman ("Lead Plaintiffs") as lead plaintiffs and approved Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Abraham, Fruchter & Twersky LLP ("AF&T") as lead counsel. ECF No. 69.

On November 5, 2019, Lead Plaintiffs filed the Consolidated Class Action Complaint ("CAC"). ECF No. 80. The CAC alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), on behalf of a class of investors who purchased or otherwise acquired CBL securities from July 29, 2014 through March 26, 2019. The CAC alleged that, during the Class Period, Defendants made misleading statements by (i) failing to disclose that CBL was deliberately overcharging its retail tenants for electricity thereby inflating the Company's reported financial results and (ii) after being sued for that very same conduct (the "*Wave* Litigation"), failing to disclose the existence of the lawsuit and the Company's likely liability for the underlying wrongful conduct. The CAC alleged that on March 1, 2019, three years after the *Wave* Litigation was filed, CBL finally disclosed its existence

2

but told investors that the *Wave* Litigation was without merit and any loss related to the *Wave* Litigation was not reasonably likely. Less than four weeks later, on March 26, 2019, CBL disclosed that it agreed to pay approximately $90 million to resolve the claims asserted in the *Wave* Litigation. The CAC alleged that, on this news, CBL's common stock price plummeted 24.61%, to close at $1.44 per share on March 27, 2019, and the prices of its preferred shares and debt declined significantly as well.

   B.    **Defendants' Motion to Dismiss and CBL's Bankruptcy**

Defendants moved to dismiss the CAC on December 20, 2019. ECF No. 93. Lead Plaintiffs filed their opposition on February 6, 2020 (ECF No. 101) and Defendants filed their reply on March 12, 2020. ECF No. 104. Defendants filed a notice of supplemental authority on July 10, 2020. ECF No. 116.

On November 9, 2020, Defendants filed a Suggestion of Bankruptcy, notifying the Court that on November 1, 2020, CBL had filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, and, pursuant to Section 362 of the Code, this Action was automatically stayed as to CBL. The bankruptcy action is styled *In re CBL & Associates Properties, Inc., et al.*, Case No. 20-35226 (DRJ) (S.D. Tex.) (the "Bankruptcy"). ECF No. 119. Following motion practice in this Action as well as before the court overseeing CBL's bankruptcy, the stay was extended to the Individual Defendants. On November 1, 2021, CBL emerged from the Bankruptcy.

On May 3, 2022, following additional supplemental briefing (ECF Nos. 141-144), the Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 145. The court granted the motion to dismiss with respect to CBL, but denied the motion to dismiss with respect to the Individual Defendants. On May 24, 2022, Defendants filed a motion for clarification of the

Court's ruling on the element of scienter and requested dismissal of Plaintiffs' claims. ECF No. 147. On May 25, 2022, the Court granted Defendants' motion to the extent that Defendants sought clarification of the Court's ruling and denied the motion to the extent it requested an order dismissing any claims against the Individual Defendants. ECF No. 152.

C. **Discovery**

The Parties engaged in extensive fact and class-related discovery, including seven depositions and document collection and review. In sum, throughout the course of the Action, Plaintiffs received and reviewed approximately: (1) 969,842 pages produced by CBL in response to a subpoena, largely consisting of discovery relating to the *Wave* Litigation and an SEC investigation and (2) 2,839 pages produced by Defendants largely concerning their role in SEC filings. Plaintiffs also subpoenaed: several underwriters of the Senior Notes (as defined below), CBL's counsel in the *Wave* Litigation, the mediators of the *Wave* Litigation, FINRA (with respect to trading data for the Notes), CBL's auditor, and Valquest, which was CBL's consultant for utilities billing.

D. **Class Certification**

On August 18, 2022, Plaintiffs moved for class certification on behalf of all persons and entities that purchased or otherwise acquired CBL securities from July 29, 2014 through March 26, 2019. ECF No. 164.

On August 30, 2022, Defendants filed a motion to strike non-party Ronald T. Amsterdam from the class certification motion. ECF No. 170. Plaintiffs filed their opposition to Defendants' motion to strike on September 13, 2022 (ECF No. 173), and Defendants filed their reply brief on September 20, 2022. ECF No. 175.

4

Following production of documents by Plaintiffs, interrogatory responses from Lead Plaintiffs, depositions of each of the Plaintiffs, and a deposition of Plaintiffs' market efficiency expert, on October 28, 2022, Defendants filed their opposition to the motion for class certification. ECF No. 183. Defendants challenged the adequacy and typicality of each of the Plaintiffs as well as the availability of the fraud-on-the-market presumption of reliance as to CBL's Senior Notes. *Id.* Plaintiffs filed their reply on December 16, 2022. ECF No. 203.

E.    **Settlement Negotiations**

On December 10, 2020, the Parties participated in an unsuccessful full-day mediation. The mediation was facilitated by Michelle Yoshida of Phillips ADR, who continued to engage in discussions with the Parties following the mediation. The Parties participated in a second full-day mediation with Ms. Yoshida on September 1, 2021, which was again unsuccessful.

On June 9, 2022, following denial of Defendants' motion to dismiss, the Court entered a scheduling order (ECF No. 153) proposed by the Parties, in which the Parties informed the Court that they intended to conduct another mediation likely later in 2022 and would notify the Court within fifteen days after the mediation as to whether the mediation was successful or not. On December 12, 2022, the Court issued an order directing the Parties to inform the Court of the outcome of any mediation. ECF No. 202. On December 23, 2022, the Parties informed the Court that they had agreed to a third mediation in late January or early February and would report on the results within ten days of the mediation. ECF No. 204.

On January 31, 2023, the Parties conducted a third mediation before Ms. Yoshida. While the mediation was unsuccessful, Ms. Yoshida continued to work with the Parties and, following her recommendation as mediator, the Parties reached an agreement in principle to settle the Action

for $17,500,0000 for the benefit of the Settlement Class, subject to approval by the Court. The Settlement is set forth in a Memorandum of Understanding dated February 22, 2023.

*       *       *       *       *

In recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties to this Stipulation desire to settle and resolve any and all actual or potential Released Claims by or between the Releasees.

This Stipulation (together with the exhibits hereto and the Supplemental Agreement) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Lead Counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the financial benefit that members of the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. The Parties are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. All of the Defendants deny, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder. Specifically, Defendants expressly have denied, and continue to deny, that Plaintiffs have asserted any valid claims against

them, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or an admission, concession, or finding on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. The Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), that, in consideration of the benefits flowing to the Parties and the Settlement Class from the Settlement, all Released Plaintiffs' Claims as against the Defendants'

Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" or "Litigation" means the civil action captioned *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-181-JRG-CHS, pending in the United States District Court for the Eastern District of Tennessee before the Honorable J. Ronnie Greer, Senior United States District Judge, or any judge subsequently assigned, including any and all civil actions consolidated therewith.

(b)      "Authorized Claimant(s)" means a Settlement Class Member who or which submits to the Claims Administrator a valid Claim Form that is approved by the Court for payment from the Net Settlement Fund.

(c)      "CBL Common Stock" means CBL's common stock.

(d)      "CBL Preferred Stock" means CBL's 7.375% Series D Cumulative Redeemable Preferred Stock; and/or CBL's 6.625% Series E Cumulative Redeemable Preferred Stock.

(e)      "CBL Senior Notes" means (i) senior unsecured notes issued by CBL in November 2013, that bore interest at 5.25% and were scheduled to mature on December 1, 2023; (ii) senior unsecured notes issued by CBL in October 2014 that bore interest at 4.60% and were scheduled to mature on October 15, 2024, and (iii) senior unsecured notes issued by CBL in December 2016 and August 2017 that bore interest at 5.95% and were scheduled to mature on December 15, 2026.

(f)    "CBL Securities" means (i) CBL Common Stock, (ii) CBL Preferred Stock, and (iii) CBL Senior Notes.

(g)    "Claim," "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A or in electronic format, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(h)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(i)    "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc., the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(j)    "Class Period" means the period between July 29, 2014 and March 26, 2019, both dates inclusive.

(k)    "Defendants' Counsel" means the law firms of King & Spalding LLP, Balch & Bingham LLP, and Evans Harrison Hackett PLLC.

(l)    "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, assignors, legatees, devisees, direct or indirect parents or subsidiaries, sister corporations, principals, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, general partners, limited partners, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), independent contractors, and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates,

9

administrators, beneficiaries, predecessors, successors in interest, auditors, accountants, advisors, or assigns of any of the foregoing.

(m) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 30 of this Stipulation have been met and have occurred or have been waived.

(n) "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of the Escrow Agent, acting as agents for the Plaintiffs and the Settlement Class, subject to the terms of this Stipulation.

(o) "Escrow Agent" means The Huntington National Bank, which has been selected by Lead Counsel to be responsible for overseeing, safeguarding, and distributing the Escrow Account, acting as agents for the Settlement Class, in accordance with the terms of the Escrow Agreement and this Stipulation.

(p) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q) "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any

10

further appeal has expired. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or rehearing or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses or awards to Plaintiffs, Lead Counsel, or other class representatives, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(r)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any related persons (other than a tenant or employee) sharing the household. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(s)     "Judgment" means the document, substantially in the form attached hereto as Exhibit B, entered by the Court approving the Settlement.

(t)     "Lead Counsel" means the law firms Pomerantz and AF&T.

(u)     "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting and settling the Action (which may include an award to Plaintiffs directly related to their representation of the Settlement Class), protecting the claims brought in the Action in the Bankruptcy and incurred in moving to unseal the record in the *Wave* Litigation, for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(v)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any fees, expenses, or costs awarded by the Court to Plaintiffs; and (vi) any other costs or fees approved by the Court.

(w)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which, subject to approval of the Court, is to be mailed to potential Settlement Class Members.

(x)    "Notice and Administration Costs" means the costs, fees, and expenses that are reasonably and actually incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice of the proposed Settlement by mail, publication, and other means to the Settlement Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees, and expenses incurred in connection with the Escrow Account.

(y)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(z)    "Plaintiffs' Releasees" means (i) Plaintiffs, their attorneys, and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, predecessors, successors, and assigns of each of the persons or entities listed in (i) and (ii), in their capacities as such.

(aa) "Plan of Allocation" means Plaintiffs' proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified. Defendants' Releasees shall have no responsibility or liability with respect thereto.

(bb) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(cc) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(dd) "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

(ee) "Released Plaintiffs' Claims" means any and all claims, debts, disputes, demands, losses, rights, actions, liabilities, damages, obligations, sums of money due, judgments,

suits, amounts, matters, issues, charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, foreseen or not foreseen, accrued or not accrued, concealed or hidden, whether individual or class in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other members of the class, or any of their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted, whether directly or indirectly, in the Action, or (ii) could have asserted in the Action, or in any other action or in any forum, or could in the future be asserted in any forum, that arise out of, are based upon, are in consequence of, or relate to both: (1) the allegations, transactions, facts, events, matters, occurrences, representations, disclosures, non-disclosures, statements, or omissions that are involved, set forth, or referred to in the Complaint, or that could have been alleged in the Action, and (2) the purchase or acquisition of CBL securities during the Class Period. "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

(ff)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(gg)   "Releases" means the releases set forth in ¶¶ 4-6 of this Stipulation.

(hh)   "Settlement" means the settlement of this Action on the terms and conditions set forth in this Stipulation.

(ii) "Settlement Amount" means seventeen million, five hundred thousand United States dollars (US $17,500,000.00) to be paid by check(s) or wire transfer(s) to the Escrow Agent pursuant to ¶ 8 of this Stipulation. Neither Defendants nor Defendants' Releasees shall have any obligation whatsoever to pay any amount over and above the Settlement Amount. Such amount is paid as consideration for full and complete settlement of all the Released Plaintiffs' Claims.

(jj) "Settlement Class" means all persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 through March 26, 2019, both dates inclusive. Excluded from the Settlement Class are Defendants, current and former officers and directors of CBL, members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Settlement Class.

(kk) "Settlement Class Member(s)" means each person and entity who or which is a member of the Settlement Class.

(ll) "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(mm) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(nn) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(oo)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(pp)   "Tax Expenses" means the expenses and costs incurred by Lead Counsel or Escrow Agent in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(qq)   "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. This includes any such claims which, if known by such party, might have affected such party's settlement with and release of a released party, or might have affected such party's decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and

16

benefits conferred by California Civil Code § 1542, as well as by any law of any state or territory

of the United States, or principle of common law or foreign law, which is similar, comparable, or

equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does
> not know or suspect to exist in his or her favor at the time of executing the release
> and that, if known by him or her, would have materially affected his or her
> settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from

those which any Party or their counsel now knows or believes to be true with respect to the subject

matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall

expressly waive, compromise, settle, discharge, extinguish, and release, fully, finally, and forever,

and each of the other Settlement Class Members shall be deemed to have, and by operation of the

Judgment shall have, waived, compromised, settled, discharged, extinguished, and released, fully,

finally, and forever, any and all Released Claims, whether known or Unknown, suspected or

unsuspected, contingent or non-contingent, whether or not concealed or hidden, without regard to

the subsequent discovery or existence of such different or additional facts, legal theories, or

authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

waiver was separately bargained for and is a key element of the Settlement of which this release

is a part.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary

approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final

approval of the Settlement and Lead Counsel's application for an award of reasonable attorneys'

fees and reimbursement of Litigation Expenses. Plaintiffs' motion for preliminary approval shall

be unopposed by Defendants, and the Parties shall request the Settlement Fairness Hearing be scheduled for no earlier than 100 days following the execution of this Settlement. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member (collectively, the "Releasing Party Plaintiffs"), shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, remised, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding, whether or not such Releasing Party Plaintiff executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. This Release shall not apply to any Excluded Plaintiffs' Claims.

5.    Pursuant to the Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

6.    To the fullest extent permitted by law, and as to be provided in the proposed Judgment, all persons that have not validly opted out of the Settlement Class shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of actions for contribution, indemnity, or otherwise against the Defendants' Releasees seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity as claims, cross-claims, counterclaims, third-party claims or otherwise, in this Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

19

7.     Notwithstanding ¶¶ 4-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the full and final settlement of the claims asserted in the Action against Defendants and the Defendants' Releasees and the Releases specified in ¶¶ 4-6 above, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days of the later of: (1) the entry of the Preliminary Approval Order; or (2) receipt by the Defendants of complete payment instructions, including a Form W-9.

9.     Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as detailed in ¶ 38 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount, and Defendants shall not be liable for any other amount or amounts.

10.     Other than the obligation to pay or cause to be paid the Settlement Amount into the Escrow Account within the time period set forth in ¶ 8, the Defendants' Releasees shall have no obligation to pay any additional amounts, nor any responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the

Escrow Account, or the filing of any federal, state, or local returns; or (vii) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Plaintiffs or any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the Action and the Released Claims.

## **USE OF SETTLEMENT FUND**

11.     The Settlement Fund shall be used to pay: (a) all Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) all Litigation Expenses awarded by the Court; (d) all attorneys' fees awarded by the Court; (e) all fees, expenses, or costs awarded to Plaintiffs by the Court; (f) any other costs or fees approved by the Court; and (g) the claims of Authorized Claimants. Under no circumstances will Defendants (or any of the other Defendants' Releasees) be required to pay more than the Settlement Amount. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-28 below.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed, or returned, pursuant to the terms of this Stipulation or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these

instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. Provided the Escrow Agent invests the Settlement Fund as set forth herein, the Escrow Agent shall have no liability whatsoever with respect to any investment decision made in connection with Settlement Fund.

13. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Taxes or Tax Expenses owed with respect to the Settlement Fund shall be timely paid by the Escrow Agent out of the Settlement Fund. The Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14. All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendants' Releasees, Plaintiffs, and Lead Counsel shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses. Taxes and Tax Expenses shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 13 and 14 of this Stipulation.

15. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, none of the Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16. Lead Counsel may approve payment from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that Lead Counsel may only approve up to $250,000 in Notice and Administration Costs prior to the Settlement Fairness Hearing without further Court approval. Such costs and expenses shall include, without limitation, the actual costs

Case 1:19-cv-00181-JRG-CHS   Document 214   Filed 04/19/23   Page 23 of 113   PageID #: 4882

of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.    Lead Counsel will apply to the Court for an award of reasonable attorneys' fees to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

18.    Lead Counsel will be entitled to payment of any and all attorneys' fees and Litigation Expenses that are awarded by the Court, including any interest thereon, immediately upon the award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further

proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel, including its partners, and such other counsel for Plaintiffs, including any law firms, partners, and/or shareholders who received any portion of fee and expense award, shall have a joint and several obligation to make the appropriate refund or repayment in full no later than ten (10) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. The approval of the Settlement, and its becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Counsel, nor any appeals from such awards. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses, and any appeal from any order awarding attorneys' fees or Litigation Expenses or any reversal or modification of any such order shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Action set forth herein.

19. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund. With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 8 above, the Defendants' Releasees shall

have no responsibility for, and no liability whatsoever with respect to, any payment (including taxes) of attorneys' fees and/or Litigation Expenses to Lead Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel, in connection with the foregoing or any other aspect of the administration, investment, or distribution of the Settlement, Settlement Amount or Settlement Fund. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, the Claims Administrator shall mail or email the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. The Claims Administrator shall publish the Summary Notice in accordance with the terms of the Preliminary Approval Order to be entered by the Court. The Claims Administrator shall, among other duties and obligations, receive Proofs of Claim and determine whether they present valid claims in whole

or part, work with Settlement Class Members as needed to help them supplement or clarify their Proofs of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of allocation as the Court approves). For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list consisting of names and mailing addresses and email addresses, if available, of those who purchased or held CBL Securities during the Class Period.

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation. Defendants' Releasees shall not object in any way to Plaintiffs' Plan of Allocation or any other plan of allocation in this Action. None of the Defendants' Releasees shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     The Claims Administrator shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Settlement Fund to Authorized Claimants. None of the Defendants' Releasees shall have any responsibility for, interest in, or liability for any decision. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a

Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any Released Plaintiffs' Claim. A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

29

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.     No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, Plaintiffs' damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) or Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

28.      All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Settlement Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

29.      If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

30.      The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(d)      Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

31.     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 8 of this Stipulation, then Plaintiffs in their sole discretion, and not Defendants, shall have the right to terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of Final Judgment. Notwithstanding the foregoing, Defendants shall have a period of ten (10) business days after Plaintiffs provide written notice of their intent to terminate the Settlement and Stipulation in which to cure the alleged non-compliance with ¶ 8 of this Stipulation. If Defendants cure such alleged non-compliance within that ten (10) business day period, then Plaintiffs shall not have the right to terminate the Settlement and Stipulation.

32.     Simultaneously herewith, Plaintiffs and Defendants are executing a "Supplemental Agreement," which, among other things, shall set forth certain conditions under which this Settlement may be withdrawn or terminated at Defendants' sole discretion, including if Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class. The Supplemental Agreement shall not be filed with the Court, except that the Supplemental Agreement and/or its contents may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.

33.     Upon the occurrence of all of the events referenced in ¶ 30 above, any and all remaining interest or right of any of the Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

34. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a) the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b) Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of this Stipulation;

(c) the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 16, 18, 36 and 53, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d) Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent in accordance with the instruction provided to the Escrow Agent by counsel to Defendants. In the event that the funds received by Lead Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants immediately upon their deposit into the Escrow Account consistent with ¶ 18 above. In addition, the Escrow Agent or its designee shall apply for

any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for the refund, to the Defendants in the same manner as the Settlement Fund described in this Paragraph. Such payments shall be pursuant to written instructions from Defendants' Counsel.

35.     It is further stipulated and agreed that Plaintiffs, on the one hand, and Defendants, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect, including, but not limited to, any alteration to the Settlement Class definition; (b) the Court's final refusal to approve the Settlement or any material part thereof, including, but not limited to, any alteration to the Settlement Class definition; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement, including, but not limited to, any alteration to the Settlement Class definition; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court; and in the event of any such termination the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

36.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be

approved by the Court), the negotiations, discussions, or agreements relating to the execution of this Stipulation, the Term Sheet, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendants;

(c) shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the complaint would not have exceeded the Settlement Amount or with respect to any liability,

35

negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

        (d)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

37.    All of the exhibits attached hereto, as well as the Supplemental Agreement, are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

39.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No party shall assert any claims of any violation of Rule 11 of the

Federal Rules of Civil Procedure, or of 28 U.S.C. Section 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

40.    In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

41.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

42.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

44.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other

plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that, other than the Supplemental Agreement, no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

47.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

49.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal, substantive laws of the State of Tennessee without regard to its choice-of-laws principles, except to the extent that federal law requires that federal law govern.

50.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

51. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54. If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

<div style="margin-left: 2em;">

If to Plaintiffs or                    Pomerantz, LLP
Lead Counsel:                      Attn: Michael J. Wernke
                                   600 Third Avenue, 20th Floor
      New York, New York 10016
      Telephone: (212) 661-1100
      Email: mjwernke@pomlaw.com

and

Abraham, Fruchter & Twersky, LLP
Attn: Jeffrey S. Abraham
450 Seventh Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050

</div>

Email: jabraham@aftlaw.com

If to Defendants or          King & Spalding LLP
Defendants' Counsel:        Attn: B. Warren Pope
                              1180 Peachtree Street, NE
                              Atlanta, Georgia 30309
                              Telephone: (404) 572-4600
                              Email: wpope@kslaw.com

55.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

56.      Any disputes relating to the finalization of the Settlement documentation or the Settlement itself will be resolved first by Michelle Yoshida by way of telephonic mediation and, if unsuccessful, then by way of final, binding, non-appealable arbitration under a procedure determined by Ms. Yoshida. If for any reason Ms. Yoshida is unavailable or has a conflict, the parties agree to seek expedited resolution of any such issue before Judge Ronnie Greer, Magistrate Judge Christopher H. Steger, or such other judge as has been assigned to this Action by the Court.

57.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

58.      All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.      No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

60.     Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 19, 2023.

**POMERANTZ LLP**

Jeremy A. Lieberman
Michael J. Wernke
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email:  jalieberman@pomlaw.com
          mjwernke@pomlaw.com


**KING & SPALDING LLP**

B. Warren Pope
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Email: wpope@kslaw.com

*Attorneys for Defendants*


**ABRAHAM, FRUCHTER & TWERSKY, LLP**

Jeffrey S. Abraham
Michael J. Klein
450 Seventh Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
Email:  jabraham@aftlaw.com
          mklein@aftlaw.com

*Lead Counsel*

41

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

---

|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
|  | ) |  |

---

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a securities class action is pending in this Court entitled *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (the "Action");

WHEREAS, Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and proposed class representative Ronald T. Amsterdam ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL"), Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell (the "Individual Defendants" and, with CBL, "Defendants" and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 19, 2023 (the "Stipulation"), that provides for

a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court in exchange for the consideration described in the Stipulation (the "Settlement") subject to approval of this Court;

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and,

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a), Rule 23(b)(3), and Rule 23(e) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 and March 26, 2019, both dates inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) current and former

officers and directors of CBL; (iii) members of their immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) those Persons who are found by the Court to have timely and validly requested exclusion from the Settlement Class.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable, and adequate to the Settlement Class under

Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

4. **<u>Settlement Fairness Hearing</u>** – The Court will hold a hearing (the "Settlement Fairness Hearing") on _____, 2023 at __:__ _.m. [at least 100 calendar days after the Court grants preliminary approval] at the United States District Court for the Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greenville, Tennessee 37743, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶6 of this Order.

5. The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

6. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by the Claims Administrator as follows:

a. not later than thirty (30) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail, or e-mailed, to potential Settlement Class Members who are identified through reasonable effort;

b. contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

c.     not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be transmitted once over the *PR Newswire*; and

d.     not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7.     **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Postcard Notice, Internet Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Internet Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶ 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate,

6

and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The Court expressly concludes that use of the Postcard Notice satisfies the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law because the Postcard Notice includes the key elements required by the PSLRA (15 U.S.C. § 78u-4(a)(7)) and because, in the particular circumstances of this Settlement, the cost of mailing a longer notice (such as the Long-Form Notice) to each potential Class Member would unduly erode the $17.5 million Settlement Amount. The Court is aware from the Settling Parties' submissions that numerous other courts have approved the use of postcard notices such as the one proposed here.

8.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired CBL Securities during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the

names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Postcard Notice to such beneficial owners. Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. If requested, nominees or custodians may be reimbursed solely for reasonable out-of-pocket expenses, up to $0.05 per notice mailed or $.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

9. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than seven (7) calendar days prior to the Final Settlement Hearing. Notwithstanding the foregoing, Lead Counsel may submit to the Court any late Claim for approval. By submitting a

Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11. Any Settlement Class Member who or that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom;

(c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 9 above.

12. **Exclusion From the Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than _____, 2023 [twenty-one (21) calendar days prior to Settlement Fairness Hearing], to: *CBL Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2438, Portland, OR 97208-2438, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re CBL & Associates Properties, Inc. Securities*

*Litigation*, No. 1:19-cv-00181"; (iii) state the number of shares of each CBL Security that the person or entity requesting exclusion purchased/acquired between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase or acquisition; (iv) state the number of shares of each CBL Security that the person or entity requesting exclusion sold between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14.     Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions

of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) shall be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

15. **Appearance and Objections at Settlement Fairness Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 16 below, a notice of appearance such that it is received no later than _____, 2023 [twenty-one (21) calendar days prior to the Settlement Fairness Hearing], or as the Court may otherwise direct. Any Settlement Member who does not enter an appearance will be represented by Lead Counsel.

16. Any Settlement Class Member who or that does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or the Plaintiffs' compensatory award, and appear

and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, and/or the Plaintiffs' compensatory award should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions thereof unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than _____, 2023 [twenty-one (21) calendar days prior to the Settlement Fairness Hearing].

<table>
<tr><td align="center"><u>**Class Counsel**</u></td><td align="center"><u>**Defendants' Counsel**</u></td></tr>
<tr><td align="center">Michael J. Wernke, Esq.<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016</td><td align="center">B. Warren Pope<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309</td></tr>
</table>

*and*

Jeffrey S. Abraham
Abraham, Fruchter & Twersky, LLP
450 Seventh Avenue, 38th Floor
New York, New York 10123

17.    Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the

Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of (i) documents showing the number of shares of each CBL Security that the objector purchased/acquired between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and (ii) documents showing the number of each CBL Security that the objector sold between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of securities, and prices of each such sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

14

18.     Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, the Plaintiffs' compensatory award, or from otherwise being heard concerning the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the Plaintiffs' compensatory award in this or any other proceeding.

19.     **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other Settlement Class Members, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the

Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

21.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    **Taxes** – The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their

16

respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

24. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.　shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.　shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

25.　**Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and Plaintiffs' compensatory award no later than twenty-eight (28) calendar days prior to the Settlement Fairness Hearing;

and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

26. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA notice.

27. The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.

_____
J. RONNIE GREER
U.S. DISTRICT JUDGE

| Important Legal Notice Authorized by the United States District Court for the Eastern District of Tennessee About a Securities Class Action (the "Court")<br><br>**If you purchased or otherwise acquired securities of CBL & Associates Inc. ("CBL") between July 29, 2014 and March 26, 2019, inclusive, you may be affected by a class action lawsuit that is currently pending.**<br><br><br>THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY. | ***Court-Ordered Legal Notice***<br><br>**CBL SECURITIES LITIGATION**<br>P.O. Box 2438<br>Portland, OR 97208-2438<br><br><<MAILID>><br><<NAME>><br><<ADDRESS>><br><<CITY>> <<STATE>> <<ZIP>><br><<COUNTRY>> |
| --- | --- |

*In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (E.D. Tenn.)
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE ACTION.*
*VISIT WWW.CBLSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

Individuals have sued CBL & Associates Properties, Inc. ("CBL" or the "Company"), along with certain of its current and former officers and directors ("Defendants"), for violation of federal securities laws in the above-captioned Action, alleging that, between July 29, 2014 and March 26, 2019 (the "Class Period"), Defendants made misleading statements to the investing public, which allegedly caused the Settlement Class to purchase CBL's common stock, preferred stock, and senior notes (collectively "securities") at artificially inflated prices. Defendants, for their part, have denied any and all liability and any and all wrongdoing. The Court has preliminarily approved a settlement of the Action in an Order dated _____, and this notice is issued pursuant to that Order and Rule 23 of the Federal Rules of Civil Procedure..

**Who's Included?** If you purchased or otherwise acquired CBL securities during the Class Period you may be a member of the Settlement Class. If you purchased or otherwise acquired CBL securities during the Class Period for the beneficial interest of a Settlement Class member, you are required to forward this notice to the beneficial owners of CBL securities or provide their contact information to the Notice Administrator, CBL Securities Litigation, P.O. Box 2438, Portland, OR 97208-2438, or info@CBLSecuritiesLitigation.com.

**Who Represents Me?** The Court has appointed attorneys at Pomerantz LLP and Abraham, Fruchter & Twersky, LLP as Lead Counsel to represent the class on a contingent fee basis. You may hire your own lawyer to represent you at your own expense.

**What Are My Rights & Options?** You have a choice either to stay in the Settlement Class or timely exclude yourself from it by _____, 2023. If you do nothing, you are choosing to stay in the Settlement Class, and are allowing the Court-appointed Lead Counsel to continue to represent you. If the Court grants final approval of the settlement, you will get the benefit of that settlement.. If you do nothing, you cannot bring your own case against the Defendants for the legal claims included in the settlement. If you choose to exclude yourself, you will not be entitled to recover monetary benefits from the settlement, but you will be entitled to pursue any individual remedy which you may have at your own risk and expense. To ask to be excluded, send a letter to the return address postmarked by _____, 2023, stating you want to be excluded from *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181. Include your name, address, telephone number, and signature, as well as the total number of CBL securities purchased or acquired and the date they were purchased or acquired, in accordance with the Internet Notice that can be found at www.CBLSecuritiesLitigation.com.

**Want More Information?** Go to www.CBLSecuritiesLitigation.com or call 888-296-0616.

**Do not contact the Court, Defendants, or their counsel in this Action with questions.**

# eUNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

_____
)
IN RE CBL & ASSOCIATES PROPERTIES,   )    Consolidated Case No.
INC. SECURITIES LITIGATION               )    1:19-CV-181-JRG-CHS
_____)

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED CBL & ASSOCIATES PROPERTIES, INC. COMMON STOCK, PREFERRED STOCK, AND/OR CERTAIN CBL SENIOR NOTES DURING THE PERIOD FROM JULY 29, 2014 TO MARCH 26, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF CBL AND THEIR FAMILIES AND AFFILIATES.**

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

    1. **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court, Eastern District of Tennessee (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $17.5 million. The Action is brought on behalf of all persons and entities that purchased or otherwise acquired CBL Securities during the period between July 29, 2014 and March 26, 2019 (the "Class Period"). "CBL Securities" includes (i) CBL common stock (ISIN No. US1248301004; CUSIP 124830100) ("Common Shares"), and/or (ii) CBL's 7.375% Series D Cumulative Redeemable Preferred Stock (ISIN No. US1248306052; CUSIP 124830605) ("Series D Preferred Shares") and/or (iii) CBL's 6.625% Series E Cumulative Redeemable Preferred Stock (ISIN No. US1248308033; CUSIP 124830803) ("Series E Preferred Shares", and together with the Series D Preferred Shares, the "Preferred Shares") and/or (iv) senior unsecured notes issued by CBL in November 2013, that bear interest at 5.25% and mature on December 1, 2023 (ISIN No. US12505JAA16; CUSIP 12505JAA1) ("2023 Senior Notes"), and/or (v) senior unsecured notes issued by CBL in October 2014 that bear interest at 4.60% and mature on October 15, 2024 (ISIN No. US12505JAB98; CUSIP 12505JAB9) ("2024 Senior Notes"), and/or (vi) senior unsecured notes issued by CBL Operating in December 2016 and August 2017 that bear interest at 5.95% and mature on December 15, 2026 (ISIN No. US12505JAD54; CUSIP 12505JAD5) ("2026 Senior Notes" and, collectively, the "Senior Notes").

2.    Plaintiffs estimate there were approximately 150.8 million allegedly damaged shares of CBL Common Shares, 10.9 million allegedly damaged shares of CBL Preferred Shares, and 1.3 million allegedly damaged CBL Senior Notes purchased or otherwise acquired during the Class Period. Pursuant to the Plan of Allocation (*see* Section III herein), if all affected CBL shares elect to participate in the Settlement, the average recovery could be $0.08 per affected Common Share, $0.09 per affected Series D Preferred Share, $0.06 per affected Series E Preferred Share, $3.41 per affected 2023 Senior Note, $2.58 per affected 2024 Senior Note, and $3.37 per affected 2026 Senior Note before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to members of the Settlement Class who participate in the Settlement may be more or less than this figure.

3.    **POTENTIAL OUTCOME OF THE CASE:** Plaintiffs and Defendants disagree as to the average amount per share that would be recoverable if Plaintiffs prevailed on each claim alleged under the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiffs and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per share, if any, Plaintiffs would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Plaintiff.

4.    **REASONS FOR SETTLEMENT:** Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate to, and in the best interests of, the Settlement Class. Plaintiffs and their counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiffs' claims against Defendants, including the Defendants' contentions that the Settlement Class's claims are without merit, the uncertainties of this complex litigation, and the concrete benefits provided by the Settlement to the members of the Settlement Class. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to agree to make the payment provided for by the Stipulation provided that all of the claims of the Settlement Class are settled and compromised, in order to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action. Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in this Action. Defendants have denied and continue to deny all charges of wrongdoing and liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class has suffered any damage, or that Plaintiffs or the Settlement Class was harmed by the conduct alleged in this Action.

5.    **ATTORNEYS' FEES AND COSTS SOUGHT:** Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount, and reimbursement of expenses not to exceed $1,000,000. In addition, a Compensatory Award for the time and expenses incurred by Plaintiffs will be sought, not to exceed $40,000 each. If the full amount that can be requested by Lead Counsel is approved by the Court, the average cost would be $0.03 per affected Common Share, $0.03 per affected Series D Preferred Share, $0.02 per affected Series E Preferred Share, $1.25 per affected 2023 Senior Note, $0.95 per affected 2024 Senior Note, and $1.23 per affected 2026 Senior Note.

6. **IDENTIFICATION OF CLASS COUNSEL:** For further information regarding this Settlement please contact Lead Counsel: Michael J. Wernke, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, New York 10016, mjwernke@pomlaw.com or Jeffrey S. Abraham or Michael J. Klein, Abraham, Fruchter & Twersky, LLP, 450 Seventh Avenue, 38th Floor, New York, New York, 10123, jabraham@aftlaw.com, mklein@aftlaw.com.

## I.   THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Settlement Class. The Settlement Class consists of:

> All persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 and March 26, 2019, both dates inclusive.

Excluded from the Settlement Class are Defendants, current and former officers and directors of CBL, and their families and affiliates.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.   THE LITIGATION

### Summary of the Litigation

The Court handling this Action is the United States District Court for the Eastern District of Tennessee, and the Action is known as *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (E.D. Tenn.). The Court appointed Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, and HoffInvestCo to represent the proposed Class. The Defendants in this Action are Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell. CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL") were defendants in the Action until they were dismissed as a result of CBL's bankruptcy.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

CBL is a publicly traded corporation with its principal place of business located in Chattanooga, Tennessee.

Plaintiffs allege that, during the Class Period, CBL Securities were artificially inflated as a result of a series of untrue or materially misleading statement regarding CBL's revenue from electricity provided to its retail tenants and a resulting class action lawsuit filed by those tenants.

### Discovery, Investigation, and Research Conducted by Lead Counsel

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Settlement Class; detailed reviews of CBL's public filings, SEC filings, press releases, and other public statements; over 900,000 pages of documents produced by Defendants and CBL during discovery; depositions of Plaintiffs' and Defendants' experts; review of analyst reports, financial analysts, and industry analysts relating to CBL; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

**Proposed Settlement**

Lead Counsel and Defendants' respective counsel participated in three protracted negotiations with the assistance of the mediator Michelle Yoshida. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all claims of the Settlement Class against the Defendants, *i.e.*, the Stipulation, entered into on April 19, 2023. Lead Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Lead Counsel asserts and believes the Settlement Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Exchange Act.

Lead Counsel, however, recognizes and acknowledges the expense and length of continued proceedings, trial, and appeals, and has taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Lead Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Settlement Class. Based on their evaluation, Lead Counsel has determined that the Settlement is in the best interests of the Settlement Class.

**The Release**

Settlement Class Members who do not file for exclusion from the Settlement Class will release, discharge and dismiss with prejudice all Released Plaintiffs' Claims as against each and all of the Defendants' Releasees, without costs to any party except as provided herein, upon the Effective Date. Plaintiffs and all Settlement Class Members, whether or not any such person or entity submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective date to release and forever discharge the Defendants' Releasees from any and all of the Released Plaintiffs' Claims.

On the Effective Date, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### III.     PROPOSED PLAN OF ALLOCATION

The $17,500,000 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's total "Recognized Losses" as

compared to the total Recognized Losses of all Authorized Claimants. The Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss per share shall be calculated as follows:

The objective of this Plan of Allocation is to determine an equitable distribution of the Net Settlement Fund to all Class Members who have suffered economic losses stemming from the alleged violations of federal securities laws. Calculations pursuant to the Plan of Allocation are meant to be estimates or indications of neither the maximum amount Class members may have been able to recover following a trial, nor the amounts that will be paid to Authorized Claimants pursuant to the Settlement Agreement. Rather, any computations under the Plan of Allocation have been conducted for the sole purpose of making pro-rata allocations of the Net Settlement Fund by determining the relative weight of each Claimant's claim in this matter.

Plaintiffs' damages expert worked in conjunction with Lead Counsel to estimate the amount of artificial inflation in the daily closing prices of (a) CBL's Common Stock, (b) CBL's Series D Preferred Stock, (c) CBL's Series E Preferred Stock, (d) CBL's 5.25% Notes, (e) CBL's 4.60% Notes, and (f) CBL's 5.95% Notes, which Plaintiffs allege were damaged by Defendants' alleged materially false and misleading statements and omissions.

Under federal securities laws, losses can be represented as compensable only if the disclosure of the allegedly misrepresented or omitted information is the cause of changes in the prices of the relevant securities. Lead Plaintiffs have alleged that over the course of the Class Period, Defendants omitted material facts and issued false statements that lead to Plaintiffs purchasing relevant securities at artificially inflated prices. Lead Plaintiffs further allege that Defendants revealed corrective disclosures on March 1, 2019 and March 27, 2019.

In order to calculate the estimated artificial inflation caused by Defendants' materially false and mislead statements and omissions, Plaintiffs' damages expert evaluated price changes in the relevant securities in reaction to aforementioned corrective disclosures on March 1 and 27, 2019, that allegedly revealed the truth concerning Defendants' alleged misrepresentations and omissions. Estimated artificial inflation was found under a common methodology based on case specific assumptions provided by Lead Counsel and in a manner that was independent of market and industry trends during the Class Period. The estimated artificial inflation for CBL's Common Stock can be found in Table 1a attached at the end of this notice. The estimated artificial inflation for CBL's Series D and Series E Preferred Stock can be found in Table 1b attached at the end of this notice. The estimated artificial inflation for CBL's 5.25%, 4.60%, and 5.95% Notes can be found in Table 1c attached at the end of this notice.

"Recognized Loss Amount" and recovery for each Claimant is based on the number and value of claims submitted and the timing of the purchase and sale of any of CBL's relevant, publicly traded securities defined in the Class by that Claimant. Specifically, Recognized Loss Amount for

each Claimant is primarily estimated as the difference between the amount of alleged artificial inflation in a relevant security's closing price on that Claimant's purchase date and the amount of alleged artificial inflation in a relevant security's closing price on that Claimant's sale date. Therefore, in order to have a Recognized Loss Amount under this Plan of Allocation, a Claimant who purchased or otherwise acquired one of CBL's relevant securities during the Class Period must have held that security over at least one date on which corrective information was released to the market, thus removing some, if not all, of the artificial inflation from the price of that relevant security.

Purchases and Sales have been matched on a FIFO (First In First Out) basis to ascertain the validity of each Class Member's claim to a Recognized Loss Amount. If a Claimant has made multiple purchases, acquisitions, or sales of any of CBL's relevant securities during the Class Period, then any sale of said relevant securities is matched first to any holdings at the beginning of the Class Period, followed by any purchases or other acquisitions that occurred during the Class Period, in chronological order.

No cash payment will be made on a claim where the potential distribution amount is less than $20.00. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

## **CALCULATION OF RECOGNIZED LOSS AMOUNTS**

A Claimant's "Recognized Claim" will be equated to the sum of that Claimant's Recognized Loss Amounts, which will be calculated according to the relevant formulas in the following sections. The pro-rata share of the Net Settlement Fund will then be calculated for each Authorized Claimant as the Claimant's Recognized Claim divided by the sum of all Authorized Claimants' recognized Claim multiplied by the total amount of the Net Settlement Fund.

### **CBL Common Stock**

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL Common Stock during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of CBL Common Stock that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition

as stated in Table 1a minus the amount of artificial inflation per share on the date of sale as stated in Table 1a; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1a; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2a; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1a; or (ii) the price of purchase or acquisition minus $1.19.

v) Common Stock Purchased/Sold Through the Exercise of Options: Option contracts are not securities eligible to participate in the Settlement. With respect to CBL common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

## CBL Series D Preferred Stock

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL Series D Preferred Stock during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of CBL Series D Preferred Stock that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b minus the amount of artificial inflation per share on the date of sale as stated in Table 1b; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2b; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; or (ii) the price of purchase or acquisition minus $9.29.

## CBL Series E Preferred Stock

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL Series E Preferred Stock during the Class Period. In order to

be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of CBL Series E Preferred Stock that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i)   Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii)   Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b minus the amount of artificial inflation per share on the date of sale as stated in Table 1b; or (ii) the price of purchase or acquisition minus the price of sale.

iii)  Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2c; or (iii) the price of purchase or acquisition minus the price of sale.

iv)  Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; or (ii) the price of purchase or acquisition minus $8.73.

## CBL 5.25% Note

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL 5.25% Notes during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero. Note that, for this security, a litigation factor of 50% will be applied to any calculated Recognized Loss Amount.

For each CBL 5.25% Note that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i)   Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii)   Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c minus the amount of artificial inflation per share on the date of sale as stated in Table 1c; or (ii) the price of purchase or acquisition minus the price of sale.

iii)  Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the least of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; (ii) the price of purchase or

acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2d; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; or (ii) the price of purchase or acquisition minus $734.42.

## CBL 4.60% Note

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL 4.60% Notes during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero. Note that, for this security, a litigation factor of 50% will be applied to any calculated Recognized Loss Amount.

For each CBL 4.60% Note that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c minus the amount of artificial inflation per share on the date of sale as stated in Table 1c; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the least of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2e; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; or (ii) the price of purchase or acquisition minus $678.03.

## CBL 5.95% Note

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL 5.95% Notes during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero. Note that, for this security, a litigation factor of 50% will be applied to any calculated Recognized Loss Amount.

9

For each CBL 5.95% Note that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c minus the amount of artificial inflation per share on the date of sale as stated in Table 1c; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the least of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2f; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; or (ii) the price of purchase or acquisition minus $707.19.

## IV.    REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS.**

Each Settlement Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Settlement Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Settlement Class, **received no later than _____, 2023,** addressed to the Claims Administrator at: CBL Securities Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2438, Portland, OR 97208-2438. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181"; (iii) state the number of shares of each CBL Security that the person or entity requesting exclusion purchased/acquired between July 29, 2014 and June 24, 2019, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of each CBL Security that the person or entity requesting exclusion sold between July 29, 2014 and June 24, 2019, inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email or fax.**

**If a person or entity who is a Settlement Class Member duly requests to be excluded from the Settlement Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Settlement Class Member who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

## IV.    STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest. Lead Counsel intends to share part of any attorneys' fees awarded by the Court with The Hamilton Firm, Holifield & Janich, LLC, Kaskela Law LLC and Bronstein, Gewirtz & Grossman, LLC in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,000,000, plus interest. Lead Counsel believes its intended fee request to be fair and reasonable. Lead Counsel has litigated this case on a wholly contingent basis and has received no compensation during the period the case has been pending. Lead Counsel expended considerable time and expense during the Action. Had the case not been successful, Lead Counsel would have sustained a considerable financial loss.

In addition, Lead Counsel intends to apply to the Court on behalf of Plaintiffs for reimbursement of their reasonable time, costs and expenses, directly relating to their representation of the Settlement Class. Lead Counsel will seek no more than $40,000 each for the Plaintiffs.

## VI.    THE SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing shall be held before Honorable J. Ronnie Greer on _____, 2023, at _____ .m., in Courtroom 400 of the United States District Court for the Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743, to determine: (1) whether the Settlement of the Settlement Class's claims against Defendants for $17,500,000, should be approved as fair, just, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the Plaintiffs should be granted a compensatory award; and (5) whether the Action should be dismissed with prejudice as set forth in the Stipulation filed with the Court.

***The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Settlement Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof. Please check the Claims Administrator's website at www.cblsecuritieslitigation.com for potential updates.***

Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for the reimbursement of the reasonable costs and expenses of the Plaintiffs, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own

expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 2023, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Michael J. Wernke | B. Warren Pope |
| POMERANTZ LLP | KING & SPALDING LLP |
| 600 Third Avenue, 20th Floor | 1180 Peachtree Street, NE |
| New York, New York 10016 | Atlanta, Georgia 30309 |

**and**

Jeffrey S. Abraham
Michael J. Klein
ABRAHAM FRUCHTER &
TWERSKY LLP
450 Seventh Avenue, 38th Floor
New York, New York 10123

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Plaintiffs will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

All members of the Settlement Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.  PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").* A Proof of Claim is annexed to this Notice, or available online at www.cblsecuritieslitigation.com. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim.**

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be submitted

12

to the Claims Administrator **online at www.cblsecuritieslitigation.com, or postmarked, if mailed on or before _____, 2023** at the following address:

<div align="center">

*CBL Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2438
Portland, OR 97208-2438

</div>

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online.

Members of the Settlement Class who do not exclude themselves from the Settlement Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as defined in Section II, Subsection F, above, by all members of the Settlement Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Settlement Class Member and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

## VIII.  SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions and other nominees ("Nominees") who, during the Class Period, purchased or sold CBL Securities in the name of the Nominees on behalf of beneficial owners of such securities who may be Settlement Class Members, are requested to provide the Claims Administrator with the name and last known address of each such person or entity for whom the Nominee executed such transactions. The Claims Administrator will then cause the Notice and the Proof of Claim to be mailed promptly to said beneficial owners. Alternatively, Nominees may download copies of the Proof of Claim online at www.cblsecuritieslitigation.com or request additional copies of this Notice and the Proof of Claim from the Claims Administrator, in which case the Nominees are required to promptly forward the Notice and the Proof of Claim directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be.

## IX.    FURTHER INFORMATION

This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. These papers may be inspected at the Office of the Clerk of the United States District Court for Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743. If you have any questions regarding the information contained in this Notice, you may contact Lead Counsel in writing at the addresses specified in Section VI, above.

You may also visit the Claims Administrator's website at www.cblsecuritieslitigation.com to find the Stipulation and/or download copies of the Notice and Proof of Claim. In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

*CBL Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2438
Portland, OR 97208-2438

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: _____, 2023

By Order of the Court
United States District Court
Eastern District of Tennessee

Table 1a

## CBL Common Stock – Estimated Artificial Inflation Per Share
## (July 29, 2014 – March 27, 2019, inclusive)

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| CBL Common Stock | Jul 29, 2014 - Feb 28, 2019 | $0.59 |
| | Mar 1, 2019 - Mar 26, 2019 | $0.45 |
| | Mar 27, 2019 - Present | $0.00 |

Table 1b

## CBL Preferred Stock – Estimated Artificial Inflation Per Share
## (July 29, 2014 – March 27, 2019, inclusive)

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| CBL Series D Preferred Stock | Jul 29, 2014 - Feb 28, 2019 | $0.68 |
| | Mar 1, 2019 - Mar 26, 2019 | $0.68 |
| | Mar 27, 2019 - Present | $0.00 |
| CBL Series E Preferred Stock | Jul 29, 2014 - Feb 28, 2019 | $0.48 |
| | Mar 1, 2019 - Mar 26, 2019 | $0.42 |
| | Mar 27, 2019 - Present | $0.00 |

Table 1c

## CBL Senior Notes – Estimated Artificial Inflation Per Note
## (July 29, 2014/Date of Issuance – March 27, 2019, inclusive)

| Security | Purchase/Sale Date Range | Artificial Inflation per Note |
|---|---|---|
| CBL 5.25% Note | Jul 29, 2014 - Feb 28, 2019 | $50.51 |
| | Mar 1, 2019 - Mar 26, 2019 | $43.54 |
| | Mar 27, 2019 - Present | $0.00 |
| CBL 4.60% Note | Oct 2, 2014 - Feb 28, 2019 | $38.26 |
| | Mar 1, 2019 - Mar 26, 2019 | $25.96 |
| | Mar 27, 2019 - Present | $0.00 |
| CBL 5.95% Note | Dec 8, 2016 - Feb 28, 2019 | $49.82 |
| | Mar 1, 2019 - Mar 26, 2019 | $46.79 |
| | Mar 27, 2019 - Present | $0.00 |

Table 2a

# CBL Common Stock – 90-Day Look-Back Table
## (Average Closing Price:  March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $1.44 | Apr 26, 2019 | $1.36 | May 28, 2019 | $1.27 |
| Mar 28, 2019 | $1.55 | Apr 29, 2019 | $1.35 | May 29, 2019 | $1.26 |
| Mar 29, 2019 | $1.55 | Apr 30, 2019 | $1.34 | May 30, 2019 | $1.25 |
| Apr 01, 2019 | $1.54 | May 01, 2019 | $1.33 | May 31, 2019 | $1.24 |
| Apr 02, 2019 | $1.53 | May 02, 2019 | $1.32 | Jun 03, 2019 | $1.23 |
| Apr 03, 2019 | $1.53 | May 03, 2019 | $1.32 | Jun 04, 2019 | $1.22 |
| Apr 04, 2019 | $1.52 | May 06, 2019 | $1.31 | Jun 05, 2019 | $1.21 |
| Apr 05, 2019 | $1.53 | May 07, 2019 | $1.31 | Jun 06, 2019 | $1.21 |
| Apr 08, 2019 | $1.52 | May 08, 2019 | $1.31 | Jun 07, 2019 | $1.20 |
| Apr 09, 2019 | $1.52 | May 09, 2019 | $1.31 | Jun 10, 2019 | $1.20 |
| Apr 10, 2019 | $1.51 | May 10, 2019 | $1.31 | Jun 11, 2019 | $1.20 |
| Apr 11, 2019 | $1.51 | May 13, 2019 | $1.31 | Jun 12, 2019 | $1.20 |
| Apr 12, 2019 | $1.50 | May 14, 2019 | $1.30 | Jun 13, 2019 | $1.20 |
| Apr 15, 2019 | $1.50 | May 15, 2019 | $1.30 | Jun 14, 2019 | $1.19 |
| Apr 16, 2019 | $1.49 | May 16, 2019 | $1.30 | Jun 17, 2019 | $1.19 |
| Apr 17, 2019 | $1.47 | May 17, 2019 | $1.30 | Jun 18, 2019 | $1.19 |
| Apr 18, 2019 | $1.46 | May 20, 2019 | $1.29 | Jun 19, 2019 | $1.19 |
| Apr 22, 2019 | $1.44 | May 21, 2019 | $1.29 | Jun 20, 2019 | $1.19 |
| Apr 23, 2019 | $1.42 | May 22, 2019 | $1.28 | Jun 21, 2019 | $1.19 |
| Apr 24, 2019 | $1.40 | May 23, 2019 | $1.28 | Jun 24, 2019 | $1.19 |
| Apr 25, 2019 | $1.38 | May 24, 2019 | $1.27 | | |

Table 2b

# CBL Series D Preferred Stock – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $9.99 | Apr 26, 2019 | $9.24 | May 28, 2019 | $9.43 |
| Mar 28, 2019 | $9.87 | Apr 29, 2019 | $9.17 | May 29, 2019 | $9.41 |
| Mar 29, 2019 | $9.81 | Apr 30, 2019 | $9.11 | May 30, 2019 | $9.39 |
| Apr 01, 2019 | $9.78 | May 01, 2019 | $9.09 | May 31, 2019 | $9.37 |
| Apr 02, 2019 | $9.76 | May 02, 2019 | $9.07 | Jun 03, 2019 | $9.36 |
| Apr 03, 2019 | $9.72 | May 03, 2019 | $9.08 | Jun 04, 2019 | $9.34 |
| Apr 04, 2019 | $9.66 | May 06, 2019 | $9.12 | Jun 05, 2019 | $9.34 |
| Apr 05, 2019 | $9.62 | May 07, 2019 | $9.15 | Jun 06, 2019 | $9.33 |
| Apr 08, 2019 | $9.63 | May 08, 2019 | $9.20 | Jun 07, 2019 | $9.33 |
| Apr 09, 2019 | $9.63 | May 09, 2019 | $9.25 | Jun 10, 2019 | $9.34 |
| Apr 10, 2019 | $9.68 | May 10, 2019 | $9.30 | Jun 11, 2019 | $9.34 |
| Apr 11, 2019 | $9.71 | May 13, 2019 | $9.33 | Jun 12, 2019 | $9.35 |
| Apr 12, 2019 | $9.76 | May 14, 2019 | $9.36 | Jun 13, 2019 | $9.35 |
| Apr 15, 2019 | $9.79 | May 15, 2019 | $9.39 | Jun 14, 2019 | $9.35 |
| Apr 16, 2019 | $9.80 | May 16, 2019 | $9.43 | Jun 17, 2019 | $9.34 |
| Apr 17, 2019 | $9.75 | May 17, 2019 | $9.46 | Jun 18, 2019 | $9.33 |
| Apr 18, 2019 | $9.68 | May 20, 2019 | $9.47 | Jun 19, 2019 | $9.32 |
| Apr 22, 2019 | $9.59 | May 21, 2019 | $9.47 | Jun 20, 2019 | $9.32 |
| Apr 23, 2019 | $9.52 | May 22, 2019 | $9.47 | Jun 21, 2019 | $9.30 |
| Apr 24, 2019 | $9.43 | May 23, 2019 | $9.46 | Jun 24, 2019 | $9.29 |
| Apr 25, 2019 | $9.33 | May 24, 2019 | $9.45 | | |

Table 2c

# CBL Series E Preferred Stock – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $9.01 | Apr 26, 2019 | $8.66 | May 28, 2019 | $8.80 |
| Mar 28, 2019 | $8.90 | Apr 29, 2019 | $8.60 | May 29, 2019 | $8.78 |
| Mar 29, 2019 | $8.95 | Apr 30, 2019 | $8.55 | May 30, 2019 | $8.77 |
| Apr 01, 2019 | $8.97 | May 01, 2019 | $8.52 | May 31, 2019 | $8.76 |
| Apr 02, 2019 | $8.96 | May 02, 2019 | $8.50 | Jun 03, 2019 | $8.74 |
| Apr 03, 2019 | $8.94 | May 03, 2019 | $8.50 | Jun 04, 2019 | $8.74 |
| Apr 04, 2019 | $8.90 | May 06, 2019 | $8.52 | Jun 05, 2019 | $8.73 |
| Apr 05, 2019 | $8.88 | May 07, 2019 | $8.54 | Jun 06, 2019 | $8.73 |
| Apr 08, 2019 | $8.89 | May 08, 2019 | $8.58 | Jun 07, 2019 | $8.73 |
| Apr 09, 2019 | $8.90 | May 09, 2019 | $8.62 | Jun 10, 2019 | $8.74 |
| Apr 10, 2019 | $8.95 | May 10, 2019 | $8.67 | Jun 11, 2019 | $8.75 |
| Apr 11, 2019 | $8.99 | May 13, 2019 | $8.69 | Jun 12, 2019 | $8.76 |
| Apr 12, 2019 | $9.04 | May 14, 2019 | $8.72 | Jun 13, 2019 | $8.76 |
| Apr 15, 2019 | $9.09 | May 15, 2019 | $8.75 | Jun 14, 2019 | $8.76 |
| Apr 16, 2019 | $9.12 | May 16, 2019 | $8.79 | Jun 17, 2019 | $8.76 |
| Apr 17, 2019 | $9.09 | May 17, 2019 | $8.82 | Jun 18, 2019 | $8.75 |
| Apr 18, 2019 | $9.04 | May 20, 2019 | $8.83 | Jun 19, 2019 | $8.75 |
| Apr 22, 2019 | $8.97 | May 21, 2019 | $8.84 | Jun 20, 2019 | $8.75 |
| Apr 23, 2019 | $8.91 | May 22, 2019 | $8.84 | Jun 21, 2019 | $8.74 |
| Apr 24, 2019 | $8.84 | May 23, 2019 | $8.83 | Jun 24, 2019 | $8.73 |
| Apr 25, 2019 | $8.75 | May 24, 2019 | $8.82 | | |

Table 2d

# CBL 5.25% Note – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $767.50 | Apr 26, 2019 | $765.15 | May 28, 2019 | $746.90 |
| Mar 28, 2019 | $765.00 | Apr 29, 2019 | $762.51 | May 29, 2019 | $745.94 |
| Mar 29, 2019 | $768.13 | Apr 30, 2019 | $760.63 | May 30, 2019 | $745.09 |
| Apr 01, 2019 | $771.10 | May 01, 2019 | $759.51 | May 31, 2019 | $744.16 |
| Apr 02, 2019 | $772.13 | May 02, 2019 | $758.37 | Jun 03, 2019 | $743.15 |
| Apr 03, 2019 | $771.77 | May 03, 2019 | $757.32 | Jun 04, 2019 | $742.67 |
| Apr 04, 2019 | $772.95 | May 06, 2019 | $756.35 | Jun 05, 2019 | $741.90 |
| Apr 05, 2019 | $773.35 | May 07, 2019 | $755.44 | Jun 06, 2019 | $741.18 |
| Apr 08, 2019 | $774.14 | May 08, 2019 | $754.65 | Jun 07, 2019 | $740.27 |
| Apr 09, 2019 | $774.36 | May 09, 2019 | $754.10 | Jun 10, 2019 | $739.32 |
| Apr 10, 2019 | $774.62 | May 10, 2019 | $753.43 | Jun 11, 2019 | $738.72 |
| Apr 11, 2019 | $774.72 | May 13, 2019 | $752.72 | Jun 12, 2019 | $737.92 |
| Apr 12, 2019 | $774.84 | May 14, 2019 | $751.98 | Jun 13, 2019 | $737.41 |
| Apr 15, 2019 | $774.87 | May 15, 2019 | $751.11 | Jun 14, 2019 | $736.66 |
| Apr 16, 2019 | $775.05 | May 16, 2019 | $750.49 | Jun 17, 2019 | $736.15 |
| Apr 17, 2019 | $774.81 | May 17, 2019 | $749.94 | Jun 18, 2019 | $735.61 |
| Apr 18, 2019 | $774.76 | May 20, 2019 | $749.87 | Jun 19, 2019 | $735.31 |
| Apr 22, 2019 | $773.63 | May 21, 2019 | $749.23 | Jun 20, 2019 | $735.05 |
| Apr 23, 2019 | $771.93 | May 22, 2019 | $748.88 | Jun 21, 2019 | $734.65 |
| Apr 24, 2019 | $769.61 | May 23, 2019 | $748.05 | Jun 24, 2019 | $734.42 |
| Apr 25, 2019 | $767.71 | May 24, 2019 | $747.58 | | |

Table 2e

# CBL 4.60% – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $694.00 | Apr 26, 2019 | $706.83 | May 28, 2019 | $690.51 |
| Mar 28, 2019 | $708.96 | Apr 29, 2019 | $704.80 | May 29, 2019 | $689.64 |
| Mar 29, 2019 | $715.14 | Apr 30, 2019 | $702.68 | May 30, 2019 | $688.32 |
| Apr 01, 2019 | $718.86 | May 01, 2019 | $701.57 | May 31, 2019 | $687.30 |
| Apr 02, 2019 | $719.28 | May 02, 2019 | $700.36 | Jun 03, 2019 | $686.59 |
| Apr 03, 2019 | $720.65 | May 03, 2019 | $699.51 | Jun 04, 2019 | $685.57 |
| Apr 04, 2019 | $722.70 | May 06, 2019 | $698.88 | Jun 05, 2019 | $684.74 |
| Apr 05, 2019 | $724.18 | May 07, 2019 | $697.68 | Jun 06, 2019 | $683.98 |
| Apr 08, 2019 | $724.49 | May 08, 2019 | $697.19 | Jun 07, 2019 | $683.24 |
| Apr 09, 2019 | $724.12 | May 09, 2019 | $696.34 | Jun 10, 2019 | $682.79 |
| Apr 10, 2019 | $723.97 | May 10, 2019 | $695.05 | Jun 11, 2019 | $682.39 |
| Apr 11, 2019 | $723.02 | May 13, 2019 | $694.29 | Jun 12, 2019 | $681.81 |
| Apr 12, 2019 | $722.20 | May 14, 2019 | $693.98 | Jun 13, 2019 | $681.05 |
| Apr 15, 2019 | $720.75 | May 15, 2019 | $693.46 | Jun 14, 2019 | $680.41 |
| Apr 16, 2019 | $719.53 | May 16, 2019 | $693.43 | Jun 17, 2019 | $679.89 |
| Apr 17, 2019 | $717.87 | May 17, 2019 | $692.86 | Jun 18, 2019 | $679.40 |
| Apr 18, 2019 | $716.44 | May 20, 2019 | $692.40 | Jun 19, 2019 | $679.07 |
| Apr 22, 2019 | $714.93 | May 21, 2019 | $692.29 | Jun 20, 2019 | $678.76 |
| Apr 23, 2019 | $712.83 | May 22, 2019 | $691.95 | Jun 21, 2019 | $678.45 |
| Apr 24, 2019 | $710.94 | May 23, 2019 | $691.56 | Jun 24, 2019 | $678.03 |
| Apr 25, 2019 | $709.23 | May 24, 2019 | $691.17 | | |

Table 2f

# CBL 5.95% Note – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $707.50 | Apr 26, 2019 | $738.64 | May 28, 2019 | $725.46 |
| Mar 28, 2019 | $718.08 | Apr 29, 2019 | $736.95 | May 29, 2019 | $724.17 |
| Mar 29, 2019 | $727.88 | Apr 30, 2019 | $735.15 | May 30, 2019 | $722.59 |
| Apr 01, 2019 | $728.41 | May 01, 2019 | $734.42 | May 31, 2019 | $721.35 |
| Apr 02, 2019 | $731.73 | May 02, 2019 | $734.20 | Jun 03, 2019 | $720.13 |
| Apr 03, 2019 | $734.42 | May 03, 2019 | $733.35 | Jun 04, 2019 | $718.82 |
| Apr 04, 2019 | $737.00 | May 06, 2019 | $733.15 | Jun 05, 2019 | $717.32 |
| Apr 05, 2019 | $738.47 | May 07, 2019 | $733.05 | Jun 06, 2019 | $715.87 |
| Apr 08, 2019 | $739.63 | May 08, 2019 | $732.51 | Jun 07, 2019 | $714.97 |
| Apr 09, 2019 | $740.46 | May 09, 2019 | $732.19 | Jun 10, 2019 | $714.22 |
| Apr 10, 2019 | $741.53 | May 10, 2019 | $731.97 | Jun 11, 2019 | $713.30 |
| Apr 11, 2019 | $741.08 | May 13, 2019 | $731.78 | Jun 12, 2019 | $712.47 |
| Apr 12, 2019 | $742.23 | May 14, 2019 | $730.98 | Jun 13, 2019 | $711.66 |
| Apr 15, 2019 | $741.09 | May 15, 2019 | $730.22 | Jun 14, 2019 | $710.82 |
| Apr 16, 2019 | $741.04 | May 16, 2019 | $730.09 | Jun 17, 2019 | $709.84 |
| Apr 17, 2019 | $740.97 | May 17, 2019 | $730.18 | Jun 18, 2019 | $709.17 |
| Apr 18, 2019 | $740.58 | May 20, 2019 | $729.45 | Jun 19, 2019 | $708.47 |
| Apr 22, 2019 | $740.06 | May 21, 2019 | $728.95 | Jun 20, 2019 | $707.96 |
| Apr 23, 2019 | $739.93 | May 22, 2019 | $728.13 | Jun 21, 2019 | $707.60 |
| Apr 24, 2019 | $740.03 | May 23, 2019 | $727.14 | Jun 24, 2019 | $707.19 |
| Apr 25, 2019 | $739.32 | May 24, 2019 | $726.47 | | |

Case 1:19-cv-00181-JRG-CHS   Document 214   Filed 04/19/23   Page 83 of 113   PageID #: 4942

## PROOF OF CLAIM AND RELEASE FORM

You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice"). All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim"). However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**You must send your completed and signed Proof of Claim either postmarked, if mailed, or filed, if emailed, on or before _____, 2023, addressed to the Claims Administrator at:**

*CBL Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2438
Portland, OR 97208-2438
Tel.: 1- 888-296-0616
www.cblsecuritieslitigation.com

If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

If you are **not** a Settlement Class Member, **do not** submit a Proof of Claim.

**If you need assistance filling out this Proof of Claim, please contact the Claims Administrator.**

### Part I – INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice. Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1. In order to be eligible to participate in the distribution of the Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired CBL & Associates Inc. ("CBL") Securities (as defined in the Notice) between July 29, 2014 and March 26, 2019, both dates inclusive (the "Class Period"), and otherwise be a member of the Settlement Class as defined in the Notice.

2. The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3. All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of CBL Securities. (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.) If shares of CBL Securities were owned jointly, all joint owners must complete and sign the Proof of Claim.

4. Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5. You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc. Joint tenants, co-owners or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory

electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at www.cblsecuritieslitigation.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at www.cblsecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

7. There will be no Recognized Loss attributed to any CBL securities other than the CBL Securities identified in the Notice.

8. The date of purchase and/or sale of CBL Securities is the "trade" date and not the "settlement" date.

9. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10. The date of covering a "short sale" is deemed to be the date of purchase of CBL Securities; and the date of a "short sale" is deemed to be the date of sale of CBL Securities. Shares originally sold short will have a Recognized Loss of zero.

11. No cash payment will be made on a claim where the potential distribution is less than $20.00.

12. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in CBL Securities in order for your claim to be valid. Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

13. If you have any questions or need additional Proofs of Claim, contact the Claims Administrator via the information set forth on the first page of this document. You may make photocopies of this form.

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City          State     Zip Code

Country

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Last four digits of Social Security Number or Taxpayer Identification Number

☐☐☐☐

Telephone Number (home)                    Telephone Number (work)

☐☐☐☐☐☐☐☐☐☐                    ☐☐☐☐☐☐☐☐☐☐

Email address (If you provide an email address, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Account Number (where securities were traded)[1]:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)

☐  Individual (includes joint owner accounts)      ☐  Pension Plan          ☐  Trust
☐  Corporation                                      ☐  Estate
☐  IRA/401K                                         ☐  Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶5 of the Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN CBL SECURITIES

### COMMON STOCK

| 1. **HOLDINGS AS OF JULY 29, 2014** – State the total number of shares of CBL Common Stock held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of CBL Common Stock from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of CBL Common Stock from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share/Note | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| 4. **HOLDINGS AS OF JUNE 24, 2019** – State the total number of shares of CBL Common Stock held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PREFERRED STOCK – SERIES D 7.375%

| **1. HOLDINGS AS OF JULY 29, 2014** – State the total number of shares of CBL Preferred Stock - Series D 7.375% held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br>○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of CBL Preferred Stock - Series D 7.375% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of CBL Preferred Stock - Series D 7.375% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | | | | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |

**4. HOLDINGS AS OF JUNE 24, 2019** – State the total number of shares of CBL Preferred Stock- Series D 7.375% held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."

Confirm Proof of Position Enclosed

_____

○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PREFERRED STOCK – SERIES E 6.625%

**1. HOLDINGS AS OF JULY 29, 2014** – State the total number of shares of CBL Preferred Stock - Series E 6.625% held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."

Confirm Proof of Position Enclosed
○

_____

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of CBL Preferred Stock - Series E 6.625% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of CBL Preferred Stock - Series E 6.625% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total number of shares of CBL Preferred Stock - Series E 6.625% held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

### 5.25% – 2023 CBL SENIOR NOTES

| | |
|---|---|
| **1. HOLDINGS AS OF JULY 29, 2014** – State the total number of 5.25% – 2023 CBL Senior Notes held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of 5.25% – 2023 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of 5.25% – 2023 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total face value of 5.25% – 2023 CBL Senior Notes held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

### 4.60% – 2024 CBL SENIOR NOTES

| **1. HOLDINGS AS OF JULY 29, 2014** – State the total number of 4.60% – 2024 CBL Senior Notes held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br>○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of 4.60% – 2024 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

{00547115-2 }

Page 8

| / / | | $ | $ | ○ |
|-----|--|---|---|---|

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of 4.60% – 2024 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**4. HOLDINGS AS OF JUNE 24, 2019** – State the total face value of 4.60% – 2024 CBL Senior Notes held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."

_____ | Confirm Proof of Position Enclosed ○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## 5.95% – 2026 CBL SENIOR NOTES

**1. HOLDINGS AS OF JULY 29, 2014** – State the total number of 5.95% – 2026 CBL Senior Notes held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."

_____ | Confirm Proof of Position Enclosed ○

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of 5.95% – 2026 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of 5.95% – 2026 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total face value of 5.95% – 2026 CBL Senior Notes held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

---

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

## SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim and Release Form, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Eastern District of Tennessee for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Settlement"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## RELEASE

By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, hereby releases and forever discharges all of the "Released Plaintiffs' Claims," including "Unknown Claims," against each of the "Defendants' Releasees."

With respect to any and all Released Plaintiffs' Claims, the Claimant hereto stipulates and agrees that, upon the Effective Date, he, she or it shall expressly waive, and shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Claimant may hereafter discover facts in addition to or different from those that any of them now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims but Claimant shall expressly have, and be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Claimant acknowledges that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims, were separately bargained for and are key elements of the Settlement.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) member(s) of the Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the CBL Securities identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of CBL Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                               Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                                      Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* ¶10 on page __ of this Claim Form.)

### REMINDER CHECKLIST

1. Sign the above release and certification.

2. Attach only **copies** of acceptable supporting documentation. Do not send originals, as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1- 888-296-0616.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7.   If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@cblsecuritieslitigation.com, or by toll-free phone at 1-888-296-0616 or you may visit www.cblsecuritieslitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

_____

)
IN RE CBL & ASSOCIATES PROPERTIES,    ) Consolidated Case No.
INC. SECURITIES LITIGATION             ) 1:19-CV-181-JRG-CHS
                                       )
_____ )

**TO:** **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED CBL & ASSOCIATES PROPERTIES, INC. COMMON STOCK, PREFERRED STOCK, AND/OR CERTAIN CBL SENIOR NOTES DURING THE PERIOD FROM JULY 29, 2014 TO MARCH 26, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Tennessee, that a hearing will be held on _____, 2023, at _____ .m., before Honorable J. Ronnie Greer, at the United States District Court for the Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743, to determine: (1) whether the settlement of the Settlement Class's claims against Defendants for $17,500,000, should be approved as fair, just, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the Plaintiffs should be granted a compensatory award; and (5) whether the Action should be dismissed with prejudice as set forth in the Stipulation filed with the Court.

If you purchased or acquired CBL & Associates Properties, Inc. securities (*i.e.*, common stock, preferred stock, or senior notes) between July 29, 2014 and March 26, 2019, your rights may be affected by the Settlement of this Action. If you have not received a detailed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval of Hearing, you may obtain copies by contacting the Claims Administrator in writing or email at: *CBL Securities Litigation,* c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2438, Portland, OR 97208-2438; Telephone: 1-888-296-0616; email: info@cblsecuritieslitigation.com or www.cblsecuritieslitigation.com

If you are a member of the Settlement Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than _____, 2023 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, by no later than _____. Any objections to the Settlement, Plan of Allocation or attorney's fees and

expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2023.

Inquiries, other than requests for the Notice, may be made to Lead Counsel: Michael J. Wernke, Pomerantz LLP, 600 Third Avenue, New York, New York 10016, mjwernke@pomlaw.com or Jeffrey S. Abraham or Michael J. Klein, Abraham, Fruchter & Twersky, LLP, 450 Seventh Avenue, 38th Floor, New York, New York, 10123, jabraham@aftlaw.com, mklein@aftlaw.com.

<div align="center">

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,<br>THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

</div>

DATED: _____, 2023     BY ORDER OF THE COURT<br>
                 United States District Court<br>
                 for the Eastern District of Tennessee

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) ) |

Consolidated Case No.
1:19-CV-181-JRG-CHS

# [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (the "Action");

WHEREAS, Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and proposed class representative Ronald T. Amsterdam ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL"), Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell (the "Individual Defendants" and, with CBL, "Defendants" and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have entered into the Stipulation and Agreement of Settlement dated April 19, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms

and conditions set forth in the Stipulation, subject to the approval of this Court in exchange for the consideration described in the Stipulation (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2023 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class for purposes of this Settlement only; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2023 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(a), Rule 23(b)(3), and Rule 23(e) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 and March 26, 2019, both dates inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of CBL; (iii) members of their immediate families and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

3. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____ __, 2023; and (b) the Postcard Notice, Internet Notice and the Summary Notice, each of which were filed with the Court on _____ __, 2023.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, Internet Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's

motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiffs; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiffs; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court

hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a.    Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

b.    the proposal was negotiated at arm's length;

c.    the relief provided for the Settlement Class is adequate, having taken into account:

(1)    the costs, risks, and delay of motion practice, trial, and appeal;

(2)    the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

(3)    the terms of any proposed award of attorney's fees, including timing of payment.

6

9.     Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.     The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

12.     **Releases and Bars** – The Releases set forth in paragraphs 4 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other

7

Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have compromised, settled, released, resolved, relinquished, remised, waived, and discharged, fully, finally, and forever, each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

(b) Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have compromised, settled, released, resolved, relinquished, waived, and discharged, fully, finally, and forever, each and every Released Defendants' Claim

against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

13.     In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims which are brought by any person against Defendants (a) for contribution or indemnification arising out of any Released Plaintiffs' Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiffs or the Settlement Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any person (other than non-Defendant persons whose liability to Plaintiffs or the Settlement Class is extinguished by this Judgment) are likewise permanently barred and discharged.

14.     Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination of Plaintiffs' Counsel, the Settlement Class Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration,

calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

15.     Notwithstanding paragraphs 12(a)–14 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

16.     **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17.     **<u>No Admissions</u>** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the

truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents

the amount which could be or would have been recovered after trial; ***provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.***

18.   **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the administration and distribution of the Settlement Fund; and (c) the Settlement Class Members for all matters relating to the Action.

19.   **<u>Modification of the Agreement of Settlement</u>** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

20.  **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21.  **Attorneys' Fees and Litigation Expenses** – Lead Counsel is awarded attorneys' fees in the amount of $ _____, and expenses in the amount of $_____, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), such amounts are payable out of the Settlement Fund immediately upon entry of this Order.  Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among The Hamilton Firm, Holifield & Janich, LLC, Bronstein, Gewirtz & Grossman, LLC and Kaskela Law LLC in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Actions.  In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) notice of the Settlement being terminated, or (iii) the occurrence of any other event that

13

precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

22. **<u>Compensatory Award to Plaintiffs</u>** – Plaintiffs are awarded $_____ each as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

23. **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and

Tax Expenses paid, due, or owing, shall be returned to Defendants, in accordance with the Stipulation.

24. **Entry of Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2023.

_____

J. RONNIE GREER
U.S. DISTRICT JUDGE