**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

---

|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
|  | ) |  |

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS, a securities class action is pending in this Court entitled *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (the "Action");

WHEREAS, Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and proposed class representative Ronald T. Amsterdam ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL"), Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell (the "Individual Defendants" and, with CBL, "Defendants" and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 19, 2023 (the "Stipulation"), that provides for

a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court in exchange for the consideration described in the Stipulation (the "Settlement") subject to approval of this Court;

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and,

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a), Rule 23(b)(3), and Rule 23(e) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 and March 26, 2019, both dates inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) current and former

officers and directors of CBL; (iii) members of their immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) those Persons who are found by the Court to have timely and validly requested exclusion from the Settlement Class.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable, and adequate to the Settlement Class under

Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

4. **<u>Settlement Fairness Hearing</u>** – The Court will hold a hearing (the "Settlement Fairness Hearing") on Monday, August 21, 2023 at 1:30 p.m., at the United States District Court for the Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greenville, Tennessee 37743, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 6 of this Order.

5.     The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

6.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Fairness Hearing shall be given by the Claims Administrator as follows:

a.     not later than thirty (30) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail, or e-mailed, to potential Settlement Class Members who are identified through reasonable effort;

b.     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

c.       not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be transmitted once over the *PR Newswire*; and

d.       not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7.       **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Postcard Notice, Internet Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Internet Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶ 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate,

and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The Court expressly concludes that use of the Postcard Notice satisfies the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law because the Postcard Notice includes the key elements required by the PSLRA (15 U.S.C. § 78u-4(a)(7)) and because, in the particular circumstances of this Settlement, the cost of mailing a longer notice (such as the Long-Form Notice) to each potential Class Member would unduly erode the $17.5 million Settlement Amount. The Court is aware from the Settling Parties' submissions that numerous other courts have approved the use of postcard notices such as the one proposed here.

8. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired CBL Securities during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the

names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Postcard Notice to such beneficial owners. Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. If requested, nominees or custodians may be reimbursed solely for reasonable out-of-pocket expenses, up to $0.05 per notice mailed or $.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

9. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than seven (7) calendar days prior to the Final Settlement Hearing. Notwithstanding the foregoing, Lead Counsel may submit to the Court any late Claim for approval. By submitting a

Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Settlement Class Member who or that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom;

(c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 9 above.

12. **Exclusion From the Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than Monday, July 31, 2023, to: *CBL Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2438, Portland, OR 97208-2438, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re CBL & Associates Properties, Inc. Securities*

*Litigation*, No. 1:19-cv-00181"; (iii) state the number of shares of each CBL Security that the person or entity requesting exclusion purchased/acquired between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase or acquisition; (iv) state the number of shares of each CBL Security that the person or entity requesting exclusion sold between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14.     Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions

of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) shall be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

15.     **Appearance and Objections at Settlement Fairness Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶16 below, a notice of appearance such that it is received no later than Monday, July 31, 2023, or as the Court may otherwise direct. Any Settlement Member who does not enter an appearance will be represented by Lead Counsel.

16.     Any Settlement Class Member who or that does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or the Plaintiffs' compensatory award, and appear

and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, and/or the Plaintiffs' compensatory award should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions thereof unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than Monday, July 31, 2023.

<table>
<tr><td align="center"><u>**Class Counsel**</u></td><td align="center"><u>**Defendants' Counsel**</u></td></tr>
<tr><td align="center">Michael J. Wernke, Esq.<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016</td><td align="center">B. Warren Pope<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309</td></tr>
</table>

***and***

Jeffrey S. Abraham
Abraham, Fruchter & Twersky, LLP
450 Seventh Avenue, 38th Floor
New York, New York 10123

17.    Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the

Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of (i) documents showing the number of shares of each CBL Security that the objector purchased/acquired between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and (ii) documents showing the number of each CBL Security that the objector sold between July 29, 2014 and June 24, 2019, both dates inclusive, as well as the dates, number of securities, and prices of each such sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

18.     Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, the Plaintiffs' compensatory award, or from otherwise being heard concerning the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the Plaintiffs' compensatory award in this or any other proceeding.

19.     **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other Settlement Class Members, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the

Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

21. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. **Taxes** – The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their

respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

24. **<u>Use of this Order</u>** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.	shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.	shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

25.	**Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and Plaintiffs' compensatory award no later than twenty-eight (28) calendar days prior to the Settlement Fairness Hearing;

and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

26. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA notice.

27. The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED.

_____
J. RONNIE GREER
U.S. DISTRICT JUDGE

| Important Legal Notice Authorized by the United States District Court for the Eastern District of Tennessee About a Securities Class Action (the "Court")<br><br>**If you purchased or otherwise acquired securities of CBL & Associates Inc. ("CBL") between July 29, 2014 and March 26, 2019, inclusive, you may be affected by a class action lawsuit that is currently pending.**<br><br><br>THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY. | ***Court-Ordered Legal Notice***<br><br>**CBL SECURITIES LITIGATION**<br>P.O. Box 2438<br>Portland, OR 97208-2438<br><br><<MAILID>><br><<NAME>><br><<ADDRESS>><br><<CITY>> <<STATE>> <<ZIP>><br><<COUNTRY>> |

*In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (E.D. Tenn.)
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE ACTION.*
*VISIT WWW.CBLSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

Individuals have sued CBL & Associates Properties, Inc. ("CBL" or the "Company"), along with certain of its current and former officers and directors ("Defendants"), for violation of federal securities laws in the above-captioned Action, alleging that, between July 29, 2014 and March 26, 2019 (the "Class Period"), Defendants made misleading statements to the investing public, which allegedly caused the Settlement Class to purchase CBL's common stock, preferred stock, and senior notes (collectively "securities") at artificially inflated prices. Defendants, for their part, have denied any and all liability and any and all wrongdoing. The Court has preliminarily approved a settlement of the Action in an Order dated _____, and this notice is issued pursuant to that Order and Rule 23 of the Federal Rules of Civil Procedure..

**Who's Included?** If you purchased or otherwise acquired CBL securities during the Class Period you may be a member of the Settlement Class. If you purchased or otherwise acquired CBL securities during the Class Period for the beneficial interest of a Settlement Class member, you are required to forward this notice to the beneficial owners of CBL securities or provide their contact information to the Notice Administrator, CBL Securities Litigation, P.O. Box 2438, Portland, OR 97208-2438, or info@CBLSecuritiesLitigation.com.

**Who Represents Me?** The Court has appointed attorneys at Pomerantz LLP and Abraham, Fruchter & Twersky, LLP as Lead Counsel to represent the class on a contingent fee basis. You may hire your own lawyer to represent you at your own expense.

**What Are My Rights & Options?** You have a choice either to stay in the Settlement Class or timely exclude yourself from it by _____, 2023. If you do nothing, you are choosing to stay in the Settlement Class, and are allowing the Court-appointed Lead Counsel to continue to represent you. If the Court grants final approval of the settlement, you will get the benefit of that settlement.. If you do nothing, you cannot bring your own case against the Defendants for the legal claims included in the settlement. If you choose to exclude yourself, you will not be entitled to recover monetary benefits from the settlement, but you will be entitled to pursue any individual remedy which you may have at your own risk and expense. To ask to be excluded, send a letter to the return address postmarked by _____, 2023, stating you want to be excluded from *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181. Include your name, address, telephone number, and signature, as well as the total number of CBL securities purchased or acquired and the date they were purchased or acquired, in accordance with the Internet Notice that can be found at www.CBLSecuritiesLitigation.com.

**Want More Information?** Go to www.CBLSecuritiesLitigation.com or call 888-296-0616.

**Do not contact the Court, Defendants, or their counsel in this Action with questions.**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) Consolidated Case No. 1:19-CV-181-JRG-CHS |

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED CBL & ASSOCIATES PROPERTIES, INC. COMMON STOCK, PREFERRED STOCK, AND/OR CERTAIN CBL SENIOR NOTES DURING THE PERIOD FROM JULY 29, 2014 TO MARCH 26, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF CBL AND THEIR FAMILIES AND AFFILIATES.**

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

1. **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court, Eastern District of Tennessee (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $17.5 million. The Action is brought on behalf of all persons and entities that purchased or otherwise acquired CBL Securities during the period between July 29, 2014 and March 26, 2019 (the "Class Period"). "CBL Securities" includes (i) CBL common stock (ISIN No. US1248301004; CUSIP 124830100) ("Common Shares"), and/or (ii) CBL's 7.375% Series D Cumulative Redeemable Preferred Stock (ISIN No. US1248306052; CUSIP 124830605) ("Series D Preferred Shares") and/or (iii) CBL's 6.625% Series E Cumulative Redeemable Preferred Stock (ISIN No. US1248308033; CUSIP 124830803) ("Series E Preferred Shares", and together with the Series D Preferred Shares, the "Preferred Shares") and/or (iv) senior unsecured notes issued by CBL in November 2013, that bear interest at 5.25% and mature on December 1, 2023 (ISIN No. US12505JAA16; CUSIP 12505JAA1) ("2023 Senior Notes"), and/or (v) senior unsecured notes issued by CBL in October 2014 that bear interest at 4.60% and mature on October 15, 2024 (ISIN No. US12505JAB98; CUSIP 12505JAB9) ("2024 Senior Notes"), and/or (vi) senior unsecured notes issued by CBL Operating in December 2016 and August 2017 that bear interest at 5.95% and mature on December 15, 2026 (ISIN No. US12505JAD54; CUSIP 12505JAD5) ("2026 Senior Notes" and, collectively, the "Senior Notes").

2. Plaintiffs estimate there were approximately 150.8 million allegedly damaged shares of CBL Common Shares, 10.9 million allegedly damaged shares of CBL Preferred Shares, and 1.3 million allegedly damaged CBL Senior Notes purchased or otherwise acquired during the Class Period. Pursuant to the Plan of Allocation (*see* Section III herein), if all affected CBL shares elect to participate in the Settlement, the average recovery could be $0.08 per affected Common Share, $0.09 per affected Series D Preferred Share, $0.06 per affected Series E Preferred Share, $3.41 per affected 2023 Senior Note, $2.58 per affected 2024 Senior Note, and $3.37 per affected 2026 Senior Note before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to members of the Settlement Class who participate in the Settlement may be more or less than this figure.

3. **POTENTIAL OUTCOME OF THE CASE:** Plaintiffs and Defendants disagree as to the average amount per share that would be recoverable if Plaintiffs prevailed on each claim alleged under the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiffs and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per share, if any, Plaintiffs would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Plaintiff.

4. **REASONS FOR SETTLEMENT:** Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate to, and in the best interests of, the Settlement Class. Plaintiffs and their counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiffs' claims against Defendants, including the Defendants' contentions that the Settlement Class's claims are without merit, the uncertainties of this complex litigation, and the concrete benefits provided by the Settlement to the members of the Settlement Class. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to agree to make the payment provided for by the Stipulation provided that all of the claims of the Settlement Class are settled and compromised, in order to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action. Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in this Action. Defendants have denied and continue to deny all charges of wrongdoing and liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class has suffered any damage, or that Plaintiffs or the Settlement Class was harmed by the conduct alleged in this Action.

5. **ATTORNEYS' FEES AND COSTS SOUGHT:** Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount, and reimbursement of expenses not to exceed $1,000,000. In addition, a Compensatory Award for the time and expenses incurred by Plaintiffs will be sought, not to exceed $40,000 each. If the full amount that can be requested by Lead Counsel is approved by the Court, the average cost would be $0.03 per affected Common Share, $0.03 per affected Series D Preferred Share, $0.02 per affected Series E Preferred Share, $1.25 per affected 2023 Senior Note, $0.95 per affected 2024 Senior Note, and $1.23 per affected 2026 Senior Note.

6. **IDENTIFICATION OF CLASS COUNSEL:** For further information regarding this Settlement please contact Lead Counsel: Michael J. Wernke, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, New York 10016, mjwernke@pomlaw.com or Jeffrey S. Abraham or Michael J. Klein, Abraham, Fruchter & Twersky, LLP, 450 Seventh Avenue, 38th Floor, New York, New York, 10123, jabraham@aftlaw.com, mklein@aftlaw.com.

## I. THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Settlement Class. The Settlement Class consists of:

> All persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 and March 26, 2019, both dates inclusive.

Excluded from the Settlement Class are Defendants, current and former officers and directors of CBL, and their families and affiliates.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II. THE LITIGATION

### Summary of the Litigation

The Court handling this Action is the United States District Court for the Eastern District of Tennessee, and the Action is known as *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (E.D. Tenn.). The Court appointed Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, and HoffInvestCo to represent the proposed Class. The Defendants in this Action are Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell. CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL") were defendants in the Action until they were dismissed as a result of CBL's bankruptcy.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

CBL is a publicly traded corporation with its principal place of business located in Chattanooga, Tennessee.

Plaintiffs allege that, during the Class Period, CBL Securities were artificially inflated as a result of a series of untrue or materially misleading statement regarding CBL's revenue from electricity provided to its retail tenants and a resulting class action lawsuit filed by those tenants.

### Discovery, Investigation, and Research Conducted by Lead Counsel

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Settlement Class; detailed reviews of CBL's public filings, SEC filings, press releases, and other public statements; over 900,000 pages of documents produced by Defendants and CBL during discovery; depositions of Plaintiffs' and Defendants' experts; review of analyst reports, financial analysts, and industry analysts relating to CBL; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

**Proposed Settlement**

Lead Counsel and Defendants' respective counsel participated in three protracted negotiations with the assistance of the mediator Michelle Yoshida. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all claims of the Settlement Class against the Defendants, *i.e.*, the Stipulation, entered into on April 19, 2023. Lead Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Lead Counsel asserts and believes the Settlement Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Exchange Act.

Lead Counsel, however, recognizes and acknowledges the expense and length of continued proceedings, trial, and appeals, and has taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Lead Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Settlement Class. Based on their evaluation, Lead Counsel has determined that the Settlement is in the best interests of the Settlement Class.

**The Release**

Settlement Class Members who do not file for exclusion from the Settlement Class will release, discharge and dismiss with prejudice all Released Plaintiffs' Claims as against each and all of the Defendants' Releasees, without costs to any party except as provided herein, upon the Effective Date. Plaintiffs and all Settlement Class Members, whether or not any such person or entity submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective date to release and forever discharge the Defendants' Releasees from any and all of the Released Plaintiffs' Claims.

On the Effective Date, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### III. PROPOSED PLAN OF ALLOCATION

The $17,500,000 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's total "Recognized Losses" as

compared to the total Recognized Losses of all Authorized Claimants. The Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionally allocated to Authorized Claimants.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss per share shall be calculated as follows:

The objective of this Plan of Allocation is to determine an equitable distribution of the Net Settlement Fund to all Class Members who have suffered economic losses stemming from the alleged violations of federal securities laws. Calculations pursuant to the Plan of Allocation are meant to be estimates or indications of neither the maximum amount Class members may have been able to recover following a trial, nor the amounts that will be paid to Authorized Claimants pursuant to the Settlement Agreement. Rather, any computations under the Plan of Allocation have been conducted for the sole purpose of making pro-rata allocations of the Net Settlement Fund by determining the relative weight of each Claimant's claim in this matter.

Plaintiffs' damages expert worked in conjunction with Lead Counsel to estimate the amount of artificial inflation in the daily closing prices of (a) CBL's Common Stock, (b) CBL's Series D Preferred Stock, (c) CBL's Series E Preferred Stock, (d) CBL's 5.25% Notes, (e) CBL's 4.60% Notes, and (f) CBL's 5.95% Notes, which Plaintiffs allege were damaged by Defendants' alleged materially false and misleading statements and omissions.

Under federal securities laws, losses can be represented as compensable only if the disclosure of the allegedly misrepresented or omitted information is the cause of changes in the prices of the relevant securities. Lead Plaintiffs have alleged that over the course of the Class Period, Defendants omitted material facts and issued false statements that lead to Plaintiffs purchasing relevant securities at artificially inflated prices. Lead Plaintiffs further allege that Defendants revealed corrective disclosures on March 1, 2019 and March 27, 2019.

In order to calculate the estimated artificial inflation caused by Defendants' materially false and mislead statements and omissions, Plaintiffs' damages expert evaluated price changes in the relevant securities in reaction to aforementioned corrective disclosures on March 1 and 27, 2019, that allegedly revealed the truth concerning Defendants' alleged misrepresentations and omissions. Estimated artificial inflation was found under a common methodology based on case specific assumptions provided by Lead Counsel and in a manner that was independent of market and industry trends during the Class Period. The estimated artificial inflation for CBL's Common Stock can be found in Table 1a attached at the end of this notice. The estimated artificial inflation for CBL's Series D and Series E Preferred Stock can be found in Table 1b attached at the end of this notice. The estimated artificial inflation for CBL's 5.25%, 4.60%, and 5.95% Notes can be found in Table 1c attached at the end of this notice.

"Recognized Loss Amount" and recovery for each Claimant is based on the number and value of claims submitted and the timing of the purchase and sale of any of CBL's relevant, publicly traded securities defined in the Class by that Claimant. Specifically, Recognized Loss Amount for

each Claimant is primarily estimated as the difference between the amount of alleged artificial inflation in a relevant security's closing price on that Claimant's purchase date and the amount of alleged artificial inflation in a relevant security's closing price on that Claimant's sale date. Therefore, in order to have a Recognized Loss Amount under this Plan of Allocation, a Claimant who purchased or otherwise acquired one of CBL's relevant securities during the Class Period must have held that security over at least one date on which corrective information was released to the market, thus removing some, if not all, of the artificial inflation from the price of that relevant security.

Purchases and Sales have been matched on a FIFO (First In First Out) basis to ascertain the validity of each Class Member's claim to a Recognized Loss Amount. If a Claimant has made multiple purchases, acquisitions, or sales of any of CBL's relevant securities during the Class Period, then any sale of said relevant securities is matched first to any holdings at the beginning of the Class Period, followed by any purchases or other acquisitions that occurred during the Class Period, in chronological order.

No cash payment will be made on a claim where the potential distribution amount is less than $20.00. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

A Claimant's "Recognized Claim" will be equated to the sum of that Claimant's Recognized Loss Amounts, which will be calculated according to the relevant formulas in the following sections. The pro-rata share of the Net Settlement Fund will then be calculated for each Authorized Claimant as the Claimant's Recognized Claim divided by the sum of all Authorized Claimants' recognized Claim multiplied by the total amount of the Net Settlement Fund.

### CBL Common Stock

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL Common Stock during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of CBL Common Stock that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i)   Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii)  Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition

as stated in Table 1a minus the amount of artificial inflation per share on the date of sale as stated in Table 1a; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1a; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2a; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1a; or (ii) the price of purchase or acquisition minus $1.19.

v) Common Stock Purchased/Sold Through the Exercise of Options: Option contracts are not securities eligible to participate in the Settlement. With respect to CBL common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

## CBL Series D Preferred Stock

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL Series D Preferred Stock during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of CBL Series D Preferred Stock that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b minus the amount of artificial inflation per share on the date of sale as stated in Table 1b; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2b; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; or (ii) the price of purchase or acquisition minus $9.29.

## CBL Series E Preferred Stock

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL Series E Preferred Stock during the Class Period. In order to

be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of CBL Series E Preferred Stock that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b minus the amount of artificial inflation per share on the date of sale as stated in Table 1b; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2c; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in Table 1b; or (ii) the price of purchase or acquisition minus $8.73.

### CBL 5.25% Note

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL 5.25% Notes during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero. Note that, for this security, a litigation factor of 50% will be applied to any calculated Recognized Loss Amount.

For each CBL 5.25% Note that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c minus the amount of artificial inflation per share on the date of sale as stated in Table 1c; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the least of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; (ii) the price of purchase or

acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2d; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; or (ii) the price of purchase or acquisition minus $734.42.

## **CBL 4.60% Note**

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL 4.60% Notes during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero. Note that, for this security, a litigation factor of 50% will be applied to any calculated Recognized Loss Amount.

For each CBL 4.60% Note that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c minus the amount of artificial inflation per share on the date of sale as stated in Table 1c; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the least of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2e; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; or (ii) the price of purchase or acquisition minus $678.03.

## **CBL 5.95% Note**

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of CBL 5.95% Notes during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero. Note that, for this security, a litigation factor of 50% will be applied to any calculated Recognized Loss Amount.

For each CBL 5.95% Note that was purchased or otherwise acquired during the period of July 29, 2014 through March 26, 2019 inclusive, and:

i) Sold before close of trading on February 28, 2019, the Recognized Loss Amount will be 0.00$.

ii) Sold March 1, 2019 through March 26, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c minus the amount of artificial inflation per share on the date of sale as stated in Table 1c; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold March 27, 2019 through June 24, 2019, inclusive, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the least of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; (ii) the price of purchase or acquisition minus the average closing price between March 27, 2019 and the date of sale as detailed in Table 2f; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on June 24, 2019, the Recognized Loss Amount will be the litigation factor of 50% multiplied by the lesser of: (i) the amount of artificial inflation per note on the date of purchase or acquisition as stated in Table 1c; or (ii) the price of purchase or acquisition minus $707.19.

## IV.     REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS.**

Each Settlement Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Settlement Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Settlement Class, **received no later than _____, 2023,** addressed to the Claims Administrator at: CBL Securities Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2438, Portland, OR 97208-2438. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181"; (iii) state the number of shares of each CBL Security that the person or entity requesting exclusion purchased/acquired between July 29, 2014 and June 24, 2019, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of each CBL Security that the person or entity requesting exclusion sold between July 29, 2014 and June 24, 2019, inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email or fax.**

**If a person or entity who is a Settlement Class Member duly requests to be excluded from the Settlement Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Settlement Class Member who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

## IV.       STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest. Lead Counsel intends to share part of any attorneys' fees awarded by the Court with The Hamilton Firm, Holifield & Janich, LLC, Kaskela Law LLC and Bronstein, Gewirtz & Grossman, LLC in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,000,000, plus interest. Lead Counsel believes its intended fee request to be fair and reasonable. Lead Counsel has litigated this case on a wholly contingent basis and has received no compensation during the period the case has been pending. Lead Counsel expended considerable time and expense during the Action. Had the case not been successful, Lead Counsel would have sustained a considerable financial loss.

In addition, Lead Counsel intends to apply to the Court on behalf of Plaintiffs for reimbursement of their reasonable time, costs and expenses, directly relating to their representation of the Settlement Class. Lead Counsel will seek no more than $40,000 each for the Plaintiffs.

## VI.       THE SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing shall be held before Honorable J. Ronnie Greer on _____, 2023, at _____ .m., in Courtroom 400 of the United States District Court for the Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743, to determine: (1) whether the Settlement of the Settlement Class's claims against Defendants for $17,500,000, should be approved as fair, just, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the Plaintiffs should be granted a compensatory award; and (5) whether the Action should be dismissed with prejudice as set forth in the Stipulation filed with the Court.

***The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Settlement Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof.  Please check the Claims Administrator's website at www.cblsecuritieslitigation.com for potential updates.***

Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for the reimbursement of the reasonable costs and expenses of the Plaintiffs, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own

expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 2023, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Michael J. Wernke | B. Warren Pope |
| POMERANTZ LLP | KING & SPALDING LLP |
| 600 Third Avenue, 20th Floor | 1180 Peachtree Street, NE |
| New York, New York 10016 | Atlanta, Georgia 30309 |

**and**

Jeffrey S. Abraham
Michael J. Klein
ABRAHAM FRUCHTER &
TWERSKY LLP
450 Seventh Avenue, 38th Floor
New York, New York 10123

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Plaintiffs will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

All members of the Settlement Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.   PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice, or available online at www.cblsecuritieslitigation.com. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim.**

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be submitted

to the Claims Administrator **online at www.cblsecuritieslitigation.com, or postmarked, if mailed on or before _____, 2023** at the following address:

*CBL Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2438
Portland, OR 97208-2438

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online.

Members of the Settlement Class who do not exclude themselves from the Settlement Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as defined in Section II, Subsection F, above, by all members of the Settlement Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Settlement Class Member and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

## VIII.   SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions and other nominees ("Nominees") who, during the Class Period, purchased or sold CBL Securities in the name of the Nominees on behalf of beneficial owners of such securities who may be Settlement Class Members, are requested to provide the Claims Administrator with the name and last known address of each such person or entity for whom the Nominee executed such transactions. The Claims Administrator will then cause the Notice and the Proof of Claim to be mailed promptly to said beneficial owners. Alternatively, Nominees may download copies of the Proof of Claim online at www.cblsecuritieslitigation.com or request additional copies of this Notice and the Proof of Claim from the Claims Administrator, in which case the Nominees are required to promptly forward the Notice and the Proof of Claim directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be.

## IX.    FURTHER INFORMATION

This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. These papers may be inspected at the Office of the Clerk of the United States District Court for Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743. If you have any questions regarding the information contained in this Notice, you may contact Lead Counsel in writing at the addresses specified in Section VI, above.

You may also visit the Claims Administrator's website at www.cblsecuritieslitigation.com to find the Stipulation and/or download copies of the Notice and Proof of Claim. In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

*CBL Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2438
Portland, OR 97208-2438

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE
CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: _____, 2023

By Order of the Court
United States District Court
Eastern District of Tennessee

Table 1a

## CBL Common Stock – Estimated Artificial Inflation Per Share
### (July 29, 2014 – March 27, 2019, inclusive)

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| CBL Common Stock | Jul 29, 2014 - Feb 28, 2019 | $0.59 |
| | Mar 1, 2019 - Mar 26, 2019 | $0.45 |
| | Mar 27, 2019 - Present | $0.00 |

Table 1b

## CBL Preferred Stock – Estimated Artificial Inflation Per Share
### (July 29, 2014 – March 27, 2019, inclusive)

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| CBL Series D Preferred Stock | Jul 29, 2014 - Feb 28, 2019 | $0.68 |
| | Mar 1, 2019 - Mar 26, 2019 | $0.68 |
| | Mar 27, 2019 - Present | $0.00 |
| CBL Series E Preferred Stock | Jul 29, 2014 - Feb 28, 2019 | $0.48 |
| | Mar 1, 2019 - Mar 26, 2019 | $0.42 |
| | Mar 27, 2019 - Present | $0.00 |

Table 1c

## CBL Senior Notes – Estimated Artificial Inflation Per Note
### (July 29, 2014/Date of Issuance – March 27, 2019, inclusive)

| Security | Purchase/Sale Date Range | Artificial Inflation per Note |
|---|---|---|
| CBL 5.25% Note | Jul 29, 2014 - Feb 28, 2019 | $50.51 |
| | Mar 1, 2019 - Mar 26, 2019 | $43.54 |
| | Mar 27, 2019 - Present | $0.00 |
| CBL 4.60% Note | Oct 2, 2014 - Feb 28, 2019 | $38.26 |
| | Mar 1, 2019 - Mar 26, 2019 | $25.96 |
| | Mar 27, 2019 - Present | $0.00 |
| CBL 5.95% Note | Dec 8, 2016 - Feb 28, 2019 | $49.82 |
| | Mar 1, 2019 - Mar 26, 2019 | $46.79 |
| | Mar 27, 2019 - Present | $0.00 |

Table 2a

## CBL Common Stock – 90-Day Look-Back Table
### (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $1.44 | Apr 26, 2019 | $1.36 | May 28, 2019 | $1.27 |
| Mar 28, 2019 | $1.55 | Apr 29, 2019 | $1.35 | May 29, 2019 | $1.26 |
| Mar 29, 2019 | $1.55 | Apr 30, 2019 | $1.34 | May 30, 2019 | $1.25 |
| Apr 01, 2019 | $1.54 | May 01, 2019 | $1.33 | May 31, 2019 | $1.24 |
| Apr 02, 2019 | $1.53 | May 02, 2019 | $1.32 | Jun 03, 2019 | $1.23 |
| Apr 03, 2019 | $1.53 | May 03, 2019 | $1.32 | Jun 04, 2019 | $1.22 |
| Apr 04, 2019 | $1.52 | May 06, 2019 | $1.31 | Jun 05, 2019 | $1.21 |
| Apr 05, 2019 | $1.53 | May 07, 2019 | $1.31 | Jun 06, 2019 | $1.21 |
| Apr 08, 2019 | $1.52 | May 08, 2019 | $1.31 | Jun 07, 2019 | $1.20 |
| Apr 09, 2019 | $1.52 | May 09, 2019 | $1.31 | Jun 10, 2019 | $1.20 |
| Apr 10, 2019 | $1.51 | May 10, 2019 | $1.31 | Jun 11, 2019 | $1.20 |
| Apr 11, 2019 | $1.51 | May 13, 2019 | $1.31 | Jun 12, 2019 | $1.20 |
| Apr 12, 2019 | $1.50 | May 14, 2019 | $1.30 | Jun 13, 2019 | $1.20 |
| Apr 15, 2019 | $1.50 | May 15, 2019 | $1.30 | Jun 14, 2019 | $1.19 |
| Apr 16, 2019 | $1.49 | May 16, 2019 | $1.30 | Jun 17, 2019 | $1.19 |
| Apr 17, 2019 | $1.47 | May 17, 2019 | $1.30 | Jun 18, 2019 | $1.19 |
| Apr 18, 2019 | $1.46 | May 20, 2019 | $1.29 | Jun 19, 2019 | $1.19 |
| Apr 22, 2019 | $1.44 | May 21, 2019 | $1.29 | Jun 20, 2019 | $1.19 |
| Apr 23, 2019 | $1.42 | May 22, 2019 | $1.28 | Jun 21, 2019 | $1.19 |
| Apr 24, 2019 | $1.40 | May 23, 2019 | $1.28 | Jun 24, 2019 | $1.19 |
| Apr 25, 2019 | $1.38 | May 24, 2019 | $1.27 | | |

Table 2b

# CBL Series D Preferred Stock – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $9.99 | Apr 26, 2019 | $9.24 | May 28, 2019 | $9.43 |
| Mar 28, 2019 | $9.87 | Apr 29, 2019 | $9.17 | May 29, 2019 | $9.41 |
| Mar 29, 2019 | $9.81 | Apr 30, 2019 | $9.11 | May 30, 2019 | $9.39 |
| Apr 01, 2019 | $9.78 | May 01, 2019 | $9.09 | May 31, 2019 | $9.37 |
| Apr 02, 2019 | $9.76 | May 02, 2019 | $9.07 | Jun 03, 2019 | $9.36 |
| Apr 03, 2019 | $9.72 | May 03, 2019 | $9.08 | Jun 04, 2019 | $9.34 |
| Apr 04, 2019 | $9.66 | May 06, 2019 | $9.12 | Jun 05, 2019 | $9.34 |
| Apr 05, 2019 | $9.62 | May 07, 2019 | $9.15 | Jun 06, 2019 | $9.33 |
| Apr 08, 2019 | $9.63 | May 08, 2019 | $9.20 | Jun 07, 2019 | $9.33 |
| Apr 09, 2019 | $9.63 | May 09, 2019 | $9.25 | Jun 10, 2019 | $9.34 |
| Apr 10, 2019 | $9.68 | May 10, 2019 | $9.30 | Jun 11, 2019 | $9.34 |
| Apr 11, 2019 | $9.71 | May 13, 2019 | $9.33 | Jun 12, 2019 | $9.35 |
| Apr 12, 2019 | $9.76 | May 14, 2019 | $9.36 | Jun 13, 2019 | $9.35 |
| Apr 15, 2019 | $9.79 | May 15, 2019 | $9.39 | Jun 14, 2019 | $9.35 |
| Apr 16, 2019 | $9.80 | May 16, 2019 | $9.43 | Jun 17, 2019 | $9.34 |
| Apr 17, 2019 | $9.75 | May 17, 2019 | $9.46 | Jun 18, 2019 | $9.33 |
| Apr 18, 2019 | $9.68 | May 20, 2019 | $9.47 | Jun 19, 2019 | $9.32 |
| Apr 22, 2019 | $9.59 | May 21, 2019 | $9.47 | Jun 20, 2019 | $9.32 |
| Apr 23, 2019 | $9.52 | May 22, 2019 | $9.47 | Jun 21, 2019 | $9.30 |
| Apr 24, 2019 | $9.43 | May 23, 2019 | $9.46 | Jun 24, 2019 | $9.29 |
| Apr 25, 2019 | $9.33 | May 24, 2019 | $9.45 | | |

Table 2c

# CBL Series E Preferred Stock – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $9.01 | Apr 26, 2019 | $8.66 | May 28, 2019 | $8.80 |
| Mar 28, 2019 | $8.90 | Apr 29, 2019 | $8.60 | May 29, 2019 | $8.78 |
| Mar 29, 2019 | $8.95 | Apr 30, 2019 | $8.55 | May 30, 2019 | $8.77 |
| Apr 01, 2019 | $8.97 | May 01, 2019 | $8.52 | May 31, 2019 | $8.76 |
| Apr 02, 2019 | $8.96 | May 02, 2019 | $8.50 | Jun 03, 2019 | $8.74 |
| Apr 03, 2019 | $8.94 | May 03, 2019 | $8.50 | Jun 04, 2019 | $8.74 |
| Apr 04, 2019 | $8.90 | May 06, 2019 | $8.52 | Jun 05, 2019 | $8.73 |
| Apr 05, 2019 | $8.88 | May 07, 2019 | $8.54 | Jun 06, 2019 | $8.73 |
| Apr 08, 2019 | $8.89 | May 08, 2019 | $8.58 | Jun 07, 2019 | $8.73 |
| Apr 09, 2019 | $8.90 | May 09, 2019 | $8.62 | Jun 10, 2019 | $8.74 |
| Apr 10, 2019 | $8.95 | May 10, 2019 | $8.67 | Jun 11, 2019 | $8.75 |
| Apr 11, 2019 | $8.99 | May 13, 2019 | $8.69 | Jun 12, 2019 | $8.76 |
| Apr 12, 2019 | $9.04 | May 14, 2019 | $8.72 | Jun 13, 2019 | $8.76 |
| Apr 15, 2019 | $9.09 | May 15, 2019 | $8.75 | Jun 14, 2019 | $8.76 |
| Apr 16, 2019 | $9.12 | May 16, 2019 | $8.79 | Jun 17, 2019 | $8.76 |
| Apr 17, 2019 | $9.09 | May 17, 2019 | $8.82 | Jun 18, 2019 | $8.75 |
| Apr 18, 2019 | $9.04 | May 20, 2019 | $8.83 | Jun 19, 2019 | $8.75 |
| Apr 22, 2019 | $8.97 | May 21, 2019 | $8.84 | Jun 20, 2019 | $8.75 |
| Apr 23, 2019 | $8.91 | May 22, 2019 | $8.84 | Jun 21, 2019 | $8.74 |
| Apr 24, 2019 | $8.84 | May 23, 2019 | $8.83 | Jun 24, 2019 | $8.73 |
| Apr 25, 2019 | $8.75 | May 24, 2019 | $8.82 | | |

Table 2d

# CBL 5.25% Note – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $767.50 | Apr 26, 2019 | $765.15 | May 28, 2019 | $746.90 |
| Mar 28, 2019 | $765.00 | Apr 29, 2019 | $762.51 | May 29, 2019 | $745.94 |
| Mar 29, 2019 | $768.13 | Apr 30, 2019 | $760.63 | May 30, 2019 | $745.09 |
| Apr 01, 2019 | $771.10 | May 01, 2019 | $759.51 | May 31, 2019 | $744.16 |
| Apr 02, 2019 | $772.13 | May 02, 2019 | $758.37 | Jun 03, 2019 | $743.15 |
| Apr 03, 2019 | $771.77 | May 03, 2019 | $757.32 | Jun 04, 2019 | $742.67 |
| Apr 04, 2019 | $772.95 | May 06, 2019 | $756.35 | Jun 05, 2019 | $741.90 |
| Apr 05, 2019 | $773.35 | May 07, 2019 | $755.44 | Jun 06, 2019 | $741.18 |
| Apr 08, 2019 | $774.14 | May 08, 2019 | $754.65 | Jun 07, 2019 | $740.27 |
| Apr 09, 2019 | $774.36 | May 09, 2019 | $754.10 | Jun 10, 2019 | $739.32 |
| Apr 10, 2019 | $774.62 | May 10, 2019 | $753.43 | Jun 11, 2019 | $738.72 |
| Apr 11, 2019 | $774.72 | May 13, 2019 | $752.72 | Jun 12, 2019 | $737.92 |
| Apr 12, 2019 | $774.84 | May 14, 2019 | $751.98 | Jun 13, 2019 | $737.41 |
| Apr 15, 2019 | $774.87 | May 15, 2019 | $751.11 | Jun 14, 2019 | $736.66 |
| Apr 16, 2019 | $775.05 | May 16, 2019 | $750.49 | Jun 17, 2019 | $736.15 |
| Apr 17, 2019 | $774.81 | May 17, 2019 | $749.94 | Jun 18, 2019 | $735.61 |
| Apr 18, 2019 | $774.76 | May 20, 2019 | $749.87 | Jun 19, 2019 | $735.31 |
| Apr 22, 2019 | $773.63 | May 21, 2019 | $749.23 | Jun 20, 2019 | $735.05 |
| Apr 23, 2019 | $771.93 | May 22, 2019 | $748.88 | Jun 21, 2019 | $734.65 |
| Apr 24, 2019 | $769.61 | May 23, 2019 | $748.05 | Jun 24, 2019 | $734.42 |
| Apr 25, 2019 | $767.71 | May 24, 2019 | $747.58 | | |

1

Table 2e

# CBL 4.60% – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $694.00 | Apr 26, 2019 | $706.83 | May 28, 2019 | $690.51 |
| Mar 28, 2019 | $708.96 | Apr 29, 2019 | $704.80 | May 29, 2019 | $689.64 |
| Mar 29, 2019 | $715.14 | Apr 30, 2019 | $702.68 | May 30, 2019 | $688.32 |
| Apr 01, 2019 | $718.86 | May 01, 2019 | $701.57 | May 31, 2019 | $687.30 |
| Apr 02, 2019 | $719.28 | May 02, 2019 | $700.36 | Jun 03, 2019 | $686.59 |
| Apr 03, 2019 | $720.65 | May 03, 2019 | $699.51 | Jun 04, 2019 | $685.57 |
| Apr 04, 2019 | $722.70 | May 06, 2019 | $698.88 | Jun 05, 2019 | $684.74 |
| Apr 05, 2019 | $724.18 | May 07, 2019 | $697.68 | Jun 06, 2019 | $683.98 |
| Apr 08, 2019 | $724.49 | May 08, 2019 | $697.19 | Jun 07, 2019 | $683.24 |
| Apr 09, 2019 | $724.12 | May 09, 2019 | $696.34 | Jun 10, 2019 | $682.79 |
| Apr 10, 2019 | $723.97 | May 10, 2019 | $695.05 | Jun 11, 2019 | $682.39 |
| Apr 11, 2019 | $723.02 | May 13, 2019 | $694.29 | Jun 12, 2019 | $681.81 |
| Apr 12, 2019 | $722.20 | May 14, 2019 | $693.98 | Jun 13, 2019 | $681.05 |
| Apr 15, 2019 | $720.75 | May 15, 2019 | $693.46 | Jun 14, 2019 | $680.41 |
| Apr 16, 2019 | $719.53 | May 16, 2019 | $693.43 | Jun 17, 2019 | $679.89 |
| Apr 17, 2019 | $717.87 | May 17, 2019 | $692.86 | Jun 18, 2019 | $679.40 |
| Apr 18, 2019 | $716.44 | May 20, 2019 | $692.40 | Jun 19, 2019 | $679.07 |
| Apr 22, 2019 | $714.93 | May 21, 2019 | $692.29 | Jun 20, 2019 | $678.76 |
| Apr 23, 2019 | $712.83 | May 22, 2019 | $691.95 | Jun 21, 2019 | $678.45 |
| Apr 24, 2019 | $710.94 | May 23, 2019 | $691.56 | Jun 24, 2019 | $678.03 |
| Apr 25, 2019 | $709.23 | May 24, 2019 | $691.17 | | |

Table 2f

# CBL 5.95% Note – 90-Day Look-Back Table
## (Average Closing Price: March 27, 2019 – June 24, 2019, inclusive)

| Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date | Date | Average Closing Price of Security from Mar 27, 2019 Through Listed Date |
|---|---|---|---|---|---|
| Mar 27, 2019 | $707.50 | Apr 26, 2019 | $738.64 | May 28, 2019 | $725.46 |
| Mar 28, 2019 | $718.08 | Apr 29, 2019 | $736.95 | May 29, 2019 | $724.17 |
| Mar 29, 2019 | $727.88 | Apr 30, 2019 | $735.15 | May 30, 2019 | $722.59 |
| Apr 01, 2019 | $728.41 | May 01, 2019 | $734.42 | May 31, 2019 | $721.35 |
| Apr 02, 2019 | $731.73 | May 02, 2019 | $734.20 | Jun 03, 2019 | $720.13 |
| Apr 03, 2019 | $734.42 | May 03, 2019 | $733.35 | Jun 04, 2019 | $718.82 |
| Apr 04, 2019 | $737.00 | May 06, 2019 | $733.15 | Jun 05, 2019 | $717.32 |
| Apr 05, 2019 | $738.47 | May 07, 2019 | $733.05 | Jun 06, 2019 | $715.87 |
| Apr 08, 2019 | $739.63 | May 08, 2019 | $732.51 | Jun 07, 2019 | $714.97 |
| Apr 09, 2019 | $740.46 | May 09, 2019 | $732.19 | Jun 10, 2019 | $714.22 |
| Apr 10, 2019 | $741.53 | May 10, 2019 | $731.97 | Jun 11, 2019 | $713.30 |
| Apr 11, 2019 | $741.08 | May 13, 2019 | $731.78 | Jun 12, 2019 | $712.47 |
| Apr 12, 2019 | $742.23 | May 14, 2019 | $730.98 | Jun 13, 2019 | $711.66 |
| Apr 15, 2019 | $741.09 | May 15, 2019 | $730.22 | Jun 14, 2019 | $710.82 |
| Apr 16, 2019 | $741.04 | May 16, 2019 | $730.09 | Jun 17, 2019 | $709.84 |
| Apr 17, 2019 | $740.97 | May 17, 2019 | $730.18 | Jun 18, 2019 | $709.17 |
| Apr 18, 2019 | $740.58 | May 20, 2019 | $729.45 | Jun 19, 2019 | $708.47 |
| Apr 22, 2019 | $740.06 | May 21, 2019 | $728.95 | Jun 20, 2019 | $707.96 |
| Apr 23, 2019 | $739.93 | May 22, 2019 | $728.13 | Jun 21, 2019 | $707.60 |
| Apr 24, 2019 | $740.03 | May 23, 2019 | $727.14 | Jun 24, 2019 | $707.19 |
| Apr 25, 2019 | $739.32 | May 24, 2019 | $726.47 | | |

3

## PROOF OF CLAIM AND RELEASE FORM

You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice"). All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim"). However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**You must send your completed and signed Proof of Claim either postmarked, if mailed, or filed, if emailed, on or before _____, 2023, addressed to the Claims Administrator at:**

*CBL Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2438
Portland, OR 97208-2438
Tel.: 1- 888-296-0616
www.cblsecuritieslitigation.com

If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

If you are **not** a Settlement Class Member, **do not** submit a Proof of Claim.

**If you need assistance filling out this Proof of Claim, please contact the Claims Administrator.**

### Part I – INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice. Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.   In order to be eligible to participate in the distribution of the Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired CBL & Associates Inc. ("CBL") Securities (as defined in the Notice) between July 29, 2014 and March 26, 2019, both dates inclusive (the "Class Period"), and otherwise be a member of the Settlement Class as defined in the Notice.

2.   The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.   All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of CBL Securities. (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.) If shares of CBL Securities were owned jointly, all joint owners must complete and sign the Proof of Claim.

4.   Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.   You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc. Joint tenants, co-owners or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory

electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at www.cblsecuritieslitigation.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at www.cblsecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

7. There will be no Recognized Loss attributed to any CBL securities other than the CBL Securities identified in the Notice.

8. The date of purchase and/or sale of CBL Securities is the "trade" date and not the "settlement" date.

9. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10. The date of covering a "short sale" is deemed to be the date of purchase of CBL Securities; and the date of a "short sale" is deemed to be the date of sale of CBL Securities. Shares originally sold short will have a Recognized Loss of zero.

11. No cash payment will be made on a claim where the potential distribution is less than $20.00.

12. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in CBL Securities in order for your claim to be valid. Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

13. If you have any questions or need additional Proofs of Claim, contact the Claims Administrator via the information set forth on the first page of this document. You may make photocopies of this form.

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City      State   Zip Code

Country

{00547115;2 }   Page 2

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Last four digits of Social Security Number or Taxpayer Identification Number

☐☐☐☐

Telephone Number (home)                    Telephone Number (work)

☐☐☐☐☐☐☐☐☐☐                    ☐☐☐☐☐☐☐☐☐☐

Email address (If you provide an email address, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Account Number (where securities were traded)[1]:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)

☐   Individual (includes joint owner accounts)    ☐   Pension Plan    ☐   Trust

☐   Corporation    ☐   Estate

☐   IRA/401K    ☐   Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶5 of the Instructions above for more information on when to file separate Claim Forms for multiple accounts.

{00547115;2 }                    Page 3

**PART III – SCHEDULE OF TRANSACTIONS IN CBL SECURITIES**

**COMMON STOCK**

| 1. **HOLDINGS AS OF JULY 29, 2014** – State the total number of shares of CBL Common Stock held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of CBL Common Stock from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of CBL Common Stock from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share/Note | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| 4. **HOLDINGS AS OF JUNE 24, 2019** – State the total number of shares of CBL Common Stock held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PREFERRED STOCK – SERIES D 7.375%

**1. HOLDINGS AS OF JULY 29, 2014** – State the total number of shares of CBL Preferred Stock - Series D 7.375% held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."

_____

Confirm Proof of Position Enclosed ○

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of CBL Preferred Stock - Series D 7.375% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of CBL Preferred Stock - Series D 7.375% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| / / | | $ | $ | ○ |
|---|---|---|---|---|

| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total number of shares of CBL Preferred Stock- Series D 7.375% held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0." <br><br> _____ | Confirm Proof of Position Enclosed <br><br> ○ |
|---|---|

| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐ |
|---|

### PREFERRED STOCK – SERIES E 6.625%

| **1. HOLDINGS AS OF JULY 29, 2014** – State the total number of shares of CBL Preferred Stock - Series E 6.625% held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0." <br><br> _____ | Confirm Proof of Position Enclosed <br> ○ |
|---|---|

| **2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of CBL Preferred Stock - Series E 6.625% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) |||||
|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of CBL Preferred Stock - Series E 6.625% from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) | **IF NONE, CHECK HERE** ○ |||||
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total number of shares of CBL Preferred Stock - Series E 6.625% held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** | ☐ |
|---|---|

### 5.25% – 2023 CBL SENIOR NOTES

| **1. HOLDINGS AS OF JULY 29, 2014** – State the total number of 5.25% – 2023 CBL Senior Notes held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

| **2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of 5.25% – 2023 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) | | | | |
|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of 5.25% – 2023 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) | **IF NONE, CHECK HERE**<br>○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total face value of 5.25% – 2023 CBL Senior Notes held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## 4.60% – 2024 CBL SENIOR NOTES

**1. HOLDINGS AS OF JULY 29, 2014** – State the total number of 4.60% – 2024 CBL Senior Notes held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."

_____

Confirm Proof of Position Enclosed ○

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of 4.60% – 2024 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| / / | | $ | $ | ○ |
|---|---|---|---|---|

**3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of 4.60% – 2024 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**4. HOLDINGS AS OF JUNE 24, 2019** – State the total face value of 4.60% – 2024 CBL Senior Notes held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0."

_____ — Confirm Proof of Position Enclosed ○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

### 5.95% – 2026 CBL SENIOR NOTES

**1. HOLDINGS AS OF JULY 29, 2014** – State the total number of 5.95% – 2026 CBL Senior Notes held as of the opening of trading on July 29, 2014. (Must be documented.) If none, write "zero" or "0."

_____ — Confirm Proof of Position Enclosed ○

**2. PURCHASES/ACQUISITIONS FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of 5.95% – 2026 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|

{00547115.2 }

Page 9

| | | | | |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **3. SALES FROM JULY 29, 2014 THROUGH JUNE 24, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of 5.95% – 2026 CBL Senior Notes from after the opening of trading on July 29, 2014 through and including the close of trading on June 24, 2019. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF JUNE 24, 2019** – State the total face value of 5.95% – 2026 CBL Senior Notes held as of the close of trading on June 24, 2019. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

## SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim and Release Form, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Eastern District of Tennessee for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Settlement"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

{00547115;2 }

Page 10

## RELEASE

By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, hereby releases and forever discharges all of the "Released Plaintiffs' Claims," including "Unknown Claims," against each of the "Defendants' Releasees."

With respect to any and all Released Plaintiffs' Claims, the Claimant hereto stipulates and agrees that, upon the Effective Date, he, she or it shall expressly waive, and shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Claimant may hereafter discover facts in addition to or different from those that any of them now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims but Claimant shall expressly have, and be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Claimant acknowledges that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims, were separately bargained for and are key elements of the Settlement.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) member(s) of the Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the CBL Securities identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of CBL Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____  Date

Signature of claimant

_____

Print claimant name here

_____  Date

Signature of joint claimant, if any

_____

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____  Date

Signature of person signing on behalf of claimant

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* ¶10 on page __ of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.

2. Attach only **copies** of acceptable supporting documentation. Do not send originals, as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1- 888-296-0616.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7.   If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@cblsecuritieslitigation.com, or by toll-free phone at 1-888-296-0616 or you may visit www.cblsecuritieslitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | )<br>)  Consolidated Case No.<br>)  1:19-CV-181-JRG-CHS<br>) |

**TO:** **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED CBL & ASSOCIATES PROPERTIES, INC. COMMON STOCK, PREFERRED STOCK, AND/OR CERTAIN CBL SENIOR NOTES DURING THE PERIOD FROM JULY 29, 2014 TO MARCH 26, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Tennessee, that a hearing will be held on _____, 2023, at _____ .m., before Honorable J. Ronnie Greer, at the United States District Court for the Eastern District of Tennessee, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743, to determine: (1) whether the settlement of the Settlement Class's claims against Defendants for $17,500,000, should be approved as fair, just, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the Plaintiffs should be granted a compensatory award; and (5) whether the Action should be dismissed with prejudice as set forth in the Stipulation filed with the Court.

If you purchased or acquired CBL & Associates Properties, Inc. securities (*i.e.*, common stock, preferred stock, or senior notes) between July 29, 2014 and March 26, 2019, your rights may be affected by the Settlement of this Action. If you have not received a detailed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval of Hearing, you may obtain copies by contacting the Claims Administrator in writing or email at: *CBL Securities Litigation,* c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2438, Portland, OR 97208-2438; Telephone: 1-888-296-0616; email: info@cblsecuritieslitigation.com or www.cblsecuritieslitigation.com

If you are a member of the Settlement Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than _____, 2023 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, by no later than _____. Any objections to the Settlement, Plan of Allocation or attorney's fees and

expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2023.

Inquiries, other than requests for the Notice, may be made to Lead Counsel: Michael J. Wernke, Pomerantz LLP, 600 Third Avenue, New York, New York 10016, mjwernke@pomlaw.com or Jeffrey S. Abraham or Michael J. Klein, Abraham, Fruchter & Twersky, LLP, 450 Seventh Avenue, 38th Floor, New York, New York, 10123, jabraham@aftlaw.com, mklein@aftlaw.com.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,
THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

DATED: _____, 2023

BY ORDER OF THE COURT
United States District Court
for the Eastern District of Tennessee

-2-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | Consolidated Case No. 1:19-CV-181-JRG-CHS |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a securities class action is pending in this Court entitled *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181 (the "Action");

WHEREAS, Lead Plaintiffs Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo, and proposed class representative Ronald T. Amsterdam ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and CBL & Associates Properties, Inc. and CBL & Associates Limited Partnership (together, "CBL"), Charles B. Lebovitz, Stephen D. Lebovitz, Farzana Khaleel, Larry Chapman, Augustus N. Stephas, and Don Sewell (the "Individual Defendants" and, with CBL, "Defendants" and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have entered into the Stipulation and Agreement of Settlement dated April 19, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms

and conditions set forth in the Stipulation, subject to the approval of this Court in exchange for the consideration described in the Stipulation (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2023 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class for purposes of this Settlement only; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2023 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.  **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(a), Rule 23(b)(3), and Rule 23(e) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired CBL Securities between July 29, 2014 and March 26, 2019, both dates inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of CBL; (iii) members of their immediate families and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

3.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____ __, 2023; and (b) the Postcard Notice, Internet Notice and the Summary Notice, each of which were filed with the Court on _____ __, 2023.

5.     **Notice** – The Court finds that the dissemination of the Postcard Notice, Internet Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's

motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiffs; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiffs; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.      **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.      [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

8.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court

hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a. Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

b. the proposal was negotiated at arm's length;

c. the relief provided for the Settlement Class is adequate, having taken into account:

(1) the costs, risks, and delay of motion practice, trial, and appeal;

(2) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

(3) the terms of any proposed award of attorney's fees, including timing of payment.

9.      Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

12.      **<u>Releases and Bars</u>** – The Releases set forth in paragraphs 4 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other

Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have compromised, settled, released, resolved, relinquished, remised, waived, and discharged, fully, finally, and forever, each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

(b)     Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have  compromised, settled, released, resolved, relinquished, waived, and discharged, fully, finally, and forever, each and every Released Defendants' Claim

against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

13. In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims which are brought by any person against Defendants (a) for contribution or indemnification arising out of any Released Plaintiffs' Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiffs or the Settlement Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any person (other than non-Defendant persons whose liability to Plaintiffs or the Settlement Class is extinguished by this Judgment) are likewise permanently barred and discharged.

14. Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination of Plaintiffs' Counsel, the Settlement Class Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration,

calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

15.     Notwithstanding paragraphs 12(a)–14 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

16.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the

truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

       (b)    shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

       (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents

the amount which could be or would have been recovered after trial; *provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.*

18. <u>**Retention of Jurisdiction**</u> – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the administration and distribution of the Settlement Fund; and (c) the Settlement Class Members for all matters relating to the Action.

19. <u>**Modification of the Agreement of Settlement**</u> – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

20.   **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21.   **Attorneys' Fees and Litigation Expenses** – Lead Counsel is awarded attorneys' fees in the amount of $ _____, and expenses in the amount of $_____, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), such amounts are payable out of the Settlement Fund immediately upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among The Hamilton Firm, Holifield & Janich, LLC, Bronstein, Gewirtz & Grossman, LLC and Kaskela Law LLC in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Actions. In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) notice of the Settlement being terminated, or (iii) the occurrence of any other event that

precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

22. **<u>Compensatory Award to Plaintiffs</u>** – Plaintiffs are awarded $_____ each as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

23. **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and

Tax Expenses paid, due, or owing, shall be returned to Defendants, in accordance with the Stipulation.

24. **<u>Entry of Judgment</u>** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2023.

_____
J. RONNIE GREER
U.S. DISTRICT JUDGE