UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| IN RE CBL & ASSOCIATES PROPERTIES, INC. SECURITIES LITIGATION | ) ) ) ) | Consolidated Case No. 1:19-CV-181-JRG-CHS |

## JOINT DECLARATION OF
## MICHAEL J. WERNKE AND MICHAEL J. KLEIN

We, Michael J. Wernke of Pomerantz LLP ("Pomerantz"), and Michael J. Klein of Abraham, Fruchter and Twersky, LLP ("AF&T"), make this Joint Declaration pursuant to 28 U.S.C. § 1746 in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and Class Counsel's Motion for an Award of Attorneys' Fees, Expense Reimbursement, and Compensatory Award for Class Representatives (together the "Motions").[1] We declare as follows:

1. On September 10, 2019, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), this Court appointed Pomerantz and AF&T (the "Co-Lead Counsel") as co-lead counsel in the Action. Since that time, Co-Lead Counsel has litigated in three fora: this Court, *Wave Length Hair Salons of Florida, Inc. v. CBL & Associates, Inc.*, Docket No. 2:16-cv-00206 (M.D. Fla.) (intervening and seeking to unseal the record giving rise to the Settlement Class's claims); and; *In re CBL & Associates Properties, Inc., et al.*, Case No. 20-35226 (Bankr. S.D. Tex.) (protecting the Settlement Class's claims against non-debtors from being released in the bankruptcy court).

2. Our firms extensively investigated the facts at issue in this litigation, and each of our firms was involved in drafting and reviewing all court filings. Our firms worked efficiently

---

[1] Capitalized terms used herein are defined in the Stipulation and Agreement of Settlement dated April 19, 2023 (Dkt. No. 214) (the "Stipulation").

together, and we believe there was minimal (if any) unnecessary duplication in prosecuting this Action.

3. This Action lasted over four years. The "Overview of the Action" section of the Stipulation (beginning on p.1 thereof) and the memoranda in support of the Motions accurately provides highlights of the prosecution of the Action.

4. Defendants were represented by prominent law firms and spared no expense in aggressively defending against the claims brought. During the course of the Action, the Parties had informal settlement negotiations at various times, but the Parties' positions were sufficiently divergent that such discussions were unproductive until a January 31, 2023, mediator's proposal sparked the negotiations ultimately leading to the Settlement.

5. Each of our firms participated in the mediation that gave rise to the Settlement, and in other settlement discussions. There has been no collusion or complicity of any kind in connection with negotiations for, or the agreement to, settle this class action. All settlement negotiations in this case were conducted at arms'-length by adverse, represented parties. Leading up to the mediation, the Parties had several extended debates about the strengths and weaknesses of each other's case and the counterarguments thereto. Many of the settlement discussions also took place in the mediation process conducted by Michelle Yoshida, Esq., an experienced Phillips ADR Enterprises mediator in securities and other complex class actions, who ultimately assisted the Parties in reaching an agreement in principle to settle the Action.

6. In light of, *inter alia*, the thorough discovery taken and our thorough factual and legal investigations, thorough factual investigations and our comprehensive understanding of the law and legal experience and those of our colleagues, we believe the Settlement is not only fair, reasonable and adequate, but that it represents a favorable result for the Settlement Class

considering, *inter alia*, the risks of litigation and the likelihood of potential outcomes that could result if Plaintiffs were to pursue their claims to judgment, as discussed in greater detail in the memoranda in support of the Motions. To avoid any doubt, we believe that all relief requested in the pending Motions is fair and reasonable, and that the Motions should be approved.

7. We also note that upon reaching an agreement in principle which led to the Settlement, the Parties continued to negotiate the terms of the Settlement for a considerable amount of time. Additionally, we each believe that given the nature of the claims pursued, the legal uncertainties facing Class Counsel, the eminently qualified counterparts on the defense side, and most importantly, the excellent results achieved, the requested fee and reimbursement of expenses are fair and reasonable.

8. All conditions of the Preliminary Approval Order are met. Defendants issued the required CAFA Notice (Dkt. No. 216), and Plaintiffs caused the Postcard Notice to be issued and the summary notice to be published as demonstrated by the Declaration of Susanna Webb Regarding: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion (the "Epiq Declaration") attached hereto as Exhibit 1.

9. No objections to the Settlement has been received. One exclusion is described in the Epiq Declaration. Plaintiffs will respond to any objections received as provided for in the Preliminary Approval Order.

10. As set forth in their declarations of Michael J. Wernke, Jeffrey S. Abraham, John Chandler, and Al Holifield, which are attached as Exhibits 2-5, counsel has incurred the following fees and expenses in prosecuting the Action on a fully contingent basis:

| Firm | Hours | Lodestar | Expenses |
|---|---|---|---|
| Pomerantz LLP | 2,042.75 | $1,668,206.75 | $717,456.78 |
| AF&T | 1,571 | $1,428,950.00 | $69,837.94 |
| The Hamilton Firm | 98.6 | $49,300.00 | $1,505.19 |
| Holifield & Janich, PLLC | 58 | $25,706.25 | $1,168.56 |
| **Total:** | **3,770.35** | **$3,172,163.00** | **$789,986.47** |

11. We have worked closely with Plaintiffs. Each Plaintiff devoted substantial effort and time assisting in the prosecution of this case, as set forth in their declarations, which are attached as Exhibits 6-9 hereto (the Declarations of Mark Shaner, Jay B. Scolnick, Ronald T. Amsterdam, and Charles D. Hoffman, respectively). Each Plaintiff communicated regularly with Counsel, and was well-informed about the case. Each Plaintiff attests to their involvement in prosecuting the Settlement Class's claims. We believe that Plaintiffs, and each of them, made significant contributions to the litigation of this action, stepping forward to lead this Action, participating in discovery by producing documents, answering interrogatories and sitting for deposition, and conferring with us throughout almost four years of litigation. We believe the compensation awards requested on behalf of each Plaintiff are fair and reasonable.

We declare that the foregoing is true and correct under penalty of perjury of the laws of the United States of America under 28 U.S.C. § 1746.

Executed: July 24, 2023

                                                     */s/ Michael J. Wernke*
                                                   Michael J. Wernke

                                                   */s/ Michael J. Klein*
                                                  Michael J. Klein