## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE CBL & ASSOCIATES PROPERTIES, | ) | Consolidated Case No. |
| INC. SECURITIES LITIGATION | ) | 1:19-CV-181-JRG-CHS |
|  | ) |  |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND <u>COMPENSATORY AWARD FOR CLASS REPRESENTATIVES</u>

Class Representatives Jay B. Scolnick, Mark Shaner, Charles D. Hoffman, HoffInvestCo and Ronald T. Amsterdam ("Plaintiffs" or "Class Representatives"), on behalf of themselves and the Settlement Class in the above-captioned Action, respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF No. 217) (the "Final Approval Motion"); and (ii) Class Counsel's Unopposed Motion for An Award of Attorneys' Fees, Expense Reimbursement, and Compensatory Award for Class Representatives (the "Fee and Expense Motion" and, with the Final Approval Motion, the "Motions").[1] ECF No. 219.

## I. PRELIMINARY STATEMENT

Class Representatives submit this memorandum to report on the results of the extensive Court approved settlement notice program, and additionally to inform the Court that after 22,849 Postcard Notices were sent to potential Settlement Class Members there have been only 10 requests for exclusion and *zero objections* to any of the relief sought by the Motions, including: the proposed Settlement, Plan of Allocation, Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or to Class Representatives' request for reimbursement of their reasonable costs and expenses. As set forth below, the reaction of the Settlement Class strongly supports the granting the Motions.

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

In accordance with the Preliminary Approval Order (ECF No. 215), on April 24, 2023, the Court-appointed Claims Administrator, Epiq Class Action & Mass Tort Solutions Inc. ("Epiq"), began mailing copies of the Postcard Notice to potential Settlement Class Members and their nominees. *See* Declaration of Susanna Webb Regarding: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion (the

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 19, 2023. ECF No. 214.

"Epiq Declaration") (ECF No. 221-1), ¶3. Epiq disseminated a total of 22,849 Postcard Notices to potential Class Members and nominees. *Id.* at ¶6. In addition, the Summary Notice was transmitted over *PR Newswire* on May 29, 2023, and the Notice, Claim Form, Stipulation, and Preliminary Approval Order, among other documents, were posted on the website specifically created for the Settlement. *Id.* at ¶¶7, 11. Epiq also established a toll-free telephone number for potential Settlement Class Members to ask questions and obtain information. *Id.* at ¶¶8-10.

The Notice informed Settlement Class Members of the July 31, 2023 deadline to submit an objection to the Settlement, Plan of Allocation and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Notice stated that Settlement Class Members were required to send written notice of their objection to both the Court and to Class Counsel and Defendants' counsel such that any objections were served and received no later than July 31, 2023 in order to be able to appear and object to the Settlement. *Id.*, Ex. B at 17-18.

On July 24, 2023, Plaintiffs and Class Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. The Motions are supported by declarations of Plaintiffs, Class Counsel, and the Claims Administrator. These papers are available on the public docket (*see* ECF Nos. 217-221) and were posted to the settlement website the day after their filing. *See* Supplemental Declaration of Susanna Webb Regarding: (A) Mailing of The Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) The Settlement Website ("Epiq Supp. Decl."), ¶4.

Following this extensive notice process, ***no objections*** have been received. *See* Epiq Supp. Decl., ¶3 n.2.

Courts have stated that "Class members' favorable reaction to the settlement 'is perhaps the ***most significant factor***" in assessing the fairness of a settlement. *Woburn Ret. Sys. v. Salix Pharms., Ltd.*, 2017 U.S. Dist. LEXIS 132515, at *7 (S.D.N.Y. Aug. 18, 2017) (emphasis added) (citing *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *see also See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) ("The District Court properly

2

concluded that this small number of objections [18 objections to settlement with 27,883 class notices sent] weighted in favor of the settlement."); *Precision Assocs. v. Panalpina World Transp., Ltd.*, 2013 U.S. Dist. LEXIS 121795, at *38 (E.D.N.Y. Aug. 27, 2013) (approving settlement where 183 members out of "hundreds of thousands" opted out, and two objected).

It is respectfully submitted that the fact that ***not a single Settlement Class Member has objected to any aspect of the Settlement*** or either of the Motions weighs heavily in favor of approval of the Settlement and Plan of Allocation. *See In re Se. Milk Antitrust Litig.*, 2013 U.S. Dist. LEXIS 70163, at *19 (E.D. Tenn. May 17, 2013) ("The lack of objections by class members in relation to the size of the class highlights the fairness of the settlements to unnamed class members and supports approval of the settlements."); *Applegate-Walton v. Olan Mills, Inc.*, 2010 U.S. Dist. LEXIS 77965, at *5 (M.D. Tenn. Aug. 2, 2010) ("[t]he Court further finds that the absence of any objections to the settlement and significant support for the settlement by the Settlement Classes supports final approval of this Settlement"); *In re Veeco Instruments Sec. Litig.*, 2007 U.S. Dist. LEXIS 85629, at *40 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.") (citation omitted); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) ("the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

Similarly, in "determining the reasonableness of a requested fee, numerous courts have recognized that 'the lack of objection[s] from members of the class is one of the most important reasons,'" considered in approving a fee request. *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 985 F. Supp. 410, 416 (S.D.N.Y. 1997). The absence of any objections to the request for an award of attorneys' fees and expenses evinces strong support for the effort and results achieved by counsel and supports a finding that the requested fees and expenses are reasonable under the circumstances of this litigation. *See, e.g.*, *Lowther v. AK Steel Corp.*, 2012 U.S. Dist. LEXIS 181476, at *12 (S.D. Ohio Dec. 21, 2012) ("The deadline for objecting passed with no

objection. The lack of objections is strong evidence of the acceptability of a fee request."); *In re Veeco Instruments Sec. Litig.*, 2007 U.S. Dist. LEXIS 85554, at *32 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request supported its approval). Consequently, this factor further supports the conclusion that Class Counsel's requested fees and expenses are fair and reasonable and should be approved.

The lack of any objections to Class Representatives' request for reimbursement of their reasonable time and expenses incurred in prosecuting this action also demonstrates that the request is reasonable. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 184 (S.D.N.Y. 2014) (awarding lead plaintiffs' request for reimbursement of their costs and expenses, including lost wages, where class members were provided notice and did not object).

Moreover, only 10 requests for exclusion have been received. *See* Epiq Supp. Decl., ¶3. This also strongly supports approving the Settlement. *See Precision Assocs., supra.*

Accordingly, the Settlement Class Members' positive reaction to the Settlement strongly favors final approval of the Settlement and the Plan of Allocation, approval of Class Counsel's request for an award of attorneys' fees and expenses, and approval of the award to Plaintiffs for serving as Class Representatives.

## III. CONCLUSION

Plaintiffs respectfully request that the Court (1) grant final approval of the Settlement; (2) enter the Proposed Final Judgment and Order of Dismissal with Prejudice; (3) award Class Counsel attorneys' fees in the amount of $3,500,000, plus accrued interest, and reimbursement of $789,986.47 in litigation expenses that were actually and reasonably incurred in this Action, plus accrued interest, and (4) award $143,000 to the Class Representatives as a compensatory award for their service to the Settlement Class.

4

Dated: August 14, 2023

Respectfully Submitted,

/s/ *Sarah R. Johnson*
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
**HOLIFIELD & JANICH, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
aholifield@holifieldlaw.com
sjohnson@holifieldlaw.com

John W. Chandler, Jr.
**THE HAMILTON FIRM**
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Tel: (423) 634-0871
Fax: (423) 634-0874
jwc@thehamiltonfirm.com

**Co-Liaison Counsel for Plaintiffs**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &
   TWERSKY, LLP**
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
Michael J. Wernke (admitted *pro hac vice*)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

**Class Counsel**

**BRONSTEIN, GEWIRTZ &**
   **GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

**Additional Counsel for Jay Scolnick**

**KASKELA LAW LLC**
D. Seamus Kaskela
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Tel: (484) 258-1585
skaskela@kaskelalaw.com

**Additional Counsel for Mark Shaner**

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023 I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

*By: /s/ Sarah R. Johnson*
**HOLIFIELD & JANICH, PLLC**
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
sjohnson@holifieldlaw.com

*Co-Liaison Counsel for Plaintiffs*

7